1    John A. McGuinn, Esq. (State Bar No. 036047)
     Noah D. Lebowitz, Esq. (State Bar No. 194982)
2    McGUINN, HILLSMAN & PALEFSKY
     535 Pacific Avenue
3    San Francisco, CA  94133
     Telephone:  (415) 421-9292
4    Facsimile:  (415) 403-0202

5
     Attorneys for Plaintiff
6    KIRAN PANDE

7

8

9

10                   UNITED STATES DISTRICT COURT FOR THE

11                      NORTHERN DISTRICT OF CALIFORNIA

12

13   KIRAN PANDE,                          )   Case No.  C-04-5107 CW
                                           )
14                   Plaintiff,            )   SECOND AMENDED COMPLAINT
                                           )
15   v.                                    )
                                           )   JURY TRIAL DEMANDED
16   CHEVRON    CORPORATION    (f/k/a      )
17   CHEVRONTEXACO CORPORATION),           )
     a Delaware corporation,               )
18   C H E V R O N    I N T E R N A T I O N A L  )
     EXPLORATION & PRODUCTION (f/k/a       )
19   CHEVRONTEXACO OVERSEAS                )
20   PETROLEUM COMPANY),                   )
     a division of Chevron U.S.A. Inc,     )
21                                         )
                     Defendant.            )
22   _____ )

23

24

25                              **PARTIES**

26        1.      Plaintiff Kiran Pande ("Pande" or "Plaintiff") is a resident of the State of

27   California.  She was born in India in 1962 and immigrated to the United States in 1964.

28   Pande became a U.S. citizen in or about 1971.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                              1

2.      Defendant Chevron Corporation (f/k/a ChevronTexaco Corporation) (hereafter "Chevron" or "Defendants") is a Delaware corporation with its principal place of business in San Ramon, California.

3.      Defendant Chevron International Exploration & Production (f/k/a ChevronTexaco Overseas Petroleum Company) (hereafter "CTOP" or "Defendants") is a division of Chevron U.S.A. Inc. and at times relevant to this Complaint had its principal place of business in San Ramon, California.

4.      At all times all herein alleged, each defendant was an agent, employee or representative of the other defendants and ratified the conduct of the other defendants.

## JURISDICTION & VENUE

5.      Jurisdiction is based upon federal question, 28 U.S.C. § 1331.  Under 28 U.S.C. §1367(a), the Court also has supplemental jurisdiction over the state law claims asserted in this action

6.      Pursuant to 28 U.S.C. §§ 1391(a) and (b), venue is proper in the Northern District of California.  The Defendants are headquartered in San Ramon, California, which is within this district.  Pande resides within this judicial district.

## INTRA DISTRICT ASSIGNMENT

7.      This action should be assigned to the San Francisco or Oakland Division of the Court because events and omissions alleged herein which give rise to the claims for relief occurred in Contra Costa County.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.      Pande is a petroleum engineer who has worked for major oil companies for the better part of 22 years.  She has a Bachelor of Science degree in Chemical Engineering from the University of California-Berkeley in 1983, a Masters Degree in

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                              2

1  Petroleum Engineering from Stanford University in 1985, and a Doctorate in Petroleum

2  Engineering from Stanford in 1989. In addition to her employment with Chevron, Pande

3  has an appointment as a Consulting Professor at Stanford University, teaching classes

4
   in petroleum engineering. Pande has also published papers and presented papers at
5
6  industry conferences in the U.S. and Europe and is considered an expert in the field.

7       9.      In late 1988, Pande was hired by Chevron Corporation as a research

8  engineer in the Chevron Oil Field Research Company ("COFRC"), based in La Habra,

9  California. COFRC became part of Exploration Production Technology Company

10 ("EPTC") in 1992 following the reorganization of Chevron's technology companies.

11
   While in COFRC and EPTC, Pande consistently earned high praise from her
12
13 supervisors for her job knowledge, problem solving ability, teamwork, creativity, and

14 initiative. Pande's supervisors regularly described Pande as "an outstanding employee"

15 and as doing "an excellent job." In or about October 1992, Pande was promoted to

16 Grade Level 23 as a Senior Research Engineer. Pande's supervisors recommended a

17 transfer from the technology company to a Chevron operating company to provide her

18
   with business and operations exposure and experience. Pande's supervisors also
19
20 recommended providing her with opportunities to gain supervisory experience.

21      10.     In January 1995, Pande was transferred from EPTC in La Habra to

22 Chevron Overseas Petroleum, Inc. ("COPI") in San Ramon, California. At the time of

23 her transfer, EPTC management told her that any time she wanted to come back to

24 EPTC there would be a place for her. Throughout the next several years, Pande

25 worked on a broad range of projects for COPI, including an overseas assignment in

26 Europe which also entailed working in Africa. In May 1997, during her international

27 assignment, Pande was requested to make a presentation to Kenneth Derr, the

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                    3

1    Chairman of the Board and Chief Executive Officer, and his management committee on

2    behalf of COPI.  Her presentation was very well received by the CEO and the others on

3    the committee.  Pande received high praise for effectively communicating the links

4    between technology, business processes, company culture, and profitability using as an

5

6    example the multi-billion dollar joint venture international project on which she was

7    working.  In or about April 1997, Pande was promoted to Grade Level 24 with the title

8    Advisor, Petroleum Engineering.  In 1998, Pande started the evening MBA program at

9    U.C. Berkeley and completed the program in December 2000.  Pande's supervisors

10    recommended that she be given an opportunity to gain commercial and business

11    experience in the Commercial, Planning, or Corporate Finance groups.

12
        11.    In or about September 2000, Pande was transferred to COPI's Planning
13
      Group.  In this position, Pande directly reported to Rex Mitchell ("Mitchell").
14
      Unfortunately, Pande's ascension in the company was abruptly interrupted while
15

16    working in the Planning Group of CTOP.  Specifically, in 2001, she began to suffer

17    harassment and discrimination based on her gender and race/national origin at the

18    hands of Mitchell.

19
        12.    In October 2001, shortly after the mega-corporate merger which created
20
      ChevronTexaco Corporation, Pande was selected for a new position of Portfolio Analyst
21

22    in the Planning Group.  Mitchell told Pande that he considered this position to be a

23    higher level than the Planning Analyst positions in the group and promised to promote

24    Pande to Grade 25 in April 2002.

25
        13.    In or about March 2002, Pande complained to Mitchell's supervisor,
26
      James Johnson ("Johnson"), about Mitchell's conduct.  Pande told Johnson about a
27

28    situation in the Fall of 2001 when Mitchell referred to a group of people of Indian origin

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                    4

1  as "towel heads."  Johnson did nothing to investigate Pande's complaints.  Instead, he

2  told Pande that she had three choices: (1) leave the company, (2) leave the group, or

3  (3) stay for 12 to 18 months and get along with Mitchell.  Johnson then scheduled a

4  meeting with Mitchell and Pande to give Pande an opportunity to state which of the

5  three options she was choosing.

6

7      14.    Previously, Chevron disseminated information to its employees that the

8  company maintained a written policy which asserted that the company strongly forbade

9  workplace harassment and discrimination and that all complaints alleging such conduct

10  would be taken seriously.  To that end, Chevron had in place a designated person, a

11  so-called Ombuds, as a purportedly neutral party to hear all such complaints.  In the

12  Spring of 2002, the Ombuds responsible for Pande's group was Gary Yamashita

13  ("Yamashita").

14

15      15.    After the meeting with Johnson and Mitchell, Pande decided to file a

16  formal complaint with Yamashita.  Pande alleged discrimination and harassment and

17  refusal by Johnson to investigate an earlier complaint of discrimination and harassment.

18      16.    In or about April 2002, Pande received her annual performance review

19  from Mitchell.  During her annual performance review meeting with Mitchell, Pande told

20  him that she felt his behavior towards her was inappropriate and constituted

21

22  harassment.  Mitchell attempted to minimize his behavior, attributing it to stress.

23  Mitchell also failed to promote Pande to Grade 25 as he had promised in 2001.

24      17.    Mitchell did not inform Pande of her salary action as required by company

25  policy.  Pande deduced her salary action from her paycheck.  Pande and the only other

26  female in the group, Victoria Thompson ("Thompson"), were ranked lower than the

27

28  Chevron legacy company men in the group and received lower raises and merit

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT

1   increases than the men in the group.  Thompson joined Pande and filed her own

2   complaint with Yamashita alleging harassment and discrimination by Mitchell.

3   Yamashita suggested a joint meeting with Yamashita, Johnson, Pande, and Thompson

4   to discuss the complaints.

5

6       18.     Prior to that meeting, at Yamashita's request, Pande and Thompson

7   submitted a list of "bullet points" which they wished Yamashita to address during the

8   investigation.

9       19.     On or about April 24, 2002, Yamashita held what was supposed to be an

10  investigatory meeting.  Yamashita first met alone with Johnson.  Then, together, they

11  met with Pande and Thompson.  During that meeting, both Pande's and Thompson's

12  complaints were given no credence by Johnson.  In fact, the meeting turned into an

13  attack on Pande's performance, whereby Johnson levied false accusations about

14  Pande's performance, all while Thompson was still present.  Pande specifically

15  expressed her concern about Mitchell's use of racial and ethnic slurs to refer to people

16  of her ethnic background.

17

18      20.     Shortly after the meeting with Yamashita, Pande began to feel retaliation

19  from Mitchell, including, *inter alia*, being deliberately excluded from work-related

20  meetings.  Pande again complained to Johnson to no avail.

21

22      21.     Throughout the next several months, Mitchell continued to isolate Pande

23  from the work group and impede her ability to perform and advance within the

24  company.

25      22.     In September 2002, Pande learned that Mitchell had been saying negative

26  things about her abilities to managers and employees in other departments.  As a result

27  of these negative comments being circulated, Pande was taken out of consideration for

28

SECOND AMENDED COMPLAINT                                                    6

1   at least one position.

2       23.    From March through December 2002, Pande attempted to find another

3   job within the company. However, on December 9, 2002 Pande was forced to take a

4   less desirable job as Simulation Engineer, one which is considered a step down on the

5   career path at Chevron for petroleum engineers like Pande. In fact, management had

6   not been able to fill this position for several months because management had not been

7   able to find an experienced engineer willing to take this position.

8

9       24.    In April 2003, Pande was told by her new supervisor, Jack Dunn ("Dunn"),

10  that she was not receiving a merit pay increase. Never before in her entire career at

11  Chevron had Pande not received a merit pay increase. Dunn told Pande that she did

12  not receive a merit increase because of Mitchell's evaluation of Pande's performance.

13

14      25.    In the Spring of 2003, Chevron announced that Pande's business unit was

15  being transferred from San Ramon to Houston, Texas. Most employees were offered

16  the opportunity to relocate to Houston with their current position. Failure to agree to the

17  relocation offer would indicate a non-acceptance and the employee would have the

18  option of looking for another job internally. A so-called Sponsor would help coordinate

19  the development of the next assignment. Furthermore, prior to handing out the offers to

20  relocate, Dunn had assured Pande and others in the group that his first priority would

21  be to help employees that declined the relocation to find jobs within Chevron.

22

23      26.    Pande indicated non-acceptance of the relocation offer. Some other

24  employees within Pande's business unit also declined to relocate.

25      27.    Throughout the Fall of 2003, Pande attempted to find another job within

26  Chevron. She applied for several openings and actively networked within the company

27  for a transfer. Pande was fully qualified for each of the jobs to which she applied.

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                        7

1    Pande did not get any of the jobs to which she applied.

2        28.    In comparison, each of the men in Pande's business unit who declined

3    the move to Houston were successful in finding a new job or were allowed to continue

4    working in their current job in San Ramon without relocating to Houston. In what Pande

5    believes to be a violation of company policy and U.S. immigration policies, at least two

6    of the men who were selected over Pande for EPTC jobs located in San Ramon were

7    not United States citizens. In addition, one of those men had accepted to relocate to

8    Houston. The company had indicated that upon acceptance of the relocation to

9    Houston, the business unit would expect the employee to remain in their current

10   position for at least 18 months.

11       29.    Pande's business unit was scheduled to formally commence work in

12   Houston on January 5, 2004. In or about October 2003, Dunn offered Pande continued

13   work in San Ramon on a project which would last through at least most of 2004. Pande

14

15   agreed to work on the project.

16       30.    On or about October 2003, Pande determined (in consult with her

17   physician) that she needed to take a medical leave to have required surgery. Pande

18   researched company policy (the so-called Disability Management Program) and, on or

19

20   about October 29, 2003, filed all the appropriate paperwork to take a medical leave.

21   Part of that policy requires that all employees who are or will be absent from work for

22   more than five days due to medical condition must file for short term disability through

23   Chevron's disability policy carrier, UnumProvident. The Disability Management

24   Program also requires employees to fill out overly broad medical release forms.

25   Despite having sufficient information to certify Pande for an extended medical leave,

26

27   Chevron only certified Pande's leave for a period of 30 days, thereafter requiring Pande

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                    8

1  to re-certify her eligibility for leave.

2      31.    On or about October 30, 2003, Pande informed Dunn that she was

3  applying to take a medical leave.  Dunn reacted by asking what was medically wrong

4  with her.  Pande considers her medical information very private and did not feel

5  comfortable talking to Dunn about her specific condition, so she did not tell him.  Dunn,

6  however, persisted in his questioning asking about her condition and her symptoms.

7  Dunn also questioned Pande about her request for coverage under FMLA during her

8  medical leave.

9

10     32.    Dunn was incensed about Pande's request for medical leave.  On or

11  about November 4, 2003, on an international conference call attended by approximately

12  10 of Pande's coworkers and a Senior Manager in Angola, Dunn went on a tirade.  He

13  directly confronted Pande about her medical leave and berated her for an extended

14  period of time about the fact that she was taking the leave.  Other employees on the

15  call – most of whom had no previous knowledge about Pande's medical leave –

16  attempted to intervene, but Dunn cut them off demanding to know how Pande was

17  going to get all her work done.  Pande felt that Dunn's outrageous conduct was

18  designed to pressure her into forgoing her medical leave which was set to begin on

19  November 10.

20

21     33.    Pande is a very confident and proud person.  However, this conduct by

22  Dunn was extreme and sent Pande into tears.  Pande's coworkers were so outraged by

23  Dunn's conduct that at least one coworker made an internal complaint against Dunn for

24  his conduct on the conference call.  This coworker's complaint was in keeping with

25  Chevron training on harassment prevention and reporting which taught employees that

26

27  it was their responsibility to report harassment and inappropriate behavior especially if

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                    9

1  they witnessed it being inflicted on a coworker.  Pande was never contacted by anyone

2  at Chevron regarding Dunn's comments, thus, she believes that there was no

3  investigation into Dunn's improper comments and harassing conduct during the

4  November 4 conference call.  Furthermore, Pande herself reported Dunn's harassing

5  conduct to Taryn Shastad, General Manager of Human Resources, in a letter dated

6  December 8, 2003.

7

8      34.    Pande commenced her medical leave on November 10, 2003.  On or

9  about November 17, 2003 Dunn called Pande at home to tell her that she was being

10  terminated effective December 31, 2003.  Dunn read Pande part of a forthcoming

11  termination letter that he said had already been sent via registered mail, which

12  proclaimed that Pande had voluntarily resigned in June.  Dunn also told Pande that he

13  had consulted with an "employment lawyer" to affirm that it was "kosher" to terminate

14  Pande while she was on FMLA leave.  Dunn told Pande that her FMLA Status did not

15  protect her because the company considered her to have voluntarily resigned in June,

16  prior to her request for leave.  This was the first time that anyone had informed Pande

17  that the company considered her to have voluntarily resigned at all, let alone five

18  months prior.

19

20      35.    On December 8, 2003, Pande filed her Complaint of Discrimination with

21  the California Department of Fair Employment and Housing and subsequently received

22  her "Right-to-Sue" letter.  Pande files this Complaint within one year of receiving that

23  Right-to-Sue letter.

24

25  ///

26  ///

27  ///

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                        10

## FIRST CAUSE OF ACTION
### Violation of the Family Medical Leave Act
### (29 U.S.C. § 2615 *et seq.*)

36.    Plaintiff incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

37.    At all times relevant to this complaint, 29 U.S.C. § 2615 *et seq.*, otherwise known as the Family Medical Leave Act ("FMLA") and its implementing regulations were in full force and effect.

38.    At all times relevant to this complaint, Chevron was a covered employer under the FMLA.

39.    At the time Pande requested her medical leave, she was an eligible employee and provided sufficient medical certification to qualify for leave under the FMLA.

40.    As described above, the Defendants violated the FMLA by failing to grant Pande the full extent of her eligible family leave, terminating her during her FMLA leave, and by enforcing policies which act to force Pande to waive her FMLA rights to confidentiality in her medical records.

41.    The Defendants' policy of requiring periodic re-certification of eligibility for leave during the pendency of that leave is a violation of the FMLA.

42.    The Defendants' policy of requiring employees who have been or will be absent from work for more than five days due to medical condition to apply for short term disability coverage violates the FMLA's privacy protections.  Also, Dunn's conduct during his October 30 meeting with Pande and the November 4 conference call also violated the FMLA's privacy protections.

///

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

43.    Pande's exercising of her rights under the FMLA was a motivating factor in the Defendants' decision to terminate her employment.  Further, by terminating Pande's employment, the Defendants failed to grant Pande her full term of FMLA leave.

44.    The Defendants' actions also constitute unlawful interference with FMLA rights.

45.    As a direct and proximate result of the Defendants' wrongful conduct, Pande has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

46.    Pande is also entitled to an award of liquidated damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### Violation of the California Family Rights Act
### (California Government Code § 12945.1 *et seq.*)

47.    Plaintiff incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48.    At all times relevant to this complaint, California Government Code § 12945.1 *et seq.*, otherwise known as the California Family Rights Act ("CFRA") and its implementing regulations were in full force and effect.  Under the CFRA, it is unlawful for a covered employer to fail to grant an eligible employee the full amount of leave as certified by that employee's physician.  Under CFRA it is unlawful for a covered employer to discriminate against an eligible employee for taking a leave for a serious health condition.

49.    At all times relevant to this complaint, the Defendants were a covered employer under the CFRA.

///

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                                 12

50.     At the time Pande requested her medical leave, she was an eligible employee and provided sufficient medical certification to qualify for leave under the CFRA.

51.     The Defendants' policy of requiring periodic re-certification of eligibility for leave during the pendency of that leave is a violation of the CFRA.

52.     The Defendants' policy of requiring employees who have been or will be absent from work for more than five days due to medical condition to apply for short term disability coverage violates the CFRA's privacy protections.  Also, Dunn's conduct during his October 30 meeting with Pande the November 4 conference call also violated the CFRA's privacy protections.

53.     Pande's exercising of her rights under the CFRA was a motivating factor in the Defendants' decision to terminate her employment.  Further, by terminating Pande's employment, the Defendants failed to grant Pande her full term of CFRA leave.

54.     As a direct and proximate result of the Defendants' wrongful conduct, Pande has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

55.     In doing the things alleged herein, the Defendants' conduct was despicable, and the Defendants acted toward Pande with malice, oppression, fraud, and with willful and conscious disregard of Pande's rights, entitling her to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

///

///

///

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                          13

1

## THIRD CAUSE OF ACTION
### Gender Discrimination
### (California Government Code § 12900 *et seq.*)

2

3

56.    Plaintiff incorporates by reference paragraphs 1 through 55 as though fully
set forth herein.

4

5

57.    At all times relevant to this complaint, California Government Code

6

§§ 12900 *et seq.*, also known as the Fair Employment and Housing Act ("FEHA") and

7

8    its implementing regulations were in full force and effect.  Under the FEHA, it is unlawful

9    for an employer to terminate or otherwise discriminate against a person in

10    compensation or in the terms, conditions or privileges of employment, on account of

11    that person's gender.  It is also unlawful for an employer to fail to take all appropriate

12

13    steps to investigate complaints of harassment and discrimination, prevent harassment

14    and discrimination, and impose remedial measures when claims are substantiated.

15    58.    As described above, Pande's gender was a motivating factor in, *inter alia*,

16    the Defendants' adverse decisions related to Pande's compensation, job assignment,

17    and termination.

18

59.    The Defendants also repeatedly failed to appropriately investigate

19

20    Pande's complaints of harassment and discrimination and failed to take any action to

21    prevent such conduct from occurring in the future or take appropriate remedial action

22    for offenses.

23    60.    As a direct and proximate result of the Defendants' wrongful conduct,

24    Pande has suffered damages including, but not limited to, a loss of income and

25    benefits, and has further suffered emotional distress and other general damages.

26

61.    In doing the things alleged herein, the Defendants' conduct was

27

28    despicable, and the Defendants acted toward Pande with malice, oppression, fraud,

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT

14

1  and with willful and conscious disregard of Pande's rights, entitling her to an award of

2  punitive damages.

3      WHEREFORE, Plaintiff prays for relief as set forth below.

4
### FOURTH CAUSE OF ACTION
5  **Race/National Origin Discrimination**
**(California Government Code § 12900 *et seq.*)**
6

7      62.    Plaintiff incorporates by reference paragraphs 1 through 61 as though fully

8  set forth herein.

9      63.    At all times relevant to this complaint, FEHA and its implementing

10  regulations were in full force and effect.  Under the FEHA, it is unlawful for an employer

11
   to terminate or otherwise discriminate against a person in compensation or in the terms,
12
   conditions or privileges of employment, on account of that person's race or national
13
14  origin.  It is also unlawful for an employer to fail to take all appropriate steps to

15  investigate complaints of harassment and discrimination, prevent harassment and

16  discrimination, and impose remedial measures when claims are substantiated.

17      64.    As described above, Pande's race or national origin was a motivating

18  factor in, *inter alia*, the Defendants' adverse decisions related to Pande's

19
   compensation, job assignment, and termination.
20

21      65.    The Defendants also repeatedly failed to appropriately investigate

22  Pande's complaints of harassment and discrimination and failed to take any action to

23  prevent such conduct from occurring in the future or take appropriate remedial action

24  for offenses.

25      66.    As a direct and proximate result of the Defendants' wrongful conduct,

26  Pande has suffered damages including, but not limited to, a loss of income and

27
   benefits, and has further suffered emotional distress and other general damages.
28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                      15

1    67.    In doing the things alleged herein, the Defendants' conduct was

2    despicable, and the Defendants acted toward Pande with malice, oppression, fraud,

3    and with willful and conscious disregard of Pande's rights, entitling her to an award of

4    punitive damages.

5    WHEREFORE, Plaintiff prays for relief as set forth below.

6

7                          **FIFTH CAUSE OF ACTION**
                                  **Retaliation**
8                    **(California Government Code § 12900 *et seq.*)**

9    68.    Plaintiff incorporates by reference paragraphs 1 through 67 as though fully

10   set forth herein.

11   69.    At all times relevant to this complaint, the FEHA and its implementing

12   regulations were in full force and effect.  Under the FEHA, it is unlawful for an employer

13   to terminate or otherwise discriminate against a person in compensation or in the terms,

14   conditions or privileges of employment, on account of that person's reporting, or

15   opposing gender discrimination or harassment.

16

17   70.    As described above, Pande complained about gender and race

18   discrimination and harassment by Mitchell.  Pande's complaints were a motivating

19   factor in, *inter alia*, the Defendant's adverse decisions related to Pande's

20   compensation, job assignment, and termination.

21

22   71.    As a direct and proximate result of the Defendants' wrongful conduct,

23   Pande has suffered damages including, but not limited to, a loss of income and

24   benefits, and has further suffered emotional distress and other general damages.

25   72.    In doing the things alleged herein, the Defendants' conduct was

26   despicable, and the Defendants acted toward Pande with malice, oppression, fraud,

27   and with willful and conscious disregard of Pande's rights, entitling her to an award of

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                               16

1 | punitive damages.

2 |     WHEREFORE, Plaintiff prays for relief as set forth below.

3 | **SIXTH CAUSE OF ACTION**

4 | **Wrongful Termination in Violation of Public Policy**

5 |     73.    Plaintiff incorporates by reference paragraphs 1 through 72 as though fully

6 | set forth herein.

7 |     74.    It is the public policy of the State of California to prohibit employers from

8 |

9 | taking adverse employment actions against employees in a discriminatory manner or in

10 | retaliation for voicing complaints about discrimination or in retaliation for exercising their

11 | statutory rights.  This public policy is embodied in, *inter alia*, the California Government

12 | Code, the California Constitution, and the California Code of Regulations.

13 |     75.    As set forth more fully above, Pande's gender, request for medical leave,

14 | and complaints of discrimination and harassment were a motivating factor in, *inter alia*,

15 | the Defendant's adverse decisions related to Pande's compensation, job assignment,

16 |

17 | and termination.

18 |     76.    As a direct and proximate result of the Defendants' wrongful conduct,

19 | Pande has suffered damages including, but not limited to, a loss of income and

20 | benefits, and has further suffered emotional distress and other general damages.

21 |     77.    In doing the things alleged herein, the Defendants' conduct was

22 | despicable, and the Defendants acted toward Pande with malice, oppression, fraud,

23 | and with willful and conscious disregard of Pande's rights, entitling her to an award of

24 |

25 | punitive damages.

26 |     WHEREFORE, Plaintiff prays for judgment as set forth below.

27 | ///

28 | ///

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT    17

1

2

**SEVENTH CAUSE OF ACTION**
**Violation of Right to Privacy**
**(California Constitution Article I, Section 1)**

3

4

78.     Plaintiff incorporates by reference paragraphs 1 through 78 as though fully

5

set forth herein.

6

79.     Article I, Section 1 of the California Constitution grants all California

7

citizens the right to privacy.  Included in that protection is the right to privacy in personal

8

medical information.

9

80.     The Defendants' Disability Management Program policy requiring

10

employees who have been or will miss more than five days of work due to medical

11

condition to apply for short term disability violates its employee's right to privacy in their

12

13

medical records because a prerequisite for applying for that short term disability is the

14

execution of  a full waiver of the employees right to privacy in their medical records.

15

Accordingly, Chevron's policy compels the employee to waive their right to privacy as a

16

condition of maintaining employment.

17

81.     When Pande informed the Defendants of her need to take a medical

18

19

leave, the company instituted the policy described above and Pande was forced to

20

waive her right to privacy in her medical records as a condition of maintaining her

21

employment with the company.

22

82.     As a direct and proximate result of the Defendants' wrongful conduct,

23

Pande has suffered damages including, but not limited to, a loss of income and

24

benefits, and has further suffered emotional distress and other general damages.

25

83.     In doing the things alleged herein, the Defendants' conduct was

26

27

despicable, and the Defendants acted toward Pande with malice, oppression, fraud,

28

and with willful and conscious disregard of Pande's rights, entitling her to an award of

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

1   punitive damages.

2       WHEREFORE, Plaintiff prays for judgment as set forth below

3                        **EIGHTH CAUSE OF ACTION**
4   **Violation of California Confidentiality of Medical Information Act**
    **(California Civil Code § 56 *et seq.*)**
5

6       84.    Plaintiff incorporates by reference paragraphs 1 through 84 as though fully

7   set forth herein.

8       85.    California Civil Code § 56 *et seq.* grants all California citizens the right to

9   confidentiality of their medical records.

10      86.    The Defendants' Disability Management Program violates its employee's

11  right to confidentiality in their medical records because a prerequisite for applying for

12  that short term disability is the execution of  a full waiver of the employees right to

13
    privacy in their medical records.  Accordingly, the Defendants' policy compels the

14
    employee to waive their right to privacy as a condition of maintaining employment.

15

16      87.    When Pande informed the Defendants of her need to take a medical

17  leave, the company instituted the policy described above and Pande was forced to

18  waive her right to privacy in her medical records as a condition of maintaining her

19
    employment with the company.

20

21      88.    As a direct and proximate result of the Defendants' wrongful conduct,

22  Pande has suffered damages including, but not limited to, a loss of income and

23  benefits, and has further suffered emotional distress and other general damages.

24      89.    In doing the things alleged herein, the Defendants' conduct was

25  despicable, and the Defendants acted toward Pande with malice, oppression, fraud,

26
    and with willful and conscious disregard of Pande's rights, entitling her to an award of

27
    punitive damages.

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                    19

1    WHEREFORE, Plaintiff prays for judgment as set forth below.

2    ## PRAYER FOR RELIEF

3    WHEREFORE, Plaintiff prays for judgment as follows:

4
     1.    For general damages according to proof;
5
     2.    For special damages according to proof;
6
7    3.    For punitive damages;

8    4.    For liquidated damages pursuant to 29 U.S.C. § 2617(a)(iii);

9    5.    For costs of suit, including reasonable expert witness costs;

10   6.    For a declaration that the medical information release requirements of the

11         Disability Management Program are unlawful;

12
     7.    For a permanent injunction prohibiting the Defendant from implementing
13
14         the medical information release requirements of the Disability

15         Management Program in the future;

16   8.    For reasonable attorneys fees pursuant to California Government Code

17         §12965(b), and 29 U.S.C. § 2617(a)(3), and California Code of Civil

18         Procedure § 1021.5;
19
     9.    For interest at the maximum legal rate an all sums awarded; and
20
21   10.   For such other relief as the Court deems just and proper.

22   Date: November 28, 2005          McGUINN, HILLSMAN & PALEFSKY
23                                    Attorneys for Plaintiff Kiran Pande

24

25                                    By:    /s/ Noah D. Lebowitz
26                                           NOAH D. LEBOWITZ

27
     ///
28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                              20

1

## <u>DEMAND FOR JURY TRIAL</u>

2

3        Plaintiff hereby demands a trial by jury on all causes of action.

4

5  Date: November 28, 2005                McGUINN, HILLSMAN & PALEFSKY
                                          Attorneys for Plaintiff Kiran Pande
6

7

8                                    By:    ___/s/ Noah D. Lebowitz_____
                                            NOAH D. LEBOWITZ
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                              21