Michele Ballard Miller (SBN 104198)
Kerry McInerney Freeman (184764)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE, | Case No. 04-5107 CW |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS** |
| v. | |
| CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc. | Complaint filed:   December 2, 2004 |
| Defendants. | |

**STATEMENT OF REASONS FOR PROTECTIVE ORDER**

Plaintiff Kiran Pande seeks records containing confidential and proprietary business information about Defendants CHEVRON CORPORATION (formerly known as ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION &

PRODUCTION (formerly known as ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc. (hereinafter "Defendants"), and Defendants' employees. The parties have agreed that certain information may be released in discovery subject to an agreement as to how such information may be handled during the course of this litigation and disclosed to others.

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED as follows by and between the parties hereto through their undersigned counsel:

The following definitions and provisions shall apply to and govern this Stipulation and Protective Order:

1. "Confidential" information as used herein shall mean any document designated and marked "Confidential" by the party producing such documents.

    (a) It is not necessary to challenge the propriety of a "Confidential" information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such a designation. In the event that counsel objects at any stage of this litigation to the propriety of a designation by a party of any information as "Confidential" information, the parties shall first try to resolve such dispute in good faith on an informal basis. The party disputing confidentiality shall notify the party claiming confidentiality of its objections to that designation. The producing party shall then have five days to respond to said objections. If the parties are still unable to resolve the dispute, the matter shall be submitted to the Court. Until the matter is heard and decided by the Court, any documents designated "Confidential" shall remain subject to the restrictions of this Protective Order.

(b) If a dispute occurs over the designation, both parties agree not to disclose the information except in accordance with this Protective Order until the Court rules on the "Confidential" status of the information.

(c) All "Confidential" information provided or produced in this action shall be used solely for the purpose related to this civil action styled ***KIRAN PANDE v. CHEVRON CORPORATION (formerly known as ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (formerly known as ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.***, filed in United States District Court, Northern District of California, Case No. C-04-5107 CW, except by further order of the Court.

(d) Neither copies of "Confidential" documents or things, or any portions thereof, nor any quotation, paraphrase or other description which conveys the "Confidential" documents shall be disclosed by "Receiving Party" to any person or used for any other purpose, except in accordance with the terms of this Stipulation or by further order of the Court.

2. "Producing Party" shall mean the party producing and designating the information as "Confidential."

3. "Receiving Party" shall mean the party receiving the information designated "Confidential."

4. "Qualified Persons" as used herein shall mean persons who are:

(a)   The undersigned counsel and their employees, including without limitation, paralegals, secretaries, and clerical staff.

(b)   Experts, independent contractors, consultants, or advisors or who are employed or retained by or on behalf of the undersigned counsel to assist in analyzing the documents or information examined, provided that they sign an acknowledgement in the form of "Exhibit A" to this Order before reviewing any Confidential information.

(c)   Stenographic reporters and/or tape transcribers who are involved in depositions or any hearings or proceedings before the Court in this case, or any adversarial proceeding arising in this case.

(d)   Defendants and their employees.

(e)   Plaintiff.

5.   "Confidential" information subject to this Protective Order may be used in the deposition of the parties. Counsel for the Producing Party may request that examination of the parties on "Confidential" information be separately transcribed and sealed in accordance with the mutual agreement of the parties.

6.   "Confidential" information subject to this Protective Order may be used in the preparation for and the deposition of non-party witnesses; non-party witnesses are "qualified persons" if the provisions of this paragraph are met:

(a)   If the non-party witness is voluntarily produced for the deposition by the Producing Party of the "Confidential" information, the Producing Party is responsible for obtaining the witness's signature on the form Exhibit A to this Order.

(b)    If the non-party witness is voluntarily produced for the deposition by the Receiving Party of the "Confidential" information, the Receiving Party is responsible for obtaining the witness's signature on the form Exhibit A to this Order.

(c)    If the non-party witness is subpoenaed for his/her deposition by either party and the Receiving Party intends to disclose "Confidential" information to the witness prior to the taking of the deposition, the Receiving Party is responsible for obtaining the witness's signature on the form Exhibit A to this Order and providing the Producing Party with the copy of that form at the time of the deposition. Otherwise, the party who has subpoenaed the witness is responsible for obtaining the witness's signature on the form Exhibit A at the time of the deposition.

(d)    If the non-party witness does not agree to sign Form A, the non-party may be shown the court reporter's or counsel's copy of the "Confidential" information for purpose of questioning only. The non-party witness will not be permitted to take possession of a copy of any of the "Confidential" information.

(e)    Objections to disclosure of confidential information to a non-party witness shall be made promptly upon receipt of a notice of taking of deposition. The parties shall meet and confer to resolve the dispute prior to the commencement of the deposition. The objecting party shall seek an order from the Court if the dispute is not resolved and the deposition shall be held in abeyance pending the Court's ruling. The Receiving Party agrees not to disclose the "Confidential" information until after the dispute is resolved.

(f)    Counsel for either party may request that the deposition testimony be separately transcribed and sealed during the examination of "Confidential" information.

7. Any deposition or production of documents that will or might reasonably include disclosure of "Confidential" information shall be attended only by those persons entitled to receive "Confidential" information under this Protective Order. "Confidential" information shall not be disclosed to a deposition witness except in conformity with this Protective Order. Information not previously designated as "Confidential" that is disclosed at a deposition or production of documents may be designated by any party as "Confidential" information by indicating on the record at the deposition or the production of documents that the testimony or information is "Confidential" and subject to the provisions of this Protective Order.

8. "Confidential" information shall not be disclosed or made available by the "Receiving Party" to persons other than "Qualified Persons" without further order of the Court except as otherwise provided in this paragraph. Disclosure of any "Confidential" information to any "Qualified Person" shall not constitute a waiver of the confidential status of such "Confidential" information. Before disclosing any information designated "Confidential" to anyone other than "Qualified Persons," "Receiving Party" must serve prior notice of the identity of that person and the information to be disclosed on the "Producing Party," as provided by this Order.

9. Where notice is required prior to disclosure of "Confidential" information (as described in the preceding paragraph), the disclosing party shall provide three (3) days' advance notice, in addition to statutory notice requirements, to allow objection by the Producing Party. If objection is made, the parties shall meet and confer, and if unable to resolve the dispute, the Producing Party may submit the dispute to the Court for resolution. When an objection is made, no disclosure is permitted until the dispute is resolved or by the Court's order.

10. Documents and things produced by a party pursuant to pretrial discovery may be designated by any party or parties as "Confidential" information by marking each page: "CONFIDENTIAL." In lieu of marking the original, if the original is not produced, the designating party may mark the copies that are produced to exchange.

11. All transcripts, depositions, exhibits, answers to interrogatories, and other documents and things filed with the Court, which contain "Confidential" information as defined above, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed pursuant to these instructions:

> Counsel are directed to place any documents to be filed under seal with the Clerk of the Court, pursuant to this Order, in an envelope marked "SEALED" and to file said documents directly with the Clerk of the Court. The envelope or other container shall contain the caption of this case and the words "CONFIDENTIAL – SUBJECT TO DISCLOSURE UNDER TERMS OF PROTECTIVE ORDER."

12. If any party objects to disclosure of "Confidential" information to be made during the course of the trial of this matter, that party shall make a good faith effort to resolve the issue by meeting and conferring on the terms of disclosure, and if the parties are unable to agree, the matter shall be submitted to the Court for resolution.

13. Upon final termination **KIRAN PANDE v. CHEVRON CORPORATION (formerly known as ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (formerly known as ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.,** filed in United States District Court, Northern District of California, Case No. C-04-5107 CW, by closure or otherwise, originals and copies of all materials and documents, in whatever form, constituting or including

"Confidential" information shall be returned to the Producing Party upon notice and request of the Producing Party.

14. The undersigned counsel shall have the duty to use reasonable care and precautions to ensure that any person under their control or the control of their client who is designated as a "Qualified Person" observes the terms of this Protective Order.

15. The restrictions set forth in any of the preceding paragraphs shall not apply to information that (a) was, is, or becomes public knowledge in a manner not in violation of this Order, or (b) was or is acquired in good faith from a third party not a party to this litigation having the right to disclose such information, or (c) was or is discovered independently by the Receiving Party.

16. Sanctions may be imposed on any individual granted access to "Confidential" information under this Order who uses such "Confidential" information for any purpose other than in connection with this action or in any manner which otherwise violates the terms of this Order.

17. "Confidential" information that is proprietary in nature and such disclosure could subject the Producing Party to a potential loss of business advantage shall not be disclosed to any person or entity that is in business competition with the Producing Party except by the Court's Order, including those persons who meet the definition of a "Qualified Person."

18. All parties who subsequently appear in this case will be subject to this Order.

**SO STIPULATED.**

Dated: November 29, 2005

MILLER LAW GROUP
A Professional Corporation

By: _____
Kerry McInerney Freeman
Attorneys for Defendants CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.

Dated: November 29, 2005

McGUINN, HILLSMAN & PALEFSKY

By: _____
Noah D. Lebowitz
Attorneys for Plaintiff KIRAN PANDE

**PROTECTIVE ORDER**

**IT IS SO ORDERED:**

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT
## REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he/she has read the Protective Order regarding confidentiality entered in this civil action entitled **KIRAN PANDE v. CHEVRON CORPORATION (formerly known as ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (formerly known as ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.,** filed in United States District Court, Northern District of California, Case No. C-04-5107 CW, on _____, 200__, that he/she understands the terms thereof, that he/she has been designated by _____ as a "Qualified Person" thereunder, and that he/she individually and on behalf of _____, and on behalf of the party who designated him/her as a "Qualified Person", agrees to be bound by such Protective Order, and that he/she acknowledges the jurisdiction of the Court and agrees to be bound by the jurisdiction of the Court.

DATED: _____, 200____.

_____
(signature)

_____
(print name)

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA