1  John A. McGuinn, Esq. (State Bar No. 036047)
   Noah D. Lebowitz, Esq. (State Bar No. 194982)
2  McGUINN, HILLSMAN & PALEFSKY
   535 Pacific Avenue
3  San Francisco, CA  94133
   Telephone:  (415) 421-9292
4  Facsimile:  (415) 403-0202

5
   Attorneys for Plaintiff
6  KIRAN PANDE

7

8

9

10                 UNITED STATES DISTRICT COURT FOR THE

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13  KIRAN PANDE,                        )  **Case No.  C-04-5107 CW**
                                        )
14                  Plaintiff,          )  **SECOND AMENDED COMPLAINT**
                                        )
15  v.                                  )
                                        )
16                                      )  **JURY TRIAL DEMANDED**
    CHEVRON   CORPORATION   (f/k/a      )
17  CHEVRONTEXACO CORPORATION),         )
    a Delaware corporation,             )
18  CHEVRON    INTERNATIONAL            )
    EXPLORATION & PRODUCTION (f/k/a     )
19  CHEVRONTEXACO OVERSEAS              )
    PETROLEUM COMPANY),                 )
20  a division of Chevron U.S.A. Inc,   )
                                        )
21                                      )
                    Defendant.          )
22  _____    )

23

24                             **PARTIES**

25

26      1.      Plaintiff Kiran Pande ("Pande" or "Plaintiff") is a resident of the State of

27  California.  She was born in India in 1962 and immigrated to the United States in 1964.

28  Pande became a U.S. citizen in or about 1971.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                1

1    2.    Defendant Chevron Corporation (f/k/a ChevronTexaco Corporation)

2  (hereafter "Chevron" or "Defendants") is a Delaware corporation with its principal place

3  of business in San Ramon, California.

4    3.    Defendant Chevron International Exploration & Production (f/k/a

5  ChevronTexaco Overseas Petroleum Company) (hereafter "CTOP" or "Defendants") is

6  a division of Chevron U.S.A. Inc. and at times relevant to this Complaint had its

7  principal place of business in San Ramon, California.

8

9    4.    At all times all herein alleged, each defendant was an agent, employee or

10  representative of the other defendants and ratified the conduct of the other defendants.

11  **JURISDICTION & VENUE**

12

13    5.    Jurisdiction is based upon federal question, 28 U.S.C. § 1331.  Under 28

14  U.S.C. §1367(a), the Court also has supplemental jurisdiction over the state law claims

15  asserted in this action

16    6.    Pursuant to 28 U.S.C. §§ 1391(a) and (b), venue is proper in the Northern

17  District of California.  The Defendants are headquartered in San Ramon, California, which

18  is within this district.  Pande resides within this judicial district.

19  **INTRA DISTRICT ASSIGNMENT**

20

21    7.    This action should be assigned to the San Francisco or Oakland Division

22  of the Court because events and omissions alleged herein which give rise to the claims

23  for relief occurred in Contra Costa County.

24  **FACTS COMMON TO ALL CAUSES OF ACTION**

25    8.    Pande is a petroleum engineer who has worked for major oil companies

26  for the better part of 22 years.  She has a Bachelor of Science degree in Chemical

27  Engineering from the University of California-Berkeley in 1983, a Masters Degree in

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                        2

1    Petroleum Engineering from Stanford University in 1985, and a Doctorate in Petroleum

2    Engineering from Stanford in 1989. In addition to her employment with Chevron, Pande

3    has an appointment as a Consulting Professor at Stanford University, teaching classes

4    in petroleum engineering. Pande has also published papers and presented papers at

5    industry conferences in the U.S. and Europe and is considered an expert in the field.

6

7        9.    In late 1988, Pande was hired by Chevron Corporation as a research

8    engineer in the Chevron Oil Field Research Company ("COFRC"), based in La Habra,

9    California. COFRC became part of Exploration Production Technology Company

10   ("EPTC") in 1992 following the reorganization of Chevron's technology companies.

11   While in COFRC and EPTC, Pande consistently earned high praise from her

12   supervisors for her job knowledge, problem solving ability, teamwork, creativity, and

13   initiative. Pande's supervisors regularly described Pande as "an outstanding employee"

14   and as doing "an excellent job." In or about October 1992, Pande was promoted to

15   Grade Level 23 as a Senior Research Engineer. Pande's supervisors recommended a

16   transfer from the technology company to a Chevron operating company to provide her

17   with business and operations exposure and experience. Pande's supervisors also

18   recommended providing her with opportunities to gain supervisory experience.

19

20       10.    In January 1995, Pande was transferred from EPTC in La Habra to

21   Chevron Overseas Petroleum, Inc. ("COPI") in San Ramon, California. At the time of

22   her transfer, EPTC management told her that any time she wanted to come back to

23   EPTC there would be a place for her. Throughout the next several years, Pande

24   worked on a broad range of projects for COPI, including an overseas assignment in

25   Europe which also entailed working in Africa. In May 1997, during her international

26   assignment, Pande was requested to make a presentation to Kenneth Derr, the

27

28

SECOND AMENDED COMPLAINT                                                    3

1   Chairman of the Board and Chief Executive Officer, and his management committee on

2   behalf of COPI.  Her presentation was very well received by the CEO and the others on

3   the committee.  Pande received high praise for effectively communicating the links

4   between technology, business processes, company culture, and profitability using as an

5   example the multi-billion dollar joint venture international project on which she was

6

7   working.  In or about April 1997, Pande was promoted to Grade Level 24 with the title

8   Advisor, Petroleum Engineering.  In 1998, Pande started the evening MBA program at

9   U.C. Berkeley and completed the program in December 2000.  Pande's supervisors

10  recommended that she be given an opportunity to gain commercial and business

11  experience in the Commercial, Planning, or Corporate Finance groups.

12
        11.     In or about September 2000, Pande was transferred to COPI's Planning
13
    Group.  In this position, Pande directly reported to Rex Mitchell ("Mitchell").
14
15  Unfortunately, Pande's ascension in the company was abruptly interrupted while

16  working in the Planning Group of CTOP.  Specifically, in 2001, she began to suffer

17  harassment and discrimination based on her gender and race/national origin at the

18  hands of Mitchell.

19
        12.     In October 2001, shortly after the mega-corporate merger which created
20
21  ChevronTexaco Corporation, Pande was selected for a new position of Portfolio Analyst

22  in the Planning Group.  Mitchell told Pande that he considered this position to be a

23  higher level than the Planning Analyst positions in the group and promised to promote

24  Pande to Grade 25 in April 2002.

25
        13.     In or about March 2002, Pande complained to Mitchell's supervisor,
26
    James Johnson ("Johnson"), about Mitchell's conduct.  Pande told Johnson about a
27
28  situation in the Fall of 2001 when Mitchell referred to a group of people of Indian origin

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                          4

1  as "towel heads."  Johnson did nothing to investigate Pande's complaints.  Instead, he

2  told Pande that she had three choices: (1) leave the company, (2) leave the group, or

3  (3) stay for 12 to 18 months and get along with Mitchell.  Johnson then scheduled a

4  meeting with Mitchell and Pande to give Pande an opportunity to state which of the

5  three options she was choosing.

6

7        14.    Previously, Chevron disseminated information to its employees that the

8  company maintained a written policy which asserted that the company strongly forbade

9  workplace harassment and discrimination and that all complaints alleging such conduct

10  would be taken seriously.  To that end, Chevron had in place a designated person, a

11  so-called Ombuds, as a purportedly neutral party to hear all such complaints.  In the

12  Spring of 2002, the Ombuds responsible for Pande's group was Gary Yamashita

13  ("Yamashita").

14

15        15.    After the meeting with Johnson and Mitchell, Pande decided to file a

16  formal complaint with Yamashita.  Pande alleged discrimination and harassment and

17  refusal by Johnson to investigate an earlier complaint of discrimination and harassment.

18        16.    In or about April 2002, Pande received her annual performance review

19  from Mitchell.  During her annual performance review meeting with Mitchell, Pande told

20  him that she felt his behavior towards her was inappropriate and constituted

21  harassment.  Mitchell attempted to minimize his behavior, attributing it to stress.

22  Mitchell also failed to promote Pande to Grade 25 as he had promised in 2001.

23

24        17.    Mitchell did not inform Pande of her salary action as required by company

25  policy.  Pande deduced her salary action from her paycheck.  Pande and the only other

26  female in the group, Victoria Thompson ("Thompson"), were ranked lower than the

27  Chevron legacy company men in the group and received lower raises and merit

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                            5

1  increases than the men in the group.  Thompson joined Pande and filed her own

2  complaint with Yamashita alleging harassment and discrimination by Mitchell.

3  Yamashita suggested a joint meeting with Yamashita, Johnson, Pande, and Thompson

4  to discuss the complaints.

5

6    18. Prior to that meeting, at Yamashita's request, Pande and Thompson

7  submitted a list of "bullet points" which they wished Yamashita to address during the

8  investigation.

9    19. On or about April 24, 2002, Yamashita held what was supposed to be an

10  investigatory meeting.  Yamashita first met alone with Johnson.  Then, together, they

11  met with Pande and Thompson.  During that meeting, both Pande's and Thompson's

12  complaints were given no credence by Johnson.  In fact, the meeting turned into an

13  attack on Pande's performance, whereby Johnson levied false accusations about

14  Pande's performance, all while Thompson was still present.  Pande specifically

15  expressed her concern about Mitchell's use of racial and ethnic slurs to refer to people

16  of her ethnic background.

17

18    20. Shortly after the meeting with Yamashita, Pande began to feel retaliation

19  from Mitchell, including, *inter alia*, being deliberately excluded from work-related

20  meetings.  Pande again complained to Johnson to no avail.

21    21. Throughout the next several months, Mitchell continued to isolate Pande

22  from the work group and impede her ability to perform and advance within the

23  company.

24

25    22. In September 2002, Pande learned that Mitchell had been saying negative

26  things about her abilities to managers and employees in other departments.  As a result

27  of these negative comments being circulated, Pande was taken out of consideration for

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT

6

1    at least one position.

2        23.    From March through December 2002, Pande attempted to find another

3    job within the company. However, on December 9, 2002 Pande was forced to take a

4    less desirable job as Simulation Engineer, one which is considered a step down on the

5    career path at Chevron for petroleum engineers like Pande. In fact, management had

6    not been able to fill this position for several months because management had not been

7    able to find an experienced engineer willing to take this position.

8

9        24.    In April 2003, Pande was told by her new supervisor, Jack Dunn ("Dunn"),

10   that she was not receiving a merit pay increase. Never before in her entire career at

11   Chevron had Pande not received a merit pay increase. Dunn told Pande that she did

12   not receive a merit increase because of Mitchell's evaluation of Pande's performance.

13

14       25.    In the Spring of 2003, Chevron announced that Pande's business unit was

15   being transferred from San Ramon to Houston, Texas. Most employees were offered

16   the opportunity to relocate to Houston with their current position. Failure to agree to the

17   relocation offer would indicate a non-acceptance and the employee would have the

18   option of looking for another job internally. A so-called Sponsor would help coordinate

19   the development of the next assignment. Furthermore, prior to handing out the offers to

20   relocate, Dunn had assured Pande and others in the group that his first priority would

21   be to help employees that declined the relocation to find jobs within Chevron.

22

23       26.    Pande indicated non-acceptance of the relocation offer. Some other

24   employees within Pande's business unit also declined to relocate.

25       27.    Throughout the Fall of 2003, Pande attempted to find another job within

26   Chevron. She applied for several openings and actively networked within the company

27   for a transfer. Pande was fully qualified for each of the jobs to which she applied.

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                              7

1  Pande did not get any of the jobs to which she applied.

2      28.    In comparison, each of the men in Pande's business unit who declined

3  the move to Houston were successful in finding a new job or were allowed to continue

4  working in their current job in San Ramon without relocating to Houston. In what Pande

5
   believes to be a violation of company policy and U.S. immigration policies, at least two
6
7  of the men who were selected over Pande for EPTC jobs located in San Ramon were

8  not United States citizens. In addition, one of those men had accepted to relocate to

9  Houston. The company had indicated that upon acceptance of the relocation to

10 Houston, the business unit would expect the employee to remain in their current

11 position for at least 18 months.

12
       29.    Pande's business unit was scheduled to formally commence work in
13
14 Houston on January 5, 2004. In or about October 2003, Dunn offered Pande continued

15 work in San Ramon on a project which would last through at least most of 2004. Pande

16 agreed to work on the project.

17     30.    On or about October 2003, Pande determined (in consult with her

18 physician) that she needed to take a medical leave to have required surgery. Pande

19
   researched company policy (the so-called Disability Management Program) and, on or
20
21 about October 29, 2003, filed all the appropriate paperwork to take a medical leave.

22 Part of that policy requires that all employees who are or will be absent from work for

23 more than five days due to medical condition must file for short term disability through

24 Chevron's disability policy carrier, UnumProvident. The Disability Management

25 Program also requires employees to fill out overly broad medical release forms.

26
   Despite having sufficient information to certify Pande for an extended medical leave,
27
28 Chevron only certified Pande's leave for a period of 30 days, thereafter requiring Pande

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                    8

1    to re-certify her eligibility for leave.

2        31.    On or about October 30, 2003, Pande informed Dunn that she was

3    applying to take a medical leave.  Dunn reacted by asking what was medically wrong

4    with her.  Pande considers her medical information very private and did not feel

5    comfortable talking to Dunn about her specific condition, so she did not tell him.  Dunn,

6    however, persisted in his questioning asking about her condition and her symptoms.

7    Dunn also questioned Pande about her request for coverage under FMLA during her

8    medical leave.

9        32.    Dunn was incensed about Pande's request for medical leave.  On or

10    about November 4, 2003, on an international conference call attended by approximately

11    10 of Pande's coworkers and a Senior Manager in Angola, Dunn went on a tirade.  He

12    directly confronted Pande about her medical leave and berated her for an extended

13    period of time about the fact that she was taking the leave.  Other employees on the

14    call – most of whom had no previous knowledge about Pande's medical leave –

15    attempted to intervene, but Dunn cut them off demanding to know how Pande was

16    going to get all her work done.  Pande felt that Dunn's outrageous conduct was

17    designed to pressure her into forgoing her medical leave which was set to begin on

18    November 10.

19        33.    Pande is a very confident and proud person.  However, this conduct by

20    Dunn was extreme and sent Pande into tears.  Pande's coworkers were so outraged by

21    Dunn's conduct that at least one coworker made an internal complaint against Dunn for

22    his conduct on the conference call.  This coworker's complaint was in keeping with

23    Chevron training on harassment prevention and reporting which taught employees that

24    it was their responsibility to report harassment and inappropriate behavior especially if

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                    9

they witnessed it being inflicted on a coworker.  Pande was never contacted by anyone at Chevron regarding Dunn's comments, thus, she believes that there was no investigation into Dunn's improper comments and harassing conduct during the November 4 conference call.  Furthermore, Pande herself reported Dunn's harassing conduct to Taryn Shastad, General Manager of Human Resources, in a letter dated December 8, 2003.

34.    Pande commenced her medical leave on November 10, 2003.  On or about November 17, 2003 Dunn called Pande at home to tell her that she was being terminated effective December 31, 2003.  Dunn read Pande part of a forthcoming termination letter that he said had already been sent via registered mail, which proclaimed that Pande had voluntarily resigned in June.  Dunn also told Pande that he had consulted with an "employment lawyer" to affirm that it was "kosher" to terminate Pande while she was on FMLA leave.  Dunn told Pande that her FMLA Status did not protect her because the company considered her to have voluntarily resigned in June, prior to her request for leave.  This was the first time that anyone had informed Pande that the company considered her to have voluntarily resigned at all, let alone five months prior.

35.    On December 8, 2003, Pande filed her Complaint of Discrimination with the California Department of Fair Employment and Housing and subsequently received her "Right-to-Sue" letter.  Pande files this Complaint within one year of receiving that Right-to-Sue letter.

///

///

///

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT

10

1

### FIRST CAUSE OF ACTION
### Violation of the Family Medical Leave Act
### (29 U.S.C. § 2615 *et seq.*)

2

3

36.     Plaintiff incorporates by reference paragraphs 1 through 34 as though fully

4

set forth herein.

5

6

37.     At all times relevant to this complaint, 29 U.S.C. § 2615 *et seq.*, otherwise

7

known as the Family Medical Leave Act ("FMLA") and its implementing regulations were

8

in full force and effect.

9

38.     At all times relevant to this complaint, Chevron was a covered employer

10

under the FMLA.

11

39.     At the time Pande requested her medical leave, she was an eligible

12

13

employee and provided sufficient medical certification to qualify for leave under the

14

FMLA.

15

40.     As described above, the Defendants violated the FMLA by failing to grant

16

Pande the full extent of her eligible family leave, terminating her during her FMLA leave,

17

and by enforcing policies which act to force Pande to waive her FMLA rights to

18

confidentiality in her medical records.

19

41.     The Defendants' policy of requiring periodic re-certification of eligibility for

20

21

leave during the pendency of that leave is a violation of the FMLA.

22

42.     The Defendants' policy of requiring employees who have been or will be

23

absent from work for more than five days due to medical condition to apply for short

24

term disability coverage violates the FMLA's privacy protections.  Also, Dunn's conduct

25

during his October 30 meeting with Pande and the November 4 conference call also

26

violated the FMLA's privacy protections.

27

///

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

43.     Pande's exercising of her rights under the FMLA was a motivating factor in the Defendants' decision to terminate her employment.  Further, by terminating Pande's employment, the Defendants failed to grant Pande her full term of FMLA leave.

44.     The Defendants' actions also constitute unlawful interference with FMLA rights.

45.     As a direct and proximate result of the Defendants' wrongful conduct, Pande has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

46.     Pande is also entitled to an award of liquidated damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### Violation of the California Family Rights Act
### (California Government Code § 12945.1 *et seq.*)

47.     Plaintiff incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48.     At all times relevant to this complaint, California Government Code § 12945.1 *et seq.*, otherwise known as the California Family Rights Act ("CFRA") and its implementing regulations were in full force and effect.  Under the CFRA, it is unlawful for a covered employer to fail to grant an eligible employee the full amount of leave as certified by that employee's physician.  Under CFRA it is unlawful for a covered employer to discriminate against an eligible employee for taking a leave for a serious health condition.

49.     At all times relevant to this complaint, the Defendants were a covered employer under the CFRA.

///

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                    12

1    50.    At the time Pande requested her medical leave, she was an eligible

2    employee and provided sufficient medical certification to qualify for leave under the

3    CFRA.

4    51.    The Defendants' policy of requiring periodic re-certification of eligibility for

5    leave during the pendency of that leave is a violation of the CFRA.

6

7    52.    The Defendants' policy of requiring employees who have been or will be

8    absent from work for more than five days due to medical condition to apply for short

9    term disability coverage violates the CFRA's privacy protections.  Also, Dunn's conduct

10   during his October 30 meeting with Pande the November 4 conference call also violated

11   the CFRA's privacy protections.

12   53.    Pande's exercising of her rights under the CFRA was a motivating factor

13   in the Defendants' decision to terminate her employment.  Further, by terminating

14   Pande's employment, the Defendants failed to grant Pande her full term of CFRA leave.

15

16   54.    As a direct and proximate result of the Defendants' wrongful conduct,

17   Pande has suffered damages including, but not limited to, a loss of income and

18   benefits, and has further suffered emotional distress and other general damages.

19   55.    In doing the things alleged herein, the Defendants' conduct was

20   despicable, and the Defendants acted toward Pande with malice, oppression, fraud,

21   and with willful and conscious disregard of Pande's rights, entitling her to an award of

22   punitive damages.

23

24   WHEREFORE, Plaintiff prays for relief as set forth below.

25   ///

26   ///

27   ///

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT

13

### THIRD CAUSE OF ACTION
### Gender Discrimination
### (California Government Code § 12900 *et seq.*)

56.     Plaintiff incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57.     At all times relevant to this complaint, California Government Code §§ 12900 *et seq.*, also known as the Fair Employment and Housing Act ("FEHA") and its implementing regulations were in full force and effect.  Under the FEHA, it is unlawful for an employer to terminate or otherwise discriminate against a person in compensation or in the terms, conditions or privileges of employment, on account of that person's gender.  It is also unlawful for an employer to fail to take all appropriate steps to investigate complaints of harassment and discrimination, prevent harassment and discrimination, and impose remedial measures when claims are substantiated.

58.     As described above, Pande's gender was a motivating factor in, *inter alia,* the Defendants' adverse decisions related to Pande's compensation, job assignment, and termination.

59.     The Defendants also repeatedly failed to appropriately investigate Pande's complaints of harassment and discrimination and failed to take any action to prevent such conduct from occurring in the future or take appropriate remedial action for offenses.

60.     As a direct and proximate result of the Defendants' wrongful conduct, Pande has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

61.     In doing the things alleged herein, the Defendants' conduct was despicable, and the Defendants acted toward Pande with malice, oppression, fraud,

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                    14

1    and with willful and conscious disregard of Pande's rights, entitling her to an award of

2    punitive damages.

3        WHEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
### Race/National Origin Discrimination
### (California Government Code § 12900 *et seq.*)

7        62.    Plaintiff incorporates by reference paragraphs 1 through 61 as though fully

8    set forth herein.

9        63.    At all times relevant to this complaint, FEHA and its implementing

10   regulations were in full force and effect.  Under the FEHA, it is unlawful for an employer

11   to terminate or otherwise discriminate against a person in compensation or in the terms,

12   conditions or privileges of employment, on account of that person's race or national

13   origin.  It is also unlawful for an employer to fail to take all appropriate steps to

14   investigate complaints of harassment and discrimination, prevent harassment and

15   discrimination, and impose remedial measures when claims are substantiated.

17       64.    As described above, Pande's race or national origin was a motivating

18   factor in, *inter alia*, the Defendants' adverse decisions related to Pande's

19   compensation, job assignment, and termination.

21       65.    The Defendants also repeatedly failed to appropriately investigate

22   Pande's complaints of harassment and discrimination and failed to take any action to

23   prevent such conduct from occurring in the future or take appropriate remedial action

24   for offenses.

25       66.    As a direct and proximate result of the Defendants' wrongful conduct,

26   Pande has suffered damages including, but not limited to, a loss of income and

27   benefits, and has further suffered emotional distress and other general damages.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                        15

1    67.    In doing the things alleged herein, the Defendants' conduct was

2    despicable, and the Defendants acted toward Pande with malice, oppression, fraud,

3    and with willful and conscious disregard of Pande's rights, entitling her to an award of

4    punitive damages.

5
         WHEREFORE, Plaintiff prays for relief as set forth below.

6
                         **FIFTH CAUSE OF ACTION**
7                              Retaliation
8                (California Government Code § 12900 *et seq.*)

9    68.    Plaintiff incorporates by reference paragraphs 1 through 67 as though fully

10   set forth herein.

11
     69.    At all times relevant to this complaint, the FEHA and its implementing
12
     regulations were in full force and effect.  Under the FEHA, it is unlawful for an employer
13
     to terminate or otherwise discriminate against a person in compensation or in the terms,
14
15   conditions or privileges of employment, on account of that person's reporting, or

16   opposing gender discrimination or harassment.

17   70.    As described above, Pande complained about gender and race

18   discrimination and harassment by Mitchell.  Pande's complaints were a motivating

19
     factor in, *inter alia*, the Defendant's adverse decisions related to Pande's
20
21   compensation, job assignment, and termination.

22   71.    As a direct and proximate result of the Defendants' wrongful conduct,

23   Pande has suffered damages including, but not limited to, a loss of income and

24   benefits, and has further suffered emotional distress and other general damages.

25   72.    In doing the things alleged herein, the Defendants' conduct was

26   despicable, and the Defendants acted toward Pande with malice, oppression, fraud,
27
28   and with willful and conscious disregard of Pande's rights, entitling her to an award of

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                    16

1    punitive damages.

2        WHEREFORE, Plaintiff prays for relief as set forth below.

3                              **SIXTH CAUSE OF ACTION**
4                **Wrongful Termination in Violation of Public Policy**

5        73.    Plaintiff incorporates by reference paragraphs 1 through 72 as though fully
6    set forth herein.

7        74.    It is the public policy of the State of California to prohibit employers from
8
9    taking adverse employment actions against employees in a discriminatory manner or in
    retaliation for voicing complaints about discrimination or in retaliation for exercising their
10
11    statutory rights.  This public policy is embodied in, *inter alia*, the California Government
12    Code, the California Constitution, and the California Code of Regulations.

13        75.    As set forth more fully above, Pande's gender, request for medical leave,
14    and complaints of discrimination and harassment were a motivating factor in, *inter alia*,
15
    the Defendant's adverse decisions related to Pande's compensation, job assignment,
16
17    and termination.

18        76.    As a direct and proximate result of the Defendants' wrongful conduct,
19    Pande has suffered damages including, but not limited to, a loss of income and
20    benefits, and has further suffered emotional distress and other general damages.

21        77.    In doing the things alleged herein, the Defendants' conduct was
22    despicable, and the Defendants acted toward Pande with malice, oppression, fraud,
23
24    and with willful and conscious disregard of Pande's rights, entitling her to an award of
25    punitive damages.

26        WHEREFORE, Plaintiff prays for judgment as set forth below.

27    ///

28    ///

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                    17

**SEVENTH CAUSE OF ACTION**
**Violation of Right to Privacy**
**(California Constitution Article I, Section 1)**

78.    Plaintiff incorporates by reference paragraphs 1 through 78 as though fully set forth herein.

79.    Article I, Section 1 of the California Constitution grants all California citizens the right to privacy.  Included in that protection is the right to privacy in personal medical information.

80.    The Defendants' Disability Management Program policy requiring employees who have been or will miss more than five days of work due to medical condition to apply for short term disability violates its employee's right to privacy in their medical records because a prerequisite for applying for that short term disability is the execution of  a full waiver of the employees right to privacy in their medical records. Accordingly, Chevron's policy compels the employee to waive their right to privacy as a condition of maintaining employment.

81.    When Pande informed the Defendants of her need to take a medical leave, the company instituted the policy described above and Pande was forced to waive her right to privacy in her medical records as a condition of maintaining her employment with the company.

82.    As a direct and proximate result of the Defendants' wrongful conduct, Pande has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

83.    In doing the things alleged herein, the Defendants' conduct was despicable, and the Defendants acted toward Pande with malice, oppression, fraud, and with willful and conscious disregard of Pande's rights, entitling her to an award of

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                          18

1  punite damages.

2      WHEREFORE, Plaintiff prays for judgment as set forth below

3                    **EIGHTH CAUSE OF ACTION**
4    **Violation of California Confidentiality of Medical Information Act**
                      **(California Civil Code § 56 *et seq.*)**
5

6      84.    Plaintiff incorporates by reference paragraphs 1 through 84 as though fully
7  set forth herein.

8      85.    California Civil Code § 56 *et seq.* grants all California citizens the right to
9  confidentiality of their medical records.

10     86.    The Defendants' Disability Management Program violates its employee's

11 right to confidentiality in their medical records because a prerequisite for applying for
12
   that short term disability is the execution of a full waiver of the employees right to
13
14 privacy in their medical records.  Accordingly, the Defendants' policy compels the

15 employee to waive their right to privacy as a condition of maintaining employment.

16     87.    When Pande informed the Defendants of her need to take a medical

17 leave, the company instituted the policy described above and Pande was forced to

18 waive her right to privacy in her medical records as a condition of maintaining her
19
   employment with the company.
20

21     88.    As a direct and proximate result of the Defendants' wrongful conduct,

22 Pande has suffered damages including, but not limited to, a loss of income and

23 benefits, and has further suffered emotional distress and other general damages.

24     89.    In doing the things alleged herein, the Defendants' conduct was
25
   despicable, and the Defendants acted toward Pande with malice, oppression, fraud,
26
27 and with willful and conscious disregard of Pande's rights, entitling her to an award of

28 punitive damages.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                    19

1    WHEREFORE, Plaintiff prays for judgment as set forth below.

2    **PRAYER FOR RELIEF**

3    WHEREFORE, Plaintiff prays for judgment as follows:

4    1.    For general damages according to proof;

5

6    2.    For special damages according to proof;

7    3.    For punitive damages;

8    4.    For liquidated damages pursuant to 29 U.S.C. § 2617(a)(iii);

9    5.    For costs of suit, including reasonable expert witness costs;

10    6.    For a declaration that the medical information release requirements of the

11    Disability Management Program are unlawful;

12
     7.    For a permanent injunction prohibiting the Defendant from implementing
13
     the medical information release requirements of the Disability
14
     Management Program in the future;
15

16    8.    For reasonable attorneys fees pursuant to California Government Code

17    §12965(b), and 29 U.S.C. § 2617(a)(3), and California Code of Civil

18    Procedure § 1021.5;

19    9.    For interest at the maximum legal rate an all sums awarded; and
20
     10.    For such other relief as the Court deems just and proper.
21

22    Date: November 28, 2005              McGUINN, HILLSMAN & PALEFSKY
23                                         Attorneys for Plaintiff Kiran Pande

24

25                                    By:    /s/ Noah D. Lebowitz
26                                           NOAH D. LEBOWITZ

27    ///

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                    20

1

## DEMAND FOR JURY TRIAL

2

3        Plaintiff hereby demands a trial by jury on all causes of action.

4

5   Date: November 28, 2005                McGUINN, HILLSMAN & PALEFSKY
                                           Attorneys for Plaintiff Kiran Pande
6

7

8                                          By:      /s/ Noah D. Lebowitz
                                                   NOAH D. LEBOWITZ
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT                                                      21