Michele Ballard Miller (SBN 104198)
Kerry McInerney Freeman (184764)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.

John A. McGuinn, Esq. (SBN 36047)
Noah D. Lebowitz, Esq. (SBN 194982)
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Tel. (415) 421-9292
Fax (415) 403-0202

Attorneys for Plaintiff
KIRAN PANDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.<br><br>Defendants. | Case No. 04-5107 CW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date: January 6, 2006<br>Time: 1:30 p.m.<br>Dept: 2<br><br>Complaint filed:   December 2, 2004 |

---

1

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
**Case No. 04-5107 CW**

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

**1. A brief description of the events underlying the action:** This is an employment law case. Plaintiff, who holds graduate degrees in petroleum engineering, worked in various capacities for various Chevron-related companies – and ultimately ChevronTexaco Overseas Petroleum ("CTOP") – from 1988 until December 31, 2003. The Defendants contend that Plaintiff voluntarily resigned after she rejected the CTOP's offer to move with the rest of her department to Houston, and was unable to find another position within CTOP. Plaintiff contends that she never voluntarily resigned. Rather, Plaintiff contends that – after she declined the move to Houston -- she was involuntarily terminated despite the fact that (1) all other members of her group who declined the move to Houston were placed in ongoing jobs within Chevron, and (2) she was more than qualified for several positions to which she applied within several different divisions of Chevron. Defendant contends that (1) it is not true that all other members of Plaintiff's group who declined the move to Houston were placed in ongoing jobs within Chevron, (2) Plaintiff was not more qualified that the successful candidates for the positions to which Plaintiff applied. Plaintiff's eight causes of action[1] generally allege

    (a) violation of the Family and Medical Leave Act and California Family Rights Act (alleging the Defendants violated certain provisions of the leave laws and ultimately terminated her employment based on her use of protected

---

[1] Specifically, Plaintiff alleges: (1) violation of the federal Family and Medical Leave Act, (2) violation of the California Family Rights Act, (3) gender discrimination in violation of the Fair Employment and Housing Act ("FEHA"), (4) race/national origin discrimination in violation of FEHA, (5) retaliation in violation of FEHA, (6) wrongful termination in violation of public policy, (7) violation of the constitutional right to privacy, and (8) violation of the Confidentiality of Medical Information Act.

medical leave);

(b) discrimination and harassment based on her gender and "race or national origin" (alleging, *inter alia*, that she was given lower merit increases than her male counterparts and that her career path was involuntarily diverted by her supervisor because of his gender bias and bias against people of Indian origin);

(c) retaliation based on her request medical leave and her alleged prior complaints that she was discriminated against and harassed;

(d) failure to take appropriate corrective action in response to her alleged complaints;

(e) violation of her statutory and state constitutional privacy rights with regard to her medical condition.

2. **The principal factual issues which the parties dispute:** Plaintiff disputes that she voluntarily resigned from her employment with Chevron. She further disputes that Chevron appropriately investigated her prior complaints of discrimination and harassment. Defendants dispute Plaintiff's allegations that Defendants unlawfully harassed her, discriminated against her, retaliated against her, violated her privacy, failed to appropriately investigate her alleged complaints of discrimination and harassment or otherwise harmed her in any way at all.

3. **The principal legal issues which the parties dispute:** The parties dispute whether and to what extent the conduct alleged by Plaintiff is actionable as a matter of law, including but not limited to the following legal issues:

    a. Are Plaintiff's claims arising out of occurrences which took place in 2002 barred by the applicable statute of limitations or are they part of a continuing violation?

    b. Is there a so-called "Ombuds privilege" which would act to protect Chevron's Ombuds person from discovery?

  c. Was Plaintiff's gender a motivating factor in the alleged adverse actions related to her employment with the Defendants?

  d. Was Plaintiff's Indian heritage a motivating factor in the alleged adverse actions related to her employment with the Defendants?

  e. Was Plaintiff's request for and/or taking of medical leave a motivating factor in the alleged adverse actions related to her employment with the Defendants?

  f. Was Plaintiff's statutory and state constitutional right to privacy in her medical records and medical condition violated by the Defendants and/or the Defendants' agent, UnumProvident?

  g. Does the Defendants' Disability Management Program violate statutory and/or state constitutional privacy protections such that it is subject to injunctive remedy by the Court?

  4. The other factual issues [e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue] which remain unresolved for the reason stated below and how the parties propose to resolve those issues: None known at this point.

  5. The parties which have not been served and the reasons: None known at this point.

  6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder: None known at this point.

  7. The following parties consent to assignment of this case to a United States Magistrate Judge for [court or jury] trial: The parties do not consent to assignment of this case to a United States Magistrate Judge for further proceedings,

including trial.

## ALTERNATIVE DISPUTE RESOLUTION

**8. The parties have filed a Stipulation and Proposed Order Selecting an ADR process (specify process):** Private mediation with Mark Rudy, Esq.

**9. Other information regarding ADR process or deadline:** Because the parties have already engaged in mediation and extensive settlement discussions to no avail, the parties believe further alternative dispute resolution will only be productive, if at all, after the parties have had the opportunity to exchange and evaluate initial disclosures and conduct further discovery. Therefore, the parties would be open to further private mediation with Mr. Rudy after the parties have conducted discovery, which we anticipate will be around June 2006.

## DISCLOSURES

**10. The parties certify that they have made the following disclosures [list disclosures of persons, documents, damage computations and insurance agreements]:** The parties certify that each side has made the appropriate initial disclosures.

## DISCOVERY

**11. The parties agree to the following discovery plan [Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]:** The parties estimate nine months would be an appropriate time within which to conduct non-expert discovery, which would place the non-expert discovery cut-off at September 29, 2006. The

parties also propose that they exchange expert reports on December 22, 2006 (two weeks after the dispositive motion hearing deadline), and name rebuttal experts on January 12, 2007. The parties propose an expert discovery cut-off of February 23, 2007.

Defendants plan to depose Plaintiff, and may depose Plaintiff's father, as well as other witnesses whose relevance may become apparent during discovery. Given the nature and extent of Plaintiff's claims (e.g., Plaintiff's administrative complaint contains a nine page single spaced description of alleged acts of harassment and discrimination, and she claims to have been denied selection for a large number of positions, each of which will require separate examination), Defendants anticipate Plaintiff's deposition may take three seven-hour days to complete, and therefore seeks Plaintiff's agreement or a Court Order permitting same. Moreover, Defendants anticipate propounding document requests, interrogatories and requests for admissions.

Plaintiff plans to propound document requests, interrogatories and requests for admissions. Due to the many characters involved in the factual history of this case (many if not all of whom remain employed by the Defendants) Plaintiff has a need to take as many as 20 depositions. Many of these depositions will likely take no more than two hours and can be coordinated so as to complete multiple witnesses in a single day. Plaintiff's counsel has transmitted an initial list of names of witnesses and communicated his willingness to coordinate depositions so as to minimize the burden on all parties.

### TRIAL SCHEDULE

**12. The parties request a trial date as follows:** February 2007.

**13. The parties expect that the trial will last for the following number of days:** 15, assuming full days/weeks.

| | |
|---|---|
| Dated: December 9, 2005 | By: /s/ |
| | Kerry McInerney Freeman |
| | Attorneys for Defendants CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc. |
| Dated: December 7, 2005 | McGUINN, HILLSMAN & PALEFSKY |
| | By: _[signature]_ |
| | Noah D. Lebowitz |
| | Attorneys for Plaintiff KIRAN PANDE |

Chevron/Pande/Pleadings/012.Jt. CMC Stmt

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

# CASE MANAGEMENT ORDER

The Case Management Statement - Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Non-expert discovery cut-off: September 29, 2006.

Further joint case management conference statement due: _____.

Further case management conference: _____.

Dispositive motion filing deadline: November 3, 2006 (for hearing by December 8, 2006).

Plaintiff/Defendants to exchange expert reports by: December 22, 2006.

Plaintiff/Defendants to name rebuttal experts by: January 12, 2007.

Expert discovery cut-off: February 23, 2007.

Pre-Trial Conference: _____.

Trial date: April 16, 2007

Dated: _____                            _____
                                              United States District Judge