Michele Ballard Miller (SBN 104198)
Kerry McInerney Freeman (184764)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON INTERNATIONAL
EXPLORATION AND PRODUCTION (formerly known
as CHEVRONTEXACO OVERSEAS PETROLEUM) and
CHEVRON CORPORATION (formerly known as
CHEVRONTEXACO CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>            Plaintiff,<br><br>v.<br><br>CHEVRONTEXACO CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRON TEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A. Inc.,<br><br>            Defendants. | Case No. 04-5107 CW<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Complaint filed:    December 2, 2004 |

Defendants CHEVRON INTERNATIONAL EXPLORATION AND PRODUCTION (formerly known as CHEVRONTEXACO OVERSEAS PETROLEUM) AND CHEVRON CORPORATION (formerly known as CHEVRONTEXACO CORPORATION) hereby respond to Plaintiff Kiran Pande's ("Plaintiff") Second Amended Complaint ("Complaint") as follows:

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

Defendants generally deny each and every allegation in the Complaint, except those expressly admitted below.

## PARTIES

1.     Answering Paragraph 1 of the Complaint, Defendants are without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained therein.

2.     Answering Paragraph 2 of the Complaint, Defendants admit the allegation contained therein.

3.     Answering Paragraph 3 of the Complaint, Defendants admit the allegations contained therein.

4.     Answering Paragraph 4 of the Complaint, Defendants deny each and every allegation contained therein.

## JURISDICTION & VENUE

5.     Answering Paragraph 5 of the Complaint, Defendants admit the allegations contained therein.

6.     Answering Paragraph 6 of the Complaint, Defendants admit that pursuant to 28 U.S.C. §§ 1391(a) and (b), venue is proper in the Northern District of California. Defendants also admit that Defendants are headquartered in San Ramon, California, which is within this district.  Defendants are without sufficient knowledge and information to form a

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

belief as to the truth regarding the remaining claim in Paragraph 6, and on that basis deny the remaining claim contained therein.

## INTRA DISTRICT ASSIGNMENT

7.    Answering Paragraph 7 of the Complaint, Defendants admit the allegations contained therein.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.    Answering Paragraph 8 of the Complaint, Defendants admit that Plaintiff represented to Defendants the allegations contained in Paragraph 8 of the Complaint, however, Defendants are without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained therein.

9.    Answering Paragraph 9 of the Complaint, Defendants admit that in late 1988, Plaintiff was hired by Chevron Corporation as a research engineer in the Chevron Oil Field Research Company ("COFRC").    Defedants also admit that COFRC became part of Exploration Production Technology Company ("EPTC") in 1992 following the reorganization of Chevron's technology companies.  Defendants further admit, while in COFRC and EPTC, Plaintiff earned high praise from her supervisors for her job knowledge, technical problem solving ability, teamwork, creativity, and initiative.    Defendants further admit Plaintiff's supervisors regularly described Plaintiff as "an outstanding employee" and as doing "an excellent job," and in or about October 1992, Plaintiff was made a Grade Level 23 as a Senior Research Engineer.  Otherwise, Defendants are without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the remaining

**ANSWER TO SECOND AMENDED COMPLAINT**
**Case No. 04-5107 CW**

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

allegations contained in this paragraph, and on that basis deny each and every other allegation contained therein.

10.    Answering Paragraph 10 of the Complaint, Defendants admit that in January 1995, Plaintiff was transferred from EPTC in La Habra to Chevron Overseas Petroleum, Inc. ("COPI") in San Ramon, California. Defendants further admit that throughout the next several years, Plaintiff worked on a broad range of projects for COPI, including an overseas assignment in Europe which entailed working in Africa.  Defendants further admit that in or about April 1997, Plaintiff was promoted to Grade Level 24 with the title Advisor, Petroleum Engineering.   Otherwise, Defendants are without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every other allegation contained therein.

11.    Answering Paragraph 11 of the Complaint, Defendants admit that in or about September 2000, Plaintiff was transferred to COPI's Planning Group, and that in this position Plaintiff directly reported to Rex Mitchell ("Mitchell"). Defendants deny each and every other allegation contained in Paragraph 11.

12.    Answering Paragraph 12 of the Complaint, Defendants admit that in October 2001, shortly after the mega-corporate merger which created CheveronTexaco Corporation, Plaintiff was selected for a new position of Portfolio Analyst in the Planning Group. Defendants deny each and every other allegation contained in Paragraph 12.

13.    Answering Paragraph 13 of the Complaint, Defendants admit that in or about March 2002, Plaintiff complained to Mitchell's supervisor, James Johnson ("Johnson"), about Mitchell's conduct and that Plaintiff told Johnson about a situation in the past when

Mitchell referred to a taxi driver of Indian origin a as a "towel head." Defendants deny each and every other allegation contained in Paragraph 13.

14.     Answering Paragraph 14 of the Complaint, Defendants admit the allegations contained therein.

15.     Answering Paragraph 15 of the Complaint, Defendants admit the allegations contained therein.

16.     Answering Paragraph 16 of the Complaint, Defendants admit to the extent that in or about April 2002, Plaintiff received her annual performance review from Mitchell and that during her annual performance review meeting with Mitchell, Plaintiff told him that she felt his behavior towards her was inappropriate.   Defendants also admit that Mitchell attributed his behavior to stress.   Defendants further admit that Mitchell did not promote Plaintiff to Grade 25.   Defendants deny each and every other allegation contained therein.

17.     Answering Paragraph 17 of the Complaint, Defendants admit that Thompson joined Plaintiff and filed her own complaint with Yamashita against Mitchell.   Defendants also admit that Yamashita suggested a joint meeting with Yamashita, Johnson, Plaintiff and Thompson to discuss the complaint.   Defendants are without sufficient knowledge or information regarding Plaintiff's claim that she deduced her salary action from her paycheck to form a belief as to its truth, and on that basis deny this allegation.  Defendants deny each and every other allegation contained therein.

18.     Answering Paragraph 18 of the Complaint, Defendants admit that prior to that meeting, Plaintiff and Thompson submitted a list of "bullet points" which whey wished Yamashita to address.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

ANSWER TO SECOND AMENDED COMPLAINT
Case No. 04-5107 CW

1    19.    Answering Paragraph 19 of the Complaint, Defendants admit that on or about

2  April 24, 2002, Yamashita held a meeting.  Defendants also admit that Yamashita first met

3  alone with Johnson and then, together they met with Plaintiff and Thompson.  Defendants

4  further admit that Plaintiff specifically expressed her concerns about Mitchell's alleged

5  statement regarding a taxi driver.  Defendants deny each and every other allegation

6  contained in Paragraph 19.

7

8    20.    Answering Paragraph 20 of the Complaint, Defendants admit that Plaintiff

9  complained to Johnson.  Defendants deny the remaining allegations contained in Paragraph

10  20.

11

12    21.    Answering Paragraph 21 of the Complaint, Defendants deny each and every

13  allegation contained therein.

14

15    22.    Answering Paragraph 22 of the Complaint, Defendants are without sufficient

16  knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the

17  allegations contained in this paragraph, and on that basis deny each and every allegation

18  contained therein.

19

20    23.    Answering Paragraph 23 of the Complaint, Defendants admit that on

21  December 9, 2003 Plaintiff accepted a job as a Simulation Engineer. Defendants deny the

22  remaining allegations contained in Paragraph 23.

23

24    24.    Answering Paragraph 24 of the Complaint, Defendants deny each and every

25  allegation contained therein.

26

27    25.    Answering Paragraph 25 of the Complaint, Defendants admit that in the Spring

28  of 2003, Chevron announced that Plaintiff's business unit was being transferred form San

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

6

Ramon to Houston, Texas. Defendants also admit that most employees were offered the opportunity to relocate to Houston with their current position.  Defendants also admit that failure to agree to the relocation offer would indicate a non-acceptance and the employee would have the option of looking for another job internally. Defendants further admit that a "Sponsor" would work with those who declined the offer to find alternative employment. Defendants further admit that prior to handing out the offers to relocate, Dunn had assured Plaintiff and others in the group that his first priority would be to help employees that declined the relation to find jobs within Chevron.

26.     Answering Paragraph 26 of the Complaint, Defendants admit the allegations contained therein.

27.     Answering Paragraph 27 of the Complaint, Defendants admit that throughout the Fall of 2003, Plaintiff attempted to find another job within Chevron and she applied for several openings and actively networked within the company for a transfer. Defendants admit that Plaintiff did not get any of the jobs to which she applied.  Defendants deny each and every other allegation contained therein.

28.     Answering Paragraph 28 of the Complaint, Defedants deny that in comparison each of the men in Plaintiff's business unit who declined the move to Houston were successful in finding a new job or were allowed to continue working in their current job in San Ramon without relocating to Houston.   Defendants admit that the Company had indicated that upon acceptance of the relocation to Houston, the business unit would expect the employee to remain in their current position for at least 18 months. Otherwise, Defendants are without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every other allegation contained therein.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

**ANSWER TO SECOND AMENDED COMPLAINT**
**Case No. 04-5107 CW**

29.     Answering Paragraph 29 of the Complaint, Defendants admit that Plaintiff's business unit was scheduled to formally commence work in Houston on January 5, 2004. Defendants deny the remaining allegations contained in Paragraph 29.

30.     Answering Paragraph 30 of the Complaint, Defendants admit that on or about October 29, 2003 Plaintiff filed all paperwork to take a medical leave.  Defendants also admit that under Defendants' Disability Management Program,  if an employee is absent for more than five workdays in a row for their own illness or injury they must report the absence to UnumProvident, an outside vendor hired by Defendants, to be eligible for benefits. Otherwise, Defendants are without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every other allegation contained therein.

31.     Answering Paragraph 31 of the Complaint, Defendants admit that on or about October 30, 2003, Plaintiff informed Dunn that she was going to take a medical leave and that Dunn communicated his concerns regarding Plaintiff's well-being and the need to ensure her duties were covered in her absence. Defendants are without sufficient knowledge or information regarding Plaintiff's claim that she considers her medical information very private and did not feel comfortable talking to Dunn about her specific condition, so she did not tell him, to form a belief as to the truth, and on that basis deny this allegation.  Defendants deny each and every other allegation contained therein.

32.     Answering Paragraph 32 of the Complaint, Defendants admit that Dunn was concerned regarding Plaintiff's request for coverage of her work in her absence. Defendants deny the remaining allegations contained in Paragraph 32.

33.     Answering Paragraph 33 of the Complaint, Defendants admit that in a letter to Taryn Shawstad dated December 8, 2003 Plaintiff stated she felt she had been harassed by

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

Mr. Dunn.    Defendants deny that the conduct by Dunn was extreme.    Otherwise, Defendants are without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every other allegation contained therein.

34.    Answering Paragraph 34 of the Complaint, Defendants admit that Plaintiff commenced her medical leave November 10, 2003.  Defendants also admit that on or about November 17, 2003, Dunn called Plaintiff at home to confirm earlier representations that she was being terminated effective December 31, 2003.    Dunn read Plaintiff part of a forthcoming termination letter that he said had already been sent via registered mail, which proclaimed that Plaintiff had voluntarily resigned in June.   Defendants deny the remaining allegations contained in Paragraph 32.

35.    Answering Paragraph 35 of the Complaint, Defendants admit that on December 8, 2003, Plaintiff filed her Complaint of Discrimination with the Department of Fair Employment and Housing and subsequently received her "Right' to-Sue" letter. Plaintiff filed her initial Civil Complaint within one year of receiving that Right-to-Sue letter.

### FIRST CAUSE OF ACTION
**Violation of the Family Medical Leave Act**
**(29 U.S.C. § 2615 *et seq.*)**

36.    Answering Paragraph 36, Defendants incorporate by reference their responses to Paragraphs 1 through 35, above.

37.    Answering Paragraph 37 of the Complaint, Defendants admit that the Family Medical Leave Act ("FMLA") and its implementing regulations have been in full force and effect since 1993.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

38.     Answering Paragraph 38 of the Complaint, Defendants admit that they have been subject to FMLA since 1993.

39.     Answering Paragraph 39 of the Complaint, Defendants admit that at the time Plaintiff requested her medical leave, she was an eligible employee and provided sufficient medical certification to qualify for some leave under the FMLA.

40.     Answering Paragraph 40 of the Complaint, Defendants deny each and every allegation contained therein.

41.     Answering Paragraph 41 of the Complaint, Defendants deny that their policies or procedures violated the FMLA.

42.     Answering Paragraph 42 of the Complaint, Defendants deny that their polices, procedures or conduct violated the FMLA's privacy protections.

43.     Answering Paragraph 43 of the Complaint, Defendants deny each and every allegation contained therein.

44.     Answering Paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

45.     Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

46.     Answering Paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

## SECOND CAUSE OF ACTION
### Violation of the California Family Rights Act
### (California Government Code § 12945.1 *et seq.*)

47.   Answering Paragraph 47, Defendants incorporate by reference their responses to Paragraphs 1 through 46, above.

48.   Answering Paragraph 48 of the Complaint, Defendants admit that California Government Code § 12945.1 *et seq.*, otherwise known as the California Family Rights Act ("CFRA") and its implementing regulations have been in full force and effect since 1991. Defendants further admit that under CFRA it is always unlawful for a covered employer to unlawfully discriminate against an eligible employee for taking a leave for a serious health condition. Otherwise, Defendants deny Plaintiff's allegation that under the CFRA, it is unlawful for a covered employer to fail to grant an eligible employee the full amount of leave as certified by that employee's physician.

49.   Answering Paragraph 49 of the Complaint, Defendants admit that they have been covered employers under the CFRA since 1991.

50.   Answering Paragraph 50 of the Complaint, Defendants admit that at the time Plaintiff requested her medical leave, she was eligible for some FMLA leave and provided sufficient medical certification to qualify for some leave under the CFRA.

51.   Answering Paragraph 51 of the Complaint, Defendants deny that their policies violated the CFRA.

52.   Answering Paragraph 52 of the Complaint, Defendants deny that their polices, procedures or conduct violated the CFRA's privacy protections.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

53.     Answering Paragraph 53 of the Complaint, Defendants deny each and every allegation contained therein.

54.     Answering Paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein.

55.     Answering Paragraph 55 of the Complaint, Defendants deny each and every allegation contained therein.

**THIRD CAUSE OF ACTION**
**Gender Discrimination**
**(California Government Code § 12900 *et seq.*)**

56.     Answering Paragraph 56, Defendants incorporate by reference their responses to Paragraphs 1 through 55, above.

57.     Answering Paragraph 57 of the Complaint, Defendants admit California Government Code § 12900 *et seq.*, also known as the Fair Employment and Housing Act ("FEHA") and its implementing regulations have been in full force and effect since 1980. Defendants further admit that under the FEHA it is unlawful for an employer to terminate or otherwise unlawfully discriminate against a person in compensation or in the terms, conditions or privileges of employment, on account of that person's gender. It is also unlawful for an employer to fail to take all appropriate steps to investigate complaints of harassment and discrimination, prevent harassment and discrimination, and impose appropriate remedial measures when they find the claims are substantiated.

58.     Answering Paragraph 58 of the Complaint, Defendants deny each and every allegation contained therein.

**ANSWER TO SECOND AMENDED COMPLAINT**
**Case No. 04-5107 CW**

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

59.    Answering Paragraph 59 of the Complaint, Defendants deny each and every allegation contained therein.

60.    Answering Paragraph 60 of the Complaint, Defendants deny each and every allegation contained therein.

61.    Answering Paragraph 61 of the Complaint, Defendants deny each and every allegation contained therein.

**FOURTH CAUSE OF ACTION**
**Race/National Origin Discrimination**
**(California Government Code § 12900 *et seq.*)**

62.    Answering Paragraph 62, Defendants incorporate by reference their responses to Paragraphs 1 through 61, above.

63.    Answering Paragraph 63 of the Complaint, Defendants admit that the FEHA and its implementing regulations have been in full force and effect since 1980.  Defendants also admit that under the FEHA it is unlawful for an employer to terminate or otherwise unlawfully discriminate against a person in compensation or in the terms, conditions or privileges of employment, on account of that person's race or national origin. Defendants further admit that it is also unlawful for an employer to fail to take all appropriate steps to investigate complaints of harassment and discrimination, prevent harassment and discrimination, and impose appropriate remedial measures when they find the claims are substantiated.

64.    Answering Paragraph 64 of the Complaint, Defendants deny each and every allegation contained therein.

ANSWER TO SECOND AMENDED COMPLAINT
Case No. 04-5107 CW

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

65.    Answering Paragraph 65 of the Complaint, Defendants deny each and every allegation contained therein.

66.    Answering Paragraph 66 of the Complaint, Defendants deny each and every allegation contained therein.

67.    Answering Paragraph 67 of the Complaint, Defendants deny each and every allegation contained therein.

**FIFTH CAUSE OF ACTION**
**Retaliation**
**(California Government Code § 12900 *et seq.*)**

68.    Answering Paragraph 68, Defendants incorporate by reference their responses to Paragraphs 1 through 67, above.

69.    Answering Paragraph 69 of the Complaint, Defendants admit that the FEHA and its implementing regulations have been in full force and effect since 1980.  Defendants further admit that under the FEHA it is unlawful for an employer to terminate or otherwise unlawfully discriminate against a person in compensation or in the terms, conditions or privileges of employment, on account of that person's reporting, or opposing gender discrimination or harassment.

70.    Answering Paragraph 70 of the Complaint, Defendants deny each and every allegation contained therein.

71.    Answering Paragraph 71 of the Complaint, Defendants deny each and every allegation contained therein.

**ANSWER TO SECOND AMENDED COMPLAINT**
**Case No. 04-5107 CW**

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1   72.    Answering Paragraph 72 of the Complaint, Defendants deny each and every

2   allegation contained therein.

3

4                        **SIXTH CAUSE OF ACTION**
                **Wrongful Termination in Violation of Public Policy**

5

6   73.    Answering Paragraph 73, Defendants incorporate by reference their

7   responses to Paragraphs 1 through 72, above.

8

9   74.    Answering Paragraph 74 of the Complaint, Defendants admit that it is the

10  public policy of the State of California to prohibit employers from taking adverse employment

11  actions against employees in an unlawfully discriminatory manner or in retaliation for voicing

12  complaints about discrimination or in retaliation for exercising their statutory rights.

13  Defendants also admit that this public policy is embedded in, *inter alia*, the California

14  Government Code, the California Constitution, and the California code of Regulations.

15

16  75.    Answering Paragraph 75 of the Complaint, Defendants deny each and every

17  allegation contained therein.

18

19  76.    Answering Paragraph 76 of the Complaint, Defendants deny each and every

20  allegation contained therein.

21

22  77.    Answering Paragraph 77 of the Complaint, Defendants deny each and every

23  allegation contained therein.

24

25

26

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1

**SEVENTH CAUSE OF ACTION**
**Violation of Right to Privacy**
**(California Constitution Article 1, Section 1)**

2

3

4      78.    Answering Paragraph 78, Defendants incorporate by reference their

5   responses to Paragraphs 1 through 77, above.

6

7      79.    Answering Paragraph 79 of the Complaint, Defendants admit the allegations

8   contained therein.

9

10      80.    Answering Paragraph 80 of the Complaint, Defendants deny each and every

11   allegation contained therein.

12

13      81.    Answering Paragraph 81 of the Complaint, Defendants deny each and every

14   allegation contained therein.

15

16      82.    Answering Paragraph 82 of the Complaint, Defendants deny each and every

17   allegation contained therein.

18

19      83.    Answering Paragraph 83 of the Complaint, Defendants deny each and every

20   allegation contained therein.

21

22

**EIGHTH CAUSE OF ACTION**
**Violation of California Confidentiality of Medical Information Act**
**(California Civil Code § 56 *et seq.*)**

23

24

25      84.    Answering Paragraph 84, Defendants incorporate by reference their

26   responses to Paragraphs 1 through 83, above.

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

85.    Answering Paragraph 85 of the Complaint, Defendants admit the allegations contained therein.

86.    Answering Paragraph 86 of the Complaint, Defendants deny each and every allegation contained therein.

87.    Answering Paragraph 87 of the Complaint, Defendants deny each and every allegation contained therein.

88.    Answering Paragraph 88 of the Complaint, Defendants deny each and every allegation contained therein.

89.    Answering Paragraph 89 of the Complaint, Defendants deny each and every allegation contained therein.

## **PRAYER FOR RELIEF**

90.    Defendants deny the allegations contained in Paragraph 1 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

91.    Defendants deny the allegations contained in Paragraph 2 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

92.    Defendants deny the allegations contained in Paragraph 3 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

93.    Defendants deny the allegations contained in Paragraph 4 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

94.    Defendants deny the allegations contained in Paragraph 5 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

95.    Defendants deny the allegations contained in Paragraph 6 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

96.    Defendants deny the allegations contained in Paragraph 7 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

97.    Defendants deny the allegations contained in Paragraph 8 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

98.    Defendants deny the allegations contained in Paragraph 9 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

99.    Defendants deny the allegations contained in Paragraph 10 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

## **AFFIRMATIVE DEFENSES**

For and as a separate and affirmative defense to each and every claim for relief set forth in the Complaint, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

100.    Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1

2

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

3

4    101.    Plaintiff's claims are barred by the applicable statutes of limitations, including,

5    but not limited to, Code of Civil Procedure Sections 335.1 and 343, California Government

6    Code Section 12965(b) and 29 United States Code Section 2617 (as well as any others

7    statutes that might include applicable time bars).

8

### THIRD AFFIRMATIVE DEFENSE
### (Exhaustion of Administrative Remedies)

9

10    102.    Plaintiff has failed to exhaust her administrative remedies, the exhaustion of

11    which is a condition precedent to the maintenance of this action.

12

13

### FOURTH AFFIRMATIVE DEFENSE
### (Good Faith/Legitimate Business Reasons)

14

15    103.    Defendants allege that all actions and conduct by Defendants about which

16    Plaintiff complains would have been made or taken regardless of any wrongful conduct or

17    motive alleged, and that all actions by Defendants about which Plaintiff complains were in

18    good faith for just, fair, privileged, justified, non-harassing, non-discriminatory, substantial

19    and legitimate business reasons, based on all relevant facts and circumstances known by

20    Defendants at the time it acted.

21

22

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

23

24    104.    Plaintiff, by her acts and omissions, has waived and is estopped and barred

25    from alleging the matters set forth in the Complaint.

26

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1
2

### SIXTH AFFIRMATIVE DEFENSE
### (Consent)

3   105.   Any recovery on Plaintiff's Complaint, or on any purported cause of action

4   alleged herein, is barred to the extent that Plaintiff consented to any of the activities and/or

5   conduct alleged therein.

6

7

### SEVENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

8

9   106.   If Plaintiff has suffered any physical and/or emotional injury, such physical

10   and/or emotional injury was not proximately caused by her employment with Defendants or

11   by the actions of Defendants, or anyone else acting on Defendants' behalf.

12

13

### EIGHTH AFFIRMATIVE DEFENSE
### (Workers' Compensation Preemption)

14

15   107.   If Plaintiff has suffered physical and/or emotional injury related to her

16   employment with Defendants, her exclusive remedy for such injury is provided by California

17   Labor Code section 3200, *et seq.*

18

19

### NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

20

21   108.   Plaintiff has failed to mitigate the damages alleged in the Complaint.

22

23

### TENTH AFFIRMATIVE DEFENSE
### (After Acquired Evidence)

24

25   109.   Any recovery on Plaintiff's Complaint, or any purported claim alleged therein,

26   is barred to the extent that the Defendants have discovered, or will discover, additional

27   evidence indicating that Plaintiff has engaged in conduct before or while employed by

28

1  Defendants that precludes or limits her assertion of the claims for relief and/or damages

2  presented therein.

3

4              **ELEVENTH AFFIRMATIVE DEFENSE**

5              **(Failure to State a Claim – Punitive Damages)**

6      110.    Plaintiff's alleged cause of action fails to state a claim sufficient to sustain an

7  award of punitive damages.

8

9              **TWELFTH AFFIRMATIVE DEFENSE**

10             **(Plaintiff Not Entitled to Punitive Damages)**

11     111.    Defendants cannot be held liable for punitive damages because, at the time of

12 the alleged acts giving rise to Plaintiff's claim for punitive damages, Defendants had

13 implemented one or more policies prohibiting the alleged acts and/or otherwise made good

14 faith efforts to comply with applicable law.

15

16             **THIRTEENTH AFFIRMATIVE DEFENSE**

17             **(Failure to Use Corrective Measures)**

18     112.    Plaintiff is barred from any recovery because Defendants had in place and

19 implemented, in good faith, policies, procedures and other measures that reasonably should

20 have prevented the discrimination, harassment and retaliation Plaintiff alleges, and Plaintiff

21 unreasonably failed to invoke those measures or take other corrective actions to stop the

22 alleged discrimination, harassment and retaliation.

23

24             **FOURTEENTH AFFIRMATIVE DEFENSE**

25             **(Defendant's Appropriate Corrective Action)**

26     113.    Plaintiff is barred from any recovery because Defendants took immediate and

27 appropriate corrective action when it became aware of the conduct alleged by Plaintiff.

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Avoidable Consequences)**

114.    Plaintiff is barred from any recovery because Defendants took reasonable steps to prevent and correct workplace discrimination, harassment and retaliation, Plaintiff unreasonably failed to use the preventive and corrective measures provided, and reasonable use of the procedures would have prevented some or all of the harm Plaintiff allegedly suffered.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Exhaustion of Internal Remedies)**

115.    Plaintiff has failed to exhaust Defendants' internal grievance procedures, the exhaustion of which is a condition precedent to the maintenance of this action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Vexatious Claim)**

116.    Plaintiff's maintenance of this action is without foundation, vexatious, and unreasonable, entitling Defendants to an award of attorneys' fees in the matter.

Defendants have not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this General Denial, and to plead such further defenses and take such further actions as they may deem proper and necessary in their defense upon the completion of said investigation and study.

THEREFORE, Defendants demand judgment in their favor, costs of suit, and attorney's fees, and all other proper relief.

Dated:  December 20, 2005                    MILLER LAW GROUP
                                             A Professional Corporation


                                             By: _____/s/_____.
                                                  Kerry McInerney Freeman
                                             Attorneys for Defendants CHEVRON
                                             INTERNATIONAL EXPLORATION AND
                                             PRODUCTION (formerly known
                                             as CHEVRONTEXACO OVERSEAS
                                             PETROLEUM) and CHEVRON
                                             CORPORATION (formerly known as
                                             CHEVRONTEXACO CORPORATION)

Z:\ChevronTexaco\Pande\Pleadings\016.DRAFT Answer to 2nd Amended Complaint.DOC

**ANSWER TO SECOND AMENDED COMPLAINT**
**Case No. 04-5107 CW**