Michele Ballard Miller (SBN 104198)
Kerry McInerney Freeman (SBN 184764)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON
CORPORATION (f/k/a CHEVRONTEXACO
CORPORATION), a Delaware corporation,
and CHEVRON INTERNATIONAL EXPLORATION
& PRODUCTION (f/k/a CHEVRONTEXACO
OVERSEAS PETROLEUM COMPANY),
a division of Chevron U.S.A. Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A. Inc.,<br><br>　　　　　Defendants. | Case No. 04-5107 CW<br><br>**DECLARATION OF JEAN PIERRE CAMY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date:　January 5, 2007<br>Time:　10:00 a.m.<br>Courtroom:　2<br><br>Complaint filed: December 2, 2004<br><br>Trial Date: April 16, 2007<br><br>Honorable Claudia Wilken |

　　　　　I, JEAN PIERRE CAMY, declare:

　　　　　1.　　I am the Technical Manager for Chevron Business Development, Inc. and currently work in London, England. I have held this position since approximately January 2004. Prior to that time, I was employed as an Account Manager in the Technology

1
**DECLARATION OF JEAN PIERRE CAMY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**
**Case No. 04-5107 CW**

Alignment & Transfer Unit within Chevron Exploration and Production Technology Company. In all, I have worked for Chevron and various Chevron-related entities for approximately 32 years. I have personal knowledge of the matters set forth herein, except those stated on information and belief. If called as a witness, I could competently testify thereto.

2. From approximately January 1998 through June 1999, I worked as a Manager of Engineering Services for the Technology, E&P Support Unit of Chevron Overseas Petroleum ("COP")[1] in San Ramon, California. In that position, I was Kiran Pande's direct supervisor. During the time that Kiran reported to me, I noticed numerous problems with her work performance, and in particular, with her attitude. Not only did she act in an antagonistic manner towards me after I questioned her about her work readiness and performance, but she did not always work productively with the other members of our Unit. In July 1999, David Kennedy took over my position and took over the responsibilities for supervising Ms. Pande. Based upon my experiences working with Ms. Pande in 1998 and 1999, I would be very hesitant to work with her in the future.

3. In early 2004, I served on the selection committee for two open positions in Chevron's Energy Technology Company ("ETC"). The positions were for Petroleum Engineers to work in San Ramon, California, under Zuwa Omoregie. The positions were of particular interest to me because when the group that I currently manage in London is short handed, we typically borrow individuals from Zuwa Omoregie's group to work with us. In other words, there was a significant possibility that whoever was selected for those two ETC positions would ultimately end up working with me and my organization.

---

[1] "COP" has had various names over the years including ChevronTexaco Overseas Petroleum, and now, Chevron International Exploration and Production Company. For ease of reference, however, I will refer to this entity as "COP" throughout my declaration.

4. On January 14, 2004, the selection team members met to discuss the various candidates who had posted for these positions and to select individuals for the positions. I participated in the meeting by telephone.

5. Kiran Pande was one of numerous candidates who had posted for these two ETC positions. When the discussion turned to Ms. Pande, I informed the others on the selection committee that, given my experiences working with Pande in 1998 and 1999, and in particular her negative attitude and its effects on her work product and on the group as a whole, I would not choose to work with Ms. Pande again. In fact, I stated to the others on the selection committee that I would not work with Ms. Pande.

6. During the selection committee meeting, there was no discussion, and I had no knowledge at the time, about Ms. Pande having any medical issues or being out on a medical leave.

7. Ultimately two other individuals were selected for these positions – Graham Housen and Jalal Afifi. In my opinion both of these individuals were best qualified for the positions, met the necessary criteria for the positions, and were better suited for the positions than Kiran Pande.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 22 day of November, 2006 in London, England.

_Jean Pierre Camy_