Michele Ballard Miller (SBN 104198)
Kerry McInerney Freeman (SBN 184764)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON INTERNATIONAL EXPLORATION AND PRODUCTION (formerly known as CHEVRONTEXACO OVERSEAS PETROLEUM and improperly sued as CHEVRONTEXACO OVERSEAS PETROLEUM PACIFIC COMPANY) AND CHEVRON CORPORATION (formerly known as CHEVRONTEXACO CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIRAN PANDE,

Plaintiff,

v.

CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRON TEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A. Inc.

Defendants.

Case No. 04-5107 CW

**DECLARATION OF REX MITCHELL IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

Date: January 5, 2007
Time: 10:00 a.m.
Courtroom: 2

Complaint filed: December 2, 2004

Trial Date: April 16, 2007

Honorable Claudia Wilken

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

I, REX MITCHELL, declare:

1. I am currently employed as the Chief Compliance Officer for Chevron Corporation. In 2000 and 2001, I was employed by Chevron Overseas Petroleum ("COP")[1] as the Manager of Business and Strategic Planning. In total, I have worked with Chevron and various Chevron-related entities for approximately 25 years. I have personal knowledge of the matters set forth herein, except those stated on information and belief. If called as a witness, I could competently testify thereto.

2. The planning function in COP is important and demanding. It draws on talented Chevron employees to provide information that will enable management to make key decisions that impact Chevron's future. In COP, the planning efforts drive the allocation of several billion dollars of capital expenditure annually. Accordingly, the high demands on the planning function, often translate into high demands being placed on employees in the planning function. These individuals have been selected into the planning function because they are perceived as being able to meet the demands. Ms. Pande would not have been assigned to the planning function if she was not extremely intelligent and well-educated. The same is true of the others in the group.

3. COP has a practice of rotating a significant number of its employees annually. This is done through Personnel Development Committees ("PDCs") for each department, which meet in the Spring and the Fall to select personnel for open positions. Also, because Planning positions are considered developmental positions within Chevron, individuals within the planning function typically rotate approximately every two years.

[1] "COP" has had various names over the years including ChevronTexaco Overseas Petroleum, and now, Chevron International Exploration and Production Company. For ease of reference, however, I will refer to this entity as "COP" throughout my declaration.



MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

4. Kiran Pande was selected into the Planning Group through a PDC process in the fall of 2000. I had previously interviewed her for another position, and although she was not selected for that position, I was very impressed by her during that prior interview. Accordingly, when I became aware that the Planning Group was going to have an opening for a business analyst in the fall of 2000, I strongly advocated for Ms. Pande to take on this position because I felt that she would be a good fit for the position.

5. In keeping with my initial impression, Ms. Pande's first few months in the Planning Group were very strong. I felt that she showed great promise as an analyst. My opinion of Ms. Pande's work aptitude's increased during the summer of 2001 as she provided support to the group's Portfolio Analyst, Brian Putt, as he worked with Texaco to merge the Chevron and Texaco portfolios. Because of my high opinion of Ms. Pande's work, I nominated her for the Portfolio Analyst position for the merged Chevron/Texaco entity and advocated strongly on her behalf. Individuals from Texaco nominated and advocated on behalf of a former Texaco employee, Tony Kenck. Ms Pande was selected for the Portfolio Analyst position over Mr. Kenck.

6. At the time that I offered Ms. Pande the Portfolio Analyst position, she expressed unhappiness about the fact that that the job offer was not coming with a promotion. I explained to her that the PDC decided that there would be no career ladder promotions at the time of the merger selection process. Instead, all promotion decisions would be deferred until the spring PDC.

7. Notwithstanding my explanation of the promotion process, after expressing her unhappiness over not being promoted, I noticed a decline in Pande's performance. She seemed noticeably less engaged in the work of the Planning Group. After she failed to complete several assignments, I grew more concerned. Her seeming

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

withdrawal from the group and inaction created additional work for her coworkers and also put the group's credibility at risk with its client base.

8. In her 2001 Performance Management Plan ("PMP"), Pande was ranked a "2" which corresponds with the designation "Fully Meets Performance Expectations." The vast majority of all employees ranked through the PMP process are ranked as "2's." In fact, the ranking of "1" – which corresponds to "Exceptional Performance" – is reserved for only the top 25% of all employees. Ms. Pande, however, took exception to the "2" ranking.

9. After Ms. Pande left the Planning Group, it is my understanding that she went on to work in the Southern African Strategic Business Unit ("SASBU"). I have been told that Ms. Pande later posted for positions in late 2003 and was considered for positions during the Fall 2003 PDC. I do not know what positions Ms. Pande may have applied for, and I was not on the selection committee for any such positions. Also, no one from the PDC and no position owners or members of any selection committee contacted me in the fall of 2003 or in early 2004 to inquire about Ms. Pande. I did not speak to anyone around that time frame about Ms. Pande or my impressions of her.

10. I have learned that Ms. Pande attributes several racially charged comments to me. I have never used the term "raghead" or "towelhead" or any similar references in the workplace in reference to anyone. Additionally, I never made any reference to Ali Moshiri or any other Chevron employee selling carpets or Persian rugs.

/ / /

/ / /

/ / /

/ / /



MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 1st day of December, 2006 in San Ramon, California.

Rex Mitchell

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA