John A. McGuinn, Esq. SBN 36047
Noah D. Lebowitz, Esq. SBN 194982
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 421-9292
Facsimile: (415) 403-0202

Attorneys for Plaintiff
KIRAN PANDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>Plaintiff,<br><br>vs.<br><br>CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation,<br>CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A. Inc,<br><br>Defendants. | NO.   04-5107 CW<br><br>**PLAINTIFF'S OBJECTIONS TO DECLARATIONS SUBMITTED BY DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date: January 5, 2007<br>Time: 10:00 a.m.<br>Crtrm: 2 |

Plaintiff hereby objects to the following witness declarations submitted by the Defendants in support of their motion for summary judgment:

1. James Johnson
2. Rex Mitchell
3. Renata Renneke
4. Iris Owens
5. Brian Smith

1    6.    Jean Camy
2    7.    Brian Taylor
3    8.    Kathy Richardson

4  Each of these witness declarations filed by Chevron in support of its motion must be stricken for failure to properly disclose their identities and/or subject matter of testimony.

7  More than one year ago, Chevron was required to disclose the identities and subject matter of testimony of all witnesses upon whom it "may use" in support of its claims or defenses. See Scheduling Order [Initial Disclosures to be exchanged no later than December 9, 2005]; F.R.Civ.P.26(a)(1)(A); see also Joint Rule 26(f) Report. "'Use' includes any use at a pretrial conference, to support a motion, or at trial." F.R.Civ.P. 26, advisory committee notes to 2000 Amendments. "The disclosure obligation attaches both to witnesses and documents a party intends to use and also to witnesses and documents the party intends to use if – in the language of Rule 26(a)(3) – 'the need arises.'" Id. "The disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense or another party." Id.

18  Chevron, in fact, served its Initial Disclosures on that date. Declaration of Noah D. Lebowitz in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Lebowitz Decl."), ¶ 2, Exh. A. Those Initial Disclosures identified over 40 witnesses. Id. Only seven of the fifteen declarants relied upon by Chevron in support of this motion were among those listed in that disclosure. Those listed above, were not included or were not designated to have knowledge related to the subject-matter of their submitted declaration.

24  Over the next 11 or so months, the parties proceeded with fact discovery, which was cut off as of October 30, 2006. See 11/7/06 Order Re Scheduling Order. At no time before October 30 did Chevron serve supplemental disclosures of any kind. Lebowitz Dec. ¶ 3.

28  Nearly one month after the close of fact discovery, however, Chevron suddenly

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
415/421-9292

served a document titled Defendants' Supplemental Initial Disclosure. *Id* Exh. B. That document listed 14 witnesses not previously identified by Chevron as individuals whom the company would "use" to support its claims or defenses. Unsure of the purpose of the timing of this designation, Pande immediately (on November 30) served an objection to this supplemental disclosure. *Id.* ¶ 4, Exh. C. Chevron's purpose became clear, however, the very next day when Pande was served with Chevron's motion for summary judgment which was supported by declarations by each of the 14 witnesses identified in this supplemental disclosure.

The attorney's signature on the Initial Disclosures is an indication that there has been a "reasonable inquiry" and that "the disclosure is complete and correct as of the time it is made." F.R.Civ.P. 26(g)(1). If this certification is made "without substantial justification", the Court has the power to fashion "an appropriate sanction." *Id.* Moreover, Rule 37(c)(1) provides that a party which does not have substantial justification for its failure to disclose witnesses under Rule 26(a)(1) "is not . . . permitted to use them as evidence at trial, at a hearing, or on a motion any witness information not so disclosed." The only appropriate and effective sanction in the present situation is to strike the offending declarations and all portions of Chevron's motion which rely on those declarations. *Adams v. Teck Cominco Alaska, Inc.*, 231 F.R.D. 578, 579-81 (D. Alaska 2005); *L-3 Communications Corp. v. OSI Systems, Inc.*, 2005 U.S. Dist. LEXIS 4935, *5-6 (SDNY 2005); see also Lebowitz Decl. ¶ 5 [identifying the portions of Chevron's motion which rely on the declarations].

There simply can be no excuse for the late disclosure of these witnesses in this case. All of the issues addressed by these witnesses were raised early on in the case. Pande filed a factually detailed complaint, including 27 paragraphs of substantive factual allegations. See Second Amended Complaint ("SAC") ¶¶ 8-35. In addition, prior to the filing of the civil complaint in this case, Chevron had ample knowledge of the extent and detail of Pande's claims by virtue of her detailed administrative complaint (Declaration of Kiran Pande in Support of Plaintiff's Opposition to Defendants' Motion for Summary

Judgment ("Pande Decl.") ¶ 21, Exh. D, E) and the two mediations in which the parties participated prior to the original Initial Disclosure deadline. Lebowitz Decl. ¶ 4. Chevron completed three full days of Pande's deposition in March 2006. *Id.* The parties also participated in yet another mediation session in August 2006. *Id.* Even if Chevron could previously say it did not know whom it would "use" to support its claims and defenses, as of September 2006, it could no longer. The only possible explanation for the late disclosure is litigation tactics and gamesmanship, precisely what Rule 26 was devised to eliminate. Thus, Chevron's witness declarations should all be stricken and all references to them in their brief should be deemed unsupported.

Dated: December 15, 2006

McGUINN, HILLSMAN & PALEFSKY
Attorneys for Plaintiff Kiran Pande

by: _____/s/_____
         NOAH D. LEBOWITZ

PLAINTIFF'S OBJECTIONS TO DECLARATION SUBMITTED BY DEFENDANTS IN
SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT                                    4