Michele Ballard Miller (SBN 104198)
Kerry McInerney Freeman (SBN184764)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.

John A. McGuinn, Esq. (SBN 36047)
Noah D. Lebowitz, Esq. (SBN 194982)
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA  94133
Tel. (415) 421-9292
Fax (415) 403-0202

Attorneys for Plaintiff
KIRAN PANDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE, <br><br> Plaintiff, <br><br> v. <br><br> CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc. <br><br> Defendants. | Case No. 04-5107 CW <br><br> **FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date: January 5, 2007 <br> Time: 10:00 a.m. <br> Ctrm: 2 <br><br> Complaint filed:    December 2, 2004 |

1
**FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
Case No. 04-5107 CW

The parties to the above-entitled action jointly submit this Further Case Management Statement and Proposed Order in anticipation of the upcoming further case management conference scheduled for January 5, 2007 at 10:00 a.m.

**DESCRIPTION OF THE CASE**

**1. A brief description of the events underlying the action:** This is an employment law case. Plaintiff, who holds graduate degrees in petroleum engineering, worked in various capacities for various Chevron-related companies – and ultimately ChevronTexaco Overseas Petroleum ("CTOP") – from 1988 until December 31, 2003. The Defendants contend that Plaintiff voluntarily resigned after she rejected CTOP's offer to move with the rest of her department to Houston, and was unable to find another position within CTOP. Plaintiff contends that she never voluntarily resigned. Rather, Plaintiff contends that – after she declined the move to Houston – she was involuntarily terminated despite the fact that (1) all other members of her group who declined the move to Houston were placed in ongoing jobs within Chevron, and (2) she was more than qualified for several positions to which she applied within several different divisions of Chevron. Defendant contends that (1) it is not true that all other members of Plaintiff's group who declined the move to Houston were placed in ongoing jobs within Chevron, (2) Plaintiff was not more qualified that the successful candidates for the positions to which Plaintiff applied. Plaintiff's Second Amended Complaint contains eight causes of action[1] which generally allege:

      a.    violation of the Family and Medical Leave Act and California Family Rights Act (alleging the Defendants violated certain

---

[1] Specifically, Plaintiff alleges: (1) violation of the federal Family and Medical Leave Act, (2) violation of the California Family Rights Act, (3) gender discrimination in violation of the Fair Employment and Housing Act ("FEHA"), (4) race/national origin discrimination in violation of FEHA, (5) retaliation in violation of FEHA, (6) wrongful termination in violation of public policy, (7) violation of the constitutional right to privacy, and (8) violation of the Confidentiality of Medical Information Act.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

        provisions of the leave laws and ultimately terminated her employment based on her use of protected medical leave);

    b.    discrimination and harassment based on her gender and "race or national origin" (alleging, *inter alia*, that she was given lower merit increases than her male counterparts and that her career path was involuntarily diverted by her supervisor because of his gender bias and bias against people of Indian origin);

    c.    retaliation based on her request for medical leave and her alleged prior complaints that she was discriminated against and harassed;

    d.    failure to take appropriate corrective action in response to her alleged complaints;

    e.    violation of her statutory and state constitutional privacy rights with regard to her medical condition.

As discussed below in greater detail, on December 1, 2006, Defendants filed a Motion For Summary Judgment, Or Alternatively, Partial Summary Judgment. That motion is scheduled to be heard concurrently with this further case management conference. In her Opposition to Defendants' Motion, Plaintiff conceded several points and clearly indicated that she does not intend to oppose Defendants' Motion insofar as her Second Amended Complaint can be construed to allege gender discrimination and race/national origin discrimination for actions taken by John (aka Jack) Dunn and insofar as Defendants' Motion addresses her Seventh and Eighth Causes of Action (which allege violation of the constitutional right to privacy and the Confidentiality of Medical Information Act).

    **2.    The principal factual issues which the parties dispute:** Plaintiff disputes that she voluntarily resigned from her employment with Chevron. She further

disputes that Chevron appropriately investigated her prior complaints of discrimination and harassment. Defendants dispute Plaintiff's allegations that Defendants unlawfully harassed her, discriminated against her, retaliated against her, violated her privacy, failed to appropriately investigate her alleged complaints of discrimination and harassment or otherwise harmed her in any way, or at all.

**3. The principal legal issues which the parties dispute:** The parties dispute whether and to what extent the conduct alleged by Plaintiff is actionable as a matter of law, including but not limited to the following legal issues:

    a.    Are Plaintiff's claims arising out of occurrences which took place in 2002 barred by the applicable statute of limitations or are they part of a continuing violation?

    b.    Was Plaintiff's gender a motivating factor in the alleged adverse actions related to her employment with the Defendants?

    c.    Was Plaintiff's Indian heritage a motivating factor in the alleged adverse actions related to her employment with the Defendants?

    d.    Was Plaintiff's request for and/or taking of medical leave a motivating factor in the alleged adverse actions related to her employment with the Defendants?

    e.    Does the Defendants' Disability Management Program violate statutory and/or state constitutional privacy protections such that it is subject to injunctive remedy by the Court?

**4. The other factual issues [e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue] which remain unresolved for the reason stated below and how the parties propose to resolve those issues:** None

known at this point.

**5. The parties which have not been served and the reasons:** None known at this point.

**6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:** None known at this point.

**7. The following parties consent to assignment of this case to a United States Magistrate Judge for [court or jury] trial:** The parties do not consent to assignment of this case to a United States Magistrate Judge for further proceedings, including trial.

## ALTERNATIVE DISPUTE RESOLUTION

**8. The parties have filed a Stipulation and Proposed Order Selecting an ADR process (specify process):** The parties have engaged in several private mediation sessions with private mediator, Mark Rudy, Esq.

**9. Other information regarding ADR process or deadline:** Because the parties have already engaged in extensive mediation and settlement discussions to no avail, the parties believe that further alternative dispute resolution will not be productive and is therefore unwarranted.

## DISCLOSURES

**10. The parties certify that they have made the following disclosures [list

1 **disclosures of persons, documents, damage computations and insurance**
2 **agreements]:** Each side has exchanged initial disclosures.

### DISCOVERY

6      **11. The parties agree to the following discovery plan [Describe the plan**
7 **e.g., any limitation on the number, duration or subject matter for various kinds of**
8 **discovery; discovery from experts; deadlines for completing discovery]:** Fact
9 discovery in this matter ostensibly closed on October 30, 2006, pursuant to the Court's
10 stipulated order dated July 7, 2006. As a result of several scheduling conflicts, the parties
11 agreed to permit certain depositions and fact discovery to take place after the close of
12 discovery. Plaintiff took three depositions in November 2006. Defendant also took
13 approximately one additional hour of Plaintiff's deposition to address certain documents that
14 were produced by Plaintiff in late-October 2006. There remains one fact witness deposition
15 outstanding – the deposition of Ms. Sylvia Benzler. Defendants timely issued a subpoena
16 for documents and to take the deposition of Ms. Benzler. However, at the request of Ms.
17 Benzler and of Plaintiff's counsel, Defendants agreed to postpone the document production
18 and deposition until January 2007. The parties anticipate that they will be able to agree
19 upon dates for this deposition and document production and do not, at present, anticipate
20 any discovery disputes stemming from Ms. Benzler's deposition and/or document
21 production.

23      The additional discovery deadlines set forth in the Court's July 7, 2006 Order
24 Re Scheduling Order remain in effect.
25 / / /
26 / / /
27 / / /

# TRIAL SCHEDULE

**12. The parties request a trial date as follows:** This case is set for a jury trial on April 16, 2007.

**13. The parties expect that the trial will last for the following number of days:** 15, assuming full days/weeks.

Dated: December 20, 2006

MILLER LAW GROUP
A Professional Corporation

By: _____/S/_____
   Lisa C. Hamasaki
Attorneys for Defendants CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.

Dated: December 20, 2006

McGUINN, HILLSMAN & PALEFSKY

By: _____/S/_____
   Noah D. Lebowitz
Attorneys for Plaintiff KIRAN PANDE