Michele Ballard Miller (SBN 104198)
Kerry McInerney Freeman (SBN 184764)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A. Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A. Inc.,<br><br>Defendants. | Case No. 04-5107 CW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DECLARATIONS SUBMITTED BY DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date:   January 5, 2007<br>Time:   10:00 a.m.<br>Courtroom:  2<br><br>Complaint filed: December 2, 2004<br><br>Trial Date: April 16, 2007<br><br>Honorable Claudia Wilken |

Plaintiff's objections to the declarations submitted by Defendants in support of Defendants' Motion For Summary Judgment are without merit and should be denied.[1] Indeed, they are nothing more than red herrings.

---

[1] Plaintiff objects to the declarations of: (1) James Johnson; (2) Rex Mitchell; (3) Renata Renneke; (4) Iris Owens; (5) Brian Smith; (6) Jean Camy; (7) Brian Taylor; and (8) Kathy Richardson.

1
**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DECLARATIONS SUBMITTED BY DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**Case No. 04-5107 CW**

**PROCEDURAL AND FACTUAL HISTORY**

The parties first exchanged initial disclosures on December 9, 2005. Supplemental Declaration of Michele Ballard Miller ("Supp. Miller Dec.") ¶ 3. Subsequent to that exchange, fact discovery ensued.

Although fact discovery was to close on October 30, 2006, the parties agreed to permit additional discovery, including both depositions and the production of documents after October 30th. *Id.* at ¶ 4. Accordingly, in November 2006, Plaintiff's counsel took the depositions of Taryn Shawstad, Paul Vita, and Gary Yamashita, and defense counsel completed Plaintiff's deposition. *Id.* at ¶ 5. Although the last of those depositions occurred on November 27, 2006, discovery continues. Specifically, the parties are in the process of scheduling a date for the production of documents and the deposition of third party witness, Sylvia Benzler.[2] *Id.* at ¶ 6. In short, notwithstanding the October 30th deadline, fact discovery is ongoing.

On November 29, 2006 – just two days after the completion of Plaintiff's deposition and the deposition of Taryn Shawstad – Defendants served Supplemental Initial Disclosures. *Id.* at ¶ 7 and Exh. C. Such disclosures were based upon information learned during discovery which came to light as discovery concluded and Defendants began assessing the action for summary judgment and for trial. *Id.*

---

[2] Defendants timely subpoened Ms. Benzler to produce documents and to appear for deposition. Supp. Miller Dec. ¶ 6. However, at the request of the witness and Plaintiff's counsel, both the document production and the deposition were postponed. The parties are currently in the process of scheduling a date and time for this additional discovery. *Id.*

Defendants' Supplemental Initial Disclosures list nine individuals[3] and a categorical listing for "UnumProvident Claims Agents and/or Case Representatives." Exh. C to Supp. Miller Dec. Neither the individuals nor the categorical listing come as any surprise to Plaintiff. Indeed, of the ten listings, **seven**[4] were included in Plaintiff's Initial Disclosures; **four**[5] were deposed by Plaintiff; and **all** were unquestionably known to Plaintiff.[6] Supp. Miller Dec. ¶¶ 3, 7, 9 and Exhs. A and D. Any argument that such individuals were unknown to Plaintiff is specious, at best.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 26 requires parties to supplement initial disclosures "if the party learns that in some material respect the information disclosed is incomplete or incorrect **and if the additional or corrective information has not otherwise**

---

[3] The individual witnesses include: (1) James ("Jay") Johnson; (2) Rex Mitchell; (3) Tayo Feyijimi; (4) Kathy Mabe; (5) Renata Renneke; (6) Iris Owens; (7) Brian Smith; (8) Jean Pierre Camy; and (9) Zuwa Omoregie. Supp. Miller Dec. Exh. C.

[4] Plaintiff's Initial Disclosures listed Rex Mitchell, James "Jay" Johnson, Zuwa Omoregie, Brian Smith, Kathy Mabe, Tayo Feyijimi, and "UnumProvident claims agents/case representatives," among others. Exh. A to Supp. Miller Dec.

[5] Plaintiff deposed Rex Mitchell, Zuwa Omoregie, Kathy Mabe and Tayo Feyijimi in this action. *Id.* ¶ 8.

[6] By way of example only, Plaintiff's Response to Defendants' Interrogatories, Set One lists Jean Camy, Kathy Mabe, Tayo Feyijimi, Brian Smith, Zuwa Omoregie, and "UNUM Provident Representatives" as persons with knowledge supporting Plaintiff's contention that that her medical leave was a "motivating" factor in the termination decision. Exh. D to Miller Dec., Interrog. No. 2. She lists: Iris Owens, Brian Smith, Rex Mitchell, and James Johnson as persons with knowledge that her gender and race/national origin were "motivating" factors in Defendants' adverse decisions. *Id.*, Interrog. Nos. 4 & 6. Indeed, of all ten categories listed in Defendants' Supplemental Initial Disclosures, the only one that does not come up in Plaintiff's discovery responses is Renata Renneke. Ms. Renneke, however, is listed primarily as the person most knowledgeable on Defendants' Disability Management Program; her declaration does nothing more than authenticate Defendants' Disability Management Program; and Defendant unquestionably produced numerous documents referencing Ms. Renneke and her role with regard to Defendants' Disability Management Program. Supp. Miller Dec. ¶ 9.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

**been made known to the other parties during the discovery process or in writing**." Fed. R. Civ. Proc. 26(e), emphasis added. As explained in the Advisory Committee Notes:

> The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect. There is, however, ***no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process….***
> (Adv. Comm. Notes on 1993 Amendments to Fed. R. Civl. Proc. 26(a))

Accordingly, where (as here) the other party is clearly aware of the individuals at issue, supplementation is unnecessary. Nonetheless, in the interest of cooperation and ironically to avoid any potential claim of surprise, Defendants elected to supplement their initial disclosures. Such disclosures were made just two days after Plaintiff completed her last fact witness deposition and prior to the completion of fact discovery. Moreover, the "need" for such supplementation only became apparent as Defendants began to assess this case for summary judgment and for trial. Since Defendants had no obligation to supplement their initial disclosures, any argument that such supplementation is improper or constitutes gamesmanship is clearly a red herring.

Simply put, Plaintiff's argument for evidence preclusion is unsupportable.[7] Even if the Court found that Defendants had an obligation to supplement their initial disclosures (which they did not), Courts will not impose preclusion sanctions where the failure to comply with disclosure requirements was "substantially justified" or "harmless." Fed. Rule Civ. Proc. 37(c)(1); *Dukes v. Wal-Mart,* 222 F.R.D. 189, 199 (N.D. Cal. 2004). Since Plaintiff unquestionably knew of the witnesses – having listed them in her initial disclosures and discovery responses and having already deposed four – any purported failure to disclose is unquestionably harmless. *See e.g., Newman v. GHS Osteopathic, Inc.,* 60 F.3d 153, 156 (3d Cir. 1995) (failure to supply names of witnesses who would testify at trial was harmless where there was no reason to believe defendant acted in bad faith and

---

[7] In addition to the numerous substantive reasons that Plaintiff's Objections must fail, it is also noteworthy that Plaintiff has failed to comply with Local Rule 37-3 in seeking to preclude evidence.

1  plaintiff knew of the witnesses well before trial); *El Ranchito, Inc. v. City of Harvey,* 207
2  F.Supp.2d 814, 818 (N.D. Ill 2002) (failure to disclose persons known to opposing party and
3  "obvious" subjects for deposition was "harmless").[8]  Accordingly, Plaintiff's Objections to
4  Defendants' Declarations must be denied.

6  Dated:  December 22, 2006                                    MILLER LAW GROUP
                                                                A Professional Corporation

8                                                               By: _____/S/_____
9                                                                   Michele Ballard Miller
                                                                    Attorneys for Defendants

---

[8] Plaintiff's reliance on *Adams v. Teck Cominco Alaska, Inc.,* 231 F.R.D. 578 (D. Alaska 2005) and *L-3 Communications Corp. v. OSI Systems, Inc.,* 2005 U.S. Dist. LEXIS 4935 (S.D.N.Y. 2005) is misplaced.  *Adams* – a District of Alaska case involving the defendants failure to produce several key documents – is clearly distinguishable.  Not only does *Adams* involve the intentional withholding of key documents, but there was also no evidence that the plaintiffs in that case had knowledge of the particular documents withheld. The facts of *L-3 Communications* are likewise distinguishable, but Plaintiff's reliance on this case is misplaced for another fundamental reason – it is an unpublished decision and therefore, pursuant to Local Rule 3-4, is not citable in this district.