1  Michele Ballard Miller (CSBN 104198)
   Kerry McInerney Freeman (CSBN 184764)
2  Lisa C. Hamasaki (CSBN 197628)
   MILLER LAW GROUP
3  A Professional Corporation
   60 E. Sir Francis Drake Blvd., Ste. 302
4  Larkspur, CA 94939
   Tel. (415) 464-4300
5  Fax (415) 464-4336

6  Attorneys for Defendants CHEVRON INTERNATIONAL
   EXPLORATION AND PRODUCTION (formerly known
7  as CHEVRONTEXACO OVERSEAS PETROLEUM and
   improperly sued as CHEVRONTEXACO OVERSEAS
8  PETROLEUM PACIFIC COMPANY) AND CHEVRON
   CORPORATION (formerly known as CHEVRONTEXACO
9  CORPORATION)

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13  KIRAN PANDE,                          Case No.: C 04 5107 CW

14          Plaintiff,

15  v.                                    DEFENDANTS' OBJECTIONS TO
                                          DECLARATION EVIDENCE SUBMITTED
16                                        BY PLAINTIFF KIRAN PANDE IN
                                          OPPOSITION TO MOTION FOR
17  CHEVRON CORPORATION (f/k/a            SUMMARY JUDGMENT OR,
    CHEVRONTEXACO CORPORATION), a         ALTERNATIVELY, PARTIAL SUMMARY
18  Delaware corporation, and CHEVRON     JUDGMENT
    INTERNATIONAL EXPLORATION &
19  PRODUCTION (f/k/a CHEVRON TEXACO      Date:    January 5, 2007
    OVERSEAS PETROLEUM COMPANY), a        Time:    10:00 a.m.
20  division of Chevron U.S.A. Inc.       Courtroom: 2

21          Defendants.                   Complaint filed:  December 2, 2004

22                                        Trial Date:  April 16, 2007

23                                        Honorable Claudia Wilken

24

25

26

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1

## **TABLE OF CONTENTS**

2
Page

3
*I.*      *Objections to Declaration of Plaintiff Kiran Pande*.................................................................. *1*

4
*II.*     *Objections to Declaration of Robert Burkes* ........................................................................ *15*

5
*II.*     *Objections to Declaration of Lupe DeJong* .......................................................................... *26*

6
*III.*    *Objections to the Declaration of Victoria Thompson* ........................................................... *35*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

**DEFENDANTS' OBJECTIONS TO DECLARATION EVIDENCE SUBMITTED BY PLAINTIFF IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT
Case No. C 04 5107 CW**

1    Defendants CHEVRON INTERNATIONAL EXPLORATION AND PRODUCTION

2    COMPANY (formerly known as CHEVRONTEXACO OVERSEAS PETROLEUM) and

3    CHEVRON CORPORATION (formerly known as CHEVRONTEXACO CORPORATION)

4    ("Defendants") hereby object to and move to strike the following declarations and "exhibits"

5    thereto presented by Plaintiff Kiran Pande in connection with the Motion For Summary

6    Judgment, or Alternatively, Partial Summary Judgment set for hearing before this Court on

7    January 5, 2007.

8

9                                              **I.**

10                   **Objections to Declaration of Plaintiff Kiran Pande**

11

12    Defendants object to the Declaration of Kiran Pande in Support of Plaintiff's Opposition

13    to Defendants' Motion for Summary Judgment, or Alternatively, Partial Summary Judgment

14    as set forth below:

15

16  1.    Page 2: lines 4-6: "I have also           **DEFENDANTS' OBJECTION:** Defendants
          published papers and presented papers     object to the statement that Pande is

17        at industry conferences in the U.S. and    "considered an expert in the field" on the
          Europe and am considered an expert in      ground that it is irrelevant, argumentative,

18        the field."                                lacks foundation, and constitutes
                                                     inadmissible hearsay. Fed. R. Evid. 401-

19                                                   402, 801-803. Defendants further object to
                                                     this statement on the grounds that it is

20                                                   pure speculation.

21

22  2.    Page 2, lines 10-12: "While in COFRC      **DEFENDANTS' OBJECTION:** Defendants
          and EPTC, I consistently earned high      object to this statement on the grounds that

23        praise from my supervisors for my job      it is argumentative and lacks foundation.
          knowledge, problem solving ability,        Fed. R. Evid. 401-402. Defendants also

24        teamwork, creativity, and initiative."     object to the statement on the grounds that
                                                     it contains inadmissible hearsay. Fed. R.

25                                                   Evid. 801-803. Defendants further object to
                                                     this statement on the grounds that it is

26                                                   irrelevant and immaterial.

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

3.    Page 2, lines 12-13: "My supervisors regularly described me as 'an outstanding employee' and as doing 'an excellent job.'"

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that the use of the term "supervisors" is argumentative and that no foundation has been established for such statements. Defendants further object to this statement on the grounds that it is argumentative, lacks foundation, and contains inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is irrelevant and immaterial.

4.    Page 2, lines 13-14: "In or about October 1992, I was promoted to Grade Level 23 as a Senior Research Engineer."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and it lacks foundation. Fed. R. Evid. 401-402.    Further, it is irrelevant and immaterial to this Motion.

5.    Page 2, lines 14-16: "My supervisors recommended a transfer from the technology company to a Chevron operating company to provide me with business and operations exposure and experience."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, irrelevant, and it lacks foundation. Defendants also object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.

6.    Page 2, lines 17-18: "My supervisors also recommended providing me with development opportunities to gain supervisory experience."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, irrelevant, and it lacks foundation. Defendants also object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.

7.    Page 2, lines 19-20: "In January 1995, I was transferred from EPTC in La Habra to Chevron Overseas Petroleum, Inc. ("COPI") in San Ramon, California."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation.

8.    Page 2, lines 20-22:    "At the time, EPTC management told me that any time I wanted to come back to EPTC there would be a place for me."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, irrelevant and lacks foundation. Defendants also object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to

2

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

this statement on the grounds that it is irrelevant and immaterial.

9.  Page 2, lines 22-23: "In particular, Tom McMillen (a Division Manager, grade level 27 in 1995) made that statement to me."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 801-803. Defendants further object to this statement on the grounds that it is argumentative, irrelevant and lacks foundation. Fed. R. Evid. 401-402.

10.  Page 2, lines 23-24: "That sentiment was also repeated to me over the years, including by Kelly Hartshorn in the Fall of 2002."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, irrelevant and it lacks foundation. Defendants also object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 801-803. Defendants further object to this statement on the grounds that it is irrelevant and immaterial.

11.  Page 2, lines 26-27: "In April 1997, I was promoted to Grade Level 24 with the title Advisor, Petroleum Engineering."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, irrelevant and lacks foundation. Fed. R. Evid. 401-402.

12.  Page 2, line 27 – page 3, line 1: "In 2000, my supervisors recommended that I be given an opportunity to gain commercial and business experience in the Commercial, Planning, or Corporate Finance groups."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, conclusory, and lacks foundation. Defendants also object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is irrelevant and immaterial.

13.  Page 3, lines 1-9: "I have reviewed what is attached hereto as Exhibit A and can attest that it is a true and correct copy of my PMP form from 2000 which covers the calendar year 1999 work performance. At page 6 [Bates 27], my supervisors write: "Kiran is a valued member of the TEPS engineering team and she is a technical resource for others in the group as well as peers in other SBU's. . . . She clearly

**DEFENDANTS' OBJECTION:** Defendants object to this exhibit and to Plaintiff's statement on the grounds that they contain inadmissible hearsay. Fed. R. Evid. 801-803. Defendants further object on the grounds that Plaintiff has failed to lay a foundation as to whose comments she is quoting. Defendants also object to this statement on the ground that it is conclusory, rather than factual and argumentative. Further, it is irrelevant and

3

has very good, business skills to complement her technical abilities. Her career interests would be better served if she were given an opportunity to work in a Commercial, Planning or Corp. Finance assignment. She would be available for reassignment to a suitable challenging position in mid-late 2nd quarter."

immaterial to this Motion.  Fed. R. Evid. 401-402.

14.    Page 3, lines 9-10: "The supervisors who contributed to this statement were Jean Camy, David Kennedy, and Mary Cao.

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, conclusory, and lacks foundation. Fed. R. Evid. 401-402. Further, Defendants object to this statement on the grounds that Plaintiff lacks personal knowledge and that the statement is irrelevant and immaterial.

15.    Page 3, lines 16-18:    "At the time, Mitchell told me that he considered this position to be a higher level than the Planning Analyst positions in the group and promised to promote me to Grade 25."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is conclusory, argumentative, and it lacks foundation.  Defendants also object to the statement on the grounds that it contains inadmissible hearsay.  Fed. R. Evid. 801-803.

16.    Page 3, lines 19-20:  "I began to suffer harassment and discrimination based on my gender and race/national origin at the hands of Mitchell."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, conclusory and speculative.

Defendants specifically object to declarant's use of the terms "harassment" and "discrimination" on the grounds that these terms are argumentative, conclusory and speculative.  Defendants also object on the grounds that these terms draw a legal conclusion declarant is unqualified to make, and that declarant's use of these terms constitutes an impermissible lay opinion. Defendants further object to these terms on the ground that they lack foundation.

Defendants further object to declarant's allegations regarding the basis for Mitchell's allegedly harassing and discriminatory

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

4

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

actions on the grounds that declarant fails to support her conclusory statement with any evidence whatsoever and lacks personal knowledge of the matter stated.

17. Page 3, lines 21-22: "I complained to Mitchell's supervisor, James Johnson ("Johnson"), about Mitchell's conduct."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, conclusory, and lacks foundation. Defendants also object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 801-803.

18. Page 3, lines 22-23: "I told Johnson that I felt unfairly singled out by Mitchell in his conduct towards me arid that Mitchell was overburdening me with work."

**DEFENDANTS' OBJECTION:** Defendants object to this statement of declarant's conversation with Johnson on the grounds that it is self-serving and conclusory. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

19. Page 3, lines 24-25: "In that March meeting with Johnson, I told him that Iris Owens had told me that Mitchell referred to a group of people of Indian origin as 'towel heads.'"

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, self-serving and lacks foundation. Defendants also object to the statement on the grounds that it contains inadmissible triple hearsay. Fed. R. Evid. 801-803. Defendants further object to this statement on the grounds that the declarant lacks personal knowledge of the statements she attributed to Mitchell.

20. Page 3, line 26: "Johnson did nothing to investigate my complaints."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, conclusory and that the declarant lacks personal knowledge of the matter stated. Defendants also object on the grounds that this statement is purely conclusory, and that declarant cites no evidence in support of this conclusion.

21. Page 3, lines 26-28: "Instead, he told me that I had three choices: (1) leave the company, (2) leave the group, or (3) stay for 12 to 18 months and get along with Mitchell."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 801-803.

5

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

22. Page 3, line 28 – page 4, line1: "Johnson then scheduled a meeting with Mitchell and me to give me an opportunity to tell them which of Johnson's three options I was choosing."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, and that the declarant lacks personal knowledge of Johnson's state of mind. Defendants also object on the grounds that this statement is conclusory, rather than factual. Defendants further object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 801-803. This statement is also irrelevant and immaterial. Fed. R. Evid. 401-402.

23. Page 4, lines 2-4: "Johnson's entire focus in response to my complaints was to make excuses for Mitchell, saying he was under a lot of stress and that Johnson really needed Mitchell to get the work done."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, and that the declarant lacks personal knowledge of Johnson's state of mind. Defendants also object on the grounds that this statement is conclusory, rather than factual. Defendants further object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 801-803. This statement is also irrelevant and immaterial. Fed. R. Evid. 401-402.

24. Page 4, lines 5-6: "In September 2002, I received an email from Victoria Thompson. Thompson was forwarding me an email thread between herself and Tim Magner."

**DEFENDANTS' OBJECTION:** Defendants object to the declarant's references to this email on the grounds that it lacks foundation, is conclusory and argumentative. Defendants also object to the email on the grounds that its contents are inadmissible hearsay. Fed. R. Evid. 801-803. Given the availability of the document allegedly cited, the declarant's conclusory assertions as to the contents of the document are not admissible. *See* Fed. R. Evid. 1004-1005.

25. Page 4, lines 6-8: "By reading that email thread, I now had definite proof of what I had suspected - that Mitchell was continuing to bad-mouth me and that it was costing me job opportunities."

**DEFENDANTS' OBJECTION:** Defendants object to the declarant's assertion that she had "definite proof" on the grounds that this statement is argumentative and speculative, that it is conclusory rather than factual, and that it constitutes an impermissible lay opinion. Defendants also object on the grounds that it draws a legal conclusion the

6

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1
2

declarant is unqualified to make. Defendants further object to these terms on the ground that it lacks foundation.

3
4
5
6
7

Defendants also object to the statement that Mitchell's alleged conduct was harming declarant's career. This statement is speculative and conclusory, and constitutes an impermissible lay opinion. Furthermore, this statement is argumentative and speculative, and declarant offers no evidence in support of such a conclusion.

8
9
10
11
12
13

To the extent this statement is reliant on the purported email forwarded by Thompson, Defendants object on the grounds that it lacks foundation and that the email contains inadmissible hearsay. Further, given the availability of the document allegedly cited, the declarant's conclusory assertions as to the contents of the document are not admissible. *See* Fed. R. Evid. 1004-1005.

14
15
16
17
18
19
20
21
22
23
24

26.  Page 4, lines 8-10: "I had not even posted for the job in Magner's group, and before seeing this email I had no knowledge that I was even being considered for the position."

**<u>DEFENDANTS' OBJECTION:</u>** Defendants object to this statement to the extent it purports to state that Pande was ever considered for "the position." Pande has failed to lay a foundation for such statement which is purely conclusory and speculative. To the extent this statement is reliant on the purported email forwarded by Thompson, Defendants object on the grounds that it lacks foundation and that the email contains inadmissible hearsay. Further, given the availability of the document allegedly cited, the declarant's conclusory assertions as to the contents of the document are not admissible. *See* Fed. R. Evid. 1004-1005. Finally, Pande lacks personal knowledge, and this statement constitutes inadmissible lay opinion testimony.

25
26
27
28

27.  Page 4, lines 10-12: "Of course, this type of behind the scenes, word-of-mouth consideration is how you advance at Chevron and how you come to enjoy the many opportunities that the

**<u>DEFENDANTS' OBJECTION:</u>** Defendants object to this statement on the grounds that it is argumentative, lacks foundation, and is entirely speculative and conclusory. Defendants further object to this statement

7

1    company has to offer."                          as an impermissible lay opinion.

2

3    28.   Page 4, lines 12-13: "As I had done          **DEFENDANTS' OBJECTION:** Defendants
            previously, I complained to Gary            object to this statement on the grounds that
4           Yamashita ("Yamashita") about              it lacks foundation. Defendants also object
            Mitchell's behavior."                       to the statement on the grounds that it
5                                                       contains inadmissible hearsay. Fed. R.
                                                        Evid. 801-803.
6

7    29.   Page 4, lines 15-16: "The position of        **DEFENDANTS' OBJECTION:** Defendants
8           Simulation Engineer was a step             object to declarant's conclusions that the
            backwards in my career and I did not        position "was a step backwards" in her
9           want the job."                              career on the grounds that it is
                                                        argumentative, speculative, and lacks
10                                                      foundation. Defendants also object on the
                                                        grounds that this statement is conclusory,
11                                                      rather than factual. Defendants further
12                                                      object to this statement on the grounds that
                                                        it is irrelevant immaterial. Fed. R. Evid. 401-
13                                                      402.

14   30.   Page 4, lines 16-17: "However, I was         **DEFENDANTS' OBJECTION:** Defendants
15          told that I was in a 'must move' situation  object to this statement on the grounds that
            and this was the only job I was being       it lacks foundation. Defendants also object
16          offered."                                   to the statement on the grounds that it
                                                        contains inadmissible hearsay. Fed. R.
17                                                      Evid. 801-803.

18
     31.   Page 4, lines 17-22: "In the Spring of       **DEFENDANTS' OBJECTION:** Defendants
19          2003, Jean Camy stopped by my office        object to these statements on the grounds
20          and laughed at me because I was now         that it is argumentative, conclusory and
            stuck back in a simulation job after        lacks foundation. Defendants also object to
21          having spent the effort to get an MBA       the statement on the grounds that it
            and work in the Planning Group. Camy        contains inadmissible hearsay. Fed. R.
22          told me that I had wasted my time if all I  Evid. 801-803. Defendants object on the
            was going to do was simulation after all    grounds that they are purely speculative
23          that. Camy was ridiculing me because I      and that Pande lacks personal knowledge
24          was stuck back doing the same work I        of the mindset of Camy. Defendants further
            had done 10 years earlier."                 objects to these statements on the grounds
25                                                      that they are irrelevant and immaterial.
                                                        Fed. R. Evid. 401-402.
26
     32.   Page 4, lines 23-25: "In April 2003,         **DEFENDANTS' OBJECTION:** Defendants
27          Dunn told me that I was not receiving a     object to this statement on the grounds that
            merit pay increase for that year. This      it is argumentative and lacks foundation.
28

8

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

decision, he said, was based upon feedback regarding my performance in the calendar year 2002 while I worked in Mitchell's group."

Defendants also object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 801-803. Pande lacks personal knowledge of the statements made.

33. Page 4, lines 27-28: "I was fully qualified for each job to which I applied."

**DEFENDANTS' OBJECTION:** Defendants object on the basis that this statement is purely conclusory and speculative. Declarant has failed to lay any foundation for this assertion, and this statement constitutes inadmissible lay opinion. Moreover, declarant's opinion as to her qualifications is irrelevant and immaterial. Fed. R. Evid. 401-402.

34. Page 4, line 28 – page 5, line 2: "However, I was not offered any such job. I was, however, subsequently offered continued employment by Dunn to work on projects for SASBU while remaining in San Ramon."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, conclusory and lacks foundation. Defendants also object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 801-803.

35. Page 5, lines 2-3: "This project work would last at least through the end of 2004."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, conclusory and lacks foundation. To the extent this statement purports to rely upon assertions allegedly made by Dunn, it is inadmissible hearsay. Fed. R. Evid. 801-803.

36. Page 5, lines 4-5: "In mid-October 2003, I determined (in consult with my physician) that I needed surgery and would have to take a medical leave from work."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, conclusory and lacks foundation. Defendants also object to the statement on the grounds that it constitutes inadmissible lay opinion.

37. Page 5, lines 6-11: "So, I consulted Chevron's human resources internal web site. It was made very clear to me that the DMP required me to file for short-term disability coverage if I was going to be absent from work for more than five consecutive days for a medical-related reason. The information

**DEFENDANTS' OBJECTION:** Defendants object to the declarant's references to this website on the grounds that it is not in the record and has not been authenticated and that Pande has failed to lay a foundation. Defendants also object to the declarant's description of this website on the grounds that its contents are inadmissible hearsay.

**M**ILLER **L**AW **G**ROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

9

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

also instructed me that to comply with the DMP's requirements for applying for all leave, including both short-term disability and FMLA/CFRA, I must communicate with UnumProvident and provide them with all requested documentation."

Fed. R. Evid. 801-803.     Given the availability of the website and/or the DMP (Disability     Management     Program) referenced, the declarant's conclusory assertions as to the contents of the document are not admissible. *See* Fed. R. Evid. 1004-1005.

38.   Page 5, lines 11-12:  "I subsequently contacted UnumProvident and was told to sign and submit the medical records waivers which I had downloaded from Chevron's internal web site."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation.  Defendants also object to the statement on the grounds that it contains inadmissible hearsay.   Fed. R. Evid. 801-803.

39.   Page 5, lines 13-15: "I followed these directions and, pursuant to the DMP, submitted waivers of my right to confidentiality in my medical records."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, conclusory and lacks foundation.     Further, to the extent it references "these directions" and the "DMP" it contains inadmissible hearsay. Fed. R. Evid.   801-803.   Further,   Pande's characterization of the waiver constitutes an improper lay opinion.

40.   Page 5, lines 15-18:  "At no time was I told that there was a separate 'FMLA Unit'.   Instead,   I   was   told   that UnumProvident would evaluate my claims and let me know the outcome. Any time spoke with UnumProvident representatives, I spoke with the same person and was never told to call a separate FMLA Unit with my concerns."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, conclusory and lacks foundation.  Defendants also object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 801-803.  Further it is irrelevant and immaterial.

41.   Page 5, lines 19-23 and Exhibit B: "I have reviewed what is attached hereto as **Exhibit B** and can attest that they are true and correct copies of the medical records release forms I was required to sign by Chevron's DMP."

**DEFENDANTS' OBJECTION:** Defendants object to this statement to the extent it purports to state that Pande was required by Chevron's DMP to sign these or any medical release forms on the ground that Pande   has   failed   to   establish   any foundation for such assertions.  Given the availability of the DMP (which was attached as Exhibit A to the Renneke Declaration), the declarant's conclusory assertions as to the contents or requirement of the DMP are not admissible.   *See* Fed. R. Evid. 1004-

10

1005.  Further Defendants object to Exhibit B on the grounds that the documents set forth as Exhibit B do not purport to be release forms of any sort.

42.  Page 5, lines 21-23: "Chevron imposed its across-the-board policy and only certified my leave for a period of 30 days, thereafter requiring me to re-certify my edibility for leave."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative, conclusory, and lacks foundation.  Fed. R. Evid. 401-402. Pande's assertion of an "across-the-board policy is entirely without foundation or legal support and is purely conclusory and speculative.  Further, to the extent Pande purports to rely upon a document, and given the availability of such document, Pande's conclusory assertions as to its contents are not admissible.  Fed. R. Evid. 1004-1005.

43.  Page 5, lines 23-25 and Exhibit C: "I have reviewed what is attached hereto as **Exhibit C** and can attest that it is a true and correct copy of my letter from UnumProvident notifying me of my approval for both short term disability coverage and Family Medical Leave."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it lacks foundation.  Given the availability of the document referenced, the declarant's conclusory assertions as to its contents are not admissible.  *See* Fed. R. Evid. 1004-1005.  Further Defendants object to Exhibit C on the grounds that the documents set forth as Exhibit C do not purport to be a letter of any sort.

44.  Page 5, line 26:  "I then informed Dunn that I was applying to take a medical leave."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it lacks foundation.

45.  Page 5, lines 26-27:  "Dunn reacted by asking me what was medically wrong with me."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative, conclusory and lacks foundation.  Defendants also object to the statement on the grounds that it contains inadmissible hearsay.  Fed. R. Evid. 801-803.

46.  Page 5, line 27 – Page 6, line 1: "I consider my medical information very private and did not feel comfortable talking to Dunn about my specific condition, so I did not tell him."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement to the extent it purports to suggest that Dunn sought information about Pande's medical condition on the grounds that it is argumentative, conclusory and lacks

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

11

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

foundation.    Such statement is further objectionable on the grounds that it purports to rely upon inadmissible hearsay.  Fed. R. Evid. 801-803.

47.  Page 6, lines 1-4:  "Dunn, however, persisted in his questioning asking about my condition and my symptoms, including asking me if I had cancer and began talking about cancer treatments and how cancer treatments such as chemotherapy could require a long period of time."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative, conclusory, and it lacks foundation.  Defendants also object to the statement on the grounds that it contains inadmissible hearsay.  Fed. R. Evid. 801-803.

48.  Page 6, lines 4-5:  "Dunn even mentioned that another employee in SASBU had had cancer and he knew it took a long time for treatment."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative, conclusory and lacks foundation.  Defendants also object to the statement on the grounds that it contains inadmissible hearsay.  Fed. R. Evid. 801-803.  Defendants further object to the statement on the grounds that it is irrelevant and immaterial.

49.  Page 6, line 5-6:  "Dunn's insistence on learning my medical condition was very stressful for me."

**DEFENDANTS' OBJECTION:**  Defendants object to the statement on the grounds that it is conclusory, argumentative and lacks foundation.   To the extent this statement suggests that Dunn insisted on learning about Pande's medical condition, it is reliant on inadmissible hearsay and must be disregarded.   Fed. R. Evid. 801-803.  Pande's state of mind is irrelevant and immaterial.

50.  Page 6, lines 6-7:  "I called both Yamashita and UnumProvident and told them that I was very distressed by Dunn's behavior."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it lacks foundation.  Defendants also object to the statement on the grounds that it contains inadmissible hearsay.    Fed. R. Evid. 801-803.  Defendants further object to the statement on the grounds that it is irrelevant and immaterial.

51.  Page 6, lines 8-10:  "At the November 4, 2003 conference call where Dunn berated me for at I least 30 minutes

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative, conclusory and lacks

12

about my medical leave and how I was going to get my work done, I was extremely distraught."

foundation. Defendants also object to the declarant's use of the word "berated" on the grounds that this statement is conclusory, rather than factual, and that it constitutes impermissible lay opinion. Defendants further object to the statement on the grounds that it contains and is reliant upon inadmissible hearsay. Fed. R. Evid. 801-803. Pande's state of mind is irrelevant and immaterial.

52. Page 6, lines 10-12: "I attended Dunn's deposition where he testified (in an attempt to minimize my reaction to his conduct) that the entire group - including myself - went out to lunch after the meeting. However, I did not go to any such lunch."

**DEFENDANTS' OBJECTION:** Defendants object to the statement on the grounds that it is irrelevant and immaterial. Further it is conclusory, rather than factual and it lacks foundation. Further, Pande mischaracterizes the testimony of Dunn. Pande lacks personal knowledge of the state of mind of Dunn. Her testimony also constitutes improper lay opinion testimony.

53. Page 6, lines 13-15: "I was never contacted by anyone at Chevron regarding Dunn's conduct on November 4, 2003, thus, I believe that there was no investigation into Dunn's improper comments and harassing conduct during the November 4 conference call."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, conclusory and lacks foundation, and that the declarant lacks personal knowledge of the matter stated. Defendants also object on the grounds that this statement is conclusory, rather than factual. Furthermore, declarant's belief that there was no investigation into Dunn's behavior is irrelevant and immaterial to this motion.

54. Page 6, lines 16-17: "On November 7, 2003, pursuant to company policy, I wrote an email to Dunn asking for approval to carry over my unused vacation into 2004."

**DEFENDANTS' OBJECTION:** Defendants object to the declarant's references to this email on the grounds that it is not in the record and has not been authenticated. Defendants also object to the email on the grounds that its contents are inadmissible hearsay. Fed. R. Evid. 801-803. Given the availability of the document allegedly cited, the declarant's conclusory assertions as to the contents of the document are not admissible. *See* Fed. R. Evid. 1004-1005. Further, Defendants object to Pande's reference to "company policy" on the grounds that it is argumentative and lacks foundation.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

13

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

55.  Page 6, lines 17-19: "Because I had accepted Dunn's offer to continue working on SASBU projects from San Ramon through 2004, I had assumed that there would be no problem with this request."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative, speculative, and lacks foundation. Defendants also object on the grounds that this statement is conclusory, rather than factual. Defendants further object to this statement on the grounds that it is irrelevant and immaterial.

56.  Page 6, lines 19-20: "Dunn replied by email saying "Let's discuss".

**DEFENDANTS' OBJECTION:** Defendants object to the declarant's references to this email on the grounds that it is not in the record and has not been authenticated. Defendants also object to the email on the grounds that its contents are inadmissible hearsay. Fed. R. Evid. 801-803. Given the availability of the document allegedly cited, the declarant's conclusory assertions as to the contents of the document are not admissible. *See* Fed. R. Evid. 1004-1005. Further, Defendants object on the grounds that this statement is irrelevant and immaterial.

57.  Page 6, lines 21-23: "His message said that he wanted to talk to me about the carryover request because in general 28 days was more than typically seen, so he wanted to talk with me about and also to talk with me about how my medical leave was going."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and it lacks foundation. Defendants also object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 801-803. Defendants further object to the statement on the grounds that it is irrelevant and immaterial. Defendants also object to this statement on the ground that it is vague and incomprehensible.

58.  Page 6, lines 23-25: "At no time did Dunn say anything to me to indicate that it would be inappropriate to carry over vacation into 2004 because my employment was set to end on December 31."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants further object to this statement on the grounds that it is irrelevant and immaterial.

59.  Page 6, lines 25-28: "In fact, until the November 17 telephone call I received from Dunn while I was on medical leave, nobody from the company had

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation, is self serving, and contradicts documents which Pande

14

ever told me that my employment was going to end nor that it would end on December 31."

acknowledged receiving during deposition. (See Pande Exhs. 17-19)     Defendants further object to this statement on the grounds that it is irrelevant and immaterial.

## II.

## Objections to Declaration of Robert Burkes

Defendants object to the Executed Declaration of Robert Burkes, attached as Exhibit G to the Declaration of Noah D. Lebowitz in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Or Alternatively, Partial Summary Judgment, as set forth below:

1. Page 2, paragraph 4: "The project was a potential new venture that CT was pursuing at the time"

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual. This statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402.

2. Page 2, paragraph 5: When Kiran and I were part of the BH team, Kiran was a petroleum engineer involved in reservoir simulation and reservoir engineering and production forecasting. At that time, Kiran's job was basically predicting how much oil might be produced under certain circumstances or in a certain area."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402.

3. Page 3, paragraph 5: "James Bates was another engineer on the project

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

15

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

who was coordinating the technical assistance that was being provided by Chevron Petroleum Technology Company, hereinafter, 'CPTC.'"

it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

4.  Page 3, paragraph 6: "Since the facilities work is dependent on the production forecast that is developed, I would go by the special computer room a couple of times a day where Kiran worked."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

5.  Page 3, paragraph 6: "Kiran and I were both involved in the BH project about 40 or more hours a week."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual. This statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402.

6.  Page 4, paragraph 6: "In the time I worked with Kiran on the BH team, I would rate her work product very high. On the BH team, Kiran was one of the key members of the team and was highly regarded for the work that she did. Kiran was a very effective team member, meaning that she was always ready with her part of the project."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual. This statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402.

7.  Page 5, paragraph 7: "When Kiran and I both worked at SASBU, I never heard any complaints or anything negative about her or her work at any time from anyone."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

8.  Page 5 paragraph 8: "David McKay, a CT colleague told me on several occasions that Kiran Pande was one of

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation,

16

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

the people that could put together a very effective oil reservoir simulation. David told me this in regard to the period when Kiran was working with one of CT's partners TOTAL (a French oil company) around 1997 or 1998. This was while I was working in Papua New Guinea and Kiran was working a fair amount of time in France. David commented on Kiran's work as stated above when she was involved with TOTAL."

and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

9. Page 5, paragraph 9: "Subsequently after Kiran left the Planning Group, in approximately 2003, Kiran told me that she had some severe problems concerning harassment at that time with her manager, Rex Mitchell. Kiran told me that she tried to go through company channels to resolve these complaints she had with Rex but nothing was ever followed upon and her issues were never really resolved."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

10. Pages 5 and 6, paragraph 9: "When Kiran told me about her complaints about Rex, she shared with me her frustration in not receiving fair treatment by management regarding any resolution to her complaints. Kiran told me that in her opinion Rex had exhibited behaviors which were objectionable and which were totally against CT policy. Kiran further relayed to me that Rex had not received any type of reprimand or discipline for his objectionable behavior. Kiran said that the whole issue of her complaints about Rex were basically shushed up and were not properly investigated or dealt with."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

11. Page 6, paragraph 10: "Sometime in the early part of 2002 when Chevron merged with Texaco to form CT, rumors started circulating at CT that the

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.

SASBU group was going to move from San Ramon, California to Houston, Texas."

12. Page 6, paragraph 10: "It is my understanding that the reason for the SASBU move to Houston had to do with the merger of Chevron into CT. It was my understanding that once the merger happened, there were merger integration teams that met to look at where the work was being conducted. The merger integration teams made some decisions to consolidate SASBU to one location rather than having part of the SASBU in San Ramon and part in Houston. It was my understanding that management made a recommendation to consolidate the SASBU work that was being done in San Ramon with what the Texaco people were doing in Houston."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual.

13. Pages 6-7, paragraph 10: "Sometime in the first half of 2002, CT management decided not to make the move to Houston, but told us in SASBU that we would probably hear more about a move to Houston later."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual.

14. Page 7, paragraph 10: "In May of 2003, Mark Dando, the manager of SASBU in San Ramon sent an email to everyone in the San Ramon SASBU group. The email stated words to the effect that, 'we are looking at the possibility of moving to Houston and we will let you know once we complete our study and make our decision.'"

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual. Defendants further object on the grounds that the statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402. Defendants also object on the grounds that the statement contains inadmissible hearsay.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

Fed. R. Evid. 801-803.  Given the availability of the document allegedly quoted from, the declarant's conclusory assertions as to the contents of the document are not admissible. *See* Fed. R. Evid. 1004-1005.

15.  Page 8, paragraph 12:  "There were two places to sign on THE FORM, one was next to the 'yes, I will accept the job offer in Houston' and the other place was, 'no, I will not accept the job offer in Houston.'  So by accepting the job offer in Houston, you were saying that you agreed to move to Houston.  If you did not accept the job offer in Houston, then you signed at the place, 'no, I do not accept the job offer in Houston.'  If you signed 'no' to the Houston job offer then THE FORM stated words to the effect that 'I understand that there may not be other jobs available to me and but that I will have the opportunity to look for other jobs at CT.'

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony.  Fed. R. Evid. 401-402, 602, 701.  Defendants also object on the grounds that this statement is conclusory, rather than factual.  Defendants further object on the grounds that the statement is pure conjecture and speculation, and is irrelevant.  Fed. R. Evid. 401-402. Defendants also object on the grounds that the statement contains inadmissible hearsay.  Fed. R. Evid. 801-803.  Given the availability of the document allegedly quoted from, the declarant's conclusory assertions as to the contents of the document are not admissible. *See* Fed. R. Evid. 1004-1005.

16.  Page 8, paragraph 12:  "Mark then told me that I did not have to sign THE FORM but if I did not sign THE FORM, my response to the question about wanting to move to Houston would be considered a 'no.'"

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay.  Fed. R. Evid. 401-402, 801-803.

17.  Page 9, paragraph 13:  "However, I and the other employees that were impacted by the move to Houston knew that CT had always given severance packages to employees under these circumstances, such as the SASBU move to Houston.  My colleagues and I knew that employees in a different division that were being asked to move to Houston were being offered severance packages in the case where they did not accept a job in Houston and did not find another job at CT.  To my knowledge, the divisions that were

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay.  Fed. R. Evid. 401-402, 801-803.  Defendants further object to this statement on the grounds that it is pure conjecture and speculation.  Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1   offered the severance package were
2   the Energy Technology Company,
3   hereinafter, 'ETC' [also known as the
    Chevron Texaco Energy Technology
4   Company] and the Chevron Information
    Technology Company, hereinafter,
5   'CITC,' groups.  I became aware that
    these groups were being offered
6   severance packages because a female
    colleague,         hereinafter    'THE
7   COLLEAGUE' in the ETC group that
    was being asked to move to Houston
8   shared with me in July or August of
    2003 the contents of severance
9   package she was offered."

10  18.   Page 9, paragraph 14:   "THE       **DEFENDANTS' OBJECTION:** Defendants
11        COLLEAGUE showed me that CT         object to this statement on the grounds that it
          offered her participation in the SESP.   is argumentative and lacks foundation, that
12        The SESP had several features, but for   the declarant lacks personal knowledge of
          me the most notable feature was that if   the matter stated, and that it constitutes
13        you accepted the program then you    inadmissible lay opinion testimony.  Fed. R.
          would agree to not take any sort of   Evid. 401-402, 602, 701.  Defendants also
14        legal   action   against   CT.   My   object on the grounds that this statement is
          understanding was that if you made    conclusory, rather than factual.  Defendants
15        that agreement you would get         further object on the grounds that the
          severance pay which would be equal to   statement is pure conjecture and speculation,
16        two weeks per year of service up to a   and is irrelevant.   Fed. R. Evid. 401-402.
          maximum of one year's salary.   In    Defendants also object on the grounds that
17        addition, you would also get         the statement contains inadmissible hearsay.
          redeployment benefits where you can   Fed. R. Evid. 801-803.  Given the availability
18        work with a professional counselor who   of the document allegedly quoted from, the
          will help you market yourself on the   declarant's conclusory assertions as to the
19        outside."                            contents of the document are not admissible.
20                                              *See* Fed. R. Evid. 1004-1005.

21

22  19.   Page 10, paragraph 14:  "When I saw   **DEFENDANTS' OBJECTION:** Defendants
          the severance package that was       object to this statement on the grounds that it
23        offered to THE COLLEAGUE, I found it   is argumentative and lacks foundation, that
          extremely unfair that CT would treat   the declarant lacks personal knowledge of
24        employees in such a manner as to offer   the matter stated, and that it constitutes
          one group a severance package and    inadmissible lay opinion testimony.  Fed. R.
25        other groups no guarantee of a       Evid. 401-402, 602, 701.  Defendants also
          severance package.  Even though ETC   object on the grounds that this statement is
26        and CITC were not part of the SASBU   conclusory, rather than factual.
27        group, they were still a part of CT
          Corporation and it did not make sense

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

to me that CT would treat each group so differently regarding severance packages."

20. Page 11, paragraph 15: "Gary's initial response to THE SEVERANCE PACKAGE COMPLAINT was total shock. Gary also said he was disappointed that CT would treat employees that way. However, subsequently Gary told me words to the effect that, 'they [CT] have checked it out and they [CT] know it is legal.' When I first contacted Gary, he told that me that he would not keep a file regarding my complaint."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual. This statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402. Defendants further object to the statement on the grounds that it contains inadmissible hearsay. Fed. R. Evid. 801-803.

21. Page 14, paragraph 19: "My understanding was that the time schedule for each group's move to Houston was based upon the availability of the remodeled offices in Houston, the work each group was doing and what time the disruption of moving would have the least impact on the group's work."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual.

22. Page 14, paragraph 19: "It was determined that if the project my team was working on was moved in the fall of 2003, the project would have been delayed. It is my understanding that the group I was working with at SASBU did not actually move to Houston until February 2004 even though the initial plan was for the group to move in December of 2003."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual.

23. Page 14, paragraph 20: "At THE MEETING, a lot my colleagues and I felt very intimidated."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also

21

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

object on the grounds that this statement is conclusory, rather than factual.

24.  Page 15, paragraph 20: "It seemed as if the choice of words were deliberately confusing and that CT wanted to retain the option to offer severance packages if they so decide. It was my and several colleagues' understanding that CT was playing a game because CT really wanted the SASBU employees to move to Houston because CT is shorthanded in facility engineers and petroleum engineers."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual.  This statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402.

25.  Page 15, paragraph 20: "Sharon Unser, a petroleum engineer then replaced the Canadian who transferred. Sharon Unser resigned in July of 2004 and it was my understanding that she did not like the way she had been treated by CT."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual.  This statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402.

26.  Page 16, paragraph 21: "It is my understanding that CT needed us and the company did not want to mention anything about any severance packages. The company did not want to provide an incentive for the SASBU people to think there was any other option other than to move to Houston or risk being terminated."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual.  This statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402.

27.  Page 16, paragraph 21: "To my knowledge, this is why CT, through Mark Dando, Chris and the Human Resource people were misleading employees as to the availability of a severance package, by saying that CT could not guarantee anyone who did not move to Houston a severance

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is

22

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

package or that we would not be considered to be eligible for a severance package."

conclusory, rather than factual.  This statement is pure conjecture and speculation, and is irrelevant.  Fed. R. Evid. 401-402.

28.  Page 17, paragraph 21:  "I felt that CT was misleading me and other employees by not honestly answering my questions regarding the severance package availability because CT never unequivocally said that we would not get a severance package if we did not move to Houston.  The severance package issue was discussed in THE MEETING, and in addition I raised the severance package question with Mark Dando, Chris and the Human Resource people afterwards."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is irrelevant, and inadmissible as pure conjecture and speculation.  Fed. R. Evid. 401-402.

29.  Page 17, paragraph 22:  "To my knowledge Kiran Pande was the only person who was terminated from CT because she did not move to Houston and was not offered another position at CT."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony.  Fed. R. Evid. 401-402, 602, 701.  Defendants also object on the grounds that this statement is conclusory, rather than factual.

30.  Page 17, paragraph 22:  "All of the people I mentioned above are still working for CT."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony.  Fed. R. Evid. 401-402, 602, 701.  Defendants also object on the grounds that this statement is conclusory, rather than factual.

31.  Page 17, paragraph 22:  "It was my understanding that Kiran told me about her termination within a few days of her receiving her termination letter."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony.  Fed. R. Evid. 401-402, 602, 701.  Defendants also object on the grounds that this statement is conclusory, rather than factual.  This

23

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

|  |  |  |
|---|---|---|
|  |  | statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402. |
| 32. | Page 18, paragraph 23: "Basically what CT does is they have a severance package, but they retain the right to determine if you are eligible for the severance package or not." | **DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual. This statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402. |
| 33. | Page 18, paragraph 24: "In fact I was still allowed to continue to work in San Ramon for SASBU even after the main work group had moved to Houston in August 1, 2003. After I transferred to the ETC group in January of 2004, I was no longer working for SASBU but SASBU still needed me. So even though I was working for ETC, I continued doing the same job I had done previously for SASBU from San Ramon for all of March and through the end of April 2004." | **DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual. This statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402. |
| 34. | Page 19, paragraph 25: "To my knowledge, none of the SASBU people who did not want to relocate to Houston, received new job assignments from the October 2003 PDC meeting, even though they submitted their resumes at the October 2003 PDC meeting." | **DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual. This statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402. |
| 35. | Page 19, paragraph 25: "When I asked Gary Yamashita about a week after the PDC meeting occurred if I, Kiran and the other p0eople who did not accept the move to Houston were being blacklisted at the October 2003 PDC | **DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. |

24

meeting, Gary would not admit to it but he would not deny it either."

Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual. This statement is pure conjecture and speculation, and is irrelevant. Fed. R. Evid. 401-402.

36.  Pages 19-20, paragraph 25: "Kiran told me that Jack had made rude and derogatory comments about her in front of other people in the meeting. As I recall the issue, it was Jack's insistence that Kiran complete a certain job assignment even though Kiran had explained that she would be going on Medical Leave. At the time Kiran was articulate but she was definitely emotionally upset with tears coming down her cheek, but in no way hysterical. I also could tell that Kiran was upset because her voice was choking as she spoke to me."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

37.  Page 20, paragraph 27: "Chris told me in August or September 2003 that he asked other managers if they had any positions for me. It is my understanding that Chris was actively looking for another job for me at CT up until I got the position at ETC in January 2004."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

38.  Page 21, paragraph 27: "It is my understanding that if your boss does not have positive comments on the form, you would not be considered for the job you are applying for."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual.

39.  Page 21, paragraph 28: "Based upon my past work with Kiran and the current workload at ETC, I felt that Kiran could

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

25

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

have been given a temporary job in ETC."

the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual.

40. Page 21, paragraph 28: "Zuwa's group is Asset Evaluation and Operation Support and I know that there is plenty of work in Zuwa's group that Kiran could contribute to. There is no doubt that ETC could use Kiran's job skills because CT is short of petroleum engineers."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual.

41. Page 21, paragraph 29: "If somebody would say something that she did not agree with, Kiran would always respond and say something to the effect that 'I see it differently and let me explain how I see it.' I always observed that Kiran was unfailingly polite and business-like in her job, and highly regarded by her colleagues."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony. Fed. R. Evid. 401-402, 602, 701. Defendants also object on the grounds that this statement is conclusory, rather than factual.

## II.

## Objections to Declaration of Lupe DeJong

Defendants object to the Executed Declaration of Guadalupe AKA Lupe DeJong, attached as Exhibit N to the Declaration of Noah D. Lebowitz in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Or Alternatively, Partial Summary Judgment, as set forth below:

1. Page 1, paragraph 2: "From 1991 through approximately 1996/1997 I was a Records Clerk for CT. After being a Records Clerk, I worked on a project for CT regarding the building

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

of a ship. In that job, I handled records and administrative work. I then worked for a brief time for the business and real estate area of CT in San Francisco, California."

Evid. 401-402.

2. Page 1, paragraph 2: "In April of 2004, I transferred out of the SASBU division and started to work for CT's Shipping Company where I am currently working as an Administrative Assistant."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

3. Page 1, paragraph 3: "As an Administrative Assistant with SASBU and the Shipping Company, my job duties were to do everything that management ask me to do, such as travel arrangements, catering, making sure visitors are taken care of in the hotels, arranging for limousine service and whatever else the visitors needed. I was also in charge of the arrangements for moving people in and out of their offices, ordering and obtaining whatever personnel needed to do their jobs. I would order, stationary supplies, computers, color copies and black and white copies, furniture and whatever else was needed. In addition I also took care of VIP visitors."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

Defendants also object to this statement on the grounds that it is nonsensical and incomprehensible.

4. Pages 1-2, paragraph 3: "When I was working in the SASBU, I dealt mostly with visitors from Angola and Congo, which at times included dignitaries and their wives. It was my responsibility to make sure that their visit was comfortable and enjoyable."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

5. Page 2, paragraph 4: "When I worked in the SASBU, my direct boss was Mark Dando, Managing Director for various blocks which were designated areas where there was oil drilling rigs in Angola."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

27

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1
2
3

Defendants also object to this statement on the grounds that it is nonsensical and incomprehensible.

4   6.   Page 2, paragraph 4: "I also reported to Ricky Lamb, who was the Advisor who worked under Mark Dando. Ricky Lamb also took care of the Administrative Assistants and paperwork in CT's Angola operation."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

5
6
7
8
9

Defendants also object to this statement on the grounds that it is nonsensical and incomprehensible.

10  7.   Page 2, paragraph 4: "Mark Dando was one of the managers that I reported to until he moved to Houston in the summer of 2003."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

11
12
13
14  8.   Page 2, paragraph 4: "Ricky Lamb, an Advisor was my supervisor for the last two years I worked at SASBU."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that the use of the term "supervisor" is argumentative and that no foundation has been established for such statements. Defendants further object on the grounds that the statement constitutes inadmissible lay opinion testimony. Fed. R. Evid. 601-602. Defendants also object on the grounds that this statement is conclusory, rather than factual.

15
16
17
18
19
20
21

Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

22
23
24
25
26  9.   Page 2, paragraph 4: "Prior to Ricky Lamb, Evan Simmons was my supervisor who has since retired."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that the use of the term "supervisor" is argumentative and that no foundation has

27
28

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

been established for such statements. Defendants further object on the grounds that the statement constitutes inadmissible lay opinion testimony. Fed. R. Evid. 601-602. Defendants also object on the grounds that this statement is conclusory, rather than factual.

Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

10.    Page 2, paragraph 4: "While working in SASBU, it was my understanding that Mark Dando and Ricky Lamb reported to John Gass who was living in Angola."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative and that no foundation has been established.  Defendants also object on the grounds that this statement is conclusory, rather than factual.

Defendants object to this statement on the grounds that it is irrelevant, and inadmissible as pure conjecture and speculation.  Fed. R. Evid. 401-402.

11.    Page 2, paragraph 5: "In my current department at CT in the Shipping Company, I worked for Mark Ross, Managing Director for LNG (Liquid Nitrogen Gas) Shipping and John Baltz, Managing Director for Marine Services Group."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it lacks foundation.  Defendants also object on the grounds that this statement is irrelevant to the pending Motion.  Fed. R. Evid. 401-402.

12.    Page 2, paragraph 6: "In my current position in the Shipping Company I work a 9-80 schedule which is nine hours a day with every other Friday off.  My hours are from 8:00 a.m. to approximately 6:00 p.m. With SASBU my working hours were basically 8:00 a.m. to 7:00 p.m."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it lacks foundation.  Defendants also object on the grounds that this statement is irrelevant to the pending Motion.  Fed. R. Evid. 401-402.

13.    Page 3, paragraph 7: "It was my understanding when Kiran arrived as SASBU, her previous employment at

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it lacks foundation.  Defendants also object on

29

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

CT was in the Planning Department." | the grounds that this statement is irrelevant to the pending Motion.  Fed. R. Evid. 401-402.

Defendants object to this statement on the grounds that it is irrelevant, and inadmissible as pure conjecture and speculation.  Fed. R. Evid. 401-402.

14.   Page 3, paragraph 8: "When Kiran worked in SASBU, it was my job as an Administrative Assistant to make sure Kiran had an office, computer, supplies and everything that was needed for Kiran to do her job.  It was also my job to make sure that everything such as computers and office machines were working properly for Kiran."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it lacks foundation.  Defendants also object on the grounds that this statement is irrelevant to the pending Motion.  Fed. R. Evid. 401-402.

15.   Page 3, paragraph 9: "During the time that Kiran was in SASBU, I would see her in the coffee area, by the copier, passing each other in the hallway, going to her office, passing by her office and also in my office.  Kiran and I worked a day schedule."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it lacks foundation.  Defendants also object on the grounds that this statement is irrelevant to the pending Motion.  Fed. R. Evid. 401-402.

16.   Page 3, paragraph 10: "Whenever I had contact with Kiran whether it was in person, over the phone or by email, Kiran was always pleasant and thoughtful to me and other people.  I never saw or heard Kiran being rude or unprofessional to anyone.  I never saw or heard Kiran angry or raise her voice.  Kiran is a nice person and was always considerate of me, even inquiring about how my family members were doing when they were sick."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it lacks foundation.  Defendants also object on the grounds that this statement is irrelevant to the pending Motion.  Fed. R. Evid. 401-402.

17.   Page 3, paragraph 10: "On one occasion when Kiran and I attended an office luncheon together, Kiran brought back a lunch bag from the luncheon for a couple of employees

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it lacks foundation.  Defendants also object on the grounds that this statement is irrelevant to the pending Motion.  Fed. R. Evid. 401-

30

that were working and could not attend."

402.

18.  Page 3, paragraph 10: "I never heard anybody including employees and clients complain about Kiran in any way."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

19.  Page 4, paragraph 11: "Jack Dunn was manager for Block 14 in SASBU who I came to know while working in SASBU"

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that the use of the term "manager" is argumentative and that no foundation has been established for such statements. Defendants further object on the grounds that the statement constitutes inadmissible lay opinion testimony. Fed. R. Evid. 601-602. Defendants also object on the grounds that this statement is conclusory, rather than factual.

20.  Page 4, paragraph 11: "On one occasion in the late afternoon in October of 2003 Kiran was sitting in my office."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

21.  Page 4, paragraph 11: "Jack Dunn saw Kiran in my office and came in and started to talk to Kiran. I clearly heard Jack Dunn tell Kiran that he needed her to work on a project for him."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.   Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

22.  Page 4, paragraph 11: "It was my understanding at the time that it was some kind of engineering project because Kiran and Jack began to discuss the project using technical terms that I did not understand."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.   Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

31

1
2

lacks personal knowledge of the matter stated.

23. Page 4, paragraph 11: "When Jack first asked Kiran to work on this project, Kiran's reaction appeared to me that she was surprised that Jack wanted her to work on the project for him. However, Kiran told Jack words to the effect that she would be happy to work on the project for him. Kiran's reaction to Jack's request was positive, pleasant and willing to do the job. I clearly heard Kiran tell Jack that she would be glad to help him."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated. This statement also constitutes inadmissible lay opinion testimony.

24. Page 4, paragraph 12: "On one occasion, Kiran confided in me about how shocked she was about Jack Dunn's behavior in a meeting in either Spain or Italy. She said that Jack Dunn went crazy while in a meeting in Europe on a job for the company sometime in the summer or 2003. Kiran told me that Jack scolded Kiran and other members of his group in front of partners and other people at the meeting."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

25. Page 4, paragraph 12: "It was my understanding from Kiran and other employees that not only was Kiran upset at how Jack Dunn treated them in that meeting, but other people who attended the meeting were also upset at how Jack Dunn treated his people. Kiran told me this shortly after she got back form [sic] the trip to Europe with Jack Dunn."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

26. Page 5, paragraph 13: "To my knowledge, all of the above named employees who did not go to Houston obtained other jobs with CT except Kiran Pande."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

32

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

27. Page 5, paragraph 13: "To my knowledge, the last SASBU unit moved to Houston in approximately December 12, 2003."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation and is irrelevant to this pending motion. Fed. R. Evid. 401-402. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

28. Page 5, paragraph 14: "I heard through office conversation that Kiran was sick. Some time passed and it was as if Kiran just disappeared. Later on, I heard from office conversation that Kiran was let go from CT."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

29. Page 5, paragraph 15: "When SASBU moved to Houston, Jim Blackwell, Managing Director for Angola, allowed me to continue as an Administrative Assistant supporting SASBU while working out of my office in San Ramon, California."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

30. Page 5, paragraph 15: "However, I felt that SASBU would eventually let me go because I did not move to Houston and it was just a matter of time."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the

33

1
2
3

grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

4

31.    Page 5-6, paragraph 15: "So approximately in February of 2004, I started to look for another position within CT. In April of 2004, I was hired as an Administrative Assistant for CT's Shipping Company at their offices in San Ramon. This is my current position with CT."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

5
6
7
8
9

32.    Page 6, paragraph 16: "It has been several years since CT has provided me with any harassment and discrimination training and education."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

10
11
12
13

33.    Page 6, paragraph 17: "It is my understanding that if a CT employee has a complaint to make about any kind of harassment, discrimination or any other issue, the procedure to follow first is to contact the Ombuds person who works for the company."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

14
15
16
17
18
19
20

34.    Page 6, paragraph 17: "Although I have not used the complaint procedure at CT, my husband Gary DeJong who started working for CT in December 1989 has used this process."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

21
22
23
24
25
26
27
28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

34

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

35. Pages 6-7, paragraph 18: "Through my conversation with my husband, I became aware of my husband's complaint that he could not properly do his job without access to two databases. It was my understanding that the company would only provide one database to my husband to do his job. After my husband asked for the second database numerous times and did not receive it, my husband took his complaint and request for the second database to Gary Yamashita, CT's Ombuds. Through my husband and also by talking with other employees who dealt with Gary Yamashita in the complaint process, it was my understanding that Gary Yamashita held no power or authority to change or enforce anything regarding an employee's complaint."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

36. Page 7, paragraph 18: "It also became my understanding that complaining to Gary Yamashita as the Ombuds was futile and useless because all Gary could do was to talk to the people involved in the complaint, and if a person did not want to change there was nothing that Gary could do."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation. Defendants also object to this statement on the grounds that the declarant lacks personal knowledge of the matter stated.

## III.

## Objections to the Declaration of Victoria Thompson

Defendants object to the Declaration of Victoria Thompson in Support of Plaintiff's Opposition to Defendants' Motion For Summary Judgment, Or Alternatively Partial Summary Judgment, as set forth below:

35

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1.  Page 2, lines 1-2: "During this same time period, Kiran Pande ('Pande') was also being supervised by Mitchell."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that the use of the term "supervised" is argumentative and that no foundation has been established for such statements. Defendants further object on the grounds that the statement constitutes inadmissible lay opinion testimony. Fed. R. Evid. 601-602. Defendants also object on the grounds that this statement is conclusory, rather than factual. Defendants further object to this statement on the grounds that it is irrelevant, and the declarant lacks personal knowledge.

2.  Page 2, lines 3-5: "In February 2002, Mitchell requested that I provide him with a written copy of my 2001 performance management (PMP) forms that were completed with my prior supervisor."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and that no foundation has been established for such statements. Defendants further object on the grounds that the statement constitutes inadmissible hearsay. Fed. R. Evid. 801-802. Defendants also object on the grounds that this statement is conclusory, rather than factual. Defendants further object to this statement on the grounds that it is irrelevant.

3.  Page 2, lines 5-7: "I responded back with the forms as completed through August 2001, as that was when the last performance management discussion with my former supervisor had occurred."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that the use of the term "supervisor" is argumentative and that no foundation has been established for such statements. Defendants further object on the grounds that the statement constitutes inadmissible lay opinion testimony. Fed. R. Evid. 601-602. Defendants also object on the grounds that this statement is conclusory, rather than factual. Defendants further object to this statement on the grounds that it is irrelevant, and the declarant lacks personal knowledge.

4.  Page 2, line 7: "At that time, my supervisor was Tom Schull ('Schull')."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that the use of the term "supervisor" is argumentative and that no foundation has been established for such statements. Defendants further object on the grounds that the statement constitutes inadmissible lay

36

1
2
3
4
5
6
7
8
9
10
11
12
13

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

opinion testimony.  Fed. R. Evid. 601-602.  Defendants also object on the grounds that this statement is conclusory, rather than factual.

Defendants object to this statement on the grounds that it lacks foundation.  Defendants also object on the grounds that this statement is irrelevant to the pending Motion.  Fed. R. Evid. 401-402.

5.    Page 2, lines 9-11:  "In the interim (August 2001 to November 2001) period before being reassigned to Mitchell, I had no assigned supervisor."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that the use of the term "supervisor" is argumentative and that no foundation has been established for such statements.  Defendants further object on the grounds that the statement constitutes inadmissible lay opinion testimony.  Fed. R. Evid. 601-602.  Defendants also object on the grounds that this statement is conclusory, rather than factual.

6.    Page 2, lines 11-12:  "In April 2002, I received an email from Mitchell containing a copy of my finalized 2001 performance review, as completed by Mitchell."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony.  Fed. R. Evid. 401-402, 602, 701.  Defendants also object on the grounds that this statement is conclusory, rather than factual.  Defendants further object on the grounds that the statement is pure conjecture and speculation, and is irrelevant.  Fed. R. Evid. 401-402.

7.    Page 2, lines 12-13:  "Mitchell's email also requested that we schedule a meeting to discuss my 2001 review and performance goals for 2002."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony.  Fed. R. Evid. 401-402, 602, 701.  Defendants also object on the grounds that this statement is conclusory, rather than factual.  Defendants further object on the grounds that the statement is pure conjecture and speculation,

37

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

and is irrelevant.  Fed. R. Evid. 401-402. Defendants also object on the grounds that the statement contains inadmissible hearsay. Fed. R. Evid. 801-803.  Given the availability of the document allegedly quoted from, the declarant's conclusory assertions as to the contents of the document are not admissible. *See* Fed. R. Evid. 1004-1005.

8.    Page 2, lines 14-16:  "I learned via this email that Mitchell had given me an 'average' ranking for my performance in 2001 and that my salary treatment which became effective on April had been based upon Mitchell's evaluation."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is argumentative and lacks foundation, that the declarant lacks personal knowledge of the matter stated, and that it constitutes inadmissible lay opinion testimony.  Fed. R. Evid. 401-402, 602, 701.  Defendants also object on the grounds that this statement is conclusory, rather than factual.  Defendants further object on the grounds that the statement is pure conjecture and speculation, and is irrelevant.  Fed. R. Evid. 401-402. Defendants also object on the grounds that the statement contains inadmissible hearsay. Fed. R. Evid. 801-803.  Given the availability of the document allegedly quoted from, the declarant's conclusory assertions as to the contents of the document are not admissible. *See* Fed. R. Evid. 1004-1005.

9.    Page 2, lines 16-17:  "Until this time, Mitchell and I had no discussions relating to my job."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is irrelevant, argumentative and lacks foundation.  Fed. R. Evid. 401-402.

10.    Page 2, lines 17-19:  "And as my new supervisor, I was aware that Mitchell was unfamiliar with my duties, I was also aware that Mitchell had not looked at or reviewed my work products for the year and had no justification for the 'average' ranking."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that the use of the term "supervisor" is argumentative and that no foundation has been established for such statements. Defendants further object on the grounds that the statement constitutes inadmissible lay opinion testimony.  Fed. R. Evid. 601-602. Defendants also object on the grounds that this statement is conclusory, rather than factual.    Defendants further object to this statement on the grounds that it is irrelevant, the declarant lacks personal knowledge, and

38

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the statement is pure conjecture and speculation.

11.  Page 2, lines 19-22: "Based on the work that I performed for the company that year, in combination with my experience of prior years receiving higher rankings and salary treatments from other supervisors, I believed that Mitchell's ranking was unsupportable."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.  Defendants further object to this statement on the grounds that it is pure conjecture and speculation.  Further Thompson's subjective beliefs as to her performance are irrelevant to this Motion and this lawsuit.

12.  Page 2, lines 23-27: "During our April meeting to discuss my 'average' 2001 performance ranking and 2003 PMP, Mitchell became verbally aggressive and belligerent, attacking me for a work-related suggestion I was making. He would not stop his attack until I finally put up my hands in a surrender pose and told him that he was absolutely correct in the assertions he was making."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.  Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

13.  Page 2, line 23-page 3 line 2: "Because of Mitchell's overly aggressive conduct towards me and because I felt that Mitchell's evaluation of my performance had no foundation, I decided to try to use Chevron's Ombuds process to register a complaint and get some sort of relief."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.  Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

14.  Page 3, lines 5-7: "Through discussions I was having with Pande at about the same time, I learned that she too was having problems with Mitchell. Because we both had similar complaints about Mitchell, we decided to jointly go to Yamashita."

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.  Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

15.  Page 3, lines 7-10: "Yamashita agreed to set up a meeting between Pande, myself, and Mitchell's supervisors, Jay

**DEFENDANTS' OBJECTION:**  Defendants object to this statement on the grounds that the use of the term "supervisor" is

39

Johnson ('Johnson'). Yamashita led us to believe that he would act as our advocate at the meeting and help us explain to Johnson the nature of our complaints about Mitchell."

argumentative and that no foundation has been established for such statements. Defendants further object on the grounds that the statement constitutes inadmissible lay opinion testimony. Fed. R. Evid. 601-602. Defendants also object on the grounds that this statement is conclusory, rather than factual.

Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.

16. Page 3, lines 11-13: "Prior to the planned meeting with Johnson, Yamashita asked us to put together 'bullet points' for the meeting. Pande and I came up with the bullet points, as suggested by Yamashita."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.

17. Page 3, lines 15-17: "The overall goal of the bullet points was to provide talking points for explaining how both Pande and I believed that Mitchell was treating us – the only two women under his supervision."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is argumentative and that no foundation has been established. Defendants further object on the grounds that the statement constitutes inadmissible lay opinion testimony. Fed. R. Evid. 601-602. Defendants also object on the grounds that this statement is conclusory, rather than factual. Given the availability of the document allegedly quoted from, the declarant's conclusory assertions as to the contents of the document are not admissible. *See* Fed. R. Evid. 1004-1005.

18. Page 3, lines 17-18: "Yamashita told us to carefully consider our bullet points as they might be 'too confrontational.'"

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.

19. Page 3, lines 18-20: "We did not believe they were overly confrontational – registering a complaint at Chevron is always somewhat confrontational – and did not change them."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative and lacks foundation. Fed. R. Evid. 401-402.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

40

20. Page 3, lines 21-22: "Prior to the planned meeting with Johnson, we also discussed with Yamashita the possibility of filing a complaint with Chevron's 'STEPS' process."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it lacks foundation. Fed. R. Evid. 401-402.

21. Page 3, lines 22-24: STEPS is advertised by Chevron as an informal dispute resolution procedure open to employees who wished to have complaints about workplace conduct investigated."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

22. Page 3, lines 24-26: "Yamashita dissuaded us from using STEPS. He told us that the people involved in the process are incompetent and that we would not be happy with the results."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

23. Page 3, lines 26-28: "The message I heard from Yamashita was that taking our complaint to STEPS would be hard, long and likely futile and useless."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

24. Page 3, line 28 – page 4, line 1: "Based on these comments from Yamashita, we decided to confine our complaints to the Ombuds process."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

25. Page 4, lines 2-3: "Prior to the meeting, Yamashita told me that there had been other complaints about Mitchell and that Mitchell 'had left carnage wherever he had been.'"

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

41

26. Page 4, line 5: "Yamashita went in first to speak with Johnson alone."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, and inadmissible as pure conjecture and speculation. Fed. R. Evid. 401-402.

27. Page 4, lines 7-11: "We also raised our fear of retaliation from Mitchell. Pande and I discussed that we felt that there was an imbalance in the criteria being used to rank people for salary treatment. Pande and I said that we did not believe that we were being treated fairly and that there was no uniform criteria being employed to evaluate employees."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.

28. Page 4, lines 12-18: "Pande specifically raised a complaint about Mitchell's racial slur involving people of East Indian descent, like Pande. In particular, Pande relayed a conversation she had with Iris Owen ('Owens'), who was Mitchell's administrative assistant at the time. Owens had asked Mitchell if he wanted her to make arrangements for him to have a taxi or limo service to or from the airport for his upcoming air travel. In response, Mitchell made an angry comment to the effect that he did not want to use them, and referred to the drivers as 'towel heads.'"

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.

29. Page 4, lines 19-20: "Instead of responding to Pande's various complaints about Mitchell, Johnson redirected the discussion to Pande's work performance over the past year."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.

30. Page 4, lines 20-21: "Johnson did not give any sort of substantive reply to Pande's complaints."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Further, it contains inadmissible law opinion testimony.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

31. Page 4, lines 21-22: "At one point Johnson even laughed about one of my complaints."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

32. Page 4, lines 22-23: "Johnson also told us, referring to Mitchell" 'the poor guy is under stress and overworked.'"

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

33. Page 4, lines 23-24: "Johnson then effectively turned the meeting into a confrontation about Pande's performance."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

34. Page 4, lines 24-26: "I felt very uncomfortable at this point because I did not feel it was appropriate for Johnson to be discussing Pande's performance with me in the room."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation. Fed. R. Evid. 401-402.

35. Page 4, line 26: "The entire experience was quite humiliating for Pande."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative and lacks foundation. Fed. R. Evid. 401-402. Defendants further object to this statement on the grounds that it is pure conjecture and speculation and that Thompson lacks personal knowledge.

36. Page 4, line 27 – page 5, line 1: "All the while that Johnson was attacking Pande about her performance, Yamashita did nothing. He did not speak up. He did not try to redirect the

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.

43

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

conversation to the substance of our complaints. Really, Yamashita was nothing more than a fly on the wall during this meeting."

37. Page 5, lines 3-4: "During the meeting both Pande and I requested that we be given another supervisor instead of Mitchell."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that the use of the term "supervisor" is argumentative and that no foundation has been established for such statements. Defendants further object on the grounds that the statement constitutes inadmissible lay opinion testimony. Fed. R. Evid. 601-602. Defendants also object on the grounds that this statement is inadmissible hearsay. Fed. R. Evid. 801-805.

38. Page 5, lines 4-6: "In response, Johnson told me that my request would be granted, but then told Pande that hers would not and that she would have to remain with Mitchell as her supervisor."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that the use of the term "supervisor" is argumentative and that no foundation has been established for such statements. Defendants further object on the grounds that the statement constitutes inadmissible lay opinion testimony. Fed. R. Evid. 601-602. Defendants also object on the grounds that this statement is inadmissible hearsay. Fed. R. Evid. 801-805.

39. Page 5, lines 6-8: "Pande attempted to justify her request by explaining why it would also make business sense to have her moved to another group that also reports to Johnson."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Thompson also lacks personal knowledge as to Pande's motivations.

40. Page 5, lines 8-9: "Johnson emphatically said no, he would not entertain any such request from her."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803.

41. Page 5, lines 10-12: "During the meeting, Johnson also took Pande to task for writing to much in her PMP form. He said that putting so much

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed.

44

1      detail and information into the PMP    R. Evid. 401-402, 801-803.
2      form would be indicative to someone
3      reading her file later on that there was a
    problem."

4  42. Page 5, lines 12-14: "Pande explained    **DEFENDANTS' OBJECTION:**   Defendants
5      that the only reason she did that was to    object to this statement on the grounds that it
    try to show Mitchell support for her    is irrelevant, argumentative, lacks foundation,
6      belief that she should receive a higher    and constitutes inadmissible hearsay.   Fed.
    rating and salary treatment."    R. Evid. 401-402, 801-803.

7  43. Page 5, lines 14-16: "Johnson was not    **DEFENDANTS' OBJECTION:**   Defendants
8      swayed by Pande's explanation and    object to this statement on the grounds that it
    said that by writing this 'whole litany,'    is irrelevant, argumentative, lacks foundation,
9      showed that she had a problem."    and constitutes inadmissible hearsay.   Fed.
10     R. Evid. 401-402, 801-803.   Defendants
11     further object to this statement on the
    grounds that it is pure conjecture and
12     speculation.

13 44. Page 5, lines 17-18:  "In all, Johnson    **DEFENDANTS' OBJECTION:**   Defendants
    spent about 10% of the meeting    object to this statement on the grounds that it
14     addressing my concerns, and the    is irrelevant, argumentative, lacks foundation,
15     remainder attacking Pande over    and constitutes inadmissible hearsay.   Fed.
    accusations about her performance."    R. Evid. 401-402, 801-803.   Defendants
16     further object to this statement on the
17     grounds that it is pure conjecture and
    speculation.

18 45. Page 5, lines 19-20: "At no time during    **DEFENDANTS' OBJECTION:**   Defendants
19     the meeting did Johnson indicate that    object to this statement on the grounds that it
    there would be any sort of investigation    is  irrelevant,  argumentative  and  lacks
20     into our complaints."    foundation,.  Fed. R. Evid. 401-402.

21 46. Page 5, lines 20-21: "At no time after    **DEFENDANTS' OBJECTION:**   Defendants
    the meeting did I learn that there was    object to this statement on the grounds that it
22     any sort of investigation into our    lacks foundation.  Defendants also object on
23     complaints."    the grounds that this statement is irrelevant
    to the pending Motion.  Fed. R. Evid. 401-
24     402.

25 47. Page 5, lines 21-22: "As far as I am    **DEFENDANTS' OBJECTION:**   Defendants
26     aware, Mitchell received no counseling    object to this statement on the grounds that it
27     or discipline for his behavior towards    is  irrelevant,  argumentative  and  lacks
    Pande or me."    foundation.   Fed.  R.  Evid.  401-4023.
28     Defendants further object to this statement

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

45

on the grounds that it is pure conjecture and speculation.

48.  Page 5, lines 23-26 and Exhibit B: "In late September 2002, I received an email from Tim Magner. In that email, Magner asked" 'What is the problem between Rex and Kiran Pandy [sic]? We were considering her for a position that will open up in Fernando Gaggino's group, and Rex told him things like 'she's not a team player,' 'she pouts,' etc. Real career killers."

**DEFENDANTS' OBJECTION:** Defendants object to this exhibit on the grounds that the declarant has failed to lay a proper foundation for, or authenticate, the document attached, and has failed to provide any competent evidence that such document is what it purports to be. Moreover, the document contains inadmissible hearsay. Fed. R. Evid. 801-803. Defendants also object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and contains inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

49.  Page 5, lines 26-28 and Exhibit B: "I then forwarded the email to Pande to show her that Mitchell's attitude towards her was affecting her career path at Chevron."

**DEFENDANTS' OBJECTION:** Defendants object to this exhibit on the grounds that the declarant has failed to lay a proper foundation for, or authenticate, the document attached, and has failed to provide any competent evidence that such document is what it purports to be. Moreover, the document contains inadmissible hearsay. Fed. R. Evid. 801-803.

Defendants also object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

50.  Page 6, lines 1-7: "In subsequent communications with Tim Magner ('Magner') about this email, I learned that the idea had been discussed to propose an exchange of Pande for an employee named Sarah Saltzer ('Saltzer'). Specifically, the idea was that Pande would move to Magner's group and Saltzer would move into Mitchell's group. However, after the

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

46

1
2
3

folks in Magner's group learned of Mitchell's comments, the idea was dropped and Pande was no longer considered for the position."

4
5
6
7
8
9
10

51.  Page 6, lines 8-12: "Based on my 25 years of employment with Chevron, including going through the process of transferring amongst several of Chevron's companies, I can very comfortably state that word-of-mouth between supervisors is a very important aspect of the career development of professionals at Chevron. As soon as one supervisor starts saying bad things about you, you can essentially forget about your career path."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that the use of the term "supervisor" is argumentative and that no foundation has been established for such statements. Defendants further object on the grounds that the statement constitutes inadmissible lay opinion testimony. Fed. R. Evid. 601-602. Defendants also object on the grounds that this statement is conclusory, rather than factual.

11
12
13

Defendants object to this statement on the grounds that it lacks foundation. Defendants also object on the grounds that this statement is irrelevant to the pending Motion. Fed. R. Evid. 401-402.

14
15
16

Defendants also object to this statement on the grounds that it is pure conjecture and speculation. Fed. R. Evid. 401-402.

17
18
19
20
21

52.  Page 6, lines 12-14: "As Magner acknowledged in his email (Exhibit B), subjective comments like 'she's not a team player' are, in his words, 'real career killers' at Chevron."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

22
23
24
25
26

53.  Page 6, lines 14-15: "Based on my experiences at Chevron, I completely agree with Magner's characterizations."

**DEFENDANTS' OBJECTION:** Defendants object to this statement on the grounds that it is irrelevant, argumentative, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401-402, 801-803. Defendants further object to this statement on the grounds that it is pure conjecture and speculation.

27
28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

47

1     Defendants respectfully request that the Court sustain the above objections and strike

2  the evidence referred to above.

3

4  Dated:  December 22, 2006                    MILLER LAW GROUP
                                               Professional Corporation
5

6                                              By:_____/S/_____

7                                                  Michele Ballard Miller
                                               Attorneys for Defendants CHEVRON
8                                              INTERNATIONAL EXPLORATION AND
                                               PRODUCTION (formerly known as
9                                              CHEVRONTEXACO OVERSEAS
                                               PETROLEUM and improperly sued as
10                                             CHEVRONTEXACO OVERSEAS
                                               PETROLEUM PACIFIC COMPANY) AND
11                                             CHEVRON CORPORATION (formerly known
                                               as CHEVRONTEXACO CORPORATION)
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

**DEFENDANTS' OBJECTIONS TO DECLARATION EVIDENCE SUBMITTED BY PLAINTIFF IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT
Case No. C 04 5107 CW**