1  John A. McGuinn, Esq. SBN 36047
   McGUINN, HILLSMAN & PALEFSKY
2  535 Pacific Avenue
3  San Francisco, CA 94133
   Telephone: (415) 421-9292
4  Facsimile: (415) 403-0202

5  Attorneys for Plaintiff
   KIRAN PANDE
6

7
                    **UNITED STATES DISTRICT COURT**
8
                    **NORTHERN DISTRICT OF CALIFORNIA**
9

10  KIRAN PANDE,                              NO.    04-5107 CW

11                      Plaintiff,            **NOTICE OF MOTION AND MOTION TO**
                                              **WITHDRAW AS COUNSEL OF RECORD**
12  vs.                                       **FOR PLAINTIFF AND TO CONTINUE**
                                              **TRIAL**
13

14  CHEVRON CORPORATION (f/k/a
    CHEVRONTEXACO CORPORATION),
15  a Delaware corporation,
    CHEVRON INTERNATIONAL                     Date:        March 9, 2007
16  EXPLORATION & PRODUCTION (f/k/a           Time:        10:00 a.m.
    CHEVRONTEXACO OVERSEAS                    Courtroom:   2
17  PETROLEUM COMPANY),
    a division of Chevron U.S.A. Inc,
18

19                      Defendants.
20

21      **NOTICE IS HEREBY GIVEN** that the law firm of McGUINN, HILLSMAN &
22
    PALEFSKY ("MHP") will, and hereby does, move the Court for an Order Granting Leave to
23
    Withdraw as Counsel of Record for Plaintiff in the above-referenced cases now pending
24
    before this Court.  In order to avoid any prejudice to the Plaintiff, MHP will, and hereby
25
    does, also move this Court for an Order Continuing Trial to accommodate the plaintiff's
26
    efforts to secure new counsel.   The hearing on said motions will be on March 9, 2007 at
27

28

*McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
415/421-9292*

1   10:00 a..m., in the Courtroom of the Honorable Claudia Wilken located on the Fourth Floor

2   of the Ron Dellums Federal Building, 1301 Clay Street, 4th Floor, Oakland, California,

3   94102.   The Motion is based on this notice of motion and memorandum of points and

4   authorities, the declarations of John A. McGuinn, and Noah D. Lebowitz filed herewith,

5   and such oral argument as the Court may permit at hearing.

6

7                    **MEMORANDUM OF POINTS AND AUTHORITIES**

8   **I.    INTRODUCTION & STATEMENT OF FACTS**

9         This is an employment discrimination case brought by Plaintiff Kiran Pande against

10  her former employer, Defendants Chevron Corporation, et al.  The case is set for trial on

11  April 16, 2007 and pretrial conference on March 30, 2007.  On January 5, 2007, this Court

12  heard the Defendants' motion for summary judgment.  On January 17, this Court issued its

13  Order denying that motion (dismissing the claims the Plaintiff agreed to dismiss as part of

14  its opposition to the motion).

15        Unfortunately, during the period between the January 17 Order and the present, the

16  attorney-client relationship between Ms. Pande and her counsel of record has broken

17  down.  (Declaration of John A. McGuinn ¶¶ 2-3).  The firm of McGUINN, HILLSMAN &

18  PALEFSKY  ("MHP") is counsel in this case.  (*Id.* ¶ 1).  Until February 16, 2007, attorney

19  Noah D. Lebowitz assumed the principal role of litigating this case on behalf of Ms. Pande.

20  (*Id.* ¶ 2; Declaration of Noah D. Lebowitz ¶ 2).  Subsequently, Mr. Lebowitz left the employ

21  of MHP and became associated as a partner with the newly formed law firm of Duckworth

22  · Peters · Lebowitz LLP.  (*Id.*)  Despite efforts to continue the case without disruption,

23  during the transition process, the attorney-client relationship materially and irreparably

24  broke down.  (McGuinn Decl. ¶¶ 2-3).  MHP now moves to withdraw as counsel of record

25

26

27

28

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA  94133
415/421-9292

1    for Ms. Pande because of the irreconcilable differences they have with their client.

2    **II.    DISCUSSION**

3        **A.    Standard Governing Leave To Withdraw**

4
5        Local Rule 11-5(a) provides that "Counsel may not withdraw from an action until

6    relieved by order of Court after written notice has been given reasonably in advance to the

7    client and to all other parties who have appeared in the case."  Where grounds for the

8    termination of the attorney-client relationship exists, attorneys seeking to withdraw must

9    comply with the procedures set forth in Rule 3-700 of the California Rules of Professional

10   Conduct.  *Slavkin v. State Bar,* 49 Cal. 3d 894, 903 (1989); *Matter of Miller,* 1 Cal. State

11   Bar Ct. Rptr. 131, 135 (Rev.Dept. 1990).  In addition, the attorney is required to take

12   "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client ...

13   and comply with applicable laws and rules."  Cal. Rules Prof. Conduct 3-700(A)(2).

14
15       **1.  Good Cause**

16       In the Northern District of California, the conduct of counsel is governed by the

17   standards of professional conduct required of members of the State Bar of California,

18   including the Rules of Professional Conduct.  *Elan Transdermal Limited v. Cygnus*

19   *Therapeutic Systems,* 809 F.Supp. 1383, 1387 (N.D. Cal. 1992); *Board of Trustees of the*

20   *Sheet Metal Workers Health Care Plan v. AAA Mechanical Construction, Inc.,* 2002 WL

21   32731427 (N.D. Cal. 2002 ) ( permitting withdrawal of attorney after review of confidential

22   declarations showing break down in relationship between attorney and client).

23
24       Rule 3-700(C)(1)(d) of the California Rules of Professional Conduct permits an

25   attorney to withdraw where the conduct of the client "renders it unreasonably difficult for

26   the member to carry out the employment effectively".  Rule 3-700(C) (6) permits

27
28

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
415/421-9292

---

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL
OF RECORD FOR PLAINTIFF AND TO CONTINUE TRIAL

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
415/421-9292

1    withdrawal where the attorney believes, in good faith, that the Court "will find the existence

2    of other good cause for withdrawal". A breakdown in communications between client and

3    attorney constitutes good cause for withdrawal. *See Trustees of the Mason tenders*

4    *District Council Welfare Annuity Fud v. Acoustic Technology Inc.,* No. 01 Civ. 2315 (DC),

5    2002 WL 1453835, (S.D.N.Y. Jul.3, 2002) ("It is well established that lack of cooperation

6    and communication by a client, and refusal to pay fees, are sufficient reasons for granting

7    withdrawal", quoting *Pic Power Industries v. Cook-N-Throw, Inc.,* No. 00 Civ. 9119, 2001

8    WL 840073 (S.D.N.Y. Jul. 25, 2001)); *Tower Factory Outlet  v. Textilimpex-Tricot*, No. 84-

9    CV-1994 WL 411528 (N.D.N.Y. Aug. 2, 1994) (withdrawal granted because defendant

10   made it unreasonably difficult for attorney to represent [client]); *Generale Bank*, *New York*

11   *Branch v. Wassel*, 1992 WL 42168 (S.D.N.Y.) (permitting withdrawal where irreconcilable

12   differences between attorney and client existed, based on affidavit of counsel to that

13   effect).

14         From the Declaration of John A. McGuinn it is clear that there has been a complete

15   breakdown of the relationship between MHP and plaintiff. Specifically, it is stated that

16   "[o]ver the last several weeks there have been numerous communications between MHP

17   and the plaintiff which have resulted in irreconcilable differences regarding general

18   litigation strategy and trial strategy. In addition, the plaintiff has given firm instructions to

19   MHP which interfere and conflict with MHP's professional judgments as to how this action

20   ought to proceed." (McGuinn Decl. ¶ 2). While counsel is sensitive to the confidentiality

21   of such communications, their conclusion that the differences with their clients are

22   irreconcilable is plain. (*Id.*) Should the Court deem it necessary to delve further into the

23   particulars of the referenced communications then it would be appropriate to conduct an

"in chambers" conference with counsel and Ms. Pande.   However, it is worth pointing out that California courts recognize that counsel should be permitted to withdraw quite freely where there is no imminent prejudice to the clients.  The Court in *Rus, Miliband & Smith v. Conkle & Olensten,* (2004) 113 Cal. App. 4th 656, 673 stated this principle, in salient part, as follows:

> The law can afford to take a relatively permissive attitude toward withdrawals *qua withdrawals*. If attorney and client can not agree, how can they litigate together? There is no need to unequally yoke a union when one of the parties clearly wants out.

Here, MHP has made it clear to their client that they can no longer operate effectively with the conditions being placed on the exercise of their professional judgment. (McGuinn Decl. ¶¶ 2-3). These, coupled with other reasons which ought not to be disclosed to opposing counsel, are sufficient to satisfy the good cause requirement of Rule 3-700(C).

### 2.  Notice To Client

As noted, the Rules also require counsel to give a client advance notice of his intention to seek permission to withdraw.   *See* Cal. Rules of Prof. Conduct 3-700(A)(2). Mr. McGuinn declares that, on February 22 and 26, 2007 he sent emails to Ms. Pande her of counsel's intention to withdraw.  (McGuinn Decl. ¶ 4.)  Ms. Pande responded by email dated February 27.  (*Id,*).   In addition, a copy of this motion is being served on the Pande via email and regular mail.  (*Id.* ¶ 8).  Accordingly, the requirement of advance notice to the client of counsel's intent to seek permission to withdraw has been satisfied.

### 3.  Trial Continuance is Necessary to Avoid Prejudice to Ms. Pande

In order to avoid any potential prejudice to Ms. Pande as a result of MHP's

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
415/421-9292

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL
OF RECORD FOR PLAINTIFF AND TO CONTINUE TRIAL

1    withdrawal from representation in this case, a continuance of the trial is necessary.   The

2    April 16 trial date is the original trial date set in this case.  There have been no prior

3    requests (either by stipulation or motion) to move that trial date.  Ms. Pande has requested

4    a six month continuance to allow her to find new counsel and bring that counsel up to

5    speed on the case.  Counsel for the Defendants have indicated that they do not have an

6    objection to the request for a trial continuance, though may wish to be heard on the length

7    of such a continuance.  (*Id.* ¶ 5.)

8

9    **III.    CONCLUSION**

10           For the foregoing reasons, MHP request that their motion to withdraw as counsel of

11   record be granted and that the Court continue the trial date to some date in the future

12   which will eliminate any possible prejudice to Ms. Pande as a result of this withdrawal.

13   Respectfully submitted.

14

15

16   Dated:  March 2, 2007                    McGUINN, HILLSMAN & PALEFSKY
                                              Attorneys for Plaintiff
17

18

19                                           By:  _____/s/_____
                                                         John A. McGuinn
20

21

22

23

24

25

26

27

28

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
415/421-9292

1

## PROOF OF SERVICE

2

CASE NAME:     *Pande v. Chevron Texaco*
CASE NO.:      C-04-5107-CW
COURT:         U.S. District Court, Northern District of California – Oakland Division

3

4

I am employed in the City and County of San Francisco, California; I am over the age of eighteen years and not a party to the within action; my business address is 535 Pacific Avenue, San Francisco, California 94133.  On the date last written below, I served the following documents:

5

6

7

## MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF AND TO CONTINUE TRIAL AND SUPPORTING DOCUMENTS

8

9

on the parties, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

10

11

(A)     By First Class Mail - I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U. S. mail in San Francisco, California, for collection and mailing to the office of the addressee on the date shown herein following ordinary business practices.

12

13

14

(B)     By Personal Service - I caused each such envelope to be personally delivered to the office of the addressee by a member of the staff of this law firm on the date last written below.

15

16

(C)     By Federal Express - I caused each such envelope to be delivered to the Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the office of the addressee on the next business day.

17

18

(D)     By Facsimile - I caused a copy of this document to be faxed to the parties noted at the fax numbers stated below.  Attached hereto is a verification of reception.

19

20

| Type of Service | Addressee | Party |
|---|---|---|
| A | Kiran Pande<br>7195 Lamar Loop<br>Castro Valley, CA  94552 | Plaintiff |

21

22

23

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 2nd day of March, 2007, at San Francisco, California.

24

25

26                                          /s/
                                  Teresa McLoughlin

27

28

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
415/421-9292