Michele Ballard Miller (SBN 104198)
Kerry McInerney Freeman (SBN184764)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON
CORPORATION (f/k/a ChevronTexaco
Corporation) and CHEVRON INTERNATIONAL
EXPLORATION & PRODUCTION
(f/k/a ChevronTexaco Overseas Petroleum),
a division of Chevron U.S.A. Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE, <br><br> Plaintiff, <br><br> v. <br><br> CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc. <br><br> Defendants. | Case No. 04-5107 CW <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL AND TO CONTINUE TRIAL** <br><br> Date:  March 9, 2007 <br> Place: Courtroom 2 <br> Time:  10:00 a.m. <br><br> Pretrial Conference: March 30, 2007 <br> Trial Date: April 16, 2007 <br> Complaint filed: December 2, 2004 |

On March 2, 2007, Defendants CHEVRON INTERNATIONAL EXPLORATION AND PRODUCTION COMPANY and CHEVRON CORPORATION (collectively "Defendants") received the Motion to Withdraw as Counsel of Record for Plaintiff and to Continue Trial filed by Plaintiff Kiran Pande's counsel of record, McGUINN, HILLSMAN & PALEFSKY ("MHP"). Although Defendants do not oppose MHP's Motion to Withdraw and do not

1

oppose a brief trial continuance, Defendants do not believe a lengthy trial continuance is warranted by this Motion. Accordingly, in the event that the Court is inclined to grant any trial continuance, Defendants respectfully request that the Court deny Plaintiff's request for a six month continuance and instead, grant only a limited continuance. Specifically, and as set forth below, Defendants request a trial date on or about either April 27 or May 29, 2007.

## I.   STATEMENT OF FACTS AND ANALYSIS

This lawsuit was filed in December 2004 and trial is scheduled to commence less than six weeks from today – on April 16, 2007. Just recently however, while attempting to confer with Plaintiff's counsel about final pre-trial preparations, Plaintiff's counsel informed Defendants of their desire to withdraw from this action and to continue the trial date. Defendants are not aware of the circumstances leading up to MHP's Motion and do not oppose the Motion to Withdraw.

***However, Defendants DO oppose any significant trial continuance and specifically oppose the six month continuance requested in MHP's Motion.*** Such a lengthy continuance can serve no legitimate purpose. On the contrary, and in light of the fact that discovery has already closed and that Plaintiff's complaint alleges conduct dating from 2003 and before (*see* Plaintiff's Second Amended Complaint ("SAC")), a lengthy trial continuance will serve only to prolong this case and to prejudice Defendants. Plaintiff has already had time to procure new counsel – she has known of her counsel's desire to withdraw for several weeks and was advised to procure alternate counsel on or about February 22, 2007 (*see* Declaration of John A. McGuinn In Support of Motion to Withdraw ¶ 4). However, if a lengthy continuance is granted, the recollection of witnesses will continue to dim as time continues to pass[1] and defense costs will continue to accumulate. Also,

---

[1] As things stand currently, more than three years have already passed since the date that Plaintiff's employment terminated. (*see* SAC ¶ 34)

1  because many of Defendants' witnesses work and reside overseas, significant passage of
2  time will continue to create issues with respect to locating and securing their availability for
3  trial (in reliance on the April 16 trial date, significant efforts have already been made to
4  secure the availability of Defendants' witnesses from multiple foreign job postings, including
5  Angola, England and Australia).  Accordingly, if the Court is inclined to continue the April
6  16th trial date, Defendants respectfully request that this case be continued only to the extent
7  absolutely necessary to enable Plaintiff time to locate alternate counsel.  Taking into
8  consideration Defendants' known dates of unavailability (set forth below), Defendants
9  request that trial be set on or about April 27, 2007 or alternatively, on or about May 29,
10 2007.[2]

## II.     DEFENDANTS' DATES OF UNAVAILABILITY

In anticipation of MHP's Motion, Defendants conferred with several of its key witnesses to determine upcoming dates of unavailability.  The following are dates upon which either defense counsel or Defendants' key witnesses are **unavailable** for trial.  Defendants respectfully request that these dates be taken into consideration in the event that the Court is inclined to continue the April 16th trial date.

- May 14-June 22, 2007[3];
- July 9-20, 2007;
- August 27-31, 2007;
- September 24-28, 2007.

---

[2] In the event that the trial is scheduled for May 29, 2007, Defendants are aware that one (and possibly two) of their key witness(es) are unavailable for that trial.  Because neither of these individuals has been deposed in this matter, Defendants request that the Court authorize Defendants to record, either by video or stenographic recording the trial testimony of these witnesses to be used at the time of trial.

[3] As explained above, if Defendants are permitted to record and use the trial testimony of certain key witnesses either by video or stenographic recording, Defendants can be available for a May 29, 2007 trial date.

Dated: March 7, 2007

MILLER LAW GROUP
A Professional Corporation

By: _____/S/_____
Michele Ballard Miller
Attorneys for Defendants CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.