KEKER & VAN NEST, LLP
SUSAN J. HARRIMAN - #111703
CHRISTA M. ANDERSON - #184325
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
KIRAN PANDE

Michele Ballard Miller (SBN 104198)
Kerry McInerney Freeman (SBN 184764)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON INTERNATIONAL EXPLORATION AND PRODUCTION (formerly known as CHEVRONTEXACO OVERSEAS PETROLEUM and improperly sued as CHEVRONTEXACO OVERSEAS PETROLEUM PACIFIC COMPANY) AND CHEVRON CORPORATION (formerly known as CHEVRONTEXACO CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE, | Case No. 04-5107 CW |
| Plaintiff, | **JOINT PRETRIAL CONFERENCE STATEMENT** |
| v. | |
| CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A., Inc., | Date Comp. Filed: December 2, 2004 <br> Trial Date: April 16, 2007 |
| Defendants. | |

1

**A.    DESCRIPTION OF THE ACTION**

    **1.    Substance of the Action**

In this employment case, Plaintiff Kiran Pande, a petroleum engineer with a Ph.D. in the field, worked for various Chevron-affiliated companies from 1988 until December 31, 2003. The Defendants Chevron Corporation and Chevron International Exploration and Production Company, a division of Chevron U.S.A., Inc. (collectively "Chevron Defendants") claim that Ms. Pande voluntarily resigned from Chevron by allegedly declining a move in June 2003 from Chevron's San Ramon offices to its Houston offices.

Ms. Pande asserts that she never voluntarily resigned. Instead, Ms. Pande alleges that the Chevron Defendants wrongfully and involuntarily terminated her from her position and that (1) other members of her group who declined the move to Houston were placed in ongoing jobs within Chevron, and (2) she was qualified for several positions to which she applied within various Chevron divisions. In particular, the Second Amended Complaint alleges the following:

- Chevron violated the Family and Medical Leave Act and California Family Rights Act by, *inter alia*, interfering with her right to protected medical leave;
- Chevron engaged in gender and race discrimination against Ms. Pande by taking adverse employment actions against her because she is female and of Indian descent, and also by failing to take appropriate corrective action to address Ms. Pande's complaints about that discrimination;
- Chevron retaliated against Ms. Pande because of her prior complaints of discrimination and harassment; and
- Chevron wrongfully discharged Ms. Pande in violation of public policy.[1]

The Chevron Defendants have denied these allegations.

---

[1] Plaintiff Pande has dropped her seventh and eight causes of action, and has also informed the Chevron Defendants that she will not seek damages from the Chevron Defendants for emotional distress. In addition, the Court granted summary judgment in Defendants' favor as to Plaintiff's claims that Defendants' policies are inconsistent with the FMLA and CFRA and that Defendants violated Plaintiff's right to confidentiality and privacy in her medical records.

**2.  Relief Prayed**

Ms. Pande seeks to recover general, special and punitive damages, liquidated damages pursuant to 29 U.S.C. § 2617(a)(iii), costs of suit (including reasonable expert witness fees), reasonable attorneys' fees, interest at the maximum legal rate on all sums awarded, and such other relief as the Court deems just and proper.  The amount of general and special damages sought by Ms. Pande are set forth in the expert report of Dr. Charles Mahla.

Defendants dispute the Plaintiff's allegations and contend that Plaintiff is not entitled to damages or costs, in any sum or at all.

**B.  FACTUAL BASIS OF THE ACTION**

**1.  Undisputed Facts**

The following facts are undisputed:

- Ms. Pande was employed by various Chevron-affiliated companies from 1988 through December 31, 2003.
- During the years between 1988 and 2000, Ms. Pande received promotions, merit-based salary increases, and praise from various of her supervisors.
- In the fall of 2000, Rex Mitchell, the manager of Business and Strategic Planning, recruited Ms. Pande for his group.
- Mr. Mitchell had interviewed Ms. Pande for an opening earlier in the year and was very impressed.  When there was another opening in his Group, Mr. Mitchell sought out Ms. Pande for the opportunity.  Mr. Mitchell took his decision to hire Ms. Pande to the fall Personnel Development Committee or "PDC."
- The PDC is responsible for selecting personnel for open positions.  Although the position was in Mr. Mitchell's Group, his decision still had to be approved by the PDC.
- While two other candidates were "short listed" for the position, Mr. Mitchell successfully argued to the PDC that Ms. Pande was the best candidate.

1  - In September 2000, Ms. Pande was awarded a position with Chevron International Exploration and Production Company in which she reported to Rex Mitchell.
- Ms. Pande's performance during her first months in Planning were very strong. Mr. Mitchell thought she showed great promise as an analyst.
- Mr. Mitchell's favorable opinion of Mr. Pande increased during the summer of 2001 due to the assistance Ms. Pande provided the group's Portfolio Analyst, Brian Putt, as he worked with his counterparts at Texaco during the merger of Chevron and Texaco.
- When Brian Putt moved to a new role following the merger, Mr. Mitchell selected Ms. Pande for the now vacant Portfolio Analyst position.
- Chevron disseminated information to its employees explaining that company policy forbade workplace harassment and discrimination.
- In early March 2002, Ms. Pande met with James Johnson, Mr. Mitchell's supervisor to express concerns about her supervisor.
- On April 24, 2002, Ms. Pande met with Mr. Yamashita, Mr. Johnson and Ms. Thompson and discussed Ms. Thompson's and Ms. Pande's concerns about Mr. Mitchell.
- Ms. Pande applied for two positions in late 2002, one in the Project Resources Company ("PRC") and another in Strategic Planning. She was not selected for either position.
- On October 22, 2002, Ms. Pande was notified that she had been selected for the position in the Block 14 Group at the Southern Africa Strategic Business Unit's ("SASBU") San Ramon offices under the supervision of Jack Dunn.
- On December 9, 2002, Ms. Pande began a new position as a Reservoir Simulation Engineer with SASBU. Her supervisor in that position was Jack Dunn.
- In the Spring of 2003, Chevron announced that Ms. Pande's business unit was being transferred from San Ramon, California to Houston, Texas.

- The SASBU employees were informed of this decision in late May 2003 and provided information relating to the move, including a timeline.
- The employees were told that the move would occur in two phases – Block 0 would move in August and Block 14, where Ms. Pande worked, would move by the end of the year.
- Employees were told they would receive formal "offers" to relocate the week of June 2 and would have one week to either accept or decline the offer.
- Ms. Pande received her relocation offer package on June 2, 2003. In that package was a Fixed Duration Assignment agreement for Ms. Pande to sign, indicating whether she accepted or declined the offer.
- Ms. Pande declined the offer to move to Houston and, instead, looked for another position in Chevron.
- Throughout the Fall of 2003, Ms. Pande attempted to find another job within Chevron. She applied for several openings, but she did not get any of the jobs for which she applied.
- On October 29, 2003, Ms. Pande filed paperwork with UnumProvident, requesting a medical leave of absence.
- On October 30, 2003, Ms. Pande informed Mr. Dunn that she was applying to take medical leave.
- On November 4, 2003, employees in Mr. Dunn's group, including Ms. Pande, had a meeting to discuss upcoming projects.
- Ms. Pande commenced her leave on November 10, 2003.
- Defendants do not dispute Ms. Pande's eligibility for medical leave under the Family Medical Leave Act and the California Family Rights Act.

2. **Disputed Factual Issues**

The following are the principal factual issues that are disputed by the parties:

- Whether the Chevron Defendants unlawfully discriminated against her because she is female and/or because she is of Indian descent.

- Whether the Chevron Defendants failed to appropriately investigate Ms. Pande's alleged complaints of discrimination and harassment.
- Whether Ms. Pande was involuntarily terminated from her employment.
- Whether the Chevron Defendants interfered with Ms. Pande's rights to take medical leave.
- Whether the defendants terminated Ms. Pande's health plan before the expiration of her FMLA leave.
- Whether Ms. Pande's election to take family medical leave was a negative factor in the defendants' decision to terminate her.
- Whether Ms. Pande's complaints of discrimination or harassment were a motivating factor in the defendants' decision to terminate her.
- Whether Ms. Pande's election to take family medical leave was a negative factor in the defendants' decision not to hire her for alternative positions.
- Whether Ms. Pande's complaints of discrimination or harassment were a motivating factor in the defendants' decision not to hire her for alternative positions.
- Whether Ms. Pande suffered damages and, if so, the amount of damages to which she is entitled.
- Whether Ms. Pande was, at any time relevant to this action, employed by Chevron Corporation.
- Whether Ms. Pande received a merit salary increase in April 2003.
- Whether Rex Mitchell was involved in the salary action decision relating to Ms. Pande in April 2003.
- Whether Jack Dunn interfered with Ms. Pande's application for either position in Zuwa Omoregie's group because of her FMLA and CFRA leave.
- Whether Ms. Pande made reasonable efforts to secure employment comparable to her last employment with Defendant Chevron International Exploration and Production Company.

- Whether positions comparable to Ms. Pande's last employment with Defendant Chevron International Exploration and Production Company are open and available and/or have been open and available since June 2003.
- Whether Ms. Pande voluntarily removed herself from the job market at any point from early 2004 to the present.

Defendants also assert (and plaintiff disputes) that the following is a relevant factual dispute: Whether Ms. Pande was able to return to gainful employment prior to February 2, 2004.

**3.   Agreed Statement**

The parties can present some portions of this case by an agreed statement of facts, which facts are set forth above.

**4.   Stipulations**

Plaintiff has agreed and stipulated that she will not seek to introduce any testimony at trial by her treating physicians, Sheri Task, M.D. and Juliana Wong, M.D. Based upon Plaintiff's stipulation in this regard, Defendants have withdrawn their Motion in Limine seeking to exclude such testimony.

Defendants have agreed and stipulated that they will not seek to introduce evidence and argument at trial relating to their Tenth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Affirmative Defenses. On that basis, Plaintiff has withdrawn her motion in limine to exclude such evidence and argument from trial.

**C.   DISPUTED LEGAL ISSUES**

The following are the principal legal issues that are disputed by the parties:

- Whether Plaintiff's claims of discrimination based on gender and race/national origin and retaliation are barred by the applicable statute of limitations.
- Whether Plaintiff's gender was a motivating factor in the alleged adverse employment actions related to her employment with Defendants.
- Whether Plaintiff's race or Indian descent was a motivating factor in the alleged adverse actions related to her employment with Defendants.

- Whether Plaintiff's request for and/or taking of medical leave was a negative factor in her termination and Defendants' refusal to hire her for alternative positions.
- Whether Plaintiff can recover damages on her claims for violation of the FMLA and CFRA.
- Whether Defendants are equitably estopped from arguing that their termination of Plaintiff was legal because she allegedly could not have returned to work within 12 weeks.
- Whether Chevron Corporation can be held liable for any alleged acts or omissions of Defendant Chevron International Exploration and Production Company.

The parties also have exchanged exhibit lists and objections thereto. The parties' exchange in this regard are attached hereto as exhibits A and B.

Finally, because there are important legal issues to be resolved by the Court in regard to motions in limine and other pretrial filings, the Plaintiff requests permission to file a trial brief closer to the actual trial date when these legal issues are resolved. In the event that Plaintiff's request is granted, Defendants request permission to amend their trial brief if necessitated by the Court's rulings on motions *in limine* and jury instructions.

**D.     FURTHER DISCOVERY OR MOTIONS**

All fact discovery is completed.

**E.     TRIAL ALTERNATIVES AND OPTIONS**

**1.     Settlement Discussions**

The parties have engaged in multiple mediation sessions. Further efforts are likely to be unproductive.

**2.     Consent to Trial before a Magistrate Judge:**

Ms. Pande consented to a trial before a magistrate judge; Chevron declined to consent.

**3.     Bifurcation, Separate Trial of Issues:**

Defendants filed a motion to bifurcate the trial on punitive damages issues. The Court denied that motion, but did issue an order on March 26, 2007 setting forth the procedure to be

followed in regard to proof of punitive damage claims.

## F. DEFENDANTS' STATEMENT OF MISCELLANEOUS MATTERS

Defendants submit that issues concerning the presentation of witnesses and whether any witnesses will be asked to testify either via video link or via deposition remain. In light of the fact that this trial is set to proceed on October 9, 2007, and that the Court has indicated that this trial may end up trailing, it is Defendants' contention that these issues should be addressed closer to the upcoming trial.

Dated: May 8, 2007                                   KEKER & VAN NEST, LLP


By:   /s/ Susan J. Harriman
      SUSAN J. HARRIMAN
      CHRISTA M. ANDERSON
      Attorneys for Plaintiff
      KIRAN PANDE

Dated: May 8, 2007                                   MILLER LAW GROUP
                                                     A Professional Corporation


By:   Concurrence obtained General Order 45X.B.
      Michele Ballard Miller
      Attorneys for Defendants CHEVRON
      CORPORATION (f/k/a ChevronTexaco
      Corporation) and CHEVRON
      INTERNATIONAL EXPLORATION &
      PRODUCTION (f/k/a ChevronTexaco
      Overseas Petroleum), a division of
      Chevron U.S.A. Inc.