KEKER & VAN NEST, LLP
SUSAN J. HARRIMAN - #111703
CHRISTA M. ANDERSON - #184325
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
KIRAN PANDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE, | Case No. 04-5107 CW |
| Plaintiff, | **PLAINTIFF KIRAN PANDE'S TRIAL BRIEF** |
| v. | |
| CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A., Inc., | Date Comp. Filed: December 2, 2004<br>Trial Date: October 9, 2007 |
| Defendants. | |

## I. Introduction

Per the Court's invitation, Ms. Pande submits this trial brief to touch on specific legal issues raised by the pretrial conference and the jury instructions. As the Court instructed at the pretrial conference, this trial brief does not belabor points already decided on summary judgment or fully developed in briefing on Chevron's motions in limine. Instead, this brief seeks to address the following two issues that affect numerous jury instructions and the scope of the trial:

- The Court should, as it indicated at the hearing, deny Chevron's motion in limine seeking to bar relief on Ms. Pande's FMLA and CFRA claims (and reject Chevron's proposed jury instructions that rely on the same arguments as presented in that motion in limine); and

- The Court should permit Ms. Pande to present at trial the full scope of her retaliation claim. That claim is not limited to acts by Rex Mitchell preceding May 2003, as Chevron has argued in support of its jury instructions, but instead includes evidence of a series of retaliatory acts by Chevron that include Chevron's failure to offer Ms. Pande numerous alternative and available positions and its ultimate termination of her employment.

Ms. Pande will, of course, submit additional briefing should the Court wish to address other issues.

## II. Argument

**A. The Court should properly deny Chevron's motion in limine number 1.**

Although the Court during the pretrial conference indicated its inclination to deny Chevron's motion in limine number 1 (which seeks to bar presentation of any testimony and evidence supporting Ms. Pande's claims for relief under FMLA and CFRA), the Court granted Chevron's request to submit a reply brief on the subject of that motion in limine. In particular, Chevron apparently sought to argue again that Ms. Pande's FMLA/CFRA claims are improper. Further, Chevron indicated a desire to address the question of whether governing law bars Ms. Pande's claims even where she had some flexibility in her medical options and could have elected to return to work had Chevron offered her an alternative position instead of terminating

her.

### 1. Chevron incorrectly states the law governing circumstances where an employee has some flexibility to return to work within the twelve week leave period.

While Chevron argued at the pretrial conference that flexibility in returning to work is immaterial to the analysis of Ms. Pande's FMLA and CFRA claims, Chevron's argument misstates the law. For example, in <u>Hill v. Underwood Memorial Hospital</u>, 365 F. Supp. 2d 602 (D. N.J. 2005), the court specifically distinguished its facts from cases like the one presented here by stating that "this is <u>not</u> a case where an employee has some flexibility with regard to when she takes FMLA leave." <u>Id.</u> at 610 n.17 (emphasis added). The court in <u>Hill</u> properly granted the Hospital's motion for summary judgment on Hill's FMLA claim because, unlike here, Hill had a disability she could <u>not</u> control, which would inevitably have lasted longer than twelve weeks. <u>Id.</u> at 610. Moreover, the Hospital's termination of Hill could not constitute interference with her FMLA rights because it occurred more than six months <u>after</u> her FMLA leave expired. <u>Id.</u> Here, in contrast, Chevron terminated Ms. Pande only days into her protected leave, and Ms. Pande could have chosen medical treatment that would have allowed her to return to work within the required period had Chevron not terminated her.

The Seventh Circuit's decision in <u>Thomas v. Pearle Vision, Inc.</u>, 251 F.3d 1132 (7th Cir. 2001), is also instructive on this point. There, the court considered the significance of the employer's failure to notify Thomas that her former position would not be restored if she took her intended leave, and its misleading actions implying that she would be. <u>Id.</u> at 1140. In that context, the court found that the employer's failure to provide proper written notice that Thomas's position would not be restored had substantively affected her rights, because "[p]erhaps, if faced with the decision between two definite alternatives—either to continue her leave knowing that her job would not be restored or to abort her leave to secure her position—Dr. Thomas would have chosen the latter." <u>Id.</u> Likewise, Chevron's illegal decision to terminate Ms. Pande removed any need (or ability) for her to make medical or other choices that would have allowed her to return to work when that leave expired.

**2.   Ms. Pande should be permitted to present at trial the full scope of her FMLA and CFRA claims.**

Contrary to Chevron's arguments, the full scope of Ms. Pande's claims under FMLA and CFRA, as outlined in her proposed jury instructions, is proper pursuant to Ninth Circuit law. Specifically, Ms. Pande alleges that each of the following four actions constituted interference with Ms. Pande's FMLA and CFRA rights: (1) Ms. Pande's taking of medical leave constituted a negative factor in Chevron's decision to terminate her; (2) Ms. Pande's taking of medical leave constituted a negative factor in Chevron's decision not to hire her for alterative positions; (3) Chevron denied Ms. Pande her full twelve-week medical leave; and (4) Chevron denied Ms. Pande her health benefits during her full twelve-week medical leave. See, e.g., Plaintiff's Proposed Jury Instruction No. 38; Second Amended Complaint ("SAC") ¶¶ 27-28, 40, 45.

Each of the four above premises of Ms. Pande's FMLA and CFRA claims is alleged in the complaint and recoverable under the law. As for the first two premises, this Court specifically acknowledged these to be surviving bases for Ms. Pande's FMLA and CFRA claims in its Summary Judgment Order. Docket No. 70 ("Summary Judgment Order") at 17 ("[A] disputed issue of material fact remains as to whether the medical leave taken by Plaintiff was an impermissible factor in her inability to obtain a new position which, in turn, led to her termination."). The Court's Summary Judgment Order properly applied governing Ninth Circuit case law making it a violation of FMLA and CFRA for employers to consider the taking of protected medical leave as a negative factor in employment decisions. See, e.g., Liu v. Amway Corp., 347 F.3d 1125, 1135-36 (9th Cir. 2003).

Similarly, the third and fourth bases of Ms. Pande's claims for interference with FMLA and CFRA rights are alleged in the complaint and proper under the law. Ms. Pande alleged that Chevron illegally denied her the full twelve weeks of FMLA/CFRA leave and cut off her medical benefits during that period. SAC ¶ 40 (Chevron violated FMLA "by failing to grant Pande the full extent of her eligible family leave"); id. ¶ 43 ("Further, by terminating Pande's employment, the Defendants failed to grant Pande her full term of FMLA leave."); id. ¶¶ 45, 54 (alleging "loss of income and benefits"). Under the plain terms of the statutes and case law, both

those actions are direct violations of Ms. Pande's rights under FMLA and CFRA. 29 U.S.C. § 2612(a)(1) (right to twelve weeks of FMLA leave); Cal. Gov't Code § 12945.2(a) (right to twelve weeks of CFRA leave); 29 U.S.C. § 2614(c)(1) ("[During FMLA leave,] the employer shall maintain coverage under any 'group health plan' . . . for the duration of such leave at the level and under the conditions coverage would have been provided if the employee had continued in employment continuously for the duration of such leave."); Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 86 (2002) ("During the mandatory 12 weeks, the employer must maintain the employee's group health coverage."). All of these four premises of Ms. Pande's FMLA/CFRA claims survived summary judgment and therefore they all should proceed to trial.[1]

### B. Ms. Pande's retaliation claims rely on Chevron's denial of multiple alternative positions and ultimate termination, not only on Rex Mitchell's behavior.

The second legal issue this Court must resolve in the context of jury instructions is the scope of Ms. Pande's retaliation claim. Ms. Pande unambiguously alleged in her complaint that, after she complained about discrimination by her former supervisor (Rex Mitchell), Ms. Pande was subjected to a variety of acts of retaliation. In particular, Ms. Pande alleged (and has testified in deposition) that she was subjected by Chevron to (*inter alia*) adverse decisions related to her "job assignment," denial of a merit increase to her "compensation," and ultimately "termination" when she was unable to secure a new job assignment. SAC ¶ 70. She also alleged

---

[1] Although these matters will be addressed more fully at the time when jury instructions are resolved, it is worth noting that several of Chevron's proposed jury instructions repeat Chevron's unsuccessful FMLA/CFRA arguments on summary judgment and its first motion in limine, and would misdirect the jury. In addition to Chevron's Proposed Instruction No. 37 (the counterpart to Ms. Pande's Proposed Instruction No. 38, discussed above), these erroneous instructions include Defendants' Proposed Instruction No. 2 (improperly limiting scope of FMLA/CFRA claims by omitting reference to Chevron's denial of health benefits and failure to offer Ms. Pande alternative positions), Instruction No. 35 (improperly limiting FMLA/CFRA claim to actions taken by Mr. Dunn), Instruction No. 37 (improperly stating that FMLA claim is based only on fact that Chevron terminated Ms. Pande's employment), Instruction No. 39 (improperly suggesting that termination was proper even if Ms. Pande's leave was a "motivating factor"), Instruction No. 40 (improperly stating that Chevron was not required to reinstate Ms. Pande if she was unable to work at the end of twelve weeks, when in fact Chevron illegally terminated her long before then), Instruction No. 41 (improperly stating that damages are not available based on same flawed facts recited in Instruction No. 40), and Instruction No. 74 (improperly stating that damages are available only through end of protected leave, if Ms. Pande could not return to work on that date). The Court should reject Chevron's erroneous instructions, as it has rejected earlier embodiments of the same mistaken arguments, and allow Ms. Pande to present her FMLA/CFRA claims fully to the jury.

1  that Mr. Mitchell deliberately excluded her from work-related meetings, otherwise isolated her
2  from the work group, impeded her ability to perform, said negative things about her to other
3  managers, and harmed her ability to find alternative job assignments within the company.  SAC
4  ¶¶ 20-23.
5        The law recognizes that retaliation claims often may come in the form of a series of
6  adverse acts taken against an employee that, collectively, harm an employee like Ms. Pande.
7  See, e.g., Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1055 (2005) ("[T]here is no
8  requirement that an employer's retaliatory acts constitute one swift blow, rather than a series of
9  subtle, yet damaging, injuries.").  Notwithstanding Ms. Pande's allegations of just this kind of
10 treatment (as well as her deposition testimony on the subject), Chevron's proposed jury
11 instructions improperly seek to limit her retaliation claim to "adverse decisions related to her
12 compensation [and] job assignment" prior to May 2003, and excluding any reference to later acts
13 of retaliation in denial of job assignments and ultimate termination.  See Defendants' Proposed
14 Jury Instruction No. 56, and argument submitted in support thereof.  Chevron bases its attempt to
15 limit Ms. Pande's claim on the argument that Ms. Pande waived (in the context of opposing
16 summary judgment) any retaliation claims resulting from conduct by Mr. Dunn.
17       Chevron is wrong.  In her opposition to summary judgment, Ms. Pande stated that she
18 did not oppose Chevron's summary judgment motion only "insofar as her Second Amended
19 Complaint can be construed to allege gender discrimination and race/national origin
20 discrimination for actions taken by John (aka Jack) Dunn."  Opposition to Summary Judgment at
21 1 n.1 (emphasis added).  Ms. Pande did not concede any part of her retaliation claims, which
22 may encompass actions by Mr. Dunn or others in addition to Mr. Mitchell.  The Court likewise
23 acknowledged that Ms. Pande's concession in regard to Mr. Dunn merely related to "her
24 allegations that Mr. Dunn discriminated against her based on her gender and race or national
25 origin," but did not restrict Ms. Pande's retaliation claims.  Summary Judgment Order, at 14
26 (emphasis added).
27       Chevron also mistakenly tries to limit Ms. Pande's claims by arguing that she is
28 somehow limited at trial by having included in her opposition and stated at oral argument less

than the full list of facts that support her retaliation claim.  Chevron offers no detailed explanation of this position, and no supporting authority, likely because that is not the law.  Ms. Pande was entitled, in responding to Chevron's summary judgment motion, to select material disputed facts to present to the Court which demonstrated that the motion should be denied. Having presented these genuine issues of material fact, Ms. Pande properly defeated the summary judgment motion.  Fed. R. Civ. P. 56(e).  The law does not place Ms. Pande under an obligation to present every nuance of every fact she will present at trial in support of her claims, particularly where the premises of Ms. Pande's retaliation claim were clearly alleged in the complaint and described in deposition testimony.

Indeed, the Court found that the facts Ms. Pande offered to oppose summary judgment did warrant denial of Chevron's motion.  In so doing, the Court certainly did not bar (and Chevron did not move the Court to bar) Ms. Pande from presenting the full range of facts, alleged in her complaint and described in her deposition testimony, that support the conclusion that Chevron took retaliatory acts in the form of denial of job assignments and ultimate termination.

In light of the above, Ms. Pande's proposed jury instructions properly reflect the legal and factual scope of her retaliation claims.  See Proposed Jury Instruction No. 56 (including bolded language describing scope of Ms. Pande's retaliation claim).  In contrast, Chevron's Proposed Jury Instructions Nos. 56 (omitting bolded language), 57, 58, and 60 distort Ms. Pande's claims.  The Court should reject Chevron's faulty instructions and permit Ms. Pande to present her retaliation claims fully, in keeping with Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1043 (2005), and other pertinent authority.

///
///
///
///
///
///

### III. Conclusion

For the foregoing reasons, the Court should permit Ms. Pande to present at trial the full scope of her claims set forth above, and should instruct the jury accordingly.

Respectfully submitted,

Dated: May 29, 2007

KEKER & VAN NEST, LLP

By: /s/ Christa M. Anderson
SUSAN J. HARRIMAN
CHRISTA M. ANDERSON
Attorneys for Plaintiff
KIRAN PANDE