1 | KEKER & VAN NEST, LLP
  | SUSAN J. HARRIMAN - #111703
2 | CHRISTA M. ANDERSON - #184325
  | 710 Sansome Street
3 | San Francisco, CA  94111-1704
  | Telephone:  (415) 391-5400
4 | Facsimile:  (415) 397-7188

5 | Attorneys for Plaintiff
  | KIRAN PANDE

6 |

7 | MILLER LAW GROUP
  | A Professional Corporation
8 | MICHELE BALLARD MILLER - #104198
  | KERRY MCINERNEY FREEMAN - #184764
9 | LISA C. HAMASAKI - #197628
  | 60 E. Sir Francis Drake Blvd., Ste. 302
10 | Larkspur, CA 94939
   | Tel. (415) 464-4300
11 | Fax (415) 464-4336

12 | Attorneys for Defendants CHEVRON
   | CORPORATION (f/k/a ChevronTexaco
13 | Corporation) and CHEVRON INTERNATIONAL
   | EXPLORATION & PRODUCTION
14 | (f/k/a ChevronTexaco Overseas Petroleum),
   | a division of Chevron U.S.A. Inc.

15 |

16 | UNITED STATES DISTRICT COURT

17 | NORTHERN DISTRICT OF CALIFORNIA

18 | KIRAN PANDE,                                    Case No. C 04-5107 CW

19 |                          Plaintiff,            **REVISED JOINT PROPOSED JURY**
   |                                                **INSTRUCTIONS, UNDISPUTED AND**
20 |       v.                                       **DISPUTED**

21 | CHEVRON CORPORATION (f/k/a
   | CHEVRONTEXACO CORPORATION), a            Complaint Filed:    December 2, 2004
22 | Delaware corporation,
   | CHEVRON INTERNATIONAL                    Trial Date:         October 9, 2007
23 | EXPLORATION & PRODUCTION (f/k/a
   | CHEVRONTEXACO OVERSEAS
24 | PETROLEUM COMPANY),
   | a division of Chevron U.S.A., Inc.,
25 |
   |                          Defendants.
26 |

27 |

28 |

1     Plaintiff and Defendants jointly submit this revised joint proposed jury instructions,

2 which submission includes undisputed and disputed instructions.

3     The parties state that, throughout this document, the parties have referred to a single

4 defendant, Chevron International Exploration & Production.  The parties have done so because,

5 at the suggestion of the Court, they are attempting to work out a stipulation that would allow for

6 reference to only one defendant in these instructions (and in the verdict form).  In the event that

7 the parties cannot reach such a stipulation, the parties will promptly amend the joint proposed

8 instructions and the verdict form to reflect the multiple defendants.

9                                            Respectfully submitted,

10 Dated:  June 21, 2007                      KEKER & VAN NEST, LLP

11                                    By:  /s/ Christa M. Anderson
                                            SUSAN J. HARRIMAN
12                                          CHRISTA M. ANDERSON
                                            Attorneys for Plaintiff KIRAN PANDE
13

14 Dated:  June 21, 2007                      MILLER LAW GROUP
                                            A PROFESSIONAL CORPORATION
15
                                      By:  Concurrence obtained General Order 45X.B.
16                                          Michele Ballard Miller
                                            Attorneys for Defendants CHEVRON
17                                          CORPORATION (f/k/a ChevronTexaco
                                            Corporation) and CHEVRON
18                                          INTERNATIONAL EXPLORATION &
                                            PRODUCTION COMPANY (f/k/a
19                                          ChevronTexaco Overseas Petroleum), a
                                            division of Chevron U.S.A. Inc.
20

21

22

23

24

25

26

27

28

1
REVISED JOINT PROPOSED JURY INSTRUCTIONS, UNDISPUTED AND DISPUTED
CASE NO.  04-5107 CW

**PRELIMINARY & RECESS INSTRUCTIONS**

**PROPOSED JURY INSTRUCTION NO. 1.**

**INTRODUCTORY INSTRUCTION – DUTY OF JURY**

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  [Up to Court: You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.]  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**SOURCE:** No. 1.1A, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2.**

**INTRODUCTORY INSTRUCTION – CLAIMS AND DEFENSES**

**(DISPUTED AS TO THE LANGUAGE IN BOLD)**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff Kiran Pande claims that defendant Chevron International Exploration and Production Company, a division of Chevron U.S.A., Inc. – which I will call Chevron -- violated both the Family Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA") by terminating her during her medical leave**[, denying her health benefits during the same period,]** and refusing to offer her alternative available positions.  Ms. Pande also claims that Chevron retaliated against her for complaining about gender and race/national origin discrimination, and that Chevron's termination of her employment violated the public policy of the State of California.

Chevron denies those claims and contends that Ms. Pande's discharge was unrelated to her use of medical leave or her complaints about gender and race/national origin discrimination. Chevron further contends that Ms. Pande's claims of retaliation are barred by the applicable statute of limitations and that all actions taken by Chevron were taken for legitimate and lawful business reasons.  Chevron also denies that the termination of Ms. Pande's employment violated any public policy.

**SOURCE:** No. 1.2, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.  (as modified).

## ARGUMENT AND AUTHORITY FOR AND AGAINST

## DISPUTED INSTRUCTION

**PLAINTIFF'S POSITION:** Plaintiff submits that her description of her claims accurately reflects the allegations in the Second Amended Complaint and the facts in this case. *See, e.g.,* SAC ¶ 40 ("Defendants violated the FMLA by failing to grant Pande the full extent of her eligible family leave" and by "terminating her during her FMLA leave"); SAC ¶ 45 (plaintiff suffered "loss of income and other benefits"); SAC ¶¶ 27-28 (plaintiff denied alternative available positions). Further, the language in the instruction is not improperly argumentative but, instead, makes clear that it describes Plaintiff's "claims." Finally, the wrongs for which Plaintiff seeks relief under the FMLA and CFRA are squarely within the scope of these statutes and case law interpreting it. As the Ninth Circuit has explained, the FMLA guarantees eligible employees "the right to take up to twelve weeks of leave for the reasons described" in 29 U.S.C. § 2612(a); "the right to be restored to his or her original position or to a position equivalent in benefits, pay, and conditions of employment upon return from leave;" and "that . . . taking leave will not result in a loss of job security or in other adverse employment actions." *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1132 (9th Cir. 2003). Ms. Pande's allegations that she was denied the full, protected medical leave and, suffered various adverse employment actions (including not being offered alternative positions, suffering termination, and having her health benefits cut-off) are well within the scope of the FMLA/CFRA. *Ragsdale v. Wolverine Worldwide*, 535 U.S. 81, 86 (2002); 26 U.S.C. §2614(c).

**DEFENDANT'S POSITION:** Defendant contends that the language "denying her health benefits during the same period, and refusing to offer her alternative available positions" is misleading, argumentative and not consistent either with the language set forth in Plaintiff's Second Amended Complaint or with the law applicable to Plaintiff's FMLA/CFRA claims. Plaintiff's first and second causes of action do not allege that she was denied health benefits (*see*

SAC ¶¶ 36-55).  Moreover, to the extent such allegation is appropriate at this time, it is an issue of damages and should be addressed only in the damages instructions.  The language concerning Defendant allegedly "refusing to offer" Plaintiff alternative available positions is also misleading and inappropriate as it suggests that Defendant has some obligation to provide alternative available positions – a contention which is not supported by applicable law.  *See Defendant's Proposed Instructions, numbers 39 and 40, and the supporting authority cited therein.* Accordingly, Defendant believes that that section of the instruction should exclude reference to health benefits and be stated as "adversely affecting her ability to find alternative available positions."  Alternatively, the suggested language can simply be shortened to "plaintiff Kiran Pande claims that defendant Chevron International Exploration and Production Company, a division of Chevron U.S.A., Inc. – which I will call Chevron – violated both the Family Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA")."

## PROPOSED JURY INSTRUCTION NO. 3.

## INTRODUCTORY INSTRUCTION – WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received into evidence; and

(3)     any facts to which the lawyers have agreed.

**SOURCE:** No. 1.6, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 4.**

**INTRODUCTORY INSTRUCTION – WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**SOURCE:** No. 1.7, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 5.**

**INTRODUCTORY INSTRUCTION - EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**SOURCE:** No. 1.8, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 6.**

**INTRODUCTORY INSTRUCTION - DIRECT AND**

**CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**SOURCE:** No. 1.9, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 7.**

**INTRODUCTORY INSTRUCTION – RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**SOURCE:** No. 1.10, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

## PROPOSED JURY INSTRUCTION NO. 8.

## INTRODUCTORY INSTRUCTION – CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**SOURCE:** No. 1.11, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

11

**PROPOSED JURY INSTRUCTION NO. 9.**

**INTRODUCTORY INSTRUCTION – EXERCISE OF A**

**COMMUNICATION PRIVILEGE**

People have a legal right not to disclose what they told their attorney in confidence because the law considers this information privileged. People may exercise this privilege freely and without fear of penalty.

You must not use the fact that a witness exercised this privilege to decide whether he or she should be believed. Indeed, you must not let it affect any of your decisions in this case.

**SOURCE:** CACI 215 (September 2003).

## PROPOSED JURY INSTRUCTION NO. 10.

## INTRODUCTORY INSTRUCTION – CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards of e-mails.  Nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**SOURCE:** No. 1.12, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 11.**

**INTRODUCTORY INSTRUCTION – NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based upon what you recall of the evidence.  You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**SOURCE:** No. 1.13, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 12.**

**INTRODUCTORY INSTRUCTION – TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**SOURCE:** No. 1.14, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

## PROPOSED JURY INSTRUCTION NO. 13.
## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**SOURCE:** No. 1.18, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 14.**

**INTRODUCTORY INSTRUCTION – BURDEN OF PROOF**

**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**SOURCE:** No. 1.3, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 15.**

**INTRODUCTORY INSTRUCTION – BURDEN OF PROOF**

**CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proof on any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**SOURCE:** No. 1.4, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 16.**

**INTRODUCTORY INSTRUCTION – OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**SOURCE:** No. 1.19, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 17.**

**CAUTIONARY INSTRUCTION – FIRST RECESS**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**SOURCE:** No. 2.1, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2001 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 18.**

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**SOURCE:** No. 2.4, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

# CLOSING JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 19.

## DUTY OF JURY

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


**SOURCE:** No. 1.1C, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 20.**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received into evidence; and

(3)     any facts to which the lawyers have agreed.

**SOURCE:** No. 1.6, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 21.**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**SOURCE:** No. 1.7, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition. Committee on Model Jury Instructions, Ninth Circuit.

## PROPOSED JURY INSTRUCTION NO. 22.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**SOURCE:** No. 1.9, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 23.**

**FAILURE TO EXPLAIN OR DENY EVIDENCE**

You may consider whether a party failed to explain or deny some unfavorable evidence.

Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

**SOURCE:** CACI 205 (September 2003).

**PROPOSED JURY INSTRUCTION NO. 24.**

**CREDIBILITY OF WITNESSES**


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)      the opportunity and ability of the witness to see or hear or know the things testified to;

(2)      the witness's memory;

(3)      the witness's manner while testifying;

(4)      the witness's interest in the outcome of the case and any bias or prejudice;

(5)      whether other evidence contradicted the witness's testimony;

(6)      the reasonableness of the witness's testimony in light of all the evidence; and

(7)      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.


**SOURCE:** No. 1.11, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 25.**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**SOURCE:** No. 2.11, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition. Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 26.**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**SOURCE:** No. 2.12, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition. Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 27.**

**CHARTS AND SUMMARIES IN EVIDENCE**


Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.


**SOURCE:** No. 2.13, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 28.**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**SOURCE:** No. 4.2, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2001 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 29.**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**SOURCE:** No. 1.3, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 30.**

**BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proof on any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**SOURCE**: No. 1.4, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

## PROPOSED JURY INSTRUCTION NO. 31.

## CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT

Defendant Chevron is a corporation.

All parties are equal before the law and a corporation or company is entitled to the same fair and conscientious consideration by you as any party.

**SOURCE:** No. 4.1, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit (as modified).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32.**

**TRANSITION / INTRODUCTORY INSTRUCTION**

**(FIRST AND SECOND CAUSES OF ACTION – VIOLATION OF THE FAMILY**

**MEDICAL LEAVE ACT AND THE CALIFORNIA FAMILY RIGHTS ACT)**

**(DISPUTED INSTRUCTION)**

Ms. Pande alleges that her exercise of her rights under the Family Medical Leave Act and the California Family Rights Act was a motivating factor in Chevron's decision to terminate her employment.  Specifically, Ms. Pande alleges that Jack Dunn, the manager of the Southern Africa Strategic Business Unit, interfered with her ability to obtain another position because she had taken a medical leave of absence, and that his actions resulted in her termination.

I will now instruct you on the law relating to Ms. Pande's Family Medical Leave Act and California Family Rights Act causes of action.


**SOURCE:**  Plaintiff's Second Amended Complaint ¶¶ 36-55.

## ARGUMENT AND AUTHORITY FOR AND AGAINST
## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:**  Defendant contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above – and it is necessary to avoid potential confusion by the jury.  With regard to Plaintiff's proposed alternative instruction, Defendant contends that the language concerning "denying her full twelve week leave period" and "canceling her health benefits" is misleading, inappropriate and inconsistent with the law.  Specifically, the language concerning denial of health benefits is misleading, argumentative and not consistent either with the language set forth in Plaintiff's Second Amended Complaint or with the law applicable to Plaintiff's FMLA/CFRA claims.  Plaintiff's first and second causes of action do not allege that she was denied health benefits (*see* SAC ¶¶ 36-55).  Moreover, to the extent such allegation is appropriate at this time, it is an issue of damages and should be addressed only in the damages instructions.  Further, the language concerning Plaintiff's "full twelve week leave period" is misleading and unnecessarily duplicative as it fails to take into account that an employee is not entitled to twelve weeks of leave if he or she would have been terminated for reasons other than his/her medical leave.  *See, Defendant's Proposed Instructions, numbers 39 and 40, and the supporting authority cited therein.*

**PLAINTIFF'S POSITION:**

Plaintiff submits that Chevron's proposed instruction misstates the claims asserted by Ms. Pande and also unfairly narrows it to an act by Mr. Dunn.  In reality, Ms. Pande's claims are broader than this and encompass Chevron's acts in considering Ms. Pande's exercise of her FMLA/CFRA rights as a negative factor in the termination decision as well as in the decision not to offer her alternative positions.  *See* Plaintiff's Position in regard to Defendant's Proposed Jury Instruction No. 2 above.  Ms. Pande's claims are also premised on Chevron's denial of protected

leave under these statutes (i.e., a leave that is twelve weeks long and that can be enjoyed without loss of benefits).  *Id*.; *Xin Liu v. Amway Corp*., 347 F.3d 1125, 1135-36 (9th Cir. 2003).

Accordingly, Plaintiff proffers the alternative instruction on the following page.

**PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 33.**

**TRANSITION / INTRODUCTORY INSTRUCTION**

**(FMLA AND CFRA CLAIMS)**

Ms. Pande alleges that Chevron interfered with, restrained, and denied her exercise of her right to take twelve weeks protected medical leave by terminating her, refusing to hire her for alternative available positions, canceling her health benefits, and/or denying her full twelve week leave period.

I will now instruct you on the law relating to these claims.

**SOURCE:** SAC ¶¶ 36-55.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34.**

**VIOLATION OF FMLA / CFRA RIGHTS – ESSENTIAL FACTUAL ELEMENTS**

**(DISPUTED INSTRUCTION)**

Ms. Pande claims that Chevron unlawfully terminated her employment during a medical leave.  To establish this claim, Ms. Pande must prove all of the following:

1.      That she was eligible for medical leave;

2.      That she took leave for her own serious health condition;

3.      That she provided reasonable notice to Chevron of her need for medical leave, including its expected timing and length.  If Chevron notified its employees that 30 days' advance notice was required before the leave was to begin, then Ms. Pande must show that she gave that notice or, if 30 days' notice was not reasonably possible under the circumstances, that she gave notice as soon as possible;

4.      That Chevron terminated Ms. Pande's employment because of her request for or her taking medical leave;

5.      That Ms. Pande was harmed; and

6.      That Chevron's conduct was a substantial factor in causing Ms. Pande's harm.

The parties agree that Ms. Pande was eligible for medical leave, that she took leave for her own serious health condition and that she provided reasonable notice to Chevron.  Accordingly, Ms. Pande need not prove the elements in items 1, 2, or 3 above.

**SOURCE:** CACI 2600 (September 2003).

## ARGUMENT AND AUTHORITY FOR AND AGAINST
## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above – and it is necessary to avoid potential confusion by the jury and consistent with the allegations set forth in Plaintiff's Second Amended Complaint.  With regard to Plaintiff's proposed alternative instruction, Chevron contends that the use of the word "protected" to describe Plaintiff's medical leave is unnecessary and potentially misleading to the jury and should therefore be omitted.  Additionally, Chevron contends that the language concerning denial of health benefits is misleading, argumentative and not consistent either with the language set forth in Plaintiff's Second Amended Complaint or with the law applicable to Plaintiff's FMLA/CFRA claims.  Plaintiff's first and second causes of action do not allege that she was denied health benefits (*see* SAC ¶¶ 36-55).  Moreover, to the extent such allegation is appropriate at this time, it is an issue of damages and should be addressed only in the damages instructions.  Further, the language concerning Plaintiff's "full twelve week leave period" is misleading and unnecessarily duplicative as it fails to take into account that an employee is not entitled to twelve weeks of leave if he or she would have been terminated for reasons other than his/her medical leave.  *See, Defendant's Proposed Instructions, numbers 39 and 40, and the supporting authority cited therein.*

**PLAINTIFF'S POSITION:**  For the reasons stated above in Plaintiff's Position Statements with regard to Defendant's Proposed Jury Instruction Nos. 2 and 35, Chevron's proposed instruction both misstates the law and also disregards the full scope of Ms. Pande's FMLA and CFRA claims.  Accordingly, Ms. Pande proposes the following alternative instruction:

**PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 35.**

**VIOLATION OF FMLA / CFRA - INTERFERENCE WITH RIGHTS –**

**ESSENTIAL ELEMENTS**

Ms. Pande claims that Chevron interfered with, restrained and/or denied the exercise of her right to protected medical leave under the Family and Medical Leave Act and the California Family Rights Act.  To establish this claim, Ms. Pande must prove all of the following by a preponderance of the evidence:

1.  That Ms. Pande was eligible for medical leave;

2.  That Ms. Pande requested and took medical leave for her own serious health condition;

3.  That Ms. Pande provided reasonable notice to Chevron of her need for medical leave, including its expected timing and length;

4.  That one or more of the following occurred:

(a) Ms. Pande's taking of protected leave constituted a negative factor in Chevron's decision to terminate her; and/or

(b) Ms. Pande's taking of protected leave constituted a negative factor in Chevron's decision not to hire her for alternative positions; and/or

(c) Ms. Pande was denied the full twelve week medical leave by Chevron; and/or

(d) Ms. Pande was denied her health benefits during the full twelve week medical leave period;

5.  That Ms. Pande was harmed; and

6.  That Chevron's conduct was a substantial factor in causing Ms. Pande's harm.

Chevron has stipulated in this case that Ms. Pande was eligible for medical leave, that she requested and took medical leave for her own serious health condition that made her unable to perform the functions of her job, and that she provided the requisite reasonable notice to Chevron.  You therefore must find for Ms. Pande on these causes of action if you determine that

she has proven elements 4, 5, and 6 above.

**SOURCE:**  CACI 2600; *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1135-36 (9th Cir. 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36.**

**AFFIRMATIVE DEFENSE – EMPLOYMENT WOULD HAVE CEASED**

**(DISPUTED INSTRUCTION )**

Chevron claims that it was not required to allow Ms. Pande to return to work when her medical leave was over because her employment would have ended for other reasons. To succeed, Chevron must prove both of the following:

1.     That Chevron would have terminated Ms. Pande's employment even if she had continued to work during the leave period; and

2.     That Ms. Pande's medical leave was not a reason for discharging her.

An employee on medical leave has no greater right to his or her job or to other employment benefits than if he or she had continued working during the leave.


**SOURCE:** CACI 2612 (September 2003).

## ARGUMENT AND AUTHORITY FOR AND AGAINST

## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:** Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with applicable law. Employees are not entitled to "job security" simply because they are on leave. 29 U.S.C. section 2614(a)(3)(B); 2 Cal. Code Regs. section 7297.2(c)(1). Further, "[a]n employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA [or CFRA] leave period." 29 C.F.R. section 825.216(a). Indeed this instruction is taken directly from the Judicial Council of California Civil Jury Instructions, 2007 edition – and it explains an affirmative defense that was properly pled by Chevron and that Chevron will prove in this action. (See Defendant's Answer to Second Amended Complaint ("SAC"), Fourth Affirmative Defense at ¶ 103). Failure to include this instruction would significantly prejudice Chevron and could cause significant confusion for the jury.

**PLAINTIFF'S POSITION:** Plaintiff opposes this instruction because it contradicts the Ninth Circuit's holding in *Xin Liu v. Amway Corp.*, 347 F.3d 1125 (9th Cir. 2003), which lays out the burdens of proof borne by the parties in FMLA (and hence CFRA) claims. In particular, the Ninth Circuit explained that "at trial, an employee may prevail on a claim that an employer interfered with her rights by terminating her in violation of FMLA by showing by a preponderance of the evidence that her taking of FMLA-protected leave constituted a negative factor in the decision to terminate her." *Id.* at 1135-36. The Ninth Circuit further rejected the notion (implicit in this instruction) that the existence of an otherwise lawful reason for terminating an employee (in that case, a reduction in work force program) could insulate defendants from FMLA claims. *Id.* at 1136, n. 11.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37.**

**REINSTATEMENT NOT REQUIRED IF EMPLOYEE UNABLE TO WORK AT**

**CONCLUSION OF 12-WEEK ENTITLEMENT**

**(DISPUTED INSTRUCTION)**

An employer is not required to reinstate an employee to his or her position if the employee remained on leave after exhausting her 12-week entitlement or was unable to return to work at the expiration of her 12-week entitlement.

Accordingly, if the evidence shows that Ms. Pande was not released to return to her position at the conclusion of her 12-week leave entitlement, Chevron was not required by law to reinstate her to her same or a comparable position.

**SOURCE:**  *See* Todd J. McNamara & J. Alfred Southerland, *Federal Employment Jury Instructions,* at §8:500 (James Publishing 2006); 29 C.F.R. § 825.209(f); *Cehrs v. Northeast Ohio Alzheimers Research Ctr.,* 959 F.Supp. 441, 449 (N.D. Ohio 1997), *aff'd in part,* 155 F.3d 775 (6th Cir. 1998).    *Williams v. Toyota Motor Mfg., Kentucky, Inc.,* 224 F.3d 840, 845 (6th Cir. 2000), revd. on other grounds; *Nunes v. Wal-Mart Stores, Inc.,* 980 F. Supp. 1336, 1340-1341 (N.D. Cal. 1997), revd. on other grounds, 164 F.3d 1243 (9th Cir. 1999); *Neisendorf v. Levi Strauss and Co.,* 143 Cal.App.4[th] 509, 518-519 (2006).

## ARGUMENT AND AUTHORITY FOR AND AGAINST

## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above – and it is necessary to avoid potential confusion by the jury.  Indeed, it is undisputed that Plaintiff began her medical leave on November 10, 2003.  Accordingly, her twelve week entitlement ended no later than February 2, 2004.  The evidence, however, including both medical records submitted by Plaintiff in support of her leave and Plaintiff's own deposition testimony establish that Plaintiff could not return to work prior to February 2, 2004 (*see* Defendants' Motion In Limine No. I and Defendants' Trial Brief, section IV.A.2).  This instruction is highly relevant and necessary in this action.  Failure to include this instruction could significantly prejudice Chevron.


**PLAINTIFF'S POSITION**:  Plaintiff opposes this instruction and submits that it should not be included in the set of instructions given to the jury for the reasons set forth in Plaintiff's Opposition to Defendants' Motion In Limine to Exclude Testimony and Evidence Suggesting Plaintiff is Entitled to Relief on her FMLA and CFRA Claims.  In short, and as explained at length in the above-referenced brief, Chevron cannot now assert this defense when it fired Ms. Pande only days into her medical leave; it would be inequitable and contrary to law to allow Chevron to take advantage of the circumstances that developed as a result of wrongfully terminating her at the inception of her medical leave.  *Xin Liu v. Amway Corp*., 347 F.3d 1125, 1133 (9th Cir. 2003); *Kosakow v. New Rochelle Radiology Associates*, 274 F.3d 706, 725 (2d Cir. 2001); *Ragsdale v. Wolverine Worldwide*, 535 U.S. 81, 86 (2002); 26 U.S.C. § 2614(c).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38.**

**DAMAGES UNAVAILABLE IF EMPLOYEE UNABLE TO WORK AT CONCLUSION**

**OF 12-WEEK ENTITLEMENT**

**(DISPUTED INSTRUCTION)**

In order to prevail on a claim for violation of the FMLA and/or CFRA, the employee must prove by a preponderance of the evidence, not only that she was denied leave to which she was statutorily entitled, but also that she was harmed as a direct consequence of that denial.

An employee may not recover damages where the evidence shows that he or she would not or could not have returned to work within the twelve week leave entitlement period.

**SOURCE:**  *Hill v. Underwood Memorial Hospital, et al*, 365 F. Supp. 2d 602, 610 (D.N.J. 2005); *Kelso v. Corning Cable Systems Int'l Corp.*, 224 F.Supp.2d 1052, 1057 (W.D.N.C. 2002); *Cehrs v. Northeast Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 784-85 (6th Cir. 1998); *Colburn v. Parker Hannifi/Nichols Portland Div.*, 429 F.3d 325, 332 (1st Cir. 2005).

## ARGUMENT AND AUTHORITY FOR AND AGAINST
## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above – and it is necessary to avoid potential confusion by the jury.  Indeed, it is undisputed that Plaintiff began her medical leave on November 10, 2003.  Accordingly, her twelve week entitlement ended no later than February 2, 2004.  The evidence, however, including both medical records submitted by Plaintiff in support of her leave and Plaintiff's own deposition testimony establish that Plaintiff could not return to work prior to February 2, 2004 (*see* Defendants' Motion In Limine No. I and Defendants' Trial Brief, section IV.A.2).  This instruction is highly relevant and necessary in this action.  Failure to include this instruction could significantly prejudice Chevron.

**PLAINTIFF'S POSITION:**  Plaintiff opposes this instruction and submits that it should not be included in the set of instructions given to the jury for the reasons that will be set forth in Plaintiff's Opposition to Defendants' Motion In Limine to Exclude Testimony and Evidence Suggesting Plaintiff is Entitled to Relief on her FMLA and CFRA Claims.  In short, and as will be explained at length in the above-referenced brief, Chevron cannot now assert this defense when it fired Ms. Pande only days into her medical leave; it would be inequitable and contrary to law to allow Chevron to take advantage of the circumstances that developed as a result of wrongfully terminating her at the inception of her medical leave.  *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir. 2003); *Kosakow v. New Rochelle Radiology Associates*, 274 F.3d 706, 725 (2d Cir. 2001); *Ragsdale v. Wolverine Worldwide*, 535 U.S. 81, 86 (2002); 26 U.S.C. § 2614(c).

**PROPOSED JURY INSTRUCTION NO. 39.**

**TRANSITION / INTRODUCTORY INSTRUCTION**

**(FIFTH CAUSE OF ACTION – RETALIATION)**

**(DISPUTED AS TO "ULTIMATE TERMINATION" LANGUAGE)**

Ms. Pande also claims that she suffered retaliation by Chevron after she complained to supervisors about alleged acts of discrimination and/or harassment on the basis of gender, race and/or national origin.  Ms. Pande alleges that her complaints were a motivating factor in adverse decisions related to her compensation, job assignment, **[and ultimate termination.]**

I will now instruct you on the law relating to Ms. Pande's retaliation claim.


**SOURCE:**  Plaintiff's Second Amended Complaint ¶¶ 68-72.

## ARGUMENT AND AUTHORITY FOR AND AGAINST
## DISPUTED INSTRUCTION

**PLAINTIFF'S POSITION:**   The bolded language set forth in the above instruction is required to set forth clearly all aspects of Ms. Pande's retaliation claim. Contrary to Chevron's overly-broad argument below, Ms. Pande did not oppose Chevron's summary judgment motion only "to the extent it attack[ed] her allegations that *Mr. Dunn discriminated* against her based on her gender and race or national origin." Summary Judgment Order at 14 (emphasis added). Plaintiff did not concede any aspect of her retaliation claims, and intends to proceed with evidence to support those claims at trial. The jury should be instructed on the full extent of those claims.

Ms. Pande properly bases her retaliation claims not only on individual retaliatory acts that – even standing alone – constitute unlawful retaliation, but also on Chevron's collective pattern of retaliatory action against her, which led up to and includes Chevron's refusal to offer her alternative positions and her termination.   The California Supreme Court has made clear that under California law a retaliation claim may arise based on the collective impact of a series of retaliatory actions. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1055 (2005).  "[T]here is no requirement that an employer's retaliatory acts constitute one swift blow, rather than a series of subtle, yet damaging, injuries." *Id.*  Such a requirement would "subvert the purpose and intent of the statute [FEHA]." *Id.*  Also, the jury's instructions should not be limited to exclude portions of Ms. Pande's claims that may rely on circumstantial evidence.  Employees challenging employment discrimination and retaliation often lack direct evidence of their employers' illicit motives, and their claims may require inferential proof; California law permits proof of Ms. Pande's claims by either direct or circumstantial evidence. *See Morgan v. Regents of the Univ. of*

*Cal.*, 88 Cal. App. 4th 52, 67-68 (2000). As the Ninth Circuit recently emphasized, "[t]he general rule bears repeating: in proving a case, circumstantial evidence is weighed on the same scale and laid before the jury in the same manner as direct evidence[, and is] not inherently less probative than direct evidence." *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 854 n.4 (9th Cir. 2002) (enbanc) (internal quotations and citations omitted).

 

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should not include reference to "ultimate termination" as Plaintiff conceded in her opposition to Defendants' Motion For Summary Judgment that she did "not oppose this motion insofar as her Second Amended Complaint can be construed to allege gender discrimination and race/national origin discrimination for actions taken by John (aka Jack) Dunn […] and consents to dismissal of those claims." (MSJ Opposition, fn. 1).   Accordingly, Plaintiff's gender/national origin discrimination claims allege wrongful conduct by Plaintiff's former supervisor, Rex Mitchell, only and any complaints allegedly made were about Mitchell's conduct only.  As it is undisputed that Plaintiff ceased working for Mitchell in early December 2002 – more than a year before her ultimate termination – and there is no evidence linking either Mitchell to Plaintiff's termination or Plaintiff's alleged complaints about Mitchell to her termination, there simply is no claim that Plaintiff was terminated in retaliation for complaining of gender or national origin discrimination. Further, in Plaintiff's summary judgment opposition, and in the oral argument on that claim as well, Plaintiff specifically identified the adverse employment actions which she alleges resulted from gender/national origin discrimination and retaliation – nowhere does she allege that her termination was an adverse action stemming from such retaliation.  To the contrary, she identified only the following alleged adverse actions: "(1) receiving a rating of 'average' in April 2002; (2) receiving a lower salary increase in April 2002; (3) Mitchell's failure to promote her; (4) repeated negative performance-related comments by Mitchell, thwarting Pande's ability to attain career goals; and (5) being forced to take a career step

backwards into the SASBU position." (MSJ Opposition, 22:20-25; see also 24:6-8)  Given these facts, any reference to "ultimate termination" should be excluded from the jury instructions on Plaintiff's fourth, fifth and sixth causes of action.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40.**

**PROTECTIONS UNDER FEHA**

**(DISPUTED INSTRUCTION)**

An employer may not retaliate against an individual for opposing practices forbidden by the California Fair Employment and Housing Act (FEHA). Accordingly, Ms. Pande has engaged in protected activity for purposes of her retaliation claim if she can prove that she opposed a practice forbidden by that statute.

To constitute protected activity, Ms. Pande must show that her opposition was directed at discriminatory conduct by Chevron, or Chevron's agent(s), against an employee of Chevron. Opposing conduct that is not unlawful, or is not forbidden by these statutes, is not sufficient to give rise to or constitute protected activity for purposes of a retaliation claim.

**SOURCE:** Cal. Govt. Code § 12940(h) (it is an unlawful employment practice "[f]or any employer . . . to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." ); *see Silver v. KCA, Inc.*, 586 F.2d 138, 140–42 (9th Cir.1978) (employee's opposition to a racially discriminatory act of a co-employee cannot be the basis for a retaliation action).

## ARGUMENT AND AUTHORITY FOR AND AGAINST
## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:** Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above – and it is necessary to avoid potential confusion by the jury and to properly instruct the jury about the law applicable to this case. Accordingly, failure to include this instruction could significantly prejudice Chevron.

**PLAINTIFF'S POSITION:** Chevron's proposed instruction is not only duplicative of other instructions, but it misstates the law by suggesting that a plaintiff only engages in activity protected from retaliation if she opposes conduct that actually violates the discrimination laws. In fact, to show retaliation, plaintiff need not prove that the acts she opposed, which triggered retaliation, were in fact forbidden under the statute. If plaintiff reasonably believed in good faith that Chevron discriminated against her, her efforts to report and oppose that perceived discrimination are protected under FEHA. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1043 (2005) ("It is well established that a retaliation claim may be brought by an employee who has complained of or opposed conduct that the employee reasonably believes to be discriminatory, even when a court later determines the conduct was not actually prohibited by the FEHA.").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 41.**

**RETALIATION—ELEMENTS**

**(DISPUTED INSTRUCTION)**

To prevail on her claim of retaliation by Rex Mitchell, Ms. Pande has the burden of proving each of the following elements by a preponderance of the evidence:

1.      she engaged in or was engaging in an activity protected by the FEHA;

2.      Chevron subjected her to an adverse employment action; and

3.      the protected activity was a motivating factor in the adverse employment action.

If you find that Ms. Pande has failed to prove any one of these elements, your verdict should be for Chevron.  If Ms. Pande has proved all three of these elements, Ms. Pande is entitled to your verdict, unless Chevron has proved by a preponderance of the evidence that it would have made the same decision even if Ms. Pande's participation in a protected activity had played no role in the employment decision.  In that event, Chevron is entitled to your verdict, even if Ms. Pande has met her burden of proof on all three of the above elements.


**SOURCE:** No. 10.3, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition. Committee on Model Jury Instructions, Ninth Circuit (as modified); CACI 2505 (September 2003).

## ARGUMENT AND AUTHORITY FOR AND AGAINST

## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above.  Further, it closely parallels the Ninth Circuit's Model Instructions and incorporates relevant portions of the CACI instruction cited.  It also sets forth the appropriate elements and standards for retaliation.  Further, it is necessary to avoid potential confusion by the jury.  Failure to include this instruction could significantly prejudice Chevron.  Defendant objects to Plaintiff's proposed alternative instruction on the grounds that it is misleading and inconsistent with the law in its purported description of "adverse employment actions" – a term which is defined elsewhere in these instructions" (*See* Instruction No. 42) Plaintiff has merely incorporated her argument as to what constitutes an adverse employment into this instruction which will mislead and confuse the jurors.  The law on this subject is clear – in order to constitute an "adverse employment action "[t]he employment action must be both detrimental and substantial."  *Thomas v. Dept. of Corrections,* 77 Cal.App.4th 507, 511-12 (2000).  Indeed, one  "must analyze [plaintiff's] complaints of adverse employment actions to determine if they result in a material change in the terms of her employment, impair her employment in some cognizable manner, or show other employment injury." *Id.* Plaintiff's instruction simply – and wrongly – presumes that the items listed are adverse actions.

**PLAINTIFF'S POSITION:**  Chevron's instruction relating to the elements of retaliation are confusing to the jury and do not adhere to the recommended instructions in CACI.  Plaintiff submits that the instruction on the following page is more appropriate.

**PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 42.**

**RETALIATION – ELEMENTS**

**(DISPUTED INSTRUCTION)**

Ms. Pande claims that Chevron retaliated against her for her complaints about gender discrimination, racial discrimination, and harassment.  To establish this claim, Ms. Pande must prove all of the following:

That Ms. Pande complained to supervisors about gender discrimination, racial discrimination, and/or harassment;

That Chevron subjected Ms. Pande to adverse employment actions, such as reduced compensation, denial of job reassignments, denial of alternative positions, or termination;

That Ms. Pande's complaints about gender discrimination, racial discrimination, and harassment were a motivating reason for Chevron's decision to take any of these adverse employment actions against her;

That Ms. Pande was harmed; and

That this retaliatory conduct by Chevron was a substantial factor in causing Ms. Pande's harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

CACI 2505, 430.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 43.**

**"ADVERSE EMPLOYMENT ACTION" (DISPUTED INSTRUCTION)**

An action or series of actions constitute an adverse employment action if one or more of those actions, individually or collectively, materially affects the terms, conditions or privileges of employment, taking into account the unique circumstances of the affected employee as well as the workplace context of the claim.

**SOURCE:** *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1050-52 (2005).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 44.**

**"ADVERSE EMPLOYMENT ACTION" (DISPUTED INSTRUCTION)**

An adverse employment action must materially affect the terms, conditions or privileges of employment.  The determination of whether a particular action or course of conduct rises to the level of actionable conduct, you must take into account the unique circumstances of the affected employee as well as the workplace context of the claim.

**SOURCE**: *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1050-52 (2005).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 45.

## RETALIATION – RIGHT TO MAKE BUSINESS DECISIONS

## (DISPUTED INSTRUCTION)

An employer has the right to make business decisions for any reason, whether good or bad, so long as those decisions are not motivated by a factor that the law makes illegal, such as retaliation. It is not your function to second guess the decision Chevron made in this case, but solely to determine whether, in making those decisions, Chevron broke the law by permitting retaliation to be a substantial factor in its decisions. Thus, even if you personally disagree with that decisions or think them harsh or unreasonable, you may not permit that feeling to influence in any way your determination of whether or not Chevron retaliated against Ms. Pande.

**SOURCE:** Todd J. McNamara & J. Alfred Southerland, Federal Employment Jury Instructions, at §3:361 (James Publishing 2006) (as modified); Proposed Civil Pattern Jury Instructions – Employment Discrimination (Pretext Standing Orders, Jury Instructions for Retaliation Under Title VII, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

## ARGUMENT AND AUTHORITY FOR AND AGAINST
## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:** Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above – and it is necessary to avoid potential confusion by the jury. Failure to include this instruction could significantly prejudice Chevron.

**PLAINTIFF'S POSITION:** Plaintiff objects to the inclusion of this instruction. First, the instruction is misleading, because it suggests that the soundness and legitimacy of an employer's purported business judgment is entirely irrelevant to claims of discrimination. In fact, the apparent soundness of an employer's claimed business decisions - or their absurdity - may help the jury to evaluate whether the claimed business reasons are actually a cover for illegal discrimination. *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 358 (2000). Also, this instruction is confusing, because it draws the jury's attention away from the question that matters: whether Chevron had a discriminatory motive. Finally, the instruction appears to be intended to relate to the inquiry concerning a pretext showing under the *McDonnell Douglas* framework but, as discussed above, it is not proper to instruct the jury on that burden-shifting framework.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 46.**

**INFORMAL DISCIPLINARY ACTIONS AND PERFORMANCE EVALUATIONS ARE**

**NOT "ADVERSE EMPLOYMENT ACTIONS"**

**(DISPUTED INSTRUCTION)**

Informal disciplinary actions and performance evaluations will not, by themselves, support a claim of retaliation because they do not amount to adverse employment actions. Similarly, minor changes in working conditions that merely inconvenience an employee or alter the employee's work responsibilities are not adverse employment actions.

**SOURCE:** *Thompson v. Potomac Electric Power Co.,* 312 F.3d 645, 651-62 (4th Cir. 2002); *Spears v. Missouri Department of Corrections and Human Resources,* 210 F.3d 850, 853 (8th Cir. 2000).

## ARGUMENT AND AUTHORITY FOR AND AGAINST
## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above – and it is necessary to avoid potential confusion by the jury.  The law as to what constitutes an adverse action is clear and consistent with this instruction.  In addition to the cases cited in the source information, *Thomas v. Dept. of Corrections* states with no ambiguity that in order to constitute an "adverse employment action "[t]he employment action must be both detrimental and substantial."  *Thomas v. Dept. of Corrections,* 77 Cal.App.4th 507, 511-12 (2000).  One  "must analyze [plaintiff's] complaints of adverse employment actions to determine if they result in a material change in the terms of her employment, impair her employment in some cognizable manner, or show other employment injury." *Id.* This instruction is particularly important in this case  because Plaintiff contends that her performance rating and performance-related comments constituted adverse employment actions.  (*see* MSJ Opposition, 22:20-27).  Failure to include this instruction could significantly prejudice Chevron.

**PLAINTIFF'S POSITION:**  This instruction is unnecessary, and will mislead the jury. It encourages the jury to dismiss certain types of evidence entirely, when in fact those types of evidence can support a retaliation claim depending on the overall factual context.  The California Supreme Court has endorsed a flexible, fact-sensitive approach to FEHA retaliation claims that is inconsistent with the spirit of the authority Chevron cites from outside the Ninth Circuit. *Yanowitz v. L'Oreal USA, Inc.*, 36, Cal. 4th 1028, 1052 (2005).  Also, the first sentence of this instruction appears to be drawn from *Thompson v. Potomac Electric Power Co.,* 312 F.3d 645, 651-62 (4th Cir. 2002), but that case does not state any such general rule.  Instead, it simply found no adverse employment action on the facts presented there: two disciplinary actions that

remained subject to change, and in fact were later removed from the plaintiff's record, along with a lower-than-before, but still satisfactory performance evaluation that apparently was not alleged to have any impact on his career. Even *Spears v. Missouri Department of Corrections and Human Resources,* 210 F.3d 850, 853 (8th Cir. 2000) makes clear that performance evaluations may, in context, be linked to other events and constitute adverse employment action. The Court should instead use only the earlier agreed upon instruction on the following page, which correctly defines adverse employment action.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 47.**

**CHEVRON IS NOT REQUIRED TO PROVE THE ABSENCE OF RETALIATION**

**(DISPUTED INSTRUCTION)**

Chevron does not have the burden of proving an absence of retaliatory motive. The burden of proving retaliation remains at all times with Ms. Pande.

**SOURCE:** *Board of Trustees of Keene State College v. Sweeney,* 439 U.S. 24, 25, 27 (1978).

**ARGUMENT AND AUTHORITY FOR AND AGAINST**

**DISPUTED INSTRUCTION**

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above – and it is necessary to avoid potential confusion by the jury.

**PLAINTIFF'S POSITION:**  Plaintiff opposes this instruction as it is duplicative of numerous other instructions that set forth the burdens of proof in this matter and appears intended merely to emphasize Defendant's arguments in this case.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 48.**

**REWARD FOR PAST SERVICE**

**(DISPUTED INSTRUCTION)**

You may not find for Ms. Pande to reward her for past services to Chevron or because of some general feeling that she deserves better from her employer.  The question for you is not whether Ms. Pande, in your view, was treated fairly, but whether unlawful retaliation occurred.

**SOURCE:**  *Coburn v. Pan American World Airways, Inc.,* 711 F.2d 339, 345 (D.C. Cir. 1983), *cert. denied,* 464 U.S. 994; *Chappell v. GTE Products Corp.,* 803 F.2d 261, 265 (6th Cir. 1986); *Mianegaz v. Hyatt Corp.,* 319 F. Supp. 2d 13, 21 n.2 (D.D.C. 2004).

## ARGUMENT AND AUTHORITY FOR AND AGAINST
## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above – and it is necessary to avoid potential confusion by the jury.  This instruction is particularly important in this case because Plaintiff was employed by various Chevron-related entitles for approximately 15 years and it is undisputed that she received promotions, merit based salary increases and praise from some supervisors during that time.  None of those facts, however, should influence the jury's decision regarding whether or not unlawful discrimination occurred, and this should be made abundantly clear to the jurors in order to prevent undue prejudice to Chevron.


**PLAINTIFF'S POSITION:**  The instruction is not only superfluous (since the burden of proof is already set forth clearly in another instruction), but it is misleading.  This instruction's juxtaposition of fair treatment and "unlawful discrimination" (without defining either) may suggest that some degrees or types of discrimination on protected grounds are not unlawful - discrimination is adequately defined in the basic instructions on plaintiff's claims and burden of proof, without this instruction.  If the jury views "fair" treatment as "nondiscriminatory" treatment, then it does matter for plaintiff's claims whether she was treated fairly.  This instruction adds only potential for confusion, without adding any substantive value.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 49.**

**CONTINUING VIOLATION DOCTRINE**

**(DISPUTED INSTRUCTION)**

Ms. Pande alleges that Rex Mitchell retaliated against her after she complained to Jay Johnson about him.  The parties have stipulated that Ms. Pande's last day of work in the Planning Group was Friday, December 8, 2002 and that she began working in Jack Dunn's group in SASBU on Monday, December 11, 2002.

The applicable statute of limitations provides that Ms. Pande may not recover for any retaliatory conduct by Mitchell if that conduct occurred more than one year before she filed her charge of discrimination with the California Department of Fair Employment and Housing unless those earlier actions are sufficiently related to actions that occurred within one year of her filing her charge. Actions are sufficiently related if they are similar in kind, occurred with reasonable frequency and have not acquired a degree of permanence, meaning that it is clear that any further opposition by Ms. Pande would be futile.


**SOURCE:** Cal. Govt. Code § 12960; *Morgan v. The Regents of the University of California,* 88 Cal.App.4th 52, 63 (2000); *Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798, 823 (2001).

## ARGUMENT AND AUTHORITY FOR AND AGAINST
## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above – and it is necessary to avoid potential confusion by the jury and to properly instruct the jury about the law applicable to this case.  Moreover, as was discussed at length with regard to Defendant's Summary Judgment Motion, all adverse actions alleged by Plaintiff, with the possible exception of her April 2003 salary action, occurred more than one year prior to her filing administrative charges.  (*See* MSJ Opposition, 22:20-27.)  Accordingly, in order for her claims of discrimination and retaliation to be timely, Plaintiff must prove that the April 2003 salary action was an adverse action and that Rex Mitchell played some role in the April 2003 salary action or that the salary action was otherwise motivated by Plaintiff's gender, race/national origin, or her alleged complaints about discrimination and harassment.  In order to determine what actions may or may not constitute adverse employment actions and assess whether Plaintiff has any viable claim of discrimination or retaliation, the jury must be instructed on the applicable law.  Accordingly, this instruction is appropriate and failure to include this instruction could significantly prejudice Chevron.

**PLAINTIFF'S POSITION:**  Chevron's proposed instruction not only mischaracterizes the allegations in the case, but also misstates the law.  As this Court recognized in its summary judgment decision in this case, California has not applied the Title VII approach presented in Chevron's instruction to the FEHA statute of limitations.  Instead, expressly declining to follow *Morgan* (cited to support Chevron's instruction), California applies the continuing violation doctrine liberally in discrimination and retaliation claims. *Yanowitz v. L'Oreal USA, Inc*., 36 Cal.4th 1028, 1041 n.18 (2005).  Under this approach, "an employer is liable for actions that take place outside the limitations period if these actions are sufficiently linked to unlawful conduct

that occurred within the limitations period." *Id.* at 1056. The factors used to evaluate the connection are whether the employer's unlawful actions are "sufficiently similar in kind," have occurred with "reasonable frequency," and have not acquired "a degree of permanence" (meaning that it is clear any further opposition by the employee would be futile). *Id.* at 1059 (quoting and explaining *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 823 (2001). The limitations period begins to run only when either "the course of conduct is brought to an end" (either by the employer or the employee's resignation), or the employee is on notice that further efforts to end the conduct would be futile. *Richards*, 26 Cal. 4th at 823.

Accordingly, as set forth in the law cited above, Plaintiff proposes the alternative instruction on the following page.

72

**PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 50.**

**CONTINUING VIOLATION DOCTRINE**

**(DISPUTED INSTRUCTION)**

Ms. Pande may recover for discriminatory or retaliatory actions that occurred more than one year before she filed her charge of discrimination with the California Department of Fair Employment and Housing if those actions are related to actions within one year before her filing. Actions are sufficiently related if they are similar in kind, occurred with reasonable frequency, and Ms. Pande did not have notice that further efforts to stop Chevron's unlawful actions would be futile.

**SOURCE:** *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1041 n.18 (2005); *Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798, 823 (2001).

**PROPOSED JURY INSTRUCTION NO. 51.**

**TRANSITION / INTRODUCTORY INSTRUCTION**

**(SIXTH CAUSE OF ACTION – VIOLATION OF PUBLIC POLICY)**


Ms. Pande alleges that Chevron terminated her employment in violation of California's public policy.

I will now instruct you regarding the elements Ms. Pande must establish by a preponderance of the evidence to recover against Chevron on her claim for wrongful termination in violation of public policy.


**SOURCE:**  Plaintiff's Second Amended Complaint ¶¶ 73-77.

**PROPOSED JURY INSTRUCTION NO. 52.**

**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

**ESSENTIAL FACTUAL ELEMENTS**

Ms. Pande claims she was discharged from employment for reasons that violate a public policy. To establish this claim, Ms. Pande must prove all of the following:

1.      That Ms. Pande was employed by Chevron;

2.      That Chevron discharged Ms. Pande;

3.      That Ms. Pande's medical leave and/or alleged complaints of discrimination and harassment were motivating reasons for the discharge;

4.      That the discharge caused Ms. Pande harm.


**SOURCE:** CACI 2430 (September 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 53.**

**CHEVRON'S MOTIVE FOR TERMINATION**

**(DISPUTED INSTRUCTION)**

To prevail on her claim for wrongful termination in violation of public policy, Ms. Pande must prove by a preponderance of the evidence that Chevron was motivated to terminate her employment by a reason that violated the public policy identified.

In this case, that means Ms. Pande must prove that Chevron's underlying motive in terminating her employment was in retaliation for Ms. Pande's complaints concerning the alleged discriminatory treatment of Rex Mitchell, or was motivated by Ms. Pande's request for medical leave. If you find that Chevron terminated Ms. Pande for any other reason, you must find for Chevron on this claim.

**SOURCE:** *Rojo v. Kliger*, 52 Cal.3d 65, 91 (1990); *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 669 (1988); *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 176-77 (1980); *see also* Plaintiff's Second Amended Complaint ¶ 75.

## ARGUMENT AND AUTHORITY FOR AND AGAINST
## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above – and it is necessary to avoid potential confusion by the jury.  Failure to include this instruction could significantly prejudice Chevron.

**PLAINTIFF'S POSITION:**  Plaintiff objects to this instruction as it is redundant and improperly emphasizes defendant's position.

**PROPOSED JURY INSTRUCTION NO. 54.**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Ms. Pande, you must determine Ms. Pande's damages.  Ms. Pande has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money which will reasonably and fairly compensate Ms. Pande for any injury you find was caused by Chevron.  You should consider the following:  the reasonable value of earnings and benefits lost to the present time; the reasonable value of earnings and benefits which with reasonably probability will be lost in the future.

It is for you to determine what damages, if any, have been proved by Ms. Pande.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.


**SOURCE:**  No. 5.1, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 55.**

**RETALIATION AND WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC**

**POLICY—DAMAGES**

**(DISPUTED INSTRUCTION)**

If you find that Chevron retaliated against Ms. Pande, or terminated her employment in violation of public policy, then you must decide the amount of damages that Ms. Pande has proven she is entitled to recover, if any. To make that decision, you must:

1.     Decide the amount that Ms. Pande would have earned up to today, including any benefits and pay increases; and

2.     Add the present cash value of any future wages and benefits that she would have earned for the length of time the employment with Chevron was reasonably certain to continue.

In determining the period that Ms. Pande's employment was reasonably certain to have continued, you should consider such things as:

(a)     Ms. Pande's age, work performance, and intent regarding continuing employment with Chevron;

(b)     Chevron's prospects for continuing the operations involving Ms. Pande; and

(c)     Any other factor that bears on how long Ms. Pande would have continued to work, including Chevron's practice with regard to the timing, length and discontinuation of positions such as that held by Ms. Pande.


**SOURCE:** CACI 2433 (September 2003) (as modified).

**ARGUMENT AND AUTHORITY FOR AND AGAINST**

**DISPUTED INSTRUCTION**

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above – and it is necessary to avoid potential confusion by the jury.  Failure to include this instruction could prejudice Chevron.  Chevron further contends that Plaintiff's proposed damages instruction below is not applicable to all causes of action and therefore should not be used.

**PLAINTIFF'S POSITION:**  Plaintiff opposes Defendant's damages instruction on the basis that its inherent limitation is unsupported by the law, and contends that the damages instruction should, instead, be the instruction drawn from CACI on the following page.

**PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 56.**

**DAMAGES**

**(DISPUTED INSTRUCTION)**

If you find for Ms. Pande, then you must decide the amount of damages that she has proven she is entitled to recover, if any.  To make that decision, you must:

(1)     Decide the amount that Ms. Pande would have earned up to today had Chevron not terminated her employment, including any benefits and pay increases; and

(2)     Add the present cash value of any future wages and benefits that she would have earned for the length of time the employment with Chevron was reasonably certain to continue.

In determining the period that Ms. Pande's employment was reasonably certain to have continued, you should consider such things as:

(1)     Ms. Pande's age, work performance, and intent regarding continuing employment with Chevron;

(2)     Chevron's prospects for having available positions for Ms. Pande; and

(3)     Any other factor that bears on how long Ms. Pande would have continued to work.


**SOURCE:** CACI 2433 (as modified).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 57.**

**ITEMS OF ECONOMIC DAMAGE**

**(DISPUTED INSTRUCTION)**

The following are the specific items of economic damages claimed by Ms. Pande:  past and future lost earnings.

To recover damages for past lost earnings, Ms. Pande must prove the amount of income that she has lost to date.

To recover damages for future lost earnings, Ms. Pande must prove the amount of income she will be reasonably certain to lose in the future as a result of the injury.

**SOURCE:**  CACI 3903 & 3903C (September 2003).

**ARGUMENT AND AUTHORITY FOR AND AGAINST**

**DISPUTED INSTRUCTION**

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above.  It also will provide clarification to the jury concerning permissible damages in this action and is therefore necessary to avoid potential confusion by the jury.

**PLAINTIFF'S POSITION**:  Plaintiff contends that this instruction is redundant in light of other instructions, and also that it is incomplete in that it disregards other forms of damage (such as lost benefits).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 58.**

**LOST EARNINGS MUST BE REASONABLY CERTAIN IN BOTH NATURE AND**

**AMOUNT IN ORDER TO BE RECOVERABLE**

**(DISPUTED INSTRUCTION)**

Damages for lost earnings and benefits are only recoverable if they are reasonably certain in both nature and amount.  Such damages are not permissible if they are speculative, remote, contingent or merely possible.  Instead, Ms. Pande must prove that such damages are reasonably certain in both their occurrence and extent.

**SOURCE:**  *Toscano v. Greene Music,* 124 Cal.App.4th 685, 694 (2004).

## ARGUMENT AND AUTHORITY FOR AND AGAINST
## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above.  It also will provide clarification to the jury concerning permissible damages in this action and is therefore necessary to avoid potential confusion by the jury.  In light of the fact that Plaintiff is relying upon the expert report of Charles Mahla in support of the amount of general and special damages (*see* Joint Pretrial Conference Statement at section A.2), and that Dr. Mahla relied upon certain information and assumptions provided by Plaintiff, the jury should be instructed on this issue in order to enable them to appropriately weigh Dr. Mahla's anticipated testimony.  Failure to include this instruction could significantly prejudice Chevron.


**PLAINTIFF'S POSITION:**  Plaintiff contends that this instruction is unnecessary and duplicative in light of other damages and mitigation instruction.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 59.**

**IF PLAINTIFF WAS UNABLE TO RETURN TO WORK AS OF THE**

**DATE THAT HER LEAVE ENTITLEMENT EXPIRED, LOST**

**EARNINGS TERMINATE AS OF THAT DATE**

**(DISPUTED INSTRUCTION)**

Ms. Pande may not recover damages for any period post-dating the expiration of her 12-week Family Medical Leave Act and/or California Family Rights Act leave entitlement if the evidence has shown that Ms. Pande was not able to return to work as of that date.

**SOURCE:** *Hill v. Underwood Memorial Hospital, et al*, 365 F. Supp. 2d 602, 610 (D.N.J. 2005); *Kelso v. Corning Cable Systems Int'l Corp.*, 224 F.Supp.2d 1052, 1057 (W.D.N.C. 2002); *Cehrs v. Northeast Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 784-85 (6th Cir. 1998); *Colburn v. Parker Hannifi/Nichols Portland Div.*, 429 F.3d 325, 332 (1st Cir. 2005).

## ARGUMENT AND AUTHORITY FOR AND AGAINST
## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:** Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above.  It will also provide clarification to the jurors concerning permissible damages in this action and is therefore necessary to avoid potential confusion by the jury.  Indeed, it is undisputed that Plaintiff began her medical leave on November 10, 2003.  Accordingly, her twelve week entitlement ended no later than February 2, 2004.  The evidence, however, including both medical records submitted by Plaintiff in support of her leave and Plaintiff's own deposition testimony establish that Plaintiff could not return to work prior to February 2, 2004 (*see* Defendants' Motion In Limine No. I and Defendants' Trial Brief, section IV.A.2).  This instruction is highly relevant and necessary in this action.  Failure to include this instruction could significantly prejudice Chevron.

**PLAINTIFF'S POSITION:**  Plaintiff opposes this instruction and submits that it should not be included in the set of instructions given to the jury for the reasons set forth in Plaintiff's Opposition to Defendants' Motion In Limine to Exclude Testimony and Evidence Suggesting Plaintiff is Entitled to Relief on her FMLA and CFRA Claims.  In short, and as explained at length in the above-referenced brief, Chevron cannot now assert this defense when it fired Ms. Pande only days into her medical leave; it would be inequitable and contrary to law to allow Chevron to take advantage of the circumstances that developed as a result of wrongfully terminating her at the inception of her medical leave.  *Xin Liu v. Amway Corp*., 347 F.3d 1125, 1133 (9th Cir. 2003); *Kosakow v. New Rochelle Radiology Associates*, 274 F.3d 706, 725 (2d Cir. 2001); *Ragsdale v. Wolverine Worldwide*, 535 U.S. 81, 86 (2002); 26 U.S.C. § 2614(c).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 60.**

**LOST EARNINGS ARE NOT RECOVERABLE DURING ANY PERIODS WHEN**

**PLAINTIFF WAS EITHER UNABLE OR UNWILLING TO WORK**

**(DISPUTED INSTRUCTION)**

Lost earnings are not recoverable for any period of time during which Ms. Pande was unavailable for work or during which Ms. Pande voluntarily left the job market.

A plaintiff who is unable to work due to a medical condition or disability that is not attributable to the employer's alleged discrimination cannot recover for lost earnings during any such period of disability or medical unavailability for work.

**SOURCE:** Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 145 (2nd Cir. 1993); Miller v. Marsh, 766 F.2d 490, 492 (11th Cir. 1985); EEOC v. Independent Stave Co., 754 F. Supp. 713, 721 (E.D. Mo. 1991).

## ARGUMENT AND AUTHORITY FOR AND AGAINST

## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above.  It will also provide clarification to the jurors concerning permissible damages in this action and is therefore necessary to avoid potential confusion by the jury.  Indeed, it is undisputed that Plaintiff began her medical leave on November 10, 2003.  Accordingly, her twelve week entitlement ended no later than February 2, 2004.  The evidence, however, including both medical records submitted by Plaintiff in support of her leave and Plaintiff's own deposition testimony establish that Plaintiff could not return to work prior to February 2, 2004 (*see* Defendants' Motion In Limine No. I and Defendants' Trial Brief, section IV.A.2).  This instruction is highly relevant and necessary in this action.  Failure to include this instruction could significantly prejudice Chevron.


**PLAINTIFF'S POSITION:**  Plaintiff opposes this instruction because it misstates the law and facts, and because it is superfluous given the mitigation instruction.

**PROPOSED JURY INSTRUCTION NO. 61.**

**DAMAGES – EMOTIONAL DISTRESS**

**(DISPUTED INSTRUCTION)**

The plaintiff in this action is not seeking damages or compensation for emotional distress. Accordingly, you may not award any damages to Ms. Pande for any stress or emotional distress that you believe she may have suffered.  Similarly, you may not award any damages because of some general feeling that Ms. Pande deserves better from her employer.

**SOURCE:**  Correspondence from Plaintiff's counsel, Ms. Susan J. Harriman of Keker & Van Nest LLP dated March 23, 2007, March 29, 2007, and April 12, 2007.

## ARGUMENT AND AUTHORITY FOR AND AGAINST

## DISPUTED INSTRUCTION

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above.  Further, the plaintiff has repeatedly agreed that she will not be seeking emotional distress damages in this action (*see* Joint Pretrial Conference Statement, fn.1), so it will help to provide clarity on that point to the jurors and avoid potential confusion by the jury.  Failure to include this instruction could prejudice Chevron.  This is particularly true if Plaintiff is permitted to testify about stress, crying or any emotional distress she allegedly felt as a result of conduct or actions by Chevron.  (see Defendant's Reply Memorandum In Support of Motion In Limine Number One and in Response To Plaintiff's Trial Brief at Section III.B)

**PLAINTIFF'S POSITION:**  Plaintiff does not object to the first sentence of the proposed instruction, but does object to the remainder of the instruction as unnecessary given the other damages-related instructions that will be given.

**PROPOSED JURY INSTRUCTION NO. 62.**

**MITIGATION OF DAMAGES**

Ms. Pande must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment.  This is referred to as "mitigation of damages." Chevron must prove by a preponderance of the evidence that Ms. Pande failed to mitigate her damages for loss of compensation.

If you determine that Ms. Pande is entitled to damages, you must reduce these damages by:

What Ms. Pande earned since her termination; and

What Ms. Pande could have earned by reasonable effort during the period since Ms. Pande's discharge.

Ms. Pande must accept employment that is "of a like nature."  In determining whether employment is "of a like nature," you may consider:

The type of work;

The hours worked;

The compensation;

The job security;

The working conditions; and

Other conditions of employment.

You must consider whether Ms. Pande acted reasonably in not seeking or accepting a particular job.  If you determine Ms. Pande did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from Ms. Pande's failure to do so.

You must not compensate Ms. Pande for any portion of her damages resulting from Ms. Pande's failure to make reasonable efforts to reduce Ms. Pande's damages.


**SOURCE:**  Federal Jury Practice and Instructions § 179.61 (modified).

**PROPOSED JURY INSTRUCTION NO. 63.**

**DAMAGES ARISING IN THE FUTURE –**

**DISCOUNT TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

**SOURCE:**  No. 5.4, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition. Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 64.**

**PUNITIVE DAMAGES**

If you decide that Chevron's conduct caused Ms. Pande's harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Chevron only if Ms. Pande proves that Chevron engaged in that conduct with malice, oppression, or fraud. To do this, Ms. Pande must prove one of the following by clear and convincing evidence:

(1)     That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Chevron, who acted on behalf of Chevron; or

(2)     That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Chevron; or

(3)     That one or more officers, directors, or managing agents of Chevron knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Chevron acted with intent to cause injury or that Chevron's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Chevron's conduct was despicable and subjected Ms. Pande to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Chevron intentionally misrepresented or concealed a material fact and did so intending to harm Ms. Pande.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

a.    How reprehensible was Chevron's conduct? In deciding how reprehensible Chevron's conduct was, you may consider, among other factors:

(1)    Whether the conduct caused physical harm;

(2)    Whether Chevron disregarded the health or safety of others;

(3)    Whether Ms. Pande was financially weak or vulnerable and Chevron knew Ms. Pande was financially weak or vulnerable and took advantage of her;

(4)    Whether Chevron's conduct involved a pattern or practice; and

(5)    Whether Chevron acted with trickery or deceit.

b.    Is there a reasonable relationship between the amount of punitive damages and Ms. Pande's harm?

c.    In view of Chevron's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Chevron has substantial financial resources.

CACI 3945.

**CHEVRON'S PROPOSED JURY INSTRUCTION NO. 65.**

**SPECULATIVE DAMAGES NOT PERMITTED**

**(DISPUTED INSTRUCTION)**

Do not award Ms. Pande speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain.

However, if you determine that Ms. Pande is entitled to recover, you should compensate her for loss or harm caused by the injury in question which is reasonably certain to be suffered in the future.

**SOURCE**:  BAJI 14.60 (2003).

**ARGUMENT AND AUTHORITY FOR AND AGAINST**

**DISPUTED INSTRUCTION**

**DEFENDANT'S POSITION:**  Chevron contends that this instruction should be included in the joint set of instructions because it is consistent with and supported by applicable law – see the source information set forth above.  It will also provide clarification to the jurors concerning permissible damages in this action and is therefore necessary to avoid potential confusion by the jury.  Failure to include this instruction could significantly prejudice Chevron.

**PLAINTIFF'S POSITION:**  Plaintiff opposes this instruction because it is duplicative and superfluous.

**PROPOSED JURY INSTRUCTION NO. 66.**

**NO DOUBLE RECOVERY**

If you find in favor of Ms. Pande on more than one of her claims for relief, you may not award damages twice for the same injury.

**SOURCE:**  *DuBarry International, Inc. v. Southwest Forest Industries, Inc.,* 231 Cal.App.3d 552, 564 (1991).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 67.**

**JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

**SOURCE:** CACI 3964 (June 2006).

## PROPOSED JURY INSTRUCTION NO. 68.

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**SOURCE:** No. 3.1, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 69.**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone— including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**SOURCE:** No. 3.2, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

**PROPOSED JURY INSTRUCTION NO. 70.**

**RETURN OF VERDICT**


A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


**SOURCE:** No. 3.3, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition.  Committee on Model Jury Instructions, Ninth Circuit.

# TABLE OF CONTENTS

Page

**PRELIMINARY & RECESS INSTRUCTIONS** ...........................................................1

PROPOSED JURY INSTRUCTION NO. 1. INTRODUCTORY INSTRUCTION
– DUTY OF JURY ..............................................................................................2

DEFENDANT's PROPOSED JURY INSTRUCTION NO. 2. INTRODUCTORY
INSTRUCTION – CLAIMS AND DEFENSES (DISPUTED AS TO THE
LANGUAGE IN BOLD)......................................................................................3

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
INSTRUCTION....................................................................................................4

PROPOSED JURY INSTRUCTION NO. 3. INTRODUCTORY INSTRUCTION
– WHAT IS EVIDENCE.....................................................................................6

PROPOSED JURY INSTRUCTION NO. 4. INTRODUCTORY INSTRUCTION
– WHAT IS NOT EVIDENCE............................................................................7

PROPOSED JURY INSTRUCTION NO. 5. INTRODUCTORY INSTRUCTION
- EVIDENCE FOR LIMITED PURPOSE ..........................................................8

PROPOSED JURY INSTRUCTION NO. 6. INTRODUCTORY INSTRUCTION
- DIRECT AND CIRCUMSTANTIAL EVIDENCE............................................9

PROPOSED JURY INSTRUCTION NO. 7. INTRODUCTORY INSTRUCTION
– RULING ON OBJECTIONS...........................................................................10

PROPOSED JURY INSTRUCTION NO. 8. INTRODUCTORY INSTRUCTION
– CREDIBILITY OF WITNESSES ...................................................................11

PROPOSED JURY INSTRUCTION NO. 9. INTRODUCTORY INSTRUCTION
– EXERCISE OF A COMMUNICATION PRIVILEGE.......................................12

PROPOSED JURY INSTRUCTION NO. 10. INTRODUCTORY
INSTRUCTION – CONDUCT OF THE JURY ..................................................13

PROPOSED JURY INSTRUCTION NO. 11. INTRODUCTORY
INSTRUCTION – NO TRANSCRIPT AVAILABLE TO JURY .........................14

PROPOSED JURY INSTRUCTION NO. 12. INTRODUCTORY
INSTRUCTION – TAKING NOTES..................................................................15

PROPOSED JURY INSTRUCTION NO. 13. BENCH CONFERENCES AND
RECESSES ........................................................................................................16

PROPOSED JURY INSTRUCTION NO. 14. INTRODUCTORY
INSTRUCTION – BURDEN OF PROOF PREPONDERANCE OF THE
EVIDENCE .......................................................................................................17

PROPOSED JURY INSTRUCTION NO. 15. INTRODUCTORY
INSTRUCTION – BURDEN OF PROOF CLEAR AND CONVINCING
EVIDENCE .......................................................................................................18

PROPOSED JURY INSTRUCTION NO. 16. INTRODUCTORY
INSTRUCTION – OUTLINE OF TRIAL..........................................................19

PROPOSED JURY INSTRUCTION NO. 17. CAUTIONARY INSTRUCTION –
    FIRST RECESS ...................................................................................................20

PROPOSED JURY INSTRUCTION NO. 18. DEPOSITION AS SUBSTANTIVE
    EVIDENCE ..........................................................................................................21

PROPOSED JURY INSTRUCTION NO. 19. DUTY OF JURY ....................................23

PROPOSED JURY INSTRUCTION NO. 20. WHAT IS EVIDENCE ...........................24

PROPOSED JURY INSTRUCTION NO. 21. WHAT IS NOT EVIDENCE...................25

PROPOSED JURY INSTRUCTION NO. 22. DIRECT AND
    CIRCUMSTANTIAL EVIDENCE .......................................................................26

PROPOSED JURY INSTRUCTION NO. 23. FAILURE TO EXPLAIN OR
    DENY EVIDENCE ..............................................................................................27

PROPOSED JURY INSTRUCTION NO. 24. CREDIBILITY OF WITNESSES ..........28

PROPOSED JURY INSTRUCTION NO. 25. EXPERT OPINION ...............................29

PROPOSED JURY INSTRUCTION NO. 26. CHARTS AND SUMMARIES
    NOT RECEIVED IN EVIDENCE ......................................................................30

PROPOSED JURY INSTRUCTION NO. 27. CHARTS AND SUMMARIES IN
    EVIDENCE ..........................................................................................................31

PROPOSED JURY INSTRUCTION NO. 28. USE OF NOTES ....................................32

PROPOSED JURY INSTRUCTION NO. 29. BURDEN OF PROOF –
    PREPONDERANCE OF THE EVIDENCE ........................................................33

PROPOSED JURY INSTRUCTION NO. 30. BURDEN OF PROOF – CLEAR
    AND CONVINCING EVIDENCE .......................................................................34

PROPOSED JURY INSTRUCTION NO. 31. CORPORATIONS AND
    PARTNERSHIPS – FAIR TREATMENT .........................................................35

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32. TRANSITION /
    INTRODUCTORY INSTRUCTION (First and Second Causes of Action –
    Violation of the Family Medical Leave Act and the California Family
    Rights Act) (DISPUTED INSTRUCTION) ........................................................36

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION...................................................................................................37

PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 33.
    TRANSITION / INTRODUCTORY INSTRUCTION (FMLA and CFRA
    Claims).................................................................................................................39

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34. VIOLATION OF
    FMLA / CFRA RIGHTS – ESSENTIAL FACTUAL ELEMENTS
    (DISPUTED INSTRUCTION)............................................................................40

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION...................................................................................................41

PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 35.
    VIOLATION OF FMLA / CFRA - INTERFERENCE WITH RIGHTS –
    ESSENTIAL ELEMENTS ..................................................................................42

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36. AFFIRMATIVE
    DEFENSE – EMPLOYMENT WOULD HAVE CEASED (DISPUTED
    INSTRUCTION ) ........................................................................................................44

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION............................................................................................................45

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37.
    REINSTATEMENT NOT REQUIRED IF EMPLOYEE UNABLE TO
    WORK AT CONCLUSION OF 12-WEEK ENTITLEMENT (DISPUTED
    INSTRUCTION) ..........................................................................................................46

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION............................................................................................................47

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38. DAMAGES
    UNAVAILABLE IF EMPLOYEE UNABLE TO WORK AT
    CONCLUSION OF 12-WEEK ENTITLEMENT (DISPUTED
    INSTRUCTION) ..........................................................................................................48

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION............................................................................................................49

PROPOSED JURY INSTRUCTION NO. 39. TRANSITION /
    INTRODUCTORY INSTRUCTION (Fifth Cause of Action – Retaliation)
    (DISPUTED AS TO "ULTIMATE TERMINATION" LANGUAGE)..................................50

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION............................................................................................................51

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40. PROTECTIONS
    UNDER FEHA (DISPUTED INSTRUCTION)................................................................54

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION............................................................................................................55

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 41.
    RETALIATION—ELEMENTS (DISPUTED INSTRUCTION) ...........................................56

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION............................................................................................................57

PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 42.
    RETALIATION – ELEMENTS (Disputed Instruction) ......................................................58

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 43. "ADVERSE
    EMPLOYMENT ACTION" (DISPUTED INSTRUCTION)...................................................59

defendant's PROPOSED JURY INSTRUCTION NO. 44. "ADVERSE
    EMPLOYMENT ACTION" (DISPUTED INSTRUCTION)...................................................60

SOURCE: *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1050-52
    (2005).DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 45.
    RETALIATION – RIGHT TO MAKE BUSINESS DECISIONS
    (DISPUTED INSTRUCTION)........................................................................................60

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 45. RETALIATION
    – RIGHT TO MAKE BUSINESS DECISIONS (DISPUTED
    INSTRUCTION) ..........................................................................................................61

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION............................................................................................................62

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 46. INFORMAL
    DISCIPLINARY ACTIONS AND PERFORMANCE EVALUATIONS
    ARE NOT "ADVERSE EMPLOYMENT ACTIONS" (DISPUTED
    INSTRUCTION) ...............................................................................................63

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION..............................................................................................64

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 47. CHEVRON IS
    NOT REQUIRED TO PROVE THE ABSENCE OF RETALIATION
    (DISPUTED INSTRUCTION)........................................................................66

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION..............................................................................................67

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 48. REWARD FOR
    PAST SERVICE (DISPUTED INSTRUCTION) ..............................................68

ARGUMENT AND AUTHORITY FOR AND AGAINST  DISPUTED
    INSTRUCTION..............................................................................................69

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 49. CONTINUING
    VIOLATION DOCTRINE (DISPUTED INSTRUCTION)..................................70

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION..............................................................................................71

PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 50.
    CONTINUING VIOLATION DOCTRINE (DISPUTED INSTRUCTION) ........73

PROPOSED JURY INSTRUCTION NO. 51. TRANSITION /
    INTRODUCTORY INSTRUCTION (Sixth Cause of Action – Violation of
    Public Policy)................................................................................................74

PROPOSED JURY INSTRUCTION NO. 52. WRONGFUL DISCHARGE IN
    VIOLATION OF PUBLIC POLICY ESSENTIAL FACTUAL ELEMENTS .......75

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 53. CHEVRON's
    MOTIVE FOR TERMINATION (DISPUTED INSTRUCTION)..........................76

ARGUMENT AND AUTHORITY FOR AND AGAINST  DISPUTED
    INSTRUCTION..............................................................................................77

PROPOSED JURY INSTRUCTION NO. 54. DAMAGES – PROOF ............................78

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 55.  RETALIATION
    AND WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC
    POLICY—DAMAGES (DISPUTED INSTRUCTION) .......................................79

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
    INSTRUCTION..............................................................................................80

PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 56.
    DAMAGES (DISPUTED INSTRUCTION) ............................................................81

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 57. ITEMS OF
    ECONOMIC DAMAGE (DISPUTED INSTRUCTION)....................................82

ARGUMENT AND AUTHORITY FOR AND AGAINST  DISPUTED
    INSTRUCTION..............................................................................................83

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 58. LOST
    EARNINGS MUST BE REASONABLY CERTAIN IN BOTH NATURE

AND AMOUNT IN ORDER TO BE RECOVERABLE (DISPUTED
INSTRUCTION) ...............................................................................................84

ARGUMENT AND AUTHORITY FOR AND AGAINST  DISPUTED
INSTRUCTION.................................................................................................85

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 59. IF PLAINTIFF
WAS UNABLE TO RETURN TO WORK AS OF THE DATE THAT HER
LEAVE ENTITLEMENT EXPIRED, LOST EARNINGS TERMINATE
AS OF THAT DATE (DISPUTED INSTRUCTION) .............................................86

ARGUMENT AND AUTHORITY FOR AND AGAINST  DISPUTED
INSTRUCTION.................................................................................................87

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 60. LOST
EARNINGS ARE NOT RECOVERABLE DURING ANY PERIODS
WHEN PLAINTIFF WAS EITHER UNABLE OR UNWILLING TO
WORK (DISPUTED INSTRUCTION) ...................................................................88

ARGUMENT AND AUTHORITY FOR AND AGAINST  DISPUTED
INSTRUCTION.................................................................................................89

PROPOSED JURY INSTRUCTION NO. 61. DAMAGES – EMOTIONAL
DISTRESS (DISPUTED INSTRUCTION) .............................................................90

ARGUMENT AND AUTHORITY FOR AND AGAINST  DISPUTED
INSTRUCTION.................................................................................................91

PROPOSED JURY INSTRUCTION NO. 62. MITIGATION OF DAMAGES...............................92

PROPOSED JURY INSTRUCTION NO. 63. DAMAGES ARISING IN THE
FUTURE – DISCOUNT TO PRESENT CASH VALUE.........................................93

PROPOSED JURY INSTRUCTION NO. 64. PUNITIVE DAMAGES .........................................94

CHEVRON's PROPOSED JURY INSTRUCTION NO. 65. SPECULATIVE
DAMAGES NOT PERMITTED (DISPUTED INSTRUCTION) ...........................96

ARGUMENT AND AUTHORITY FOR AND AGAINST DISPUTED
INSTRUCTION.................................................................................................97

PROPOSED JURY INSTRUCTION NO. 66. NO DOUBLE RECOVERY ...................................98

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 67. JURORS NOT
TO CONSIDER ATTORNEY FEES AND COURT COSTS....................................99

PROPOSED JURY INSTRUCTION NO. 68. DUTY TO DELIBERATE.....................................100

PROPOSED JURY INSTRUCTION NO. 69. COMMUNICATION WITH
COURT.............................................................................................................101

PROPOSED JURY INSTRUCTION NO. 70. RETURN OF VERDICT .......................................102