United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, and CHEVRON INTERNATIONAL EXPLORATION AND PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A. Inc.,<br><br>    Defendants.<br>_____/ | No. C 04-5107 CW<br><br>ORDER DENYING DEFENDANTS' FIRST MOTION IN LIMINE |

    Defendants Chevron Corporation (f/k/a ChevronTexaco Corporation) and Chevron International Exploration & Production (f/k/a ChevronTexaco Overseas Petroleum Company) move to preclude Plaintiff from offering "testimony and evidence suggesting Plaintiff is entitled to relief" on her claims under the federal Family and Medical Leave Act (FMLA) and the California Family Rights Act (CFRA). The motion was heard at the pretrial conference on May 22, 2007. The parties subsequently submitted additional

material supporting their arguments. Having considered all of the papers filed by the parties and oral argument, the Court denies Defendants' motion.

Shortly after Plaintiff went out on medical leave on November 10, 2003, Defendants informed her that her employment with them would be terminated effective December 31, 2003. Defendants argue that Plaintiff could not have returned to work until mid-May, 2004 -- well after the expiration of the twelve-week leave period to which she was entitled under the FMLA -- and thus Defendants would have been within their rights to terminate her in any event. Defendants argue therefore that she was not prejudiced by her actual termination in December, 2003.

Defendants rely on Hill v. Underwood Memorial Hospital, 365 F. Supp. 2d 602, 610 (D.N.J. 2005), which noted in dicta that because the plaintiff in that case could not have returned to work within twelve weeks, she was not prejudiced by her termination and could not assert an FMLA claim. Defendants also point to Ragsdale v. Wolverine World Wide, 535 U.S. 81 (2002), in which the Supreme Court struck down a Labor Department regulation because, among other things, it did not comply with the FMLA's requirement that an employee be prejudiced in order to have a cognizable claim.

While the above cases provide some support for Defendants' position, the facts in each are distinguishable from those here. Most importantly, the plaintiffs in Hill and Ragsdale had already exhausted their FMLA leave at the time they were terminated, giving the defendants the legal right to terminate them at that point despite their medically justified absence. Additionally, the Hill

2

decision specifically notes that its reasoning does not apply to cases "where an employee has some flexibility with regard to when she takes FMLA leave."  365 F. Supp. 2d at 610 n.17.

In this case, Plaintiff was fired shortly after she began her medical leave, making it impossible to determine whether Defendants ultimately would have been entitled to terminate her for failure to return from leave.  It is true that at the time she requested leave, Plaintiff told Defendants that she expected to be out until May, 2004.  However, as Plaintiff claims in her opposition to Defendants' motion, she had some degree of control over her disability.  The precise date of her surgery was flexible, and Plaintiff maintains that if she had elected to undergo the surgery earlier, she could have returned to work before May.  In addition, Plaintiff had worked in the past while suffering from her medical troubles.  Had she been faced with the decision of either returning to work after twelve weeks or facing termination, she may well have chosen the former.

Because Plaintiff was terminated before her FMLA leave expired, it is not possible for the Court to determine whether she was prejudiced by Defendants' actions.  This is an issue of fact for the jury to decide and, accordingly, Defendants' motion is denied.

IT IS SO ORDERED.

Dated:  9/12/07

_____
CLAUDIA WILKEN
United States District Judge

3