1    KEKER & VAN NEST, LLP
     SUSAN J. HARRIMAN - #111703
2    CHRISTA M. ANDERSON - #184325
     710 Sansome Street
3    San Francisco, CA  94111-1704
     Telephone:  (415) 391-5400
4    Facsimile:  (415) 397-7188

5    Attorneys for Plaintiff
     KIRAN PANDE

6

7

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12   KIRAN PANDE,                          Case No. 04-5107 JCS

13                        Plaintiff,       **PLAINTIFF'S OPPOSITION TO
                                           CHEVRON'S REQUEST TO PUT ON
14        v.                               TRIAL TESTIMONY VIA VIDEO OR
                                           TELEPHONE**
15   CHEVRON CORPORATION (f/k/a
     CHEVRONTEXACO CORPORATION), a
16   Delaware corporation,                 Hon. Joseph C. Spero
     CHEVRON INTERNATIONAL
17   EXPLORATION & PRODUCTION (f/k/a       Date Comp. Filed:    December 2, 2004
     CHEVRONTEXACO OVERSEAS
18   PETROLEUM COMPANY),                   Trial Date:          October 9, 2007
     a division of Chevron U.S.A., Inc.,

19
                         Defendants.
20

21

22

23

24

25

26

27

28

403510.01

1

2   Plaintiff Kiran Pande opposes Chevron's request to put on trial testimony via video or

3 telephone.  The Court should deny Chevron's request, in its entirety, for all the reasons stated in

4 Pande's Motion to Strike Chevron's Improper Final Witness List, attached hereto as Exhibit A.

5

6             Respectfully submitted,

7 Dated:  September 26, 2007     KEKER & VAN NEST, LLP

8

9

10        By:  /s/ Susan J. Harriman
          SUSAN J. HARRIMAN

11          CHRISTA M. ANDERSON
          Attorneys for Plaintiff

12          KIRAN PANDE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO CHEVRON'S REQUEST TO PUT ON TRIAL TESTIMONY VIA VIDEO OR
TELEPHONE
CASE NO. 04-5107 JCS

403510.01

**EXHIBIT "A"**

1  KEKER & VAN NEST, LLP
   SUSAN J. HARRIMAN - #111703
2  CHRISTA M. ANDERSON - #184325
   710 Sansome Street
3  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
4  Facsimile:  (415) 397-7188

5  Attorneys for Plaintiff
   KIRAN PANDE

6

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  KIRAN PANDE,                              Case No. 04-5107 JCS

13                        Plaintiff,          **PLAINTIFF'S MOTION TO STRIKE
                                              CHEVRON'S IMPROPER FINAL
14       v.                                   WITNESS LIST; MEMORANDUM OF
                                              POINTS AND AUTHORITIES IN
15  CHEVRON CORPORATION (f/k/a                SUPPORT THEREOF**
    CHEVRONTEXACO CORPORATION), a
16  Delaware corporation,
    CHEVRON INTERNATIONAL
17  EXPLORATION & PRODUCTION (f/k/a           Hon. Joseph C. Spero
    CHEVRONTEXACO OVERSEAS
18  PETROLEUM COMPANY),                       Date Comp. Filed:    December 2, 2004
    a division of Chevron U.S.A., Inc.,
19                                            Trial Date:          October 9, 2007
                        Defendants.
20

21

22

23

24

25

26

27

28

# I.    INTRODUCTION

Under the Federal Rules of Civil Procedure and this Court's standard pretrial order, plaintiff Kiran Pande hereby moves to strike as improper all portions of Chevron's Final Witness List that either (1) fail to identify Chevron's witnesses adequately or (2) seek to present witnesses by video or other remote means.  Specifically, Pande moves to strike items 13-17, 19-24, 26-28, and 31 on Chevron's witness list.  Each of these items lists multiple, cumulative witnesses whom Chevron "may" call for a single topic and whose testimony Chevron "may" seek to introduce remotely.  Pande also moves to exclude any other remote testimony proposed by Chevron, by striking Chevron's more general request that "[s]ome of the witnesses [on its Witness List] may appear via [remote means]."  Chevron's Witness List at 1.

The challenged portions of Chevron's witness list violate this Court's requirements, and the letter and spirit of the applicable Federal Rules.  Until Chevron corrects the deficiencies in its witness list, Pande cannot adequately prepare for trial.  Because trial in this case is set to begin in less than two weeks, Pande requests that the Court minimize the prejudice that Chevron has already caused her by striking all witnesses listed in items 13-17, 19-24, 26-28, and 31 unless on September 28 Chevron specifies the precise witness who will appear at trial.

# II.    ARGUMENT

**A.    Chevron's failure to identify its witnesses violates the letter and spirit of the applicable rules, and imposes severe prejudice on Pande.**

By failing adequately to identify its trial witnesses, Chevron has violated its obligations under this Court's rules and deprived Pande of a fair opportunity to prepare for trial.  Federal Rule of Civil Procedure 16 and Local Rule 16-10(b) allow the Court to control pre-trial matters—specifically including identification of witnesses—as necessary to ensure a fair and orderly trial.  See Fed. R. Civ. P. 16(c)(7).  Implementing this authority, this Court's standard order regarding trial preparation requires each party to submit a list of its trial witnesses, "providing, for all [case-in-chief] witnesses, a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer."  Standard Case Management and Pretrial Order (Jury) for Hon. Joseph C. Spero ("Pretrial

1

403396.01

1    Order"), § VIII.A.1.  The Pretrial Order expressly provides that "[i]f non-cumulative testimony is

2    not spelled out, the Court will presume the witness is cumulative."  Id.  The Pretrial Order also

3    requires an estimated length of time for the witness's direct testimony.  Id.

4        Chevron has not followed the Court's requirements.  Instead of identifying individual

5    witnesses, with topics and time estimates, each of the challenged witness list items identifies a

6    group of up to twenty possible witnesses, "[o]ne or more" of whom may be called to testify on a

7    stated topic.  See Chevron's Witness List, ¶ 15.  Chevron does not provide a good faith time

8    estimate for every individual included in each group of witnesses, or even an estimate of how

9    many witnesses may appear per group, but offers only an estimated time "for one witness."  Id.

10   Chevron's witness list thus gives Pande no way of knowing what witnesses may actually appear

11   at trial.  To the extent that Chevron calls more than one witness on each identified topic, the

12   witness is cumulative.

13       This is no mere technical violation: Chevron's failure to identify its witnesses severely

14   prejudices Pande.  Until Chevron identifies the specific witnesses it intends to call, in compliance

15   with the Court's requirements, Pande cannot properly prepare for trial.  A primary goal of the

16   Federal Rules of Civil Procedure—and particularly pre-trial management under Rule 16—is to

17   "improve the quality of justice" in federal courts, in part by avoiding "trial surprise."  Adv.

18   Comm. Introduction to Fed. R. Civ. P. 16 (1983).  Chevron's deficient witness list forces Pande

19   to prepare to confront dozens of witnesses at trial, when in fact Chevron apparently expects to

20   present only a small fraction of that number.

21       Pande has given the Court and Chevron a clear, concise witness list including all the

22   information required to allow Chevron and the Court to prepare for trial in this case.  The Federal

23   Rules, the Court's Pretrial Order, and common fairness require that Chevron be required to do

24   the same.  Chevron's inadequate list has already caused prejudice to Pande by reducing her time

25   to prepare for trial; that prejudice will continue and increase until Chevron is compelled to

26   provide a proper list.

27

28

**B.** **Chevron cannot show the good cause and compelling circumstances required to justify remote testimony by its witnesses.**

Chevron also improperly seeks to introduce testimony by transmission from remote locations, although no compelling circumstances permit such transmission here.

Federal Rule of Civil Procedure 43(a) provides for trial testimony to be transmitted from a remote location only "for good cause shown in compelling circumstances." Fed. R. Civ. P. 43(a). The Advisory Committee Notes to the Rule repeat and elaborate upon its explicit instruction that "good cause" and "compelling circumstances" are required, cautioning that "[t]he importance of presenting live testimony in court cannot be forgotten." Adv. Comm. Note to Fed. R. Civ. P. 43 (1996). As the Notes explain, "[t]he very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." Id. This same principle underlies the hearsay rules set forth in the Federal Rules of Evidence: "the Anglo-American legal tradition has evolved three conditions under which witnesses will ideally be required to testify: (1) under oath, (2) in the personal presence of the trier of fact, (3) subject to cross-examination." Introductory Note to the 1972 Proposed Rules: The Hearsay Problem (emphasis added). To protect this core principle of our legal system, Rule 43(a) permits remote testimony only when necessary for "unexpected reasons, such as accident or illness," not when it is simply "inconvenient for the witness to attend the trial." Adv. Comm. Note to Fed. R. Civ. P. 43 (1996). Accordingly, "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." Id.

Chevron has made no showing of "compelling circumstances" justifying remote testimony under Rule 43(a), nor could it do so. Chevron claims only that certain unspecified witnesses "may be overseas at the time of trial," and that Chevron is "unable at this early date" to determine which ones. Chevron's Witness List at 4. Judge Wilken set October 9 as the trial date in this case several months ago. Trial now is barely two weeks away. Chevron should know which of its witnesses will be available to testify at trial. Moreover, even if some of Chevron's intended witnesses are currently overseas, that fact does not justify remote testimony under Rule

3

PLAINTIFF'S MOTION TO STRIKE CHEVRON'S IMPROPER FINAL WITNESS LIST; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 04-5107 JCS

403396.01

1  43(a).  Chevron presumably knew about these witnesses (its employees), and knew that it might

2  not be convenient for them to come to trial.  Chevron had every opportunity to secure its

3  witnesses' testimony at depositions during the discovery phase of this litigation.  It chose not to

4  do so, presumably for tactical reasons.

5       A witness's overseas location is an ordinary, not a compelling, circumstance.  Witnesses

6  who are overseas are no different under the Federal Rules from witnesses who are outside of the

7  Court's subpoena power; the Rules consider and provide for both situations, and parties must do

8  the same.  See Fed. R. Ev. 804 (defining "unavailable" for purposes of the hearsay rules to

9  include cases where the offering party is "unable to procure the declarant's attendance . . . by

10  process or other reasonable means").  In this case, the witnesses' location is also a circumstance

11  within Chevron's own control, as the witnesses' employer and a global enterprise well

12  accustomed to moving its employees around the globe (as the facts of this very case make clear).

13  Chevron obviously can afford to pay for its witnesses to get on an airplane, if it deems the

14  witnesses' testimony to be important.  Finally, Chevron has had several months since the trial

15  date was set to arrange for its witnesses to come testify, further diminishing its ability to claim

16  even significant inconvenience—let alone the compelling good cause that Rule 43(a) requires.

### III.     CONCLUSION

18       For all the foregoing reasons, the Court should strike all improper portions of Chevron's

19  witness list described above and deny Chevron's request to present remote testimony.  Because

20  trial is imminent, Pande will suffer rapidly-increasing prejudice until Chevron identifies the

21  witnesses it intends to call at trial.  The Court therefore should require that Chevron do so at the

22  final pre-trial conference on September 28.

PLAINTIFF'S MOTION TO STRIKE CHEVRON'S IMPROPER FINAL WITNESS LIST; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 04-5107 JCS

403396.01

1

2    Dated:  September 26, 2007

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KEKER & VAN NEST, LLP


By:    /s/ Susan J. Harriman
       SUSAN J. HARRIMAN
       CHRISTA M. ANDERSON
       Attorneys for Plaintiff
       KIRAN PANDE

5

PLAINTIFF'S MOTION TO STRIKE CHEVRON'S IMPROPER FINAL WITNESS LIST; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 04-5107 JCS

403396.01