Michele Ballard Miller (SBN 104198)
Janine S. Simerly (SBN 102361)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.<br><br>　　　　Defendants. | Case No. 04-5107 JCS<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 42; AND SUBMISSION OF DEFENDANTS' PROPOSED JURY INSTRUCTION REGARDING RETALIATION**<br><br>Trial Date:　　October 9, 2007<br>Time:　　　　8:00 a.m.<br>Place:　　　　Courtroom D, 15th Floor<br><br>Complaint filed: December 2, 2004<br><br>Honorable Joseph C. Spero |

---

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED ALTERNTIVE JURY INSTRUCTION 42 AND
SUBMISSION OF ALTERNATIVE INSTRUCTION REGARDING RETALIATION**
Case No. 04-5107 JCS

In light of Judge Claudia Wilken's indication during the initial May 22, 2007 Pre-Trial Conference that the parties should stipulate that Ms. Pande engaged in "protected activity" for purposes of her retaliation claim,[1] Defendants provided Plaintiff's counsel with a proposed stipulation to that effect on October 3, 2007. Specifically, Defendants proposed the following language:

> The parties have stipulated that about March/April 2002, Kiran Pande complained to Jay Johnson about Rex Mitchell. These complaints included allegations that Mr. Mitchell engaged in discrimination on the basis of gender and national origin. The parties further stipulate and agree that the act of complaining to Jay Johnson about Mr. Mitchell constitutes "protected activity" pursuant to the California Fair Employment and Housing Act.

Plaintiff rejected this Stipulation outright on October 4, 2007 indicating that the proposed stipulation was both unacceptably narrow and unnecessary. Rather than propose alternative language for such stipulation, Plaintiff provided Defendants with a revised retaliation jury instruction of their own. (A true and correct copy of Plaintiff's October 4, 2007 email and attached proposed instruction is attached as Exhibit A) In light of Plaintiff's indication that they would be filing this proposed Jury Instruction Number 42, Defendants hereby submit these objections. Additionally, Defendants submit for the Court's review a copy of the revised Defendant's Proposed Jury Instruction No. 41 (attached at Exhibit B) which was proposed to Plaintiff's counsel for consideration on October 3, 2007.

---

[1] Specifically, Judge Wilken stated that "we can have a stipulation or an agreed statement that she [Plaintiff] made complaints about racial and sexual remarks or some description of it without having the verbatim things that she said." (Reporters Transcript of Proceedings, May 22, 2007, Docket No. 117 at 29:14-22) In response to defense counsel's statement that Defendants would not dispute that Plaintiff complained to Mr. Jay Johnson, and that such complaints rose to the level of "protected activity," Judge Wilken stated "Yes. So we'll have some sort of statement to that effect without the details." (*Id.* at 29:23-30:4)

1

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED ALTERNTIVE JURY INSTRUCTION 42 AND SUBMISSION OF ALTERNATIVE INSTRUCTION REGARDING RETALIATION**
Case No. 04-5107 JCS

Defendants object to Plaintiff's newly revised Proposed Instruction No. 42 on the grounds that it fails to acknowledge Judge Wilken's statements that the parties should stipulate that Plaintiff engaged in protected activity – a stipulation which would eliminate the need to prove one of the three elements of a retaliation claim. As such, Plaintiff's proposed instruction is unnecessarily confusing, contains elements that Plaintiff need not prove, and suggests that Plaintiff intends to put on evidence that is unnecessary and a waste of both time and resources. Additionally, Defendants object on the ground that Plaintiff has no authority for the proposition that denial of job reassignments and/or denial of alternative positions constitute "adverse employment actions" as a matter of law, and that such assertion is purely argument. Finally, Defendants object on the ground that Plaintiff's final paragraph regarding the definition of "substantial factor" is misleading. In the event that this paragraph is used, the statement "Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct" should also be included. (See CACI 430)

Dated: October 4, 2007

MILLER LAW GROUP
A Professional Corporation

By: _____/S/_____
Janine S. Simerly
Attorneys for Defendants CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.

# EXHIBIT A

## Lisa Hamasaki

| | |
|---|---|
| **From:** | Christa Anderson [CAnderson@KVN.com] |
| **Sent:** | Thursday, October 04, 2007 1:49 PM |
| **To:** | Lisa Hamasaki |
| **Cc:** | Michele Ballard Miller; Susan Harriman; Audrey Walton-Hadlock |
| **Subject:** | RE: Pande v. Chevron |
| **Attachments:** | KVNDOC1-404007-v1-Pande-revised retaliation instruction.DOC |

Lisa - and here is a redlined version of the new proposed instruction (redlined against our earlier version). We plan on submitting this to Court tomorrow, so please let us know your thoughts later today. Thanks, Christa

<<KVNDOC1-404007-v1-Pande-revised retaliation instruction.DOC>>

---

**From:** Christa Anderson
**Sent:** Thursday, October 04, 2007 1:46 PM
**To:** Lisa Hamasaki
**Cc:** 'Michele Ballard Miller'; Susan Harriman; Audrey Walton-Hadlock
**Subject:** Pande v. Chevron

Dear Lisa,

I write to respond to your letter of yesterday and to raise another related issue.

First, we cannot agree to Chevron's proposed stipulation regarding Ms. Pande's complaints about Rex Mitchell. The proposed stipulation is both unacceptably narrow and unnecessary. Ms. Pande's presentation on this point will not be lengthy, and she does not intend to go beyond the parameters set by the Court at the May 22, 2007 hearing. However, Chevron's proposed stipulation does not include the full scope of even those basic facts. Further, the Court did not require the parties to enter into a stipulation on the subject. In sum, we find the proposed stipulation unnecessary.

Second, we cannot agree to the related proposed jury instruction. The proposed instruction still does not conform to the CACI model instruction on retaliation. Indeed, we note that the CACI model instruction was revised in August 2007 to include additional language, not included in Chevron's proposed instruction, that is appropriate in this case. Accordingly, we will be forwarding to you later today a revised proposed instruction to reflect that new CACI model instruction's language.

Thanks,

Christa

**PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 42**

**RETALIATION – ELEMENTS**

**(DISPUTED INSTRUCTION)**

Ms. Pande claims that Chevron retaliated against her for her complaints about gender discrimination, racial discrimination, and harassment. To establish this claim, Ms. Pande must prove all of the following:

That Ms. Pande complained to supervisors about gender discrimination, racial discrimination, and/or harassment;

That Chevron subjected Ms. Pande to adverse employment actions, such as reduced compensation, denial of job reassignments, denial of alternative positions, or termination; or that Chevron engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Ms. Pande's employment;

That Ms. Pande's complaints about gender discrimination, racial discrimination, and harassment were a motivating reason for Chevron's ~~decision to take any of these adverse employment actions against her~~conduct;

That Ms. Pande was harmed; and

That this retaliatory conduct by Chevron was a substantial factor in causing Ms. Pande's harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

CACI 2505 (revised August 2007), 430.

1

# EXHIBIT B

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 41.**

**RETALIATION—ELEMENTS**

**(DISPUTED INSTRUCTION)**

To prevail on her claim of retaliation in violation of the California Fair Employment and Housing Act, Ms. Pande must prove each of the following:

1. That she engaged in or was engaging in protected activity;
2. That Chevron subjected her to an adverse employment action; and
3. That the protected activity was a motivating factor in the adverse employment action.

The parties have stipulated that about March/April 2002, Kiran Pande complained to Jay Johnson about Rex Mitchell. These complaints included allegations that Mr. Mitchell engaged in discrimination on the basis of gender and national origin. The parties further stipulate and agree that the act of complaining to Jay Johnson about Mr. Mitchell constitutes "protected activity" pursuant to the California Fair Employment and Housing Act.

Given the parties' Stipulation, Ms. Pande only must prove elements 2 and 3 – that she suffered an adverse employment action and that the protected activity was a motivating factor for the adverse employment action. If Ms. Pande has proved both of these elements, Ms. Pande is entitled to your verdict, unless Chevron has proved by a preponderance of the evidence that it would have made the same decision even if Ms. Pande's participation in a protected activity had played no role in the employment decision. In that event, Chevron is entitled to your verdict, even if Ms. Pande has met her burden of proof on both of the above elements.

**SOURCE:** No. 10.3, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition. Committee on Model Jury Instructions, Ninth Circuit (as modified); CACI 2505 (September 2003).