Michele Ballard Miller (SBN 104198)
Janine S. Simerly (SBN 102361)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON
CORPORATION (f/k/a ChevronTexaco
Corporation) and CHEVRON INTERNATIONAL
EXPLORATION & PRODUCTION
(f/k/a ChevronTexaco Overseas Petroleum),
a division of Chevron U.S.A. Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>        Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.<br><br>        Defendants. | Case No. C 04-5107 JCS<br><br>**DEFENDANTS' LETTER BRIEF REGARDING JUDGE WILKEN'S INSTRUCTION ON PROTECTED ACTIVITY STIPULATION**<br><br>Trial Date:    October 9, 2007<br>Time:    8:00 a.m.<br>Place:    Courtroom D, 15th Floor<br><br>Complaint filed: December 2, 2004<br><br>Honorable Joseph C. Spero |

October 5, 2007


Hon. Joseph C. Spero
450 Golden Gate Ave.
Courtroom A, 15th Floor
San Francisco, CA 94102


      Re:      ***Kiran Pande v. Chevron Corporation et al.***
                **C 04-5107 JCS**


Dear Judge Spero:

        Defendants respectfully ask the Court to intervene to ensure that an instruction issued by Judge Wilken at the May 22, 2007 Pretrial Conference in this matter is properly implemented. Despite Judge Wilken's express instruction that the parties stipulate to a bare statement – "without the details" – that Plaintiff Kiran Pande made complaints regarding her former supervisor, Rex Mitchell, Plaintiff now refuses to agree to any such stipulation. Instead, Plaintiff apparently seeks to open a book that has already been closed, distracting the jury from the Plaintiff's actual case and focusing them instead on unneccessary, irrelevant and inflammatory "mini-trials." In order to comply with Judge Wilken's instructions and avoid undue waste of judicial resources and unfair prejudice to Defendants, Defendants ask the Court to issue an order excluding evidence regarding the details of complaints Plaintiff allegedly made regarding Rex Mitchell.


I.      **BACKROUND FACTS**

        Plaintiff alleges that during March and April of 2002, she and co-worker Victoria Thompson complained to Jay Johnson about harassing and discriminatory treatment Plaintiff had allegedly suffered from her then supervisor, Rex Mitchell. Among other things, Plaintiff alleges that Rex Mitchell had at one point commented to her that "Ali Moshiri . . . can go back now and sell . . . Persian rugs for a living." She further alleges that she heard *through others* that Mitchell had commented that "people that provide the airport shuttle services [are] towel heads."

        Plaintiff filed suit, claiming, among other things, that she was discriminated against based on her gender and race/national origin, and retaliated against for having made the aforementioned complaints against Rex Mitchell. Judge Wilken dismissed some of Plaintiff's

Hon. Joseph C. Spero
October 5, 2007
Page 2

other claims on summary judgment, but allowed Plaintiff's discrimination and retaliation claims to proceed to trial.

At the May 22, 2007 Pre-Trial Conference, Judge Wilken addressed (among other things) Defendants' Third Motion *in Limine* to Exclude Evidence of Rex Mitchell's Allegedly Discriminatory Comments and Reference to Victoria Thompson's Conflicts with Mitchell. The purpose of that motion was to exclude unfairly prejudicial evidence regarding the allegedly discriminatory conduct of Rex Mitchell that led Kiran Pande and Victoria Thompson to complain about Mitchell to Jay Johnson in March and April of 2002. Defs' Motions in Limine, pp.9-13. Notably, Judge Wilken stated at the hearing that Ms. Thompson's allegations are essentially devoid of substantive specifics. Pretrial Conference Tr. 35:8-11 (excerpts of this transcript at attached as Exhibit A). Judge Wilken also sharply criticized the limited value of Plaintiff's evidence supporting her claims of gender and national origin discrimination.

As for the extent to which testimony would be permitted at trial regarding Plaintiff's complaints, Judge Wilken expressly limited such testimonly, stating:

> "Plaintiff is making the point that they need to say that Ms. Pande complained about Mitchell so that they can show that she did her protective act, which is the motivation for retaliation. And that is a good point. But you don't have to say what it was she said he said. .. We can have a stipulation or an agreed statement that she made complaints about racial and sexual remarks or some description of it **without having the verbatim things that she said**. . . . We'll have some sort of statement to that effect **without the details**." Pretrial Conference Tr. 29:19-22, 30:3-4.

Following the Pre-Trial Conference, Plaintiff voluntarily dismissed her Third and Fourth Causes of action regarding gender discrimination and race/national origin discrimination, respectively. On June 18, 2007, Judge Wilken issued an order dismissing those claims.

On October 3, 2007, in a good faith effort to comply with Judge Wilken's instructions that the parties stipulate to a *limited* statement regarding Plaintiff's protected activity of complaining about Rex Mitchell, Defendants sent Plaintiff's counsel a letter with the following proposed langauge:

> The parties stipulate and agree that in or about March/April 2002, Kiran Pande complained to Jay Johnson about Rex Mitchell. These complaints included allegations that Mr. Mitchell engaged in discrimination on the basis of gender and national origin.

Hon. Joseph C. Spero
October 5, 2007
Page 3

>The parties further stipulate and agree that the act of complaining to Jay Johnson about Mr. Mitchell constitues "protected activity" pursuant to the California Fair Employment and Housing Act.

Letter from Hamasaki to Harriman and Anderson of 10/3/07 (attached as Exhibit B).

Rather than attempting to reach an agreement, Plaintiff rejected out of hand the very idea of such a stipulation. Specifically, Plaintiff's counsel responded that "[the] proposed stipulation is both unacceptably narrow and unnecessary." E-mail from Anderson to Hamasaki of 10/4/07 (attached as Exhibit C).

## II.     DISCUSSION OF LEGAL ISSUES

Because Plaintiff voluntarily dismissed her discrimination and harassment claims against Defendants, the only remaining cause of action to which the substantive details of Mitchell's alleged misconduct are relevant is her FEHA retaliation claim. To establish a prima facie case of retaliation under the FEHA, Plaintiff must make three separate showings of fact: 1) that Plaintiff engaged in a protected activity, 2) that Defendants took adverse employment actions against Plaintiff, and 3) that the protected activities were a motivating reason for the adverse actions. *See* CACI 2025, revised Aug. 2007.

The substantive details of the harassment allegations made by Ms. Pande (as well as Victoria Thompson) are relevant only to the first issue – whether Plaintiff engaged in protected activity. As Plaintiff pointed out in her Opposition to Defendant's Motions in Limine, Plaintiff intended to enter such evidence to demonstrate Defendants' motivation for the alleged retaliation. Plaintiff Kiran Pande's Memorandum of Points and Authorities in Opposition to Chevron's Motions in Limine, pp.10-11.

While it is true that under FRE 401, evidence may be relevant even where it tends to prove an undisputed issue, where that evidence raises a "danger of unfair prejudice, confusion of the issues, or misleading the jury" that substantially outweighs its probative value, the Court in its discretion should properly exclude it under FRE 403. Fed. Rules Evid. 403; *see also* Fed. Rules Evid. 401, Advisory Committee Notes to the 1972 Proposed Rules ("While situations will arise which call for the exclusion of evidence offered to prove a point conceded by the opponent, the ruling should be made on the basis of such considerations as waste of time and undue prejudice").

Because the risk of undue prejudice to Defendants substantially outweighs the slight probative value of these irrelevant details, they should be excluded under FRE 403. Evidence is unfairly prejudicial under Rule 403 where it has "an undue tendency to suggest

Case 3:04-cv-05107-JCS    Document 150    Filed 10/05/2007    Page 5 of 16

Hon. Joseph C. Spero
October 5, 2007
Page 4

decision on an improper basis, commonly . . . an emotional one." Fed. Rule Evid. 403, Advisory Committee Notes to the 1972 Proposed Rules; *see also, e.g., Old Chief v. U.S.*, 519 U.S. 172, 180 (1997). Here, Plaintiff by her counsel's own admission, hopes to introduce evidence of the persian rug comment, as well as evidence from Victoria Thompson that she was discriminated against by Mitchell. Because evidence of racial discrimination is highly inflammatory, to allow its introduction where Judge Wilken already opined that its probative value is minimal would unfairly prejudice Defendants. A stipulation that Plaintiff engaged in a protected activity precludes the need to introduce this inflammatory evidence. *See, e.g., Old Chief,* 519 U.S. at 184-185 (defendant's willingness to stipulate to prior conviction renders unfairly prejudicial under Rule 403 admission of full record of prior conviction).

Furthermore, because Defendants are willing to stipulate to the fact that Plaintiff engaged in protected activity, to allow Plaintiff to introduce substantive details of those complaints will inevitably waste the time of both the Court and the jury. If Plaintiff is allowed to introduce this evidence at trial, Defendants will have to respond to such evidence with its own rebuttal evidence. Therefore, admission of these substantive details will result in a mini-trial on the *undisputed* issue of Pande's protected activity. Because "considerations of . . . waste of time" substantially outweigh the slight probative value of these details, the Court in its discretion should properly exclude it under Rule 403. Fed. Rule Evid. 403.

III. **CONCLUSION**

After reviewing the authority and arguments regarding this issue, Judge Wilken deemed that there was no need to go into the details of Plaintiff's protected activity. Defendants respectfully request that the Court issue an order consistent with Judge Wilken's instruction, and thereby avoid unneccesary mini-trials that would serve only to confuse the jury, waste judicial resources and unfairly prejudice to Defendants.

Very truly yours,

//S//

Michele Ballard Miller
MILLER LAW GROUP

# EXHIBIT A

1

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND, CALIFORNIA DEPARTMENT 2, CLAUDIA WILKEN, JUDGE

-oOo-

| | |
|---|---|
| PANDE, | ) C-04-5107CW |
| PLAINTIFF, | ) PRETRIAL CONFERENCE |
| V. | ) TUESDAY, MAY 22, 2007 |
| CHEVRON TEXACO | ) DEFENDANTS' MOTIONS IN |
| DEFENDANT. | ) LIMINE |
| | ) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

FOR THE PLAINTIFF:

KEKER & VAN NEST, LLP
BY:  SUSAN J. HARRIMAN,
     CHRISTA MARTINE ANDERSON,
ATTORNEYS AT LAW
710 SANSOME STREET
SAN FRANCISCO, CALIFORNIA  94111-1704
TEL (415) 391-5400
FAX (415) 397-7188, WWW.KVN.COM, CMA@KVN.COM,
SHARRIMAN@KVN.COM

FOR THE DEFENDANT:

MILLER LAW GROUP, PROFESSIONAL CORPORATION
BY:  MICHELE MILLER
     LISA C. HAMASAKI,
ATTORNEYS AT LAW
EMPLOYMENT LAW AND LITIGATION WOOD ISLAND CENTER
60 E. SIR FRANCIS DRAKE BLVD., SUITE 302
LARKSPUR, CA  94939
TEL (415) 464-4300 FAX (4R15) 464-4336
LCH@MLLERLAWGROUP.COM

REPORTED BY:  STARR A. WILSON, CSR 2462

```
 1   OAKLAND, CALIFORNIA; 2:20 P.M, TUESDAY, MAY 22, 2007;
 2   DEPARTMENT TWO, CLAUDIA WILKEN, JUDGE
 3                          -OOO-
 4         THE CLERK:  CALLING THE MATTER OF PANDE VERSUS
 5   CHEVRON TEXACO, CIVIL ACTION NUMBER C-04-1507.  COUNSEL,
 6   PLEASE COME FORWARD AND STATE YOUR APPEARANCES.
 7         MS. HARRIMAN:  GOOD AFTERNOON.  SUSAN HARRIMAN OF
 8   ECKER & VAN NEST ON BEHALF OF THE PLAINTIFF.
 9         MS. ANDERSON:  CHRISTA ANDERSON ON BEHALF OF THE
10   PLAINTIFFS AS WELL.
11         MS. MILLER:  MICHELLE MILLER ON BEHALF OF THE
12   DEFENDANTS.
13         MS. HAMASAKI:  LISA HAMASAKI ON BEHALF OF THE
14   DEFENDANTS.
15         THE COURT:  GOOD AFTERNOON.  YOU CAN STAND BY THE
16   PODIUM, WHOEVER IS GOING TO SPEAK.
17         UM, SO I WAS REALLY THINKING THAT YOU ALL MIGHT,
18   SHOULD, WHY DON'T YOU COME UP TO THE PODIUM IF YOU WOULDN'T
19   MIND, PLEASE.  IT IS EASIER FOR THE COURT REPORTER TO GET IF
20   YOU'RE STANDING UP CLOSER AND THEY CAN HEAR YOU AND SEE YOU.
21         THE COURT REPORTER:  THANK YOU, YOUR HONOR.
22         THE COURT:  UM, YOU ALL SEEM TO HAVE A LOT OF
23   LOGISTICAL ISSUES AND I REALLY -- PLAINTIFF HAS ALREADY
24   CONSENTED -- I REALLY THINK THE DEFENDANT SHOULD CONSIDER
25   CONSENTING.  BECAUSE IF YOU GOT ALL THESE WITNESS PROBLEMS
```

```
 1   QUESTION IS LAYING A FOUNDATION THEN WE -- WE WOULD LIKE TO
 2   TAKE A STAB AT DOING IT.
 3           THE COURT:  NO.  I THINK IT'S TOO LATE.
 4           MS. MILLER:  YOUR HONOR, CAN I -- YOU CAN GO
 5   THROUGH THE REST.  I WOULD LIKE TO GO BACK TO THE FIRST
 6   MOTION ON LIMINE AT SOME POINT BUT --
 7           THE COURT:  OKAY.  YOU CAN GO BACK TO IT LATER.
 8           NOW, UM, MITCHELL'S ALLEGEDLY DISCRIMATORY
 9   COMMENTS AND REFERENCE TO VICTORIA THOMPSON'S CONFLICT WITH
10   MITCHELL.
11           WELL, WE'VE GOT OUR PERSIAN RUG COMMENT.  WE GOT
12   OUR TOWEL HEAD COMMENT AND WE GOT OUR VICKI THOMPSON PROBLEM
13   WHICH I'M NOT TOO SURE WHAT IT IS.
14           NOW, THE PLAINTIFF IS MAKING THE POINT THAT THEY
15   NEED TO SAY THAT MS. PANDE COMPLAINED ABOUT MITCHELL SO THAT
16   THEY CAN SHOW THAT SHE DID HER PROTECTIVE ACT, WHICH IS THE
17   MOTIVATION FOR THE RETALIATION.  AND THAT IS A GOOD POINT.
18   BUT YOU DON'T HAVE TO SAY WHAT IT WAS SHE SAID HE SAID.
19   WE'LL HAVE IT.  WE CAN HAVE A STIPULATION OR AN AGREED
20   STATEMENT THAT SHE MADE COMPLAINTS ABOUT RACIAL AND SEXUAL
21   REMARKS OR SOME DESCRIPTION OF IT WITHOUT HAVING THE
22   VERBATIM THINGS THAT SHE SAID.
23           MS. MILLER:  I BELIEVE MR. JOHNSON, IN HIS
24   DECLARATION IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT,
25   DOES SAY THAT SHE DID MAKE -- SHE DID COMPLAIN TO HIM IN
```

```
 1  WHAT HER COMPLAINTS DO RISE TO PROTECTED ACTIVITY.  WE ARE
 2  NOT GOING TO DISPUTE THAT.
 3          THE COURT:  YES.  SO WE'LL HAVE SOME SORT OF
 4  STATEMENT TO THAT EFFECT WITHOUT THE DETAILS.
 5          THE TOWEL HEAD COMMENT IS OUT BECAUSE SHE
 6  DIDN'T -- PANDE DIDN'T HEAR IT.  THE PERSON WHO SHE SAYS
 7  HEARD IT DENIES IT.  SO THERE'S NOBODY WHO CAN IN A
 8  NONHEARSAY WAY AFFIRM THAT MITCHELL ACTUALLY MADE THE TOWEL
 9  HEAD COMMENT SO THAT IS OUT OF HEARSAY.
10          MS. HARRIMAN:  WELL, LET'S BE CERTAIN OF THAT
11  BEFORE WE JUMP THERE.  IF THERE ARE GOING TO BE A STATEMENT
12  GENERALLY TO THE JURY THAT SHE MADE COMMENTS THAT HAVE THAT
13  MS. PANDE COMPLAINED ABOUT RACIST REMARKS THAT MITCHELL HAD
14  MADE, IT MAY COVER THAT.  BUT I WERE SOMEONE, I BELIEVE, IS
15  ON THE WITNESS LIST.  THE FACT THAT SHE SAID SOMETHING IN
16  THE DECLARATION, SHE IS SUBJECT TO CROSS EXAMINATION IF WE
17  OTHERWISE GET INTO IT SO IT'S NOT NECESSARILY HEARSAY YET.
18          THE COURT:  WELL, I GUESS YOU CAN ASK HER IF SHE
19  HEARD HIM MAKE SUCH A REMARK.
20          MS. HARRIMAN:  YEAH.  I MEAN WHAT SHE SAYS IN A
21  DECLARATION AND WHAT SHE SAYS ON THE STAND MAY BE VERY
22  DIFFERENT THINGS.
23          THE COURT:  YOU MIGHT HOPE SO BUT THAT IS NOT
24  ALWAYS THE CASE.  BUT IN ANY CASE, YOU MAY NOT ASK HER DID
25  HE NOT TELL YOU SOMETHING ABOUT TOWEL HEADS.  YOU CAN ASK
```

```
 1            THE COURT:  WHO COMPLAINED?
 2            MS. MILLER:  THOMPSON AND PANDE WENT TO JAY
 3   JOHNSON AND THEY ALSO WENT TO THE OMBUDSPERSON AND THEY PUT
 4   TOGETHER AN E-MAIL OF WHAT THEIR JOINT COMPLAINTS WERE.
 5   THERE WEREN'T SPECIFICS IN THEM.  WE DON'T DISAGREE THAT
 6   VICKI TALKED ABOUT WHY SHE THOUGHT SHE WAS BEING
 7   DISCRIMINATED AGAINST WITHOUT ANY SPECIFICS.
 8            THE COURT:  DO YOU KNOW WHY VICKI THOUGHT SHE WAS
 9   BEING DISCRIMINATED AGAINST?
10            MS. MILLER:  NO.  NOT REALLY.
11            THE COURT:  OKAY.  SO, NEITHER DO I.  SO I NEED TO
12   KNOW WHAT IT IS IF YOU WANT TO PUT IT IN.  AND THE
13   APPROPRIATE TIME IS LIKE WITHIN THE NEXT COUPLE OF WEEKS.  I
14   WANT TO GET ALL THESE THINGS WRAPPED.  WELL, YOU'RE GONE --
15   THE NEXT FOUR WEEKS, LET'S SAY, AFTER YOU GET BACK.  I WOULD
16   LIKE TO GET ALL THESE THINGS WRAPPED UP.  I DON'T WANT TO
17   HAVE THIS DRAG OUT TO NEXT SEPTEMBER.
18            MS. HARRIMAN:  YOUR HONOR, JUST TO BE CLEAR HOW
19   FAR.  SOME OF THIS IS OBVIOUSLY ADMISSIBLE WITHOUT GETTING
20   INTO THE DETAILS OF WHAT VICKI THOMPSON'S COMPLAINTS WERE.
21   IT'S ADMISSIBLE THAT TOGETHER THAT THEY CAME UP WITH A LIST
22   OF COMPLAINTS BUT TOGETHER THEY WENT TO COMPLAIN.
23            THE COURT:  YES.
24            MS. HARRIMAN:  THERE ARE ONLY TWO WOMEN REPORTING
25   TO THIS GUY, ETC, ETC.  SO IT'S JUST -- THE LEVEL OF DETAIL
```

# EXHIBIT B

October 3, 2007

*Via Email and U.S. Mail*

Susan Harriman
Christa Anderson
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

   Re: *Pande v. Chevron Corporation, et al.*
     **United States District Court Case No. 04-5107 JCS**

Dear Susan and Christa:

   Pursuant to Judge Wilken's statements during the May 22, 2007 Pre-Trial Conference and our prior communications on this subject, I am writing to provide you with proposed language for a stipulation addressing Ms. Pande's complaints about Rex Mitchell. Defendants will agree to the following language:

> The parties stipulate and agree that in or about March/April 2002, Kiran Pande complained to Jay Johnson about Rex Mitchell. These complaints included allegations that Mr. Mitchell engaged in discrimination on the basis of gender and national origin.
>
> The parties further stipulate and agree that the act of complaining to Jay Johnson about Mr. Mitchell constitutes "protected activity" pursuant to the California Fair Employment and Housing Act.

   Please let us know whether this language is acceptable and we will prepare a formal stipulation. Additionally, we have attached a proposed retaliation jury instruction which we suggest using once the parties have agreed to the stipulation.

           Very truly yours,

           Lisa C. Hamasaki

LCH/bss
Enclosure

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 41.

## RETALIATION—ELEMENTS

### (DISPUTED INSTRUCTION)

To prevail on her claim of retaliation in violation of the California Fair Employment and Housing Act, Ms. Pande must prove each of the following:

1. That she engaged in or was engaging in protected activity;
2. That Chevron subjected her to an adverse employment action; and
3. That the protected activity was a motivating factor in the adverse employment action.

The parties have stipulated that about March/April 2002, Kiran Pande complained to Jay Johnson about Rex Mitchell. These complaints included allegations that Mr. Mitchell engaged in discrimination on the basis of gender and national origin. The parties further stipulate and agree that the act of complaining to Jay Johnson about Mr. Mitchell constitutes "protected activity" pursuant to the California Fair Employment and Housing Act.

Given the parties' Stipulation, Ms. Pande only must prove elements 2 and 3 – that she suffered an adverse employment action and that the protected activity was a motivating factor for the adverse employment action. If Ms. Pande has proved both of these elements. Ms. Pande is entitled to your verdict, unless Chevron has proved by a preponderance of the evidence that it would have made the same decision even if Ms. Pande's participation in a protected activity had played no role in the employment decision. In that event, Chevron is entitled to your verdict, even if Ms. Pande has met her burden of proof on both of the above elements.

**SOURCE:** No. 10.3, Manual of Model Civil Jury Instructions for the Ninth Circuit – 2007 Edition. Committee on Model Jury Instructions, Ninth Circuit (as modified); CACI 2505 (September 2003).

# EXHIBIT C

**From:** Christa Anderson [mailto:CAnderson@KVN.com]
**Sent:** Thursday, October 04, 2007 1:46 PM
**To:** Lisa Hamasaki
**Cc:** Michele Ballard Miller; Susan Harriman; Audrey Walton-Hadlock
**Subject:** Pande v. Chevron

Dear Lisa,

I write to respond to your letter of yesterday and to raise another related issue.

First, we cannot agree to Chevron's proposed stipulation regarding Ms. Pande's complaints about Rex Mitchell. The proposed stipulation is both unacceptably narrow and unnecessary. Ms. Pande's presentation on this point will not be lengthy, and she does not intend to go beyond the parameters set by the Court at the May 22, 2007 hearing. However, Chevron's proposed stipulation does not include the full scope of even those basic facts. Further, the Court did not require the parties to enter into a stipulation on the subject. In sum, we find the proposed stipulation unnecessary.

Second, we cannot agree to the related proposed jury instruction. The proposed instruction still does not conform to the CACI model instruction on retaliation. Indeed, we note that the CACI model instruction was revised in August 2007 to include additional language, not included in Chevron's proposed instruction, that is appropriate in this case. Accordingly, we will be forwarding to you later today a revised proposed instruction to reflect that new CACI model instruction's language.


Thanks,

Christa