KEKER & VAN NEST, LLP
SUSAN J. HARRIMAN - #111703
CHRISTA M. ANDERSON - #184325
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
KIRAN PANDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>            Plaintiff,<br><br>    v.<br><br>CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation,<br>CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY),<br>a division of Chevron U.S.A., Inc.,<br><br>            Defendants. | Case No. 04-5107 JCS<br><br>**PLAINTIFF'S AMENDED PROPOSED JURY INSTRUCTION NO. 42**<br><br>Judge:           Hon. Joseph C. Spero<br>Date Comp. Filed:   December 2, 2004<br>Trial Date:      October 9, 2007 |

1   On August 31, 2007, after the parties to this case had submitted their proposed jury instructions, the Judicial Council of California revised its California Civil Jury Instructions (CACI), altering one instruction relevant to this case. Accordingly, plaintiff Kiran Pande hereby submits an updated version of her proposed instruction No. 42 (Retaliation – Elements), attached hereto as Exhibit A, which conforms to the August 2007 CACI revisions. Ms. Pande's instruction No. 42 is a disputed instruction, the counterpart to defendants' proposed instruction No. 41. Ms. Pande has proposed her amended instruction No. 42 to defendants, but the parties remain unable to resolve their disagreement.

Dated: October 8, 2007

Respectfully submitted,

KEKER & VAN NEST, LLP

By: /s/ Christa M. Anderson
    SUSAN J. HARRIMAN
    CHRISTA M. ANDERSON
    Attorneys for Plaintiff
    KIRAN PANDE

# EXHIBIT A

# PLAINTIFF'S PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 42
## RETALIATION – ELEMENTS
### (DISPUTED INSTRUCTION)

Ms. Pande claims that Chevron retaliated against her for her complaints about gender discrimination, racial discrimination, and harassment. To establish this claim, Ms. Pande must prove all of the following:

That Ms. Pande complained to supervisors about gender discrimination, racial discrimination, and/or harassment;

That Chevron subjected Ms. Pande to adverse employment actions, such as reduced compensation, denial of job reassignments, denial of alternative positions, or termination; or that Chevron engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Ms. Pande's employment;

That Ms. Pande's complaints about gender discrimination, racial discrimination, and harassment were a motivating reason for Chevron's conduct;

That Ms. Pande was harmed; and

That this retaliatory conduct by Chevron was a substantial factor in causing Ms. Pande's harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

CACI 2505 (revised August 2007), 430.

1