# EXHIBIT C

Michele Ballard Miller (SBN 104198)
Kerry McInerney Freeman (184764)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KIRAN PANDE, | Case No. 04-5107 CW |
|---|---|
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| v. | |
| CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc., | Complaint filed:   December 2, 2004 |
| Defendants. | |

**PROPOUNDING PARTY:**     **Plaintiff KIRAN PANDE**

**RESPONDING PARTY:**     **Defendants CHEVRON CORPORATION (f/k/a ChevronTexaco Corporation) and CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a ChevronTexaco Overseas Petroleum), a division of Chevron U.S.A. Inc.**

**SET NO.:**     **ONE**

1

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)
Case No. 04-5107 CW

1 sought with reasonable particularity. Defendants further object to this request on the
2 grounds the term "original announcement" is vague and ambiguous. Defendant further and
3 specifically objects to this request on the grounds that it seeks confidential and proprietary
4 information of Defendants. Defendants further object to this request in that it requests
5 documents relating to third persons who are not parties to this action, and thereby violates
6 their privacy rights. Defendants further object to this request on the grounds and to the
7 extent that it seeks production of documents that are protected from disclosure by the
8 attorney-client privilege and/or the attorney work product doctrine. Such privileged
9 documents will not be produced.

10   Without waiving any of their objections, and entirely subject to them,
11 Defendants respond as follows: Defendants have conducted a diligent search and a
12 reasonable inquiry and produced non-privileged documents responsive to this request.

14 **REQUEST FOR PRODUCTION NO. 55:**
15 All DOCUMENTS reflecting or relating to PANDE's attempts to find a new position from
16 June 1, 2003 through January 31, 2004.
17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**
18   Defendants object to this request on the grounds that it is overly broad as to
19 time, and therefore is not reasonably calculated to lead to the discovery of admissible
20 evidence. Defendants object to this request in that it fails to describe the documents sought
21 with reasonable particularity. Defendants further object to this request on the grounds and
22 to the extent that it seeks documents of which Plaintiff has personal knowledge and indeed
23 is the most knowledgeable source for the documents sought and on that basis directing this
24 request to these Defendants is harassing. Defendants further object to this request in that it
25 requests documents relating to third persons who are not parties to this action, and thereby
26 violates their privacy rights. Defendants further object to this request on the grounds that it
27 seeks confidential and proprietary business information of Defendants. Defendants further
28 object to this request on the grounds and to the extent that it seeks production of documents

that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Such privileged documents will not be produced.

Without waiving any of their objections, and entirely subject to them, Defendants respond as follows: Defendants have conducted a diligent search and a reasonable inquiry and produced non-privileged documents responsive to this request to the extent that such documents relate to Plaintiff's claims herein and were found to exist.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS reflecting who was actually selected for each of the job openings for which PANDE applied from June 1, 2003 through January 31, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Defendants object to this request on the grounds that it is overly broad as to time, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request in that it fails to describe the documents sought with reasonable particularity. Defendants further object to this request in that it requests documents relating to third persons who are not parties to this action, and thereby violates their privacy rights. Defendants further object to this request on the grounds that it seeks confidential and proprietary business information of Defendants. Defendants further object to this request on the grounds and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Such privileged documents will not be produced.

Without waiving any of their objections, and entirely subject to them, Defendants respond as follows: Defendants have conducted a diligent search and a reasonable inquiry and produced non-privileged documents responsive to this request to the extent that such documents relate to Plaintiff's claims herein and were found to exist.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS reflecting who was actually selected for each job opening for which PANDE was considered from June 1, 2003 through January 31, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Defendants object to this request on the grounds that it is overly broad as to time, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request in that it fails to describe the documents sought with reasonable particularity. Defendants further object to this request in that it requests documents relating to third persons who are not parties to this action, and thereby violates their privacy rights. Defendants further object to this request on the grounds that it seeks confidential and proprietary business information of Defendants. Defendants further object to this request on the grounds and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Such privileged documents will not be produced.

Without waiving any of their objections, and entirely subject to them, Defendants respond as follows: Defendants have conducted a diligent search and a reasonable inquiry and produced non-privileged documents responsive to this request to the extent that such documents relate to Plaintiff's claims herein and were found to exist.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS reflecting or related to PANDE's request for medical leave in 2003.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendants object to this request in that it fails to describe the documents sought with reasonable particularity. Defendants further object to this request on the grounds and to the extent that it seeks documents of which Plaintiff has personal knowledge and indeed is the most knowledgeable source for the documents sought and on that basis directing this request to these Defendants is harassing. Defendants further object to this request on the grounds and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Such privileged documents will not be produced.

documents sought with reasonable particularity. Defendants further object to this request on the grounds and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Such privileged documents will not be produced. Defendants further object to this request on the grounds that it seeks confidential and proprietary business information of Defendants.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS reflecting communications between Zuwa Omeregie [sic] and any other CHEVRON employee regarding the filling of open job positions in Mr. Omeregie's [sic] group during the time period September 1, 2003 through January 31, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Defendants object to this request on the grounds that it is overly broad as to time and subject matter, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request in that it fails to describe the documents sought with reasonable particularity. Defendants further object to this request in that it requests documents relating to third persons who are not parties to this action, and thereby violates their privacy rights. Defendants further object to this request on the grounds that it seeks confidential and proprietary business information of Defendants.

Without waiving any of their objections, and entirely subject to them, Defendants respond as follows: Defendants have conducted a diligent search and a reasonable inquiry and produced non-privileged documents to the extent that such documents relate to Plaintiff's claims herein and were found to exist.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS reflecting or relating to the reasons why Graham Housen was selected for a position in the ETC group.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

      Defendants object to this request on the grounds that it is overly broad as to time and subject matter, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request in that it fails to describe the documents sought with reasonable particularity. Defendants further object to this request in that it requests documents relating to third persons who are not parties to this action, and thereby violates their privacy rights. Defendants further object to this request on the grounds that it seeks confidential and proprietary business information of Defendants. Defendants further object to this request on the grounds and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Such privileged documents will not be produced.

      Without waiving any of their objections, and entirely subject to them, Defendants respond as follows: Defendants have conducted a diligent search and a reasonable inquiry and produced non-privileged documents to the extent that such documents relate to Plaintiff's claims herein and were found to exist.

**REQUEST FOR PRODUCTION NO. 74:**
All DOCUMENTS reflecting or relating to the reasons why Jalal Afifi was selected for a position in the ETC group.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

      Defendants object to this request on the grounds that it is overly broad as to time and subject matter, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request in that it fails to describe the documents sought with reasonable particularity. Defendants further object to this request in that it requests documents relating to third persons who are not parties to this action, and thereby violates their privacy rights. Defendants further object to this request on the grounds that it seeks confidential and proprietary business information of Defendants. Defendants further object to this request on the grounds and to the extent that it seeks

production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Such privileged documents will not be produced.

Without waiving any of their objections, and entirely subject to them, Defendants respond as follows: Defendants have conducted a diligent search and a reasonable inquiry and produced non-privileged documents to the extent that such documents relate to Plaintiff's claims herein and were found to exist.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS reflecting or relating to the reasons why Bob Burkes was selected for a position in the ETC group.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Defendants object to this request on the grounds that it is overly broad as to time and subject matter, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request in that it fails to describe the documents sought with reasonable particularity. Defendants further object to this request in that it requests documents relating to third persons who are not parties to this action, and thereby violates their privacy rights. Defendants further object to this request on the grounds that it seeks confidential and proprietary business information of Defendants.

Without waiving any of their objections, and entirely subject to them, Defendants respond as follows: If Plaintiff clarifies this request and makes a sufficient offering of relevance, Defendants will produce non-privileged documents to the extent that such documents relate to Plaintiff's claims and are found to exist.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS reflecting staffing studies or other analyses regarding the need for Petroleum Engineers at CHEVRON during the time period January 1, 2002 through the present.