1  Michele Ballard Miller (SBN 104198)
   Janine S. Simerly (SBN 102361)
2  Kerry McInerney Freeman (SBN184764)
   Lisa C. Hamasaki (SBN 197628)
3  MILLER LAW GROUP
   A Professional Corporation
4  60 E. Sir Francis Drake Blvd., Ste. 302
   Larkspur, CA 94939
5  Tel. (415) 464-4300
   Fax (415) 464-4336
6
7  Attorneys for Defendants CHEVRON
   CORPORATION (f/k/a ChevronTexaco
   Corporation) and CHEVRON INTERNATIONAL
8  EXPLORATION & PRODUCTION
   (f/k/a ChevronTexaco Overseas Petroleum),
9  a division of Chevron U.S.A. Inc.

10

11                 UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13

14  KIRAN PANDE,                          Case No. C 04-5107 JCS

15
            Plaintiff,                    **DECLARATION OF MICHELE B. MILLER
16                                        IN   SUPPORT   OF   DEFENDANTS'
    v.                                    OPPOSITION TO PLAINTIFF'S MOTION
17                                        FOR     ADVERSE     INFERENCE
                                          INSTRUCTION**
18  CHEVRON CORPORATION (f/k/a
    ChevronTexaco Corporation) and CHEVRON
19  INTERNATIONAL EXPLORATION &           Trial Date:    October 9, 2007
    PRODUCTION (f/k/a ChevronTexaco       Time:          8:30 a.m.
20  Overseas Petroleum), a division of Chevron   Place:         Courtroom 2
    U.S.A. Inc.
21                                        Complaint filed:   December 2, 2004

22          Defendants.

23

24

25          I, MICHELE BALLARD MILLER, declare:

26

27          1.    I am an attorney at law licensed to practice before the Courts of the

28  State of California and before this Court.  I am a partner in the law firm of MILLER LAW

                                          1

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

GROUP, Professional Corporation, and am the attorney of record for Defendants CHEVRON CORPORATION and CHEVRON INTERNATIONAL EXPLORATION AND PRODUCTION COMPANY, a division of Chevron U.S.A. Inc., ("Defendants") in the above-captioned matter.

2.    I have personal knowledge of the matters set forth herein, except those stated on information and belief.  If called as a witness I could competently testify thereto.

3.    On April 6, 2006, Plaintiff's former counsel, Noah Lebowitz, took the deposition of Zuwa Omoregie.  I was present during that deposition on behalf of Defendants.  The deposition was transcribed by a certified Shorthand Reporter.  A true and correct copy of excerpted portions of Mr. Omoregie's deposition transcript is attached and incorporated as Exhibit A.  The excerpted portions of the deposition transcript and the exhibits accurately reflect the testimony given at the deposition.

4.    During the April 6, 2006, deposition of Mr. Omoregie, Mr. Lebowitz stated that he intended to file a motion to compel the production of Mr. Omoregie's selection record.  Following the deposition; both I and my associate, Kerry McInerney Freeman, had numerous discussions with Mr. Lebowitz about that document and Defendants' position that such documents were not relevant to this action.  On several occasions, Mr. Lebowitz made known that he intended to file a motion to compel the production of those documents.

5.    On June 6, 2006, I received an email from Mr. Lebowitz in which he again objected to Chevron's stance regarding the relevance of Mr. Omoregie's selection

1   record.  A true and correct copy of Mr. Lebowitz's email is attached and incorporated as

2   Exhibit B.

3

4          6.    Mr. Lebowitz never revisited this discovery issue despite threatening

5   to do so and no motion to compel the production of these selection records was ever

6   filed.

7

8          7.    On September 19, 2007, Plaintiff served our office with a subpoena to

9   Mr. Omoregie seeking documents only.  The subpoena did not require Mr. Omoregie's

10  attendance at trial but rather, if he did appear, required him to produce his selection

11  record at trial.  The cover letter accompanying the subpoena stated that if Mr. Omoregie

12  did not appear at trial, Plaintiff would withdraw the subpoena.  A True and correct copy of

13  the cover letter accompanying the subpoena is attached and incorporated as Exhibit C.

14  Defense counsel never agreed to accept service of the subpoena on behalf of Mr.

15  Omoregie.

16

17         8.    Subsequent to receiving this subpoena, the parties agreed that Mr.

18  Omoregie would not appear at trial.  Rather, Mr. Omoregie's testimony would come into

19  the record via deposition excerpts only.  In keeping with Plaintiff's letter on the subject, I

20  understood that the subpoena to Mr. Omoreigie had been voluntarily withdrawn.

21

22         9.    Defendants have produced well in excess of 2,000 pages of

23  documents relating to job selection decisions including both application materials of Ms.

24  Pande as well as application materials of other candidates.

25  / / /

26  / / /

27  / / /

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

3

DECLARATION OF MICHELE B. MILLER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ADVERSE INFERENCE INSTRUCTION
Case No. C 04-5107 JCS

1        I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct.  Executed on this 15th day of October, 2007

3  in San Francisco, California.

4
                                 /S/
                         Michele Ballard Miller

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

DECLARATION OF MICHELE B. MILLER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ADVERSE INFERENCE INSTRUCTION
Case No. C 04-5107 JCS

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

--oOo--

KIRAN PANDE,                    )
                               )
            Plaintiff,          )
                               )
       vs.                      ) Case No. 04-5107 CW
                               )
CHEVRON CORPORATION(f/k/a       )
Chevron Texaco Corporation/, a) 
Delaware corporation, et al.,   )
                               )
            Defendants.         )
_____ )


DEPOSITION OF ZUWA OMOREGIE

Thursday, April 6, 2006


CERTIFIED COPY


REPORTED BY: DENISE A. FORD, CSR 7525 (380011)


LEGALINK
A **WORDWAVE** COMPANY

**LegaLink San Francisco**
575 Market Street, 11th Floor
San Francisco, CA 94105

tel (415) 357-4300
tel (800) 869-9132
fax (415) 357-4301

www.legalink.com

GLOBAL COURT REPORTING · LEGAL VIDEOGRAPHY · TRIAL SERVICES

1                          **CERTIFICATE OF REPORTER**

2

3          I, DENISE A. FORD, a Certified Shorthand

4    Reporter, hereby certify that the witness in the

5    foregoing deposition was by me duly sworn to tell the

6    truth, the whole truth, and nothing but the truth in the

7    within-entitled cause;

8          That said deposition was taken down in

9    shorthand by me, a disinterested person, at the time and

10   place therein stated, and that the testimony of the said

11   witness was thereafter reduced to typewriting, by

12   computer, under my direction and supervision;

13         I further certify that I am not of counsel or

14   attorney for either or any of the parties to the said

15   deposition, nor in any way interested in the event of

16   this cause, and that I am not related to any of the

17   parties thereto.

18

19         DATED:  April 18, 2006.

20

21

22         _____
           DENISE A. FORD, CSR No. 7525
23

24

25

ZUWA OMOREGIE  April 6, 2006

1        A.    Yes.

2             MS. MILLER:  We were asked to produce

3    documents that were responsive to the document request.

4             MR. LEBOWITZ:  I am asking him the

5    question.

6             MS. MILLER:  He did.  He produced them

7    all to legal, and we produced the ones that are

8    responsive to the request.

9             MR. LEBOWITZ:  Well, I will represent to

10   you there was no selection record produced.

11            MS. MILLER:  That's correct.  The

12   selection is not part of this lawsuit.

13            MR. LEBOWITZ:  Well, who said that?

14            MS. MILLER:  I believe it took place

15   after she notified a charge about this particular

16   selection.  So no, it was not produced.

17            MR. LEBOWITZ:  We will have to make a

18   motion on that and bring the witness back to talk about

19   it.

20        This has nothing to do with you.  It is just

21   between lawyers.

22        Q.    So there is a selection -- just to make an

23   absolutely clear record, there is a selection record for

24   this job that exists on your computer at Chevron; is

25   that correct?

23

ZUWA OMOREGIE  April 6, 2006

1    they didn't report to them.

2         Q.    And do you know whether or not Mr. Afifi's

3    former job was being moved to Houston?

4         A.    Yes.

5         Q.    And do you know whether or not Mr. Afifi

6    had accepted that job moving to Houston?

7         A.    I don't know.

8         Q.    And the same with Mr. Housen, was his job

9    being moved to Houston?

10         A.    Yes.

11         Q.    Do you know whether or not he accepted

12    that move to Houston?

13         A.    Yes.

14         Q.    And did that in any way affect his

15    candidacy for the petroleum engineer job at ETC?

16         A.    No.

17         Q.    And at the time -- well, when was it that

18    Mr. Afifi and Mr. Housen were actually selected for

19    these positions?

20         A.    Sometime in January.

21         Q.    Of 2004?

22         A.    Yes.

23         Q.    The selection was made at the same time?

24         A.    Yes.

25         Q.    And were the candidates or the successful

39

# EXHIBIT B

**From:** Noah Lebowitz [mailto:ndl@mhpsf.com]
**Sent:** Tuesday, June 06, 2006 12:16 PM
**To:** Michele Ballard Miller
**Subject:** RE: Pande

Michele,

Yes, we intend to go forward with the mediation with the discovery we have to this point.  Should the case not resolve on June 27, we will be forced to revisit the entirety of the discovery responses given to date based on the position you took at Mr. Omoregie's deposition regarding what is relevant to Ms. Pande's claims in this case.

In order to avoid any of the issues which arose following the last mediation, I would suggest that you bring a proposed settlement agreement with you to the mediation; in the event we reach a monetary agreement on the 27th, lets make sure to hammer out all other issues while we are all present.

Thanks.

Noah D. Lebowitz
McGuinn Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
415-421-9292 voice
415-403-0202 fax
email: ndl@mhpsf.com

**From:** Michele Ballard Miller [mailto:mbm@millerlawgroup.com]
**Sent:** Monday, June 05, 2006 2:58 PM
**To:** Noah Lebowitz
**Cc:** Lisa Hamasaki
**Subject:** Pande

Noah --

Tomorrow is the last day to cancel the mediation in this matter.  I presume we are going forward, notwithstanding the lack of discovery.

Let me know,
Michele

Miller Law Group
60 East Sir Francis Drake Blvd.
Suite 302
Larkspur, CA 94939
(tel) 415-464-4300
(fax) 415-464-4336
www.millerlawgroup.com

# EXHIBIT C

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

CHRISTA MARTINE ANDERSON
CANDERSON@KVN.COM

September 19, 2007

**VIA U.S. MAIL**

Michele Ballard Miller
Miller Law Group
60 E. Sir Francis Drake Blvd., Suite 302
Larkspur, CA 94939

**VIA HAND DELIVERY**

Lisa Hamasaki
Miller Law Group
500 Sansome St., Suite 400
San Francisco, CA 94111

> Re:    *Pande v. Chevron, et al.*

Dear Michele and Lisa:

Thank you for accepting service of the enclosed trial subpoenas on behalf of Jalaleddin Afifi, Guadalupe DeJong, Tayo Feyijimi, Kathy Mabe, Don Paul, and Taryn Shawstad. The required witness fees and reasonable estimated mileage are also enclosed for each witness.

Also enclosed is a subpoena to Zuwa Omoregie for documents only. The enclosed subpoena does not require Mr. Omoregie's attendance at the trial. Rather, if Mr. Omoregie does appear, the subpoena requires him to produce at that time a single relevant document he identified at his April 6, 2006 deposition as in his custody: his "selection record" for a petroleum engineering job in ETC with a start date of January 1, 2004, based in San Ramon, California. If Mr. Omoregie does not appear at trial, we will withdraw the subpoena.

I look forward to hearing from you soon.

Very truly yours,

CHRISTA M. ANDERSON

CMA/jas
Enclosures

403027.01