1  KEKER & VAN NEST, LLP
   SUSAN J. HARRIMAN - #111703
2  CHRISTA M. ANDERSON - #184325
   710 Sansome Street
3  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
4  Facsimile:  (415) 397-7188

5  Attorneys for Plaintiff
   KIRAN PANDE

6

7

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  KIRAN PANDE,                          Case No. 04-5107 JCS

13                        Plaintiff,      **MOTION FOR MITIGATION
                                          INSTRUCTION**
14        v.

15  CHEVRON CORPORATION (f/k/a            Judge:          Hon. Joseph C. Spero
    CHEVRONTEXACO CORPORATION), a
16  Delaware corporation,                 Date Comp. Filed:   December 2, 2004
    CHEVRON INTERNATIONAL
17  EXPLORATION & PRODUCTION (f/k/a       Trial Date:     October 9, 2007
    CHEVRONTEXACO OVERSEAS
18  PETROLEUM COMPANY),
    a division of Chevron U.S.A., Inc.,

19
                          Defendants.
20

21

22

23

24

25

26

27

28

404562.01

# I.    INTRODUCTION

Under the Federal Rules of Civil Procedure, Plaintiff Kiran Pande hereby moves the Court to provide the jury instruction attached hereto as Exhibit A, regarding Ms. Pande's mitigation of damages. Ms. Pande makes this motion because, based on Chevron's questioning of witnesses, Chevron appears to intend to present argument and evidence to the jury relating to mitigation efforts outside the Bay Area. Under California law, Ms. Pande's efforts to obtain employment outside of the San Francisco Bay Area after her termination are irrelevant to mitigation of her damages from Chevron's alleged unlawful conduct, as a matter of law. The attached instruction is necessary to prevent confusion, and to ensure that the jury properly disregards any suggestion that Ms. Pande failed to mitigate her damages based on the extent of her efforts to obtain employment outside the San Francisco Bay Area after her termination.

# II.    ARGUMENT

**A.    Under California law, Ms. Pande did not have to seek or accept employment outside her place of residence to mitigate her damages after her termination.**

After her termination by Chevron, whether Ms. Pande could have obtained work outside the Bay Area is irrelevant to mitigation of damages because Ms. Pande was not required to seek or accept such employment to mitigate her damages under California law. In California, work that requires relocation from an employee's place of residence is inferior employment as a matter of law, and an employer cannot reduce its damages based on an employee's failure to seek out or to accept such inferior employment.

The basic rule in California is that "before projected earnings from other employment opportunities not sought or accepted by the discharged employee can be applied in mitigation, the employer must show that the other employment was comparable, or substantially similar, to that of which the employee has been deprived; the employee's rejection of or failure to seek other available employment of a different or inferior kind may not be resorted to in order to mitigate damages." Parker v. Twentieth Century-Fox Film Corp., 3 Cal. 3d 176, 182 (1970); Boehm v. Am. Broadcasting Co., Inc., 929 F.2d 482, 285 (9th Cir. 1991) (applying California rule that "the employer bears the burden of proving that 'comparable, or substantially similar'

404562.01

1  employment was available to the employee; the employee is not required to prove mitigation,"

2  following Parker)  In Parker, the California Supreme Court found—as a matter of law on

3  summary judgment—that alternative employment was not comparable, and the employee (and

4  actress) was not required to consider it, where her employer offered her a role in a drama to be

5  filmed in Australia, after reneging on a contract for her to play the lead in a musical film, with

6  dancing, to be filmed in California.  3 Cal. 3d at 180, 182.

7       More recent decisions, following Parker's lead, have also found that employment is not

8  comparable if it requires the employee to relocate (and vice versa).  Cunningham v. Retail Clerks

9  Union, 149 Cal. App. 3d 296, 306-07 (1983), held that an employee reasonably chose to give up

10  alternate employment she had obtained in another town, because that alternate position required

11  her to rent a new place to live, bear other added financial burdens of traveling, and leave her

12  home and community of twenty-five years.  The court quoted with approval the notion that

13  "[e]ven assuming that [an employee] could have obtained employment in [locations other there

14  where he lived], legally he was not compelled to do so in order to mitigate his damages."  Id. at

15  306.

16       Again following Parker's lead, "the issue of substantial similarity or inferiority of

17  employment is one that has often been decided as a matter of law in California."  Cal. School

18  Employees Ass'n v. Personnel Comm'n, 30 Cal. App. 3d 241, 254 (1973) (applying Parker, but

19  finding comparable employment was available where three similar employers in locality where

20  employee lived offered similar employment, but employee had made no efforts to obtain such

21  employment).  As support for its finding that the available jobs were comparable as a matter of

22  law, the California Schools court noted that "the alternative employment was in the same locale

23  where petitioner resided, thus eliminating any necessity for her to move to accept such

24  employment."  Id. at 253.  Where that is not the case, as in Parker itself, and the alternative

25  employment is not in the employee's place of residence, the employee is not required to pursue

26  or accept that employment.

27       Any work that would require Ms. Pande to relocate from her place of residence—broadly

28  defined, the San Francisco Bay Area—after her termination is necessarily "inferior" employment

404562.01

1    compared to her employment in San Ramon when she was terminated from Chevron.  Parker, 3

2    Cal. 3d at182; Cunningham, 149 Cal. App. 3d at 306.  Thus, under California law, Ms. Pande

3    was not required either to seek or to accept such employment, and whether she chose to do so is

4    irrelevant to Chevron's potential damages liability in this case.

5    **B.    Ms. Pande's proposed instruction is necessary and proper to ensure that the jury properly applies California's mitigation law, avoiding confusion and prejudice to**
6    **Ms. Pande.**

7        Ms. Pande's proposed instruction reflects California's law regarding mitigation of

8    damages, and is necessary to ensure that the jury properly applies that law.  Evidence regarding

9    whether and to what extent Ms. Pande sought employment outside the Bay Area after her

10   termination is irrelevant to mitigation under California law, and Chevron's presentation of such

11   evidence is highly prejudicial and risks confusing the jury if Ms. Pande's proposed instruction is

12   not given.  Fed. R. Ev. 403.  The jury should be instructed that after her termination from

13   Chevron Ms. Pande was not required to seek or accept work that would require her to change her

14   place of residence, that the jury should not consider whether or not Ms. Pande did so, and that

15   Chevron cannot reduce its damages liability even if Ms. Pande failed to do so.  The proposed

16   instruction attached as Exhibit A provides this clarification.

### III.    CONCLUSION

18       For all the foregoing reasons, Ms. Pande respectfully requests that the Court instruct the

19   jury not to consider Ms. Pande's post-termination efforts to obtain employment outside the San

20   Francisco Bay Area in its mitigation analysis, using the proposed instruction attached hereto as

21   Exhibit A.

22                                          Respectfully submitted,

23   Dated:  October 18, 2007               KEKER & VAN NEST, LLP

24

25

26                                     By:  /s/ Christa M. Anderson
                                           SUSAN J. HARRIMAN
27                                         CHRISTA M. ANDERSON
                                           Attorneys for Plaintiff
28                                         KIRAN PANDE

404562.01

# EXHIBIT A

## PLAINTIFF'S PROPOSED JURY INSTRUCTION

## RELOCATION NOT REQUIRED FOR MITIGATION OF DAMAGES

After her employment with Chevron ended, Ms. Pande was not required to seek or accept employment outside of the San Francisco Bay Area, her place of residence, in order to mitigate her damages. Any evidence regarding whether Ms. Pande in fact sought out such employment is not relevant to your decision whether Ms. Pande made reasonable efforts to mitigate her damages, and you should not consider it. You must not reduce any award of damages to Ms. Pande based on any failure to seek or accept employment outside of her place of residence.

**SOURCE:** Parker v. Twentieth Century-Fox Film Corp., 3 Cal. 3d 176, 182 (1970); Boehm v. Am. Broadcasting Co., Inc., 929 F.2d 482, 285 (9th Cir. 1991); Cunningham v. Retail Clerks Union, 149 Cal. App. 3d 296, 306-07 (1983); Cal. School Employees Ass'n v. Personnel Comm'n, 30 Cal. App. 3d 241, 254 (1973).

404776.01