**United States District Court**
For the Northern District of California

1
2
3
4
5      UNITED STATES DISTRICT COURT

6      NORTHERN DISTRICT OF CALIFORNIA

7
8    KIRAN PANDE,                                    Case No. C-04-5107 JCS

9            Plaintiff(s),

10        v.

11   CHEVRON,

12
13           Defendant(s).
     _____/

14
15                    **FINAL JURY INSTRUCTIONS**

16
17        DATED: October 22, 2007

18
19
20        _____
21        Hon. Joseph C. Spero
          UNITED STATES MAGISTRATE JUDGE

22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 2**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)    The sworn testimony of any witness;

(2)    The exhibits which are received into evidence; and

(3)    Any facts to which the lawyers have agreed.

**JURY INSTRUCTION NO. 3**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 4**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 5**

**FAILURE TO EXPLAIN OR DENY EVIDENCE**

You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 6**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)    The opportunity and ability of the witness to see or hear or know the things testified to;

(2)    The witness's memory;

(3)    The witness's manner while testifying;

(4)    The witness's interest in the outcome of the case and any bias or prejudice;

(5)    Whether other evidence contradicted the witness's testimony;

(6)    The reasonableness of the witness's testimony in light of all the evidence; and

(7)    Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**JURY INSTRUCTION NO. 7**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 8**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**JURY INSTRUCTION NO. 9**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 10**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 11**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 12**

**BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proof on any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 13**

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

Defendant Chevron is a corporation.

All parties are equal before the law and a corporation or company is entitled to the same fair and conscientious consideration by you as any party.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 14**

**VIOLATION OF FMLA / CFRA - INTERFERENCE WITH RIGHTS –**

**ESSENTIAL ELEMENTS**

Ms. Pande claims that Chevron interfered with and/or denied the exercise of her right to medical leave under the Family and Medical Leave Act and the California Family Rights Act. To establish this claim, Ms. Pande must prove all of the following by a preponderance of the evidence:

1.    That Ms. Pande was eligible for medical leave;

2.    That Ms. Pande requested and took medical leave for her own serious health condition;

3.    That Ms. Pande provided reasonable notice to Chevron of her need for medical leave, including its expected timing and length;

4.    That one or more of the following occurred:

(a)    Ms. Pande's taking of medical leave constituted a negative factor in Chevron's decision to terminate her; and/or

(b)    Ms. Pande's taking of medical leave constituted a negative factor in Chevron's decision not to hire her for alternative positions;

5.    That Ms. Pande was harmed; and

6.    That Chevron's conduct was a substantial factor in causing Ms. Pande's harm.

The parties have stipulated in this case that Ms. Pande was eligible for medical leave, that she requested and took medical leave for her own serious health condition, and that she provided the requisite reasonable notice to Chevron. You therefore must find for Ms. Pande on these causes of action if you determine that she has proven elements 4, 5, and 6 above.

**JURY INSTRUCTION NO. 15**

**AFFIRMATIVE DEFENSE – EMPLOYMENT WOULD HAVE CEASED**

Chevron claims that it was not required to allow Ms. Pande to return to work when her medical leave was over because her employment would have ended for other reasons. To succeed, Chevron must prove both of the following by a preponderance of the evidence:

    1.    That Chevron would have terminated Ms. Pande's employment effective December 31, 2003 even if she had not been on leave; and

    2.    That Ms. Pande's medical leave was not a negative factor in Chevron's decisions (1) to terminate Ms. Pande's employment and (2) not to hire her for alternative positions.

An employee on medical leave has no greater right to his or her job or to other employment benefits than if he or she had continued working during the leave.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 16**

**RETALIATION – ELEMENTS**

Ms. Pande claims that Chevron retaliated against her for her complaints about gender discrimination, racial discrimination, and harassment.  To establish this claim, Ms. Pande must prove all of the following:

1.    That Ms. Pande complained to supervisors about gender discrimination, racial discrimination, and/or harassment;

2.    That Chevron subjected Ms. Pande to one or more adverse employment actions;

3.    That Ms. Pande's complaints about gender discrimination, racial discrimination, and harassment were a motivating reason for Chevron's decision to take any of these adverse employment actions against her;

4.    That Ms. Pande was harmed; and

5.    That this retaliatory conduct by Chevron was a substantial factor in causing Ms. Pande's harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 17**

**"ADVERSE EMPLOYMENT ACTION"**

An action or series of actions constitute an adverse employment action if one or more of those actions, individually or collectively, materially affects the terms, conditions or privileges of employment, taking into account the unique circumstances of the affected employee as well as the workplace context of the claim.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 18**

**CONTINUING VIOLATION DOCTRINE**

Ms. Pande may recover for retaliatory actions that occurred more than one year before she filed her charge of discrimination with the California Department of Fair Employment and Housing only if those actions are sufficiently related to actions that occurred within one year before her filing. Actions are sufficiently related if they are similar in kind, occurred with reasonable frequency, and it was not clear at the time of the actions that occurred more than one year before the filing that further efforts to stop the retaliatory actions would be futile.

**JURY INSTRUCTION NO.  19**

**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

**ESSENTIAL FACTUAL ELEMENTS**

Ms. Pande claims she was discharged from employment for reasons that violate a public policy.  To establish this claim, Ms. Pande must prove all of the following by a preponderance of the evidence:

    1.    That Ms. Pande was employed by Chevron;

    2.    That Chevron discharged Ms. Pande;

    3.    That Ms. Pande's medical leave and/or alleged complaints of discrimination and harassment were motivating reasons for the discharge; and

    4.    That the discharge caused Ms. Pande harm.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  20**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Ms. Pande, you must determine Ms. Pande's damages.  Ms. Pande has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money which will reasonably and fairly compensate Ms. Pande for any injury you find was caused by Chevron.  You should consider the following: the reasonable value of earnings and benefits lost to the present time; the reasonable value of earnings and benefits which, with reasonable probability, will be lost in the future.

It is for you to determine what damages, if any, have been proved by Ms. Pande.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1
2
3
4
5
6
7
8
9
10
11

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 21**

**DAMAGES**

If you find for Ms. Pande, then you must decide the amount of damages that she has proven she is entitled to recover, if any.  To make that decision, you must:

(1)    Decide the amount that Ms. Pande would have earned up to today had Chevron not terminated her employment, including any benefits and pay increases; and

(2)    Add the present cash value of any future wages and benefits that she would have earned for the length of time the employment with Chevron was reasonably certain to continue.

In determining the period that Ms. Pande's employment was reasonably certain to have continued, you should consider such things as:

(1)    Ms. Pande's age, work performance, and intent regarding continuing employment with Chevron;

(2)    Chevron's prospects for having available positions for Ms. Pande; and

(3)    Any other factor that bears on how long Ms. Pande would have continued to work.

**JURY INSTRUCTION NO. 22**

**DAMAGES – EMOTIONAL DISTRESS**

The Plaintiff in this action is not seeking damages or compensation for emotional distress. Accordingly, you may not award any damages to Ms. Pande for any stress or emotional distress that you believe she may have suffered.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

**JURY INSTRUCTION NO.  23**

2

**MITIGATION OF DAMAGES**

3

4       Ms. Pande must make every reasonable effort to minimize or reduce her damages for loss of

5   compensation by seeking employment.  This is referred to as "mitigation of damages."  Chevron

6   must prove by a preponderance of the evidence that Ms. Pande failed to mitigate her damages for

7   loss of compensation.

8       If you determine that Ms. Pande is entitled to damages, you must reduce these damages by:

9            1.    What Ms. Pande earned since her termination; and

10           2.    What Ms. Pande could have earned by reasonable effort during the period

11                 since Ms. Pande's discharge.

12      Ms. Pande must accept employment that is "of a like nature."  In determining whether

13  employment is "of a like nature," you may consider:

14           1.    The type of work;

15           2.    The hours worked;

16           3.    The compensation;

17           4.    The job security;

18           5.    The working conditions; and

19           6.    Other conditions of employment.

20      You must consider whether Ms. Pande acted reasonably in not seeking or accepting a

21  particular job.  If you determine Ms. Pande did not make reasonable efforts to obtain another similar

22  job, you must decide whether any damages resulted from Ms. Pande's failure to do so.

23      You must not compensate Ms. Pande for any portion of her damages resulting from Ms.

24  Pande's failure to make reasonable efforts to reduce Ms. Pande's damages.

25

26

27

28

**JURY INSTRUCTION NO. 24**

**DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

# JURY INSTRUCTION NO. 25

## PUNITIVE DAMAGES

If you decide that Chevron's conduct caused Ms. Pande's harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Chevron only if Ms. Pande proves that Chevron engaged in that conduct with malice, oppression, or fraud. To do this, the Ms. Pande must prove one of the following by clear and convincing evidence:

(1)    That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Chevron, who acted on behalf of Chevron; or

(2)    That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Chevron; or

(3)    That one or more officers, directors, or managing agents of Chevron knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Chevron acted with intent to cause injury or that Chevron's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Chevron's conduct was despicable and subjected Ms. Pande to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Chevron intentionally misrepresented or concealed a material fact and did so intending to harm Ms. Pande.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages.  If you decide to award punitive damages, you should consider all of the following in determining the amount:

1.    How reprehensible was Chevron's conduct?  In deciding how reprehensible Chevron's conduct was, you may consider, among other factors:

        (a)    Whether the conduct caused physical harm;

        (b)    Whether Chevron disregarded the health or safety of others;

        (c)    Whether Ms. Pande was financially weak or vulnerable and Chevron knew Ms. Pande was financially weak or vulnerable and took advantage of her;

        (d)    Whether Chevron's conduct involved a pattern or practice; and

        (e)    Whether Chevron acted with trickery or deceit.

2.    Is there a reasonable relationship between the amount of punitive damages and Ms. Pande's harm?

3.    In view of Chevron's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because Chevron has substantial financial resources.

**JURY INSTRUCTION NO. 26**

**NO DOUBLE RECOVERY**

If you find in favor of Ms. Pande on more than one of her claims for relief, you may not award damages twice for the same injury.

**JURY INSTRUCTION NO. 27**

**JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 28**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO.  29**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, Karen Hom, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO.  30**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

United States District Court

For the Northern District of California