KEKER & VAN NEST, LLP
SUSAN J. HARRIMAN - #111703
CHRISTA M. ANDERSON - #184325
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
KIRAN PANDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>            Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation,<br>CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY),<br>a division of Chevron U.S.A., Inc.,<br><br>            Defendants. | Case No. 04-5107 JCS<br><br>**PLAINTIFF KIRAN PANDE'S MOTION FOR ATTORNEYS' FEES AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:              Hon. Joseph C. Spero<br><br>Date Comp. Filed:  December 2, 2004<br><br>Judgment Entered:  October 29, 2007 |

PLAINTIFF KIRAN PANDE'S MOTION FOR ATTORNEYS' FEES AND EXPENSES; MEMORANDUM OF
POINTS AND AUTHORITIES
CASE NO. 04-5107 JCS

405677.01

## MOTION AND NOTICE OF MOTION

PLEASE TAKE NOTICE that, on Friday, December 14, 2007, at 9:30 a.m., or as soon thereafter as counsel can be heard, in Courtroom A, 15th Floor, of the United States District Court House, 450 Golden Gate Ave., San Francisco, CA 94102, plaintiff Kiran Pande will, and hereby does, move the Court for an award of attorneys' fees and expenses, under Federal Rule of Civil Procedure 54(d)(2) and California Government Code 12965(b), and for such other and further relief as is just and proper.

Ms. Pande brings this motion based upon this Notice; the attached Memorandum of Points and Authorities; the Declarations of Susan J. Harriman and Noah Lebowitz filed in support of this motion, and the exhibits thereto; all records on file with the Court; and such further oral and written argument and evidence as may be presented at, or prior to, the hearing of this matter.

Ms. Pande's counsel has met and conferred with Chevron's counsel regarding this motion, in compliance with Local Rule 54-6(a).

Respectfully submitted,

Dated: November 6, 2007

KEKER & VAN NEST, LLP

By: /s/ Susan Harriman
SUSAN J. HARRIMAN
CHRISTA M. ANDERSON
Attorneys for Plaintiff
KIRAN PANDE

1

PLAINTIFF KIRAN PANDE'S MOTION FOR ATTORNEYS' FEES AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 04-5107 JCS

405677.01


## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Kiran Pande has prevailed in this litigation, receiving a $5.57 million jury verdict on her claims of unlawful retaliation under the California Fair Employment and Housing Act (FEHA) and wrongful termination in violation of California's public policy. See Verdict Form, Docket No. 190. Because no extraordinary circumstances exist that would make an award of fees to Ms. Pande unjust (and, to the contrary, denying Ms. Pande her fees would be unjust and would not fully satisfy the purposes of FEHA), Ms. Pande is entitled to recover her attorneys' fees and costs under FEHA.

### II.  ARGUMENT

**A.    As a prevailing FEHA plaintiff, Ms. Pande is entitled to recover her attorneys' fees and expenses.**

FEHA provides for the award of attorneys' fees and costs to a prevailing plaintiff like Ms. Pande, except in extraordinary circumstances that would made such an award unjust. Cal. Gov't Code § 12965(b). Specifically, FEHA's fee provision states that in private actions under FEHA, "the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees." Id. Cases interpreting the statute have made clear that discretion to deny fees to a prevailing plaintiff is limited: a prevailing plaintiff is entitled to recover the fees and costs available under FEHA, absent circumstances that would make such an award unjust. Horsford v. Bd. Of Trustees of Cal. State Univ., 132 Cal. App. 4th 359, 393-94 (2005) ("[T]he court's discretion in awarding attorney fees is, initially ('absent circumstances rendering the award unjust'), to be exercised so as to fully compensate counsel for the prevailing party for services reasonably provided to his or her client."); Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, 91 Cal. App. 4th 859, 865 (2001) (endorsing rule that "a prevailing plaintiff . . . 'should ordinarily recover an attorney fee unless special circumstances would render such an award unjust,' although a prevailing defendant should not; reversing grant of fees to prevailing defendant").

Ms. Pande prevailed in this litigation by recovering $5.57 million in monetary damages.

1  Under California law, any party "with a net monetary recovery" is a prevailing party. Cal. Code
2  Civ. P. § 1032(a)(4). Ms. Pande plainly meets this definition. Moreover, although a complete
3  victory is not required to recover fees, Ms. Pande won everything that she sought as plaintiff in
4  this suit: a determination that Chevron's termination and other treatment of her was unlawful, an
5  award of damages to compensate her for the resulting destruction of her career at Chevron, and
6  an award of punitive damages to punish and deter Chevron from repeating its unlawful behavior.
7  Also, the jury awarded Ms. Pande almost exactly the amount of compensatory relief she
8  requested, finding that her damages were $3.07 million instead of the $3.1 million she had
9  requested.

10  No special circumstances exist here that justify denying Ms. Pande her fees and costs, or
11  reducing her fee award. Rather, an award of counsel's full fees and expenses is necessary and
12  just for all the reasons that make such awards the default rule in successful FEHA cases. FEHA
13  authorizes full recovery of fees and expenses in successful cases, to encourage meritorious
14  claims and fulfill the statute's purposes of exposing unlawful discrimination and retaliation, and
15  deterring such conduct. See Beaty v. BET Holdings, Inc., 222 F.3d 607, 612 (9th Cir. 2000).
16  Where, as here, a plaintiff has obtained the full relief sought, her counsel should receive full
17  compensation for every hour spent litigating the claims. See id. Ms. Pande has vindicated the
18  purposes and goals of FEHA by pursuing this litigation and making Chevron account for the
19  harm caused by its unlawful behavior. C.f. Behne v. Microtouch Sys., Inc., 58 F. Supp. 2d 1096,
20  1100 (N.D. Cal. 1999) (denying FEHA plaintiff fees where she recovered nothing on her
21  retaliation claims because employer would have taken same action absent retaliatory motive).
22  The time and energy Ms. Pande has spent to do so cannot be repaid, but the Court can and should
23  award her reasonable litigation fees and expenses. Without such an award, Ms. Pande will not
24  be made fully whole for Chevron's wrongs, and Chevron will unjustly profit by effectively
25  reducing the damages awarded against it. See Beaty, 222 F.3d at 613. The jury has also
26  awarded punitive damages to punish Chevron for its wrongful conduct and deter such behavior
27  in the future. If the Court does not separately allow Ms. Pande her full fees and expenses, the
28  punitive and deterrent impact of the jury's award on Chevron will also be improperly reduced.

3
PLAINTIFF KIRAN PANDE'S MOTION FOR ATTORNEYS' FEES AND EXPENSES; MEMORANDUM OF
POINTS AND AUTHORITIES
CASE NO. 04-5107 JCS

405677.01

Accordingly, Ms. Pande should recover her full fees and expenses.

**B.    The Court should award Ms. Pande her full attorneys' fees and expenses recoverable under the FEHA, in a total amount of $791,506.61.**

To calculate a fee award under FEHA, the Court must begin by determining a "lodestar" figure, "which is the product of the number of hours worked by the attorneys and a reasonable fee per hour." Greene v. Dillingham Construction N.A., Inc., 101 Cal. App. 4th 418, 422 (2002). The court then has discretion to increase or reduce the lodestar figure by applying a positive or negative multiplier based on a variety of factors. Id. A reduction of the lodestar is only permitted where special circumstances would make a full award unjust. Beaty, 222 F.3d at 612. Just as no such circumstances here justify denying Ms. Pande fees, as explained above, no special circumstances justify reducing the lodestar amount of the fee award.

Under this standard rubric for calculating FEHA fees, Ms. Pande should recover the full value of counsel's time spent on this litigation, which totals $750,167.50 through October 31, 2007. This lodestar sum represents a reasonable hourly rate for the services provided to Ms. Pande, multiplied by the hours spent on this litigation. The rates used are counsel's standard hourly rates, which are reasonable in this case based on counsel's experience and trial expertise, the quality of work provided, and counsel's success in this litigation. All hours used in calculating Ms. Pande's fees were necessary to Ms. Pande's pursuit of this litigation, and Ms. Pande has omitted certain hours actually spent from the calculation, as set forth in the accompanying declarations and supporting materials. See Declaration of Susan J. Harriman (documenting fees of $670,330.00); Declaration of Noah D. Lebowitz (documenting fees of $79,837.50).

In addition to counsel's time, Ms. Pande's successful pursuit of this litigation has required additional reasonable expenses that are now recoverable under FEHA as part of her fees and costs. These expenses include $29,357.16 in expert witness fees and $738.68 in travel expenses to attend depositions. Harriman Decl. ¶ 10; id. Exh. F; id. Exh. G. Both of these categories of expenses are expressly recoverable under FEHA's fees and costs provision. Cal. Gov't Code § 12965(b) (allowing recovery of "reasonable attorney's fees and costs, including

4
PLAINTIFF KIRAN PANDE'S MOTION FOR ATTORNEYS' FEES AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 04-5107 JCS

405677.01

1  expert witness fees"); Cal. Code Civ. P. § 1033.5(a)(3) (defining recoverable costs to include
2  "travel expenses to attend depositions").

3  Ms. Pande's pursuit of this litigation has also required expenses of $7,443.27 for legal
4  research and $3,500.00 for mediation, that are recoverable as part of her attorney's fees and costs
5  under FEHA, in the Court's discretion. Harriman Decl. ¶ 10; id. Exh. F; id. Exh. G. California
6  Code of Civil Procedure § 1033.5, the general California definition of recoverable costs that
7  courts look to in interpreting FEHA's costs provision, provides that expenses like these, which
8  are neither expressly included in nor expressly excluded from costs, "may be allowed or denied
9  in the court's discretion." Cal. Code Civ. P. § 1033.5(c). See Davis v. KGO-T.V., Inc., 17 Cal.
10 4th 436, 442 (1998) (holding that expert witness fees were not recoverable superseded by 1999
11 amendment to Gov't Code § 12965(b)) (finding courts' discretion over FEHA fee awards
12 includes "awarding or denying additional items of costs that are not mentioned as either
13 allowable or nonallowable in [§ 1033.5]"). Like the other expenses expressly recoverable under
14 FEHA, these expenses were reasonably necessary to Ms. Pande's pursuit of this litigation, and
15 Ms. Pande will not be made fully whole unless they are recovered.[1] Thus, for the same reasons
16 that Ms. Pande should recover her fees and costs under FEHA, the court should also award her
17 these additional, more discretionary expenses.

18 As set forth in the accompanying Declaration of Susan J. Harriman, Ms. Pande's counsel
19 met and conferred with Chevron's counsel about Ms. Pande's fees and expenses before filing
20 this motion, but the parties were unable to reach any agreement. Harriman Decl. ¶ 11.

### III. CONCLUSION

For all of the foregoing reasons, Ms. Pande respectfully requests that the Court award her attorneys' fees and expenses in the amount of $791,506.61, in addition to the $65,255.43 in costs separately submitted in her Bill of Costs and the $5,571,435.50 jury verdict, for a total judgment

---

[1] Ms. Pande has also incurred additional costs recoverable under Federal Rule of Civil Procedure 54(d)(1), as specified by 28 U.S.C. § 1920. Her Bill of Costs for those expenses was filed on November 5, 2007. Ms. Pande believes and submits that her Bill of Costs is fully recoverable as submitted. If the Court should rule otherwise, however, Ms. Pande hereby requests that any expenses disallowed from her Bill of Costs be awarded as part of her FEHA attorneys' fees and expenses, in the Court's discretion, to the full extent permitted by FEHA.

in Ms. Pande's favor of $6,428,197.54.

                                                  Respectfully submitted,

Dated: November 6, 2007              KEKER & VAN NEST, LLP

                                         By:  /s/ Susan Harriman
                                                 SUSAN J. HARRIMAN
                                                 CHRISTA M. ANDERSON
                                                 Attorneys for Plaintiff
                                                 KIRAN PANDE

PLAINTIFF KIRAN PANDE'S MOTION FOR ATTORNEYS' FEES AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 04-5107 JCS

405677.01