KEKER & VAN NEST, LLP
SUSAN J. HARRIMAN - #111703
CHRISTA M. ANDERSON - #184325
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
KIRAN PANDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A., Inc.,<br><br>　　　　　　　　Defendants. | Case No. 04-5107 JCS<br><br>**DECLARATION OF SUSAN J. HARRIMAN IN SUPPORT OF PLAINTIFF KIRAN PANDE'S MOTION FOR ATTORNEYS' FEES**<br><br>Judge:　　　　　　Hon. Joseph C. Spero<br><br>Date Comp. Filed:　December 2, 2004<br><br>Judgment Entered:　October 29, 2007 |

I, SUSAN J. HARRIMAN, declare and say that:

1. I am an attorney licensed to practice law in the State of California and am a member of Keker & Van Nest LLP, counsel for plaintiff Kiran Pande ("Pande") in the above-captioned action.

2. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

3. On March 22, 2007, Kiran Pande retained Keker & Van Nest to represent her in the instant action. Prior to retaining Keker & Van Nest, Ms. Pande was represented by Noah

Lebowitz, who was then with the firm of McGuinn, Hillsman & Palefsky. Prior to our being retained, the Complaint had been filed, non-expert discovery was completed, and Ms. Pande had successfully defeated Chevron's motion for summary judgment. We then completed expert reports and discovery, prepared for trial and tried the case.

4. From the outset, Christa Anderson and I together worked on Ms. Pande's case. My 2007 billing rate is $700 per hour. Attached hereto as **Exhibit A** is a true and correct copy of a profile about me from our firm's website. Ms. Anderson's 2007 billing rate is $600 per hour. Attached hereto as **Exhibit B** is a true and correct copy of Ms. Anderson's profile from our firm's website.

5. Ms. Anderson and I asked Audrey Walton-Hadlock, an associate in this firm, to help with all of the behind the scenes work related to Ms. Pande's case. Ms. Walton-Hadlock's 2007 billing rate is $370 per hour. Attached hereto as **Exhibit C** is a true and correct copy of Ms. Walton-Hadlock's profile from our firm's website.

6. Our paralegal on this case was Nancy Dao, who has assisted me in several other trials. She is one of our most experienced paralegals. Her 2007 billing rate is $200 per hour.

7. While opposing motions in limine, we asked for the assistance of other associates to help us in a time crunch. Jo Weingarten, an associate in the office, whose 2007 billing rate is $380 an hour, billed 4.375 hours in helping with motions in limine, while Katherine Florey, a former associate in the office whose 2007 billing rate was $370 an hour, billed 8.75 hours.

8. Various case assistants worked in assisting Ms. Dao in making copies of exhibits and witness binders. Their 2007 billing rate is $110 per hour, and they billed a total of 85.375 hours.

9. I personally reviewed all of the bills in this case to ensure that the time set forth herein was accurate. Attached hereto as **Exhibit D** are redacted copies of the monthly bills from March through October 2007, detailing our work, that we sent to Ms. Pande. I have redacted all information regarding charges, balances due or owing, costs incurred and have also redacted various entries that reflected attorney-client communications, as well as Ms. Pande's home address. Attached hereto as **Exhibit E** is a table of the amount of time that Keker & Van Nest

2
DECLARATION OF SUSAN J. HARRIMAN IN SUPPORT OF
PLAINTIFF KIRAN PANDE'S MOTION FOR ATTORNEYS' FEES
CASE NO. 04-5107 JCS

405578.02

has billed to date. The accumulated hours on the table in Exhibit E is less than the amount of time reflected in our invoices because I have chosen not to seek reimbursement for the work of some timekeepers who spent limited time on this matter.

10. Attached hereto as **Exhibit F** is a table summarizing the expert witness fees and other expenses incurred in this case for which we seek reimbursement under FEHA. The expenses listed in Exhibit F are documented in Exhibits G-J, as set forth below.

11. Attached hereto as **Exhibit G** are copies of invoices for the expert witness fees incurred in this case.

12. Attached hereto as **Exhibit H** are copies of records reflecting travel expenses to attend depositions in this case.

13. Attached hereto as **Exhibit I** is a copy of the invoice for mediation expenses in this case.

14. Attached hereto as **Exhibit J** are copies of records reflecting legal research costs incurred in this case.

15. I discussed this motion for attorneys' fees with Chevron's counsel, Janine Simerly, on November 5 and 6, 2007, in an effort to determine if it were necessary. On November 6, 2007, Ms. Simerly told me that Chevron would oppose a motion for attorneys' fees and would not agree to pay any portion of Ms. Pande's fees and costs. I then informed Ms. Simerly that I would proceed with this motion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 6, 2007 in San Francisco, California.

/s/ Susan J. Harriman
SUSAN J. HARRIMAN

3
DECLARATION OF SUSAN J. HARRIMAN IN SUPPORT OF
PLAINTIFF KIRAN PANDE'S MOTION FOR ATTORNEYS' FEES
CASE NO. 04-5107 JCS

405578.02