Michele Ballard Miller (SBN 104198)
Janine S. Simerly (SBN 102361)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON INTERNATIONAL EXPLORATION AND PRODUCTION (formerly known as CHEVRONTEXACO OVERSEAS PETROLEUM and improperly sued as CHEVRONTEXACO OVERSEAS PETROLEUM PACIFIC COMPANY) AND CHEVRON CORPORATION (formerly known as CHEVRONTEXACO CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KIRAN PANDE,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A., Inc.,**<br><br>　　　　**Defendants.** | **Case No. 04-5107 JCS**<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** |

Defendants object to $30,178.11 of the costs plaintiff claims as "Fees for Exemplification and Copies." These cost items are $1,504.10 in consulting, project management, administrative and parking fees charged by FTI Consulting and $28,674.01 in project management, consulting, equipment rental, logistics and parking fees charged by Advanced Courtroom Technologies.

Plaintiff does not specify what these vendors did, but defendants assume that plaintiff asserts that they "prepar[ed] exhibits and visual aids for trial." Bill at 4. Local Rule 54-3(d)(5) allows for the taxing of the "cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits . . . if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at trial." FTI Consulting apparently created "graphics for closing" and a magnetic board exhibit. Harriman Decl. Ex. D. Advance Courtroom Technologies apparently imaged documents, prepared digital videos and rented and operated equipment used at trial. *Id.*

Certain expenses on both vendor's invoices do not appear to be related to preparing visual aids to be used as exhibits at trial. FTI Consulting's invoices contain charges for "Graphics Production" (described as producing, developing, creating and revising the graphics) "Administrative Expense" (no description), "Graphics Consulting" (described as "client meeting"), "Project Management" (described as "budget review"), "Graphics" (described as "oversized magnetic board with magnetic cards"), and "Mileage" (parking and bridge tolls). Harriman Decl. Ex. D. Aside from "Graphics Production" and "Graphics," none of the charges contain any information indicating that they were incurred in the preparation of a visual aid or exhibit. As for "Mileage," parking and travel expenses are not taxable as costs. *Willis Corroon Corp. v. United Capitol Ins. Co.*, No. C 97-2208 MHP, 1998 WL 196472, at *4 (N.D. Cal. Apr. 9, 1998). Accordingly, plaintiff's costs from FTI Consulting should be limited to those for "Graphics Production" and "Graphics" and the amount requested should be reduced by $1,504.10.

Advanced Courtroom Technologies' invoice contains similar non-taxable costs. All of the parking and toll charges must be excluded. There are a multitude of charges for "Project Management" and "Trial Consultant-Consulting" which provide no detail about the services provided such that the costs could be found to fit within Local Rule 54-3(d)(5)'s cost allowance for preparing visual aids to be used as exhibits at trial. To the extent any of the consulting fees are allowed, the rate charged ($215) should be reduced as excessive. Nor should plaintiff be allowed to recover the costs of renting and setting up audio-visual equipment for the "war room" and the courtroom for trial. Again, these costs do not fit within Local Rule 54-3(d)(5). A total of $28,674.01 should be subtracted from the costs requested as incurred from Advanced Courtroom Consulting.

Defendants' counsel has met-and-conferred with plaintiff's counsel in compliance with Local Rule 54-2(b). Plaintiff's counsel was unwilling to consider any deductions to plaintiff's Bill of Costs.

For the foregoing reasons, plaintiff's Bill of Costs should be reduced by $30,178.11 to $35,077.32.

Dated: November 26, 2007          Respectfully submitted,

By: _____/S/_____
Michele Ballard Miller
Miller Law Group

Counsel for Defendants
CHEVRON CORPORATION, CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION