1  KEKER & VAN NEST, LLP
   SUSAN J. HARRIMAN - #111703
2  CHRISTA M. ANDERSON - #184325
   710 Sansome Street
3  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
4  Facsimile: (415) 397-7188

5  Attorneys for Plaintiff
   KIRAN PANDE

6

7

8

9            UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12 | KIRAN PANDE,                              | Case No. 04-5107 JCS
13 |                        Plaintiff,         | SUPPLEMENTAL DECLARATION OF
                                               | SUSAN J. HARRIMAN IN SUPPORT OF
14 |         v.                                | MOTION FOR ATTORNEYS' FEES AND
                                               | EXPENSES
15 | CHEVRON CORPORATION (f/k/a
   | CHEVRONTEXACO CORPORATION), a
16 | Delaware corporation,                     | Date:            December 14, 2007
   | CHEVRON INTERNATIONAL                     | Time:            9:30 a.m.
17 | EXPLORATION & PRODUCTION (f/k/a           | Judge:           Hon. Joseph C. Spero
   | CHEVRONTEXACO OVERSEAS
18 | PETROLEUM COMPANY),                       | Date Comp. Filed:  December 2, 2004
   | a division of Chevron U.S.A., Inc.,
19 |                                           | Judgment Entered:  October 29, 2007
   |                        Defendants.
20

21

22

23

24

25

26

27

28

SUPPLEMENTAL DECLARATION OF SUSAN J. HARRIMAN IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES AND EXPENSES
CASE NO. 04-5107 JCS

I, SUSAN J. HARRIMAN, declare and say that:

1. I am an attorney licensed to practice law in the State of California and am a member of Keker & Van Nest LLP, counsel for plaintiff Kiran Pande in the above-captioned action.

2. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

3. Attached hereto as **Exhibit A** is a true and correct copy of the Retainer Agreement that, on behalf of Keker & Van Nest, I entered into with Kiran Pande. It sets forth the terms and conditions of her retention of our firm.

4. My colleagues and I at Keker & Van Nest do not limit our civil litigation practice to representing only defendants or only plaintiffs, in part because we believe that we can more effectively represent our clients, whether plaintiff or defendant, by offering them highly-skilled counsel with a broad range of relevant experience. My representation of plaintiff Kiran Pande in this case, for example, benefited considerably from the extensive experience I had developed in other complex civil litigation (representing both plaintiffs and defendants), including the considerable experience I had developed in representing employment litigation defendants. I have litigated a wide range of employment cases during my career at Keker & Van Nest, including claims for gender discrimination, age discrimination, sexual harassment, and wrongful termination in violation of public policy. These cases have been litigated in state and federal court, and arbitrated in proceedings before the National Association of Securities Dealers. For example, in 1991, John Keker and I defended Werner Erhard & Associates and Werner Erhard in an age and sex discrimination case, entitled <u>Afremow v. Werner Erhard & Associates</u>. After a jury trial in San Francisco Superior Court, the jury found in favor of our clients on four of the five causes of action. On the fifth cause of action, it awarded less than $30,000 to the plaintiff. In the Fall of 2000, I defended Kristina Kiehl and Robert Friedman in a wrongful termination case captioned <u>McKee v. Kiehl</u>. After a jury trial in San Mateo County Superior Court, the jury found in favor of my clients on all causes of action. In determining litigation strategy in this case, my perspective from having participated in previous complex civil litigation and

1
SUPPLEMENTAL DECLARATION OF SUSAN J. HARRIMAN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 04-5107 JCS

407215.01

employment cases enabled me to represent Ms. Pande more effectively and more efficiently. In short, the employment experience and perspective that I had, coupled with my general experience in complex civil litigation matters, served Ms. Pande well as we litigated this case.

5. As of today's date, Ms. Pande has paid our firm $466,681.24 in fees and has paid $83,094.94 in costs. In addition, she still owes our firm a portion of her recovery from Chevron, as set forth in paragraph 4 of Exhibit A.

6. Audrey Walton-Hadlock's and Nancy Dao's hours of "trial preparation" represent necessary and reasonable tasks in the busy weeks during and immediately before trial. Although Ms. Walton-Hadlock did not appear in court, she was a vital part of our trial team throughout this period. She conducted all necessary legal research. She drafted all of our written submissions to the court (for Ms. Anderson's and my review), including motions, opposition briefs, stipulations and revised proposed jury instructions. She helped Ms. Anderson prepare for numerous witnesses at trial, evaluating the witnesses' anticipated testimony and key documents and drafting outlines for direct and cross-examination. She also prepared deposition designations, evaluated Chevron's revised proposed verdict form, and helped with countless other trial tasks, doing work that Ms. Anderson and I otherwise would have done. Likewise, Ms. Dao's work as lead paralegal was essential to our success. Ms. Dao organized and prepared all of the documents presented at trial, including exhibits and impeachment evidence. She worked closely with me and Ms. Anderson in our trial preparation, and ensured that we had the right documents at the right times throughout the trial. All of this work depended on her familiarity with the evidence and issues in the case, and her skills as an experienced paralegal. The court's own staff, including Courtroom Deputy Karen Hom, can surely confirm Ms. Dao's excellent work in the courtroom and in dealing with the court. Her work behind the scenes was equally superb.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 30, 2007 in San Francisco, California.

/s/ Susan J. Harriman
SUSAN J. HARRIMAN

2
SUPPLEMENTAL DECLARATION OF SUSAN J. HARRIMAN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 04-5107 JCS

407215.01

# EXHIBIT A

LAW OFFICES
# KEKER & VAN NEST
LLP

COPY

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

SUSAN J. HARRIMAN
(415) 676-2213
SHARRIMAN@KVN.COM

March 27, 2007

Kiran K. Pande, PhD
7195 Lamar Loop
Castro Valley, CA   94552

Dear Ms. Pande:

This letter will set forth our Agreement concerning Keker & Van Nest, LLP's representation of you. The purpose of this document is to set forth our mutual understandings concerning the terms of retention. This letter amends and supersedes our letter agreement dated March 22, 2007.

1. The scope of the representation shall be to represent you in the case entitled <u>Pande v. Chevron Corporation</u>, Case No. 04-5107 CW, now pending in the United States District Court for the Northern District of California.

2. The representation shall be only for the purpose described above. Any additional representation, including any appeal from trial or arbitration, will require a separate agreement. By signing this Agreement, you understand and agree that you will pay fees and costs for all preliminary work we do, including evaluation of the case.

3. You should consider and pursue any potential insurance that might cover the defense and indemnification of the above-referenced lawsuit and related matters. Our representation expressly does not include advice and representation on insurance coverage issues.

4. You will be charged the following rates for time spent on the case, including any time spent traveling in connection with your engagement. At present, our rates range from $230 per hour to $900 per hour for Attorneys' time, and $90-$180 per hour for paralegal time, and $60 per hour for case clerks. My time is billed at $700 per hour, while Christa Anderson's time is billed at $600 per hour. For this case only, Christa Anderson and I will bill our time at a blended rate of $450 per hour, a significant discount from prevailing rates. In exchange for that discount, you agree to give us a contingency fee recovery should you prevail at trial or settle this matter, which will be calculated as follows: (1) 5% of the first $1,000,000.00 of your total recovery, excluding any recovery

392528.01

Kiran K. Pande, PhD
March 27, 2007
Page 2

for attorneys' fees and costs and with no offsets for any costs or fees otherwise owed or paid; (2) 10% of your total recovery between $1,000,001 and $2,000,000, excluding any recovery for attorneys' fees and costs and with no offsets for any costs or fees otherwise owed or paid; and (3) 15% of your total recovery in excess of $2,000,000, excluding any recovery for attorneys' fees and costs and with no offsets for any costs or fees otherwise owed or paid. The contingent fee set forth herein is not set by law but rather was negotiated between Keker & Van Nest LLP and you.

5. Rates may increase from time to time. All bills will list time charged by person, task and day (minimum time unit is 1/8 hour). In addition, you will be billed for out-of-pocket costs, such as investigation, copy costs, travel, expert fees, research expenses, deposition costs, and similar expenses. You will be billed monthly for fees and costs, and you agree to pay such bills within 15 days of receipt, except that you may withhold payment of any questioned amounts until the propriety of such charge can be reasonably determined. Until any dispute is resolved, all nonquestioned amounts will be paid. For all cost items exceeding **$3,000**, invoices will be sent directly to you and we will not advance payment of such cost items.

6. In consideration of the representation, you will deposit $40,000 into Trust for attorneys' fees and will deposit $50,000 into Trust for costs. Monthly fees and expenses will be deducted from the Trust Fund each month, and must be replenished to $40,000 on a monthly basis. You also agree that you will replenish the Trust to a total of $100,000 ten days before the Trial Date in this matter.

7. Should the case settle with non-monetary benefits to you, e.g., reinstatement of your job, you agree to pay us a lump sum bonus of $100,000, in addition to the hourly fees that KVN has billed you.

8. This Agreement constitutes the entire, final and binding agreement between us. No other statement or representation, written or oral, express or implied, has been received or relied upon, and all prior or contemporaneous discussions, statements, and negotiations relating to the subject matter of this Agreement are superseded and merged into this Agreement.

9. This Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by Keker & Van Nest, LLP and you.

10. If any dispute arises between us arising out of or relating to our legal representation of you, including services performed, claims of alleged malpractice, or any other matter relating to the above-referenced representation or this Agreement, such dispute shall be submitted to binding arbitration and will not be determined by the courts or a jury, except as California law provides for judicial review of arbitration proceedings. Any dispute will be arbitrated according to the rules of the American Arbitration Association. The prevailing party shall receive all costs and reasonable attorneys' fees from the losing party in the event of such arbitration.

392528.01

Kiran K. Pande, PhD
March 27, 2007
Page 3

        In any dispute relating to our billings, fees, or costs, the parties agree to binding arbitration according to the rules of the American Arbitration Association to the extent permitted by law, or, if not so permitted, to arbitration as permitted by the California Business & Professions Code, § 6200, *et seq.*

11. Keker & Van Nest, LLP is a limited liability partnership pursuant to the California Corporations and Business & Professions Code.

12. You may discharge us at any time for any reason, and we may withdraw from this case for good cause, including nonpayment of fees. If withdrawal occurs, we will promptly return all funds you advanced in excess of costs and fees. If you owe us fees and costs, such fees and costs will be promptly paid after withdrawal.

13. Keker & Van Nest, LLP hereby notifies you that we frequently defend lawyers and/or law firms in legal malpractice and related actions. Therefore, our representation of you expressly does NOT include providing advice as to claims that you may or may not have against your former or present attorneys, including, but not limited to, advice as to the running of the statute of limitations or dropping of certain claims.

        Please review this document in its entirety. If you have any questions about its terms, please feel free to ask me or any other attorney. If it meets with your approval, please sign below and return the original to me. Kiran, I look forward to helping you achieve a fair and successful resolution of this matter.

        Very truly yours,

        SUSAN J. HARRIMAN

SJH:js

Dated: March 27, 2007

_____
Kiran K. Pande, PhD

392528.01