KEKER & VAN NEST, LLP
SUSAN J. HARRIMAN (111703)
CHRISTA M. ANDERSON (184325)
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A., Inc.,<br><br>Defendants. | Case No. 04-5107 JCS<br><br>**DECLARATION OF MICHAEL RUBIN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Judge: Hon. Joseph C. Spero<br>Date Comp. Filed: December 2, 2004<br>Judgment Entered: October 29, 2007<br>Hearing Date: December 14, 2007<br>9:30 a.m. |

DEC. OF MICHAEL RUBIN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & COSTS

I, Michael Rubin, state:

1. I am a member of the State Bar of California and a partner in the San Francisco law firm of Altshuler Berzon LLP, where I specialize in complex civil litigation in state and federal courts, including employment litigation and attorneys' fees litigation.

2. Prior to joining Altshuler Berzon in 1981, I served as a law clerk to Justice William J. Brennan, Jr. of the U.S. Supreme Court, to Chief Judge James R. Browning of the U.S. Court of Appeals for the Ninth Circuit, and to Judge Charles B. Renfrew of the U.S. District Court for the Northern District of California. I graduated from the Georgetown University Law Center in 1977, where I was an Editor of the Georgetown Law Journal.

3. In 2002, I was named a "California Lawyer of the Year" by California Lawyer magazine. In 2003, I was a co-recipient of the "Trial Lawyer of the Year" Award from the Trial Lawyers for Public Justice. I have been listed for several years in "The Best Lawyers in America" under the labor and employment category, and I am listed in the 2007 edition of those volumes under both the appellate category and the labor and employment category. San Francisco Magazine has named me among its Northern California "Super Lawyers" in the appellate practice area in each of the past three years. In 2006, I was named as a member of the "Lawdragon 500" by Lawdragon Magazine; and in 2007, I was named as one of the 500 leading plaintiffs' counsel and as one of the 500 leading lawyers in the country by that magazine. I am a former Vice-Chair and Secretary of the Executive Board of the Litigation Committee of the Bar Association of San Francisco.

4. Altshuler Berzon frequently represents parties litigating court-awarded fee issues in civil rights and other cases in state and federal courts. My partners and I have represented plaintiffs or defendants in dozens of fees cases during the past 30 years, including: *AFL-CIO v. Employment Development Department*, 88 Cal. App. 3d 881 (1979); *Alcarez v. Block*, No. Civ. S-82-298 RAR (E.D.Cal. 1984); *Anderson v. Butz*, No. S-75-401 TJM (E.D.Cal. 1980), *appeal dismissed* No. 80-4287 (9th Cir. 1980); *Bell v. Farmers*, No. 774013-0 (Alameda County Superior Court 2000); *Breaux v. Agency Rent-A-Car*, No. C92-2717-WHO (N.D.Cal. 1996); *Brower v. Daley*, No. C99-3892 THE (N.D.Cal 1999) No. 00-15968 (9th Cir. 2000); *CALCOA*

*v. Schweiker,* No. S-80-991 MLS (E.D.Cal. 1983), *appeal dismissed* (9th Cir. 1983) No. 83-2093; *California Labor Federation, AFL-CIO v. Occupational Safety and Health Standards Board,* 5 Cal.App. 4th 984 (1992); *Cannon v. Edgar,* 33 F.3d 880 (7th Cir. 1994); *Cherco v. County of Sonoma,* No. C-80-0334 THE (N.D.Cal. 1984); *Cremin v. Merrill Lynch,* 957 F. Supp. 1460 (N.D. Ill. 1997); *Diaz v. San Jose Unified School District,* No. 71-2130 RFP (N.D.Cal. 1989); *Duffield v. Robertson Stephens & Company,* 144 F.3d 1182 (9th Cir. 1998); *Figueroa v. Guess, Inc.,* No. BC 155 165 (L.A. County Superior Court 2000); *Gerke v. Waterhouse Securities Inc.,* No. C-98-4081 CAL (N.D. Cal. 1999); *Govett American Endeavour Fund, Ltd. v. Trueger,* No. C95-0460 FMS (N.D.Cal. 1996); *Hamilton v. Great Expectations,* Coordination No. 2647 (Contra Costa County Superior Court 1994); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1996); *Johnson v. Rank,* CCH Medicare & Medicaid Guide ¶34543, 35026 (N.D.Cal. 1985); *Keiffer v. Bechtel Corporation,* No. 974 305 (S.F. Superior Court 1999); *La Raza Unida v. Volpe,* 545 F.Supp. 36 (N.D.Cal. 1982); *Lynch v. Rank,* No. 83-2340 (N.D. Cal. 1983), *aff'd* 747 F.2d 528, *modified,* 763 F.2d 1098 (9th Cir. 1985); *Martens v. Smith Barney Inc.,* 181 F.R.D. 243 (S.D.N.Y. 1998); *McLendon v. The Continental Group,* Nos. 83-1340, 89-4066 (D.N.J. 1994); *Natural Resources Defense Council v. Duvall,* No. CIV-S-88-0375 LKK (E.D.Cal. 1993); *Natural Resources Defense Council v. Lujan,* No. CIV-S-85-1214-LKK-JM (E.D.Cal. 1994); *Natural Resources Defense Council v. Patterson,* No. CIV-S-88-1658-LKK (E.D. Cal. 1999); *Natural Resources Defense Council v. Strock,* No. 981506 (S.F. Superior Court 1998); *Natural Resources Defense Council v. Wilson,* No. 97-CS-01886 (Sacramento Superior Court 1999); *Roman v. City of Richmond,* Nos. 80-4702 RPA, 82-0142 RPA (N.D.Cal. 1984); *San Franciscans for Reasonable Growth v. San Francisco,* Nos. 791-326, 791-327, 792-552, 793-064 (S.F. Superior Court 1984); *Semler v. First Colony Life Insurance Company,* No. 984902 (S.F. Superior Court 2001); *Serrano v. Unruh,* 32 Cal.3d 621 (1982); *SEIU v. Healthcare Investments,* No. BC 235051 (L.A. Superior Court 2000); *Sneede By Thompson v. Cove,* 856 F. Supp. 526 (N.D. Cal. 1994); *UAW v. Johnson Controls, Inc.,* 111 S.Ct. 1196 (1991); *Wallace v. Consumers Cooperative of Berkeley, Inc.,* 170 Cal.App.3d 836 (1985); *Walls v. Mississippi State Department of Public Welfare,* No. GC-75-108-NB

1  (N.D.Miss. 1995); *Welsh v. City and County of San Francisco*, No. C93-03722 DLJ (N.D.Cal. 1995); *Wedges/Ledges of California, Inc. v. City of San Diego*, No. 567013 (San Diego County Superior Court 1988); *White v. City of Richmond*, 713 F.2d 458 (9th Cir. 1983); *Word v. S.F. Housing Authority*, No. 978-188 (S.F. Superior Court 1996); *Zambrano v. Oakland Unified School District*, 229 Cal. App. 3d 802 (1992).

5. I have lectured on attorneys' fee issues at numerous continuing education panels, have testified in court, and have been called upon as an expert in fees litigation to state my opinion as to the appropriateness of fees and/or hourly rates requested by counsel in cases under the Civil Rights Act and other fee-shifting statutes.

6. During the course of my representation of other counsel in attorneys' fees litigation in state and federal court, I have had considerable opportunity to familiarize myself with the hourly rates charged by attorneys with experience and skill comparable to that of Susan Harriman, Christa Anderson, and their colleagues at Keker & Van Nest. Among the law firms whose attorneys' hourly rates I have reviewed during the past few years are: Brobeck, Phleger & Harrison; Goldstein, Demchak & Baller; Heller, Ehrman, White & MacAuliffe; Howard, Rice, Nemerovski, Canady, Robertson & Falk; Kerosky & Bradley; Latham & Watkins; Law Offices of Ellen Lake; Leonard, Carder, Ross & Zuckman; Lieff, Cabraser, Heimann & Bernstein; McCutchen, Doyle, Brown & Enerson; Morrison & Foerster; Orrick, Herrington & Sutcliffe; Rosen, Bien & Asaro; Rothner, Segall & Greenstone; Rudy, Exelrod & Zieff; Strumwasser & Woocher; Thelen, Marrin, Johnson & Bridges; and Traber & Voorhees. I am also familiar with the hourly rates awarded by state and federal courts in the cases in which my law firm has acted as fees counsel during the past 30 years, as well as the rates awarded in many other fees cases by state and federal courts in the Bay Area and throughout the country. I have also reviewed many published surveys of attorneys' billing rates, both in the Bay Area and elsewhere.

7. I have litigated class action and *qui tam* cases against Keker & Van Nest attorneys, including Ms. Anderson, and have worked jointly with several Keker & Van Nest attorneys on other civil and criminal matters. I am also personally aware of the reputation of many of the

attorneys at Keker & Van Nest, including Ms. Harriman and Ms. Anderson, and I am familiar with their work product, including their work in this case.

8.  Ms. Harriman's hourly rate of $700 and Ms. Anderson's hourly rate of $600 are comparable to the rates charged in the Bay Area market by similarly experienced and highly skilled attorneys, including attorneys specializing in plaintiffs'-side employment litigation. By way of comparison, my partner James M. Finberg, a 1983 graduate of the University of Chicago Law School, currently charges $700 per hour in employment cases, a rate that has been approved by several state and federal courts this year. Courts in the Bay Area customarily award senior employment counsel at my firm and other Bay Area employment firms (such as Rudy, Exelrod & Zieff; Goldstein, Demchak *et al;* Lewis, Feinberg, *et al.;* and McGuinn, Hillsman & Palefsky) hourly rates in the $600-$700 range, plus multipliers where appropriate, for employment litigation.

9.  I understand that Ms. Harriman and Ms. Anderson are seeking compensation at their *actual* current hourly rates – *i.e.,* the rates they charge their monthly billing clients for complex litigation. Based on my review and understanding of state and federal attorneys' fees law, it is my opinion that these actual rates set an appropriate and presumptively correct benchmark for determining their "market" rates under applicable fee-shifting statutes. The fact that Keker & Van Nest's hourly-paying clients customarily pay those rates for the professional time of Ms. Harriman and Ms. Anderson reinforces the reasonableness of those rates in the applicable complex civil litigation market. I further understand that plaintiff in this action executed a retainer agreement with Keker & Van Nest acknowledging that these are counsels' actual market rates and agreeing to pay fees for counsels' successful representation that will, in fact, exceed these hourly rates because of the agreed-upon contingency multiplier factor. This, too, is a factor that in my opinion supports the reasonableness of using counsels' actual, negotiated rates as the market rate for purposes of the applicable fee-shifting statute.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of November 2007 at Berkeley, California.

_/s/ Michael Rubin_
MICHAEL RUBIN