Michele Ballard Miller (SBN 104198)
Janine S. Simerly (SBN 102361)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON INTERNATIONAL EXPLORATION AND PRODUCTION (formerly known as CHEVRONTEXACO OVERSEAS PETROLEUM and improperly sued as CHEVRONTEXACO OVERSEAS PETROLEUM PACIFIC COMPANY) AND CHEVRON CORPORATION (formerly known as CHEVRONTEXACO CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KIRAN PANDE,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A., Inc.,**<br><br>　　　　　**Defendants.** | **Case No. 04-5107 JCS**<br><br>**DEFENDANTS' OBJECTION AND MOTION TO STRIKE PLAINTIFF'S REPLY EVIDENCE ON MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

Defendants object to and move to strike the evidence that plaintiff submitted for the first time with her reply memorandum in support of her motion for attorney's fees and costs.

When she filed her motion, plaintiff submitted declarations from Noah Lebowitz and Susan Harriman. The declarations attached time records from the

1  declarant's firm and gave hourly billing rates for the firm's attorneys and paralegals.
2  Plaintiff did not, however, submit any declarations or other evidence showing "that the
3  requested rates are in line with those prevailing in the community for similar services of
4  lawyers of reasonably comparable skill and reputation." *Menlo Logistics, Inc. v.*
5  *Western Express, Inc.*, No. C-04-4684 JCS, 2006 WL 436150, at *6 (N.D. Cal. Feb. 21,
6  2006) (noting that such evidence must be "in addition to the affidavits of [plaintiff's]
7  counsel"). The law is settled that it was her burden to do so. *Id.*; *Navarro v. Gen.*
8  *Nutrition Corp.*, No. 03-0603, 2005 WL 2333803, at *8 (N.D. Cal. Sep. 22, 2005).
9  Accordingly, defendants argued in their opposition that plaintiff's requested hourly rates
10 should be denied and that plaintiffs should be awarded no more than the rates awarded
11 in reported cases involving similar claims.

13         In response, plaintiff submitted with her reply brief for the first time (1) a
14 supplemental declaration from Ms. Harriman purporting to give more detail about
15 plaintiff's fee arrangement with Ms. Harriman's firm and (2) a declaration from Michael
16 Rubin opining that Ms. Harriman's hourly rates are reasonable and customary in the
17 community. None of this evidence was presented with plaintiff's moving papers. Nor
18 does plaintiff offer any excuse for her failure to have timely submitted it. The evidence
19 was not rebuttal evidence but was evidence the law requires be submitted with the
20 moving papers.

22         "[I]t is improper for a moving party to introduce new facts in its reply brief
23 other than those presented in its moving papers." *Creative Sci. Sys. v. Forex Capital*
24 *Mkts., LLC*, 2006 U.S. Dist. LEXIS 37300, at *5 (N.D. Cal. Feb. 8, 2006); *see also*
25 *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 2006 U.S. Dist. LEXIS 9845, at *10
26 (E.D. Cal. Apr. 19, 2006) ("Because these new facts were provided only in the reply,
27 they are not properly considered by the court on the motion."); *Sweet v. Pfizer*, 232
28 F.R.D. 360, 364 n.6 (C.D. Cal. 2005) (considering a reply brief only "to the extent that it .

. . does not raise new issues or introduce new information"); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) (agreeing with party's statement that "'It is well accepted that raising of new issues and submission of new facts in reply brief is improper'").

Given that it was plaintiff's burden to timely submit the required evidence supporting her motion and that she was required to do so within 14 days after entry of judgment (Local Rule 54-6), the proper remedy is for this Court to strike (or otherwise disregard) plaintiff's reply evidence and decide the motion based on the remaining papers. Allowing the submission of the evidence at this juncture, even if defendants are given the opportunity to respond to it, would be to countenance an unjustified disregard of the Court's rules and procedures.

Alternatively, should the Court elect to consider plaintiff's new evidence, defendants request a reasonable opportunity to respond to it.

Dated: December 5, 2007          Respectfully submitted,

By: _____/S/_____
Michele Ballard Miller
Miller Law Group

Counsel for Defendants
CHEVRON CORPORATION, CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION