# EXHIBIT B

ORIGINAL FILED

JUN - 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1

```
 1                  UNITED STATES DISTRICT COURT

 2           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3       OAKLAND, CALIFORNIA DEPARTMENT 2, CLAUDIA WILKEN, JUDGE

 4                               -oOo-

 5   PANDE,                           )  C-04-5107CW

 6                     PLAINTIFF,)    PRETRIAL CONFERENCE

 7   V.                               )  TUESDAY, MAY 22, 2007

 8   CHEVRON TEXACO                   )  DEFENDANTS' MOTIONS IN

 9                     DEFENDANT.)    LIMINE

10   _____)

11               REPORTER'S TRANSCRIPT OF PROCEEDINGS

12   APPEARANCES:

13   FOR THE PLAINTIFF:

14   KEKER & VAN NEST, LLP
     BY:  SUSAN J. HARRIMAN,
15        CHRISTA MARTINE ANDERSON,
     ATTORNEYS AT LAW
16   710 SANSOME STREET
     SAN FRANCISCO, CALIFORNIA  94111-1704
17   TEL (415) 391-5400
     FAX (415) 397-7188, WWW.KVN.COM, CMA@KVN.COM,
18   SHARRIMAN@KVN.COM

19   FOR THE DEFENDANT:

20   MILLER LAW GROUP, PROFESSIONAL CORPORATION
     BY:  MICHELE MILLER
21        LISA C. HAMASAKI,
     ATTORNEYS AT LAW
22   EMPLOYMENT LAW AND LITIGATION WOOD ISLAND CENTER
     60 E. SIR FRANCIS DRAKE BLVD., SUITE 302
23   LARKSPUR, CA  94939
     TEL (415) 464-4300 FAX (4R15) 464-4336
24   LCH@MLLERLAWGROUP.COM

25   REPORTED BY:  STARR A. WILSON, CSR 2462
```

1  BEYOND THAT THAT WE WOULD CHOOSE TO -- I'M NOT SURE HOW MUCH
2  MORE DETAIL WE'D WANT TO -- THIS CASE ISN'T ABOUT VICKI
3  THOMPSON.  I DON'T WANT THE JURY FOCUSED ON VICKI THOMPSON.
4  SO I'M NOT SURE HOW MUCH MORE DETAIL IS GOING TO BE.
5          THE COURT:  SO IF YOU'RE JUST HAPPY WITH JUST
6  THOSE SKELETAL FACTS, THAT'S FINE.  THEN YOU DON'T HAVE TO
7  TELL ME WHY VICKI THOMPSON IS UNHAPPY.  IF YOU WANT TO TELL
8  US -- IF YOU WANT TO HAVE HER TELL US WHY SHE IS UNHAPPY,
9  YOU'RE GOING TO HAVE TO TELL ME IN ADVANCE SO I CAN DECIDE
10 WHETHER OR NOT TO ALLOW IT.
11         MS. HARRIMAN:  OKAY.  THAT'S GOOD ENOUGH.
12         THE COURT:  SO, THEN WE HAVE, UM, EXCLUDE
13 CHARACTER EVIDENCE REGARDING DUNN AND MITCHELL.  I THINK
14 WE'RE DEALING WITH SEMANTICS HERE.  CHARACTER EVIDENCE IN
15 THE 404(A) SENSE WILL NOT BE ALLOWED.  THEY WON'T BE ABLE TO
16 COME IN AND SAY DUNN IS LAZY; MITCHELL IS UNCHASTE OR
17 WHATEVER.  BUT THEY WILL BE ABLE TO SAY THAT THEY DID BAD
18 THINGS IF THOSE THINGS ARE RELEVANT TO THE CASE EVEN THOUGH
19 ONE MIGHT THINK THAT REFLECTED ON THEIR CHARACTER.  THE
20 EVIDENCE OF WHAT THEY DID WILL COME IN IF IT'S RELEVANT.  SO
21 THAT'S ABOUT AS FAR AS I CAN GO ON THAT.
22         UM, EMOTIONAL DISTRESS AND EMOTIONAL HEALTH.  UM,
23 I THINK, GENERALLY SHE HAS WITHDRAWN HER CLAIMS OF EMOTIONAL
24 DISTRESS.  I DON'T THINK SHE CAN TESTIFY THAT HER EMOTIONAL
25 ISSUES AFFECTED HER PHYSICAL ISSUES.  IT WOULD ONLY BE A

1  DOCTOR WHO COULD TESTIFY TO THAT. I'M NOT GOING TO SAY SHE
2  CAN'T SAY SHE CRIED AT THE MEETING. OKAY. SHE CAN SAY SHE
3  CRIED AT THE MEETING. BUT I DON'T -- SHE CAN'T GO INTO ANY
4  DEPTH ABOUT HER EMOTIONAL DISTRESS BECAUSE THAT WOULD MAKE
5  RELEVANT HER MENTAL HEALTH PROVIDER WHO SHE DIDN'T WANT
6  DEPOSED SO --
7        MS. HARRIMAN: BUT THAT, ALL THAT MEANS, YOUR
8  HONOR, IS THAT SHE CAN'T SAY SHE WENT TO A MENTAL HEALTH
9  PROVIDER. SHE CAN'T SAY THAT SHE GOT TREATMENT. SHE
10 CAN'T -- SHE CAN'T SAY WHAT THAT TREATMENT WAS OR WHAT KIND,
11 OR THE FACT THAT SHE WAS FORCED TO GO TO SOMEBODY BECAUSE OF
12 STRESS OR WHY. BUT IT CERTAINLY SEEMS TO ME RELEVANT,
13 PARTICULARLY WHEN YOU CONSIDER THIS IS A CASE FOR PUNITIVE
14 DAMAGES IS WHERE MALICE IS THE STANDARD TO SAY THAT HER --
15 HER BOSS HAD SCREAMED AT HER IN A MEETING IN FRONT OF OTHER
16 PEOPLE. THAT CAUSED HER EMOTIONAL DISTRESS KNOWING HE STILL
17 GOT ON THE TELEPHONE WITH HER AND THEN TERMINATED HER. ALL
18 OF THAT ADDED TO STRESS. THAT IS ALL RELEVANT TO ONE OF THE
19 THINGS SHE'S TOLD TO AVOID, WHICH IS STRESS.
20        THE COURT: SHE CAN SAY THAT IN -- IN ABOUT AS
21 MUCH DETAIL AS YOU JUST SAID IT. BUT I DON'T WANT TO COME
22 IN THROUGH THE BACK DOOR AN EFFORT TO GET ADDITIONAL DAMAGES
23 FOR EMOTIONAL DISTRESS WHEN THAT'S BEEN WAIVED AND ISN'T --
24 ISN'T BEING ALLOWED TO BE DEFENDED AGAINST.
25        MS. HARRIMAN: WE'RE NOT CLAIMING DAMAGES FOR

```
 1  EMOTIONAL DISTRESS.
 2          THE COURT:  RIGHT.
 3          MS. HARRIMAN:  SO THERE IS NO QUESTION ABOUT THAT.
 4          THE COURT:  BUT I DON'T WANT YOU TO EMPHASIZE IT
 5  SO MUCH THAT YOU ARE REALLY ASKING FOR IT WITHOUT SAYING SO.
 6  SO WE WON'T TOTALLY WHITEWASH THE FACTS.  IF SHE CRIED, SHE
 7  CRIED.  IF SHE FELT BAD, SHE FELT BAD.  BUT I DON'T WANT
 8  THIS SORT OF TESTIMONY THAT ONE WOULD ELICIT FROM A VICTIM
 9  WHO ONE WAS TRYING TO GET DISTRESS DAMAGES FOR.  AND I DON'T
10  WANT TIES MADE TO PHYSICAL AILMENTS FROM A PERSON WHO IS
11  UNQUALIFIED TO MAKE THOSE TIES, WHICH IS TO SAY HER.
12          IN OTHER WORDS, SHE CAN'T SAY THAT BECAUSE OF MY
13  STRESS I THEN HAD MORE ENEMIA OR BECAUSE OF MY EMOTIONAL
14  DISTRESS I DIDN'T RECOVER FROM MY WHATEVER.
15          MS. HARRIMAN:  NO DOUBT ABOUT THAT.
16          THE COURT:  OKAY.
17          MS. HARRIMAN:  SO THAT SHOULDN'T BE ASKED.  BUT
18  SHE CAN SAY I WAS TRYING TO AVOID ADDITIONAL STRESS.
19          THE COURT:  YES.
20          MS. HARRIMAN:  BUT, YEAH, I AGREE.  SHE'S NOT --
21  SHE'S NOT A MEDICAL DOCTOR.  SHE IS NOT GOING TO TAKE THE
22  STAND AND PRETEND SHE IS.
23          THE COURT:  OKAY.  EXCLUDE EVIDENCE REGARDING
24  OCTOBER 30 AND NOVEMBER 4 MEETINGS.  UM, --
25          MS. MILLER:  YOUR HONOR, CAN I GO BACK TO THE
```

```
 1                COURT REPORTER'S CERTIFICATE

 2         I, STARR A. WILSON, CSR NO. 2462, UNITED STATES

 3    DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, DO HEREBY

 4    CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

 5    RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

 6         I CERTIFY THAT THE TRANSCRIPT FEES AND FORMAT

 7    COMPLY WITH THOSE PRESCRIBED BY THE COURT AND JUDICIAL

 8    CONFERENCE OF THE UNITED STATES.

 9                              _____

10                              STARR A. WILSON, CSR NO. 2462
```