United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIRAN PANDE,

        Plaintiff(s),

v.

CHEVRONTEXACO CORP., ET AL.,

        Defendant(s).

Case No. C-04-05107 JCS

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [Docket No. 201]**

## I. INTRODUCTION

Defendant in this action brings a motion seeking entry of judgement as a matter of law under Fed R. Civ. P. 50, or, alternatively, a new trial under Fed. R. Civ. P. 59 (the "Motion"). The Court finds the Motion is appropriate for resolution without oral argument, pursuant to Civ. L.R. 7-1(b). For the reasons set forth below, the Motion is DENIED.

## II. BACKGROUND

This matter arose out of the employment of Plaintiff, Kiran Pande, by Defendant.[1] The case went to trial before a jury on October 9, 2007. Three claims were tried: (1) violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.,* and the California Family Rights Act ("CFRA"), Cal. Gov. Code §§ 12945.2 *et seq.* (Claim One); (2) retaliation for making claims of discrimination, in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov.

---

[1] As agreed by the parties at trial [Docket No. 152], the Court does not distinguish between the two Defendants, who will be referred to collectively as "Defendant."

1  Code §§ 12900 *et seq.* (Claim Two); and (3) termination in violation of public policy under
2  California law (Claim Three).

3  The jury found for Defendant on Claim One, and for Plaintiff on Claims Two and Three.
4  The jury awarded Plaintiff $836,048.50 in past damages and $2,235,387.00 in future damages. The
5  jury also awarded Plaintiff $2,500,000.00 in punitive damages.

6  In the Motion, Defendant asks the Court for an order granting judgment as a matter of law or
7  in the alternative, a new trial, on the following grounds: 1) the punitive damages award is not
8  supported by clear and convincing evidence; 2) Plaintiff's retaliation claim is not supported by
9  sufficient evidence; 3) Plaintiff should not have been permitted to testify in detail during the trial
10 about her medical condition; and 4) the evidence was insufficient to support the jury's award of
11 compensatory damages.

## III.   APPLICABLE LAW

13 A motion for a judgment as a matter of law is governed by Rule 50 of the Federal Rules of
14 Civil Procedure. To prevail, a defendant must demonstrate that "the evidence, construed in the light
15 most favorable to [plaintiff], permits only one reasonable conclusion, and that conclusion is contrary
16 to that of the jury." *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002). The court may
17 not make credibility determinations or weigh the evidence. *Sunnyside Dev't Co., LLC v. Opsys Ltd.*,
18 2007 WL *3 (N.D. Cal. August 29, 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530
19 U.S. 133, 15051 (2000).

20 Rule 59 of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion,
21 grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at
22 law in federal court." Rule 59 gives the trial judge the power to prevent a miscarriage of justice.
23 *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246 (9th Cir. 1957). A new trial may be
24 ordered to correct manifest errors of law or fact, but "the burden of showing harmful error rests on
25 the party seeking the new trial." *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133 (9th Cir.
26 1984). A motion for new trial may invoke the court's discretion insofar as it is based on claims that
27 "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other
28 reasons, the trial was not fair to party moving; and may raise the questions of law arising out of

alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Where a movant claims that a verdict is against the clear weight of the evidence, a new trial should be granted where, after giving full respect to the jury's findings, the judge "is left with the definite and firm conviction that a mistake has been committed" by the jury. *Landes Const. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987).

The authority to grant a new trial under Rule 59 "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon*, 449 U.S. 33, 36 (1980) (per curiam); *see Vickrey v. Fisher Governor Co.*, 417 F.2d 466, 470 (9th Cir. 1969) (trial court has "wide judicial discretion" in considering new trial motion). A trial court may grant a motion for new trial if the verdict is "contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice." *Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174, 1176 (9th Cir. 1990) (quoting *Hanson v. Shell Oil Co.*, 541 F.2d 1352, 1359 (9th Cir. 1976)).

**IV.   THERE IS SUFFICIENT EVIDENCE TO SUPPORT THE JURY'S VERDICT AGAINST DEFENDANT ON THE FEHA RETALIATION CLAIM**

The elements of a claim of retaliation under FEHA are listed in *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005). Plaintiff must prove that: (1) she engaged in protected conduct; (2) she suffered one or more adverse employment actions; and (3) "a causal link existed between the protected activity and the employer's action." *Id.*; *see also* Final Jury Instruction Number 16 (Retaliation - Elements). Once an employer has offered a legitimate non-retaliatory reason for any alleged adverse employment action, the employee has the burden of proving an intentional retaliation. *Id.* An adverse employment action is an action or series of actions that "materially affect the terms, conditions or privileges of employment . . . ." *Id.* at 1052. A performance rating can be an adverse action. *See Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1454-55 (2002). The jury may also consider "dishonesty about a material fact as evidence of guilt." *See Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F. 3d 1222, 1228 (9th Cir. 2001).

3

A reasonable jury could find for Plaintiff on each of these elements based on the evidence presented at trial. First, the evidence showed that Plaintiff complained of discrimination by Rex Mitchell to Mitchell, to his supervisor Jay Johnson, and to Gary Yamashita.

Second, the jury reasonably concluded that Plaintiff was subjected to adverse employment actions. The evidence supported an inference that Plaintiff was told to put up with the complained of discriminatory conduct or find another job inside or outside of Defendant's employ. The jury could also reasonably conclude that after the complaint, Mitchell gave Plaintiff a lower performance rating than she deserved, and denied her a promised promotion. The evidence also supported the conclusion that Plaintiff did not receive a deserved salary increase in 2003, and was terminated.

Finally, the evidence could reasonably support the conclusion that these adverse employment actions were caused by the protected activity and were in retaliation for that activity. First, the jury could reasonably find that Plaintiff had a spotless employment record before she complained of discrimination. Her written reviews were outstanding. Second, the jury could find that Rex Mitchell was alerted to the meeting with Jay Johnson at which Plaintiff complained of discrimination, and trumped up baseless complaints about Plaintiff's performance to discredit Plaintiff at the meeting. Rather than inquire into the validity of these "complaints," Mr. Johnson essentially told Plaintiff to get along or get out.

Shortly after these events, Plaintiff testified, she was denied a promised promotion by Mitchell. While Defendant points to evidence that Mitchell could not and did not make any such promise, the jury was entitled to disbelieve this evidence. Similarly, Mitchell gave plaintiff a "2" rating instead of a "1" rating after the complaint of discrimination, and the jury was entitled to conclude that such a rating was made in retaliation. The evidence at trial supported the conclusion that this rating was not only lower than previous ratings awarded Plaintiff, but was also lower than nearly all of the ratings given by Mitchell to his other subordinates.

The evidence also supported the conclusion that retaliation resulted in adverse employment actions in 2003. When reviewing Plaintiff's salary in 2003, Kelly Hartshorn testified that Mitchell told her that Plaintiff was a "2" performer. The jury was entitled to believe that this was in further retaliation and caused Plaintiff to be deprived of a merit increase that she deserved in 2003.

In 2003, plaintiff was notified that the group for whom she worked in California would be moving to Texas. Plaintiff was offered a position in Texas. The jury was entitled to conclude from the evidence that Plaintiff was not required to accept the offer – that is, the jury could conclude that Plaintiff was not told she would be terminated if she chose to remain in California and did not find alternative employment with Defendant. Plaintiff declined the offer and applied for numerous positions with Defendant. She was offered none of those positions and was terminated in 2004.

The evidence offered at trial was sufficient to support the conclusion that Plaintiff obtained none of the positions she applied for with Defendant in 2003, and was terminated, in retaliation for her complaints about Rex Mitchell. For example, one of Defendant's employees who participated in the decision not to offer Plaintiff another position in 2003 explained that Plaintiff was rated "poor" in teamwork while working for Mitchell. The jury was entitled to infer from this email, and from the other evidence (such as Mitchell's prior conduct in promoting false performance criticism of Plaintiff) that this information came from Mitchell.

Moreover, the jury was entitled to conclude that some of Defendant's witnesses gave false testimony. Based on this evidence, the jury could conclude that Plaintiff was not given a position in 2003 in retaliation for her complaints. For example, Defendant's witness Jean Pierre Camy participated in one of the decisions not to offer Plaintiff a position in 2003. While he testified that he had a bad experience with Plaintiff in 1998 and that she was a "toxic element," he also testified that he visited with her socially, nominated her for a Chevron Management Leadership Forum, and gave her positive performance reviews. The jury was entitled to find his testimony about his prior bad experience with Plaintiff to be false, and conclude on that basis that the true reason why he did not offer her a position in 2003 was in retaliation for her prior discrimination complaints.

Based on the evidence discussed above, the jury could reasonably conclude that Defendant intentionally retaliated against Plaintiff by denying her a promotion and a merit increase, and by terminating her employment.

The Court also rejects Defendant's argument that the retaliation claim is barred by the statute of limitations. The jury was properly instructed on the statute of limitations and there was sufficient evidence to support its verdict that the claims in this case were timely made. In particular, there was

sufficient evidence to support the verdict that conduct after December 8, 2002, was sufficiently related to Plaintiff's complaints of discrimination and to retaliatory actions taken before that date.

Accordingly, the Court finds that Defendant is not entitled to judgment as a matter of law or a new trial on the FEHA claim.[2]

## V. THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE PUNITIVE DAMAGES AWARD

Defendant challenges the punitive damages award, arguing that Plaintiff did not prove by clear and convincing evidence either that Defendant acted with malice or that the conduct was committed, authorized or ratified by an officer, director, or managing agent. The Court concludes that there was sufficient evidence to support the jury's award of punitive damages.

Under California law, punitive damages may only be awarded against the defendant where the defendant acts with "oppression, fraud, or malice." California Civil Code § 3294(a). Punitive damages may not be awarded against a corporation based on an employee's conduct, unless the malicious actions were either committed by, or authorized or ratified by, an officer, director or managing agent of the corporation. *Id.* A managing agent is an employee who "exercise[s] substantial independent authority and judgment in [his] corporate decision-making so that [his] decisions ultimately determine corporate policy." *White v. Ultramar*, 21 Cal. 4th 563, 566-67 (1999). The scope of employee's "authority" and "judgment" is generally a question of fact to be decided on a "case-by-case basis." *Id.* at 567.

There was sufficient evidence for the jury to conclude, by the clear and convincing burden of proof, that Rex Mitchell and Jay Johnston acted with malice. As discussed above, the jury could reasonably conclude that Rex Mitchell, having heard about the about Plaintiff's complaints of discrimination against him, trumped up charges of lax performance against Plaintiff, and thereafter retaliated against Plaintiff intentionally. The jury was also entitled to disbelieve Mr. Mitchell's testimony at trial regarding the explanation for his actions, and find that his testimony was

---

[2] Similarly, the evidence discussed above supports the jury's verdict on Plaintiff's claim that she was wrongfully terminated in violation of public policy. Accordingly, the motion for judgment as a matter of law or, alternatively, for a new trial, on that claim is DENIED.

6

intentionally false. The jury could also believe Plaintiff's testimony that Jay Johnston brushed aside her complaints of discrimination and insisted that Plaintiff either get along or get out.

There was also sufficient evidence for a jury to conclude, using the clear and convincing burden of proof, that both Rex Mitchell and Jay Johnston were managing agents. Rex Mitchell was the manager of the strategic planning group at Chevron. The evidence showed that this was an important group, and that Mr. Mitchell had control over the day-to-day operations of this group. He was responsible for employee discipline, and for promotion and salary recommendations. Similarly, Jay Johnson was Rex Mitchell's boss, and was the general manager of business development and planning at Chevron. Both of these individuals had substantial "independent authority" in decision-making, and their decisions within that authority ultimately determined corporate policy.

Therefore, Defendant is not entitled to judgment as a matter of law or a new trial on the issue of punitive damages.

### VI. THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE COMPENSATORY DAMAGES AWARD

The Court also DENIES the motion for judgment as a matter of law, or for new trial, to the extent that the Motion claims there was insufficient evidence to support the jury's damages award. The jury was properly instructed on the measure of damages, including the obligation of the Plaintiff to mitigate her damages. The jury was entitled to conclude from the evidence submitted that Plaintiff made reasonable efforts to mitigate her damages. The jury also was entitled to reject the evidence offered by Chevron that Plaintiff was required to accept the offer to transfer to Houston to mitigate her damages. In particular, the jury was entitled to agree with Plaintiff that she was not required to accept the offer to transfer to Houston by the terms of that offer. The jury could also conclude that Plaintiff reasonably declined to move, and instead sought other positions with Defendant.

### VII. PLAINTIFF'S TESTIMONY REGARDING HER MEDICAL CONDITION DOES NOT WARRANT A NEW TRIAL

Defendant's complaint that evidence regarding Plaintiff's medical condition was admitted in error is without merit. A small amount of such evidence was properly admitted in connection with the FMLA claim, and that evidence did not prejudice Defendant.

### VIII. CONCLUSION

For the reasons stated above, the Motion is DENIED.

IT IS SO ORDERED.

Dated: March 11, 2008

JOSEPH C. SPERO
United States Magistrate Judge