Michele Ballard Miller (SBN 104198)
Janine S. Simerly (SBN 102361)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
60 E. Sir Francis Drake Blvd., Ste. 302
Larkspur, CA 94939
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants CHEVRON INTERNATIONAL EXPLORATION AND PRODUCTION (formerly known as CHEVRONTEXACO OVERSEAS PETROLEUM and improperly sued as CHEVRONTEXACO OVERSEAS PETROLEUM PACIFIC COMPANY) AND CHEVRON CORPORATION (formerly known as CHEVRONTEXACO CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN PANDE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION (f/k/a CHEVRONTEXACO CORPORATION), a Delaware corporation, and CHEVRON INTERNATIONAL EXPLORATION and PRODUCTION (f/k/a CHEVRONTEXACO OVERSEAS PETROLEUM COMPANY), a division of Chevron U.S.A. Inc.<br><br>　　　　Defendants. | Case No. 04-5107 JCS<br><br>**DEFENDANTS' RESPONSE TO NEW EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

## I.   INTRODUCTION

Defendants submit this response pursuant to the Court's order of March 12, 2008, allowing defendants to respond to the evidence plaintiff first submitted with her reply.

Plaintiffs' new evidence still fails to meet her burden to show "that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Menlo Logistics, Inc.*, No. C-04-4684 JCS, 2006 WL 436150, at *6 (N.D. Cal. Feb. 21, 2006) (internal quotation marks and citations omitted).  Plaintiff seeks rates of up to $700 per hour for her counsel, but she still has not identified a single case in which such rates have been awarded, let alone a single-plaintiff employment case such as this that did not present any particularly novel or complex issues.  To the contrary, all of the decisions in cases similar to this one of which defendants are aware awarded much lower rates.

Because plaintiff continues to fail to meet her evidentiary burden even with the new evidence, and for the reasons already stated in defendants' opposition brief, plaintiff's requested fee award should be rejected.

## II.   PLAINTIFF STILL HAS NOT MET HER BURDEN TO SHOW REASONABLE RATES

Plaintiff has submitted a supplemental declaration from her counsel, Susan Harriman, and a declaration from Michael Rubin, an attorney from Altshuler Berzon LLP who states that he specializes in complex civil litigation.  These declarations are limited to discussing the purported reasonableness of the proposed rates for Ms. Harriman and Christa Anderson.  Notably, plaintiff offers no evidence to support the reasonableness of the rates of the other attorneys, paralegals or "case assistants" for which she seeks to recover fees.

A. **Plaintiff provides no examples of attorneys' fees awards using similar rates.**

Neither of plaintiffs' reply declarations identifies any case in which fees have been awarded at the rates claimed by plaintiff's counsel. Ms. Harriman's supplemental declaration refers to employment discrimination cases she has defended, but does not identify any awards approving her rate or similar hourly rates of other members of her firm. Harriman Supp. Decl. ¶ 4.

Nor does Mr. Rubin's declaration provide actual examples of comparable fee awards. Mr. Rubin claims that courts in the Bay Area have approved and "customarily award" senior employment counsel at his and other employment firms rates in the $600-700 range, but he does not cite to or attach a single example of any such court award. Rubin Decl. ¶ 8. Nor does he describe the nature of any of these unidentified cases, and in particular whether they were relatively uncomplicated single plaintiff cases such as this one or were instead complex class actions. Mr. Rubin purports to base his conclusions on his experience representing parties in a long list of fees cases. *Id.* ¶ 4. However, the most recent of these cases is seven years old, many of them were not in the Bay Area, and Mr. Rubin provides no information in any event about any of the cases to demonstrate that they are comparable to this case. Courts have disregarded such declarations that provide "little specific information" about actual fee awards. *See Miller v. Vicorp Restaurants, Inc.*, No. C-03-00777 RMW, 2006 WL 212021, at *2-3 (N.D.Cal. Jan. 11, 2006) (relying on a similar analysis by Magistrate Judge Chen in *Velez v. Roche*, N.D. Cal. No. C-02-0335 EMC, Sept. 22, 2004).

Indeed, fee awards in recent cases have used rates much lower than those claimed by plaintiff. *See* Simerly Decl., Ex. B (*Murphy v. Kenneth Cole Prod.*, San Francisco Superior Court Case No. CGC 03-423260, Dec. 7, 2007) (awarding fees in single plaintiff labor lawsuit at rate of $425 per hour for well-known employment attorneys with over

1 20 years experience), Ex. A (*Marin v. Costco Wholesale Corp.*, Alameda County Superior Court Case No. RG04-150447, April 17, 2007) (awarding fees at rate of $455 per hour for experienced employment counsel in labor class action); *Hanrahan v. The Pacifica Found.*, Alameda County Case No. RG05205198, 2007 WL 1384947 (Cal. Superior Feb. 28, 2007) (finding hourly rate of $360 to be reasonable for "recognized expert in employment law" for work done in single plaintiff employment discrimination case); *Miller*, 2006 WL 212021, at *3 (finding that $450 per hour was a reasonable rate in an employment discrimination case for Jack Lee, a partner with the firm of Minami Tamaki LLP with over 30 years experience practicing in employment law); *King v. CIGNA Corp.*, No. 06-7025 CW, 2007 WL 4365504, at *3 (N.D. Cal. Dec. 13, 2007) (finding hourly rate of $450 to be reasonable for lead attorney with 20 years of experience in ERISA litigation); *Mannick v. Kaiser Found. Health Plan, Inc.*, No C03-5905 PJH, 2007 WL 2892647, at * 5 (N.D. Cal. Sept. 28, 2007) (setting rate for experienced litigators in a disability discrimination case at $435 per hour); *George v. Bay Area Rapid Transit Dist.*, No. 00-2206 CW, 2007 WL 2778784, at * 6 (N.D. Cal. Sept. 21, 2007) (finding rates of $435-450 per hour reasonable for disability discrimination attorneys with over 30 years of experience in single plaintiff ADA case). Jim Schratz, an attorney and expert witness who has participated in approximately 1,000 legal fee audits, has never seen a single-plaintiff employment case in California in which a court has awarded anything close to the rate sought by Susan Harriman, even for attorneys with more years of experience and more extensive substantive employment law expertise than Susan Harriman. Schratz Decl. ¶ 12.

The *Murphy* case best exemplifies how far plaintiff's fee request strays from the market rate. There, less than four months ago, the San Francisco Superior Court awarded fees for work done by Linda Dardarian, a well-known plaintiff's employment attorney with 20 years of experience from the prominent employment law firm of Goldstein, Demchak, Bailer, Borgen & Dardarian, at a rate of $425 per hour. Simerly Decl., Ex. B, p. 2.

Likewise, Donna Ryu of the Hastings Civil Justice Clinic, another attorney specializing in plaintiff's employment litigation with 20 years of experience, was awarded fees at a rate of $425. This is much less than the $700 per hour claimed by Harriman and the $600 per hour claimed by Christa Anderson, lawyers with similar years of experience who have not specialized in employment litigation or plaintiffs-side litigation.[1]

### B.     Actual billing rates are not representative of reasonable rates.

Plaintiff argues that the requested rates are "reasonable market rates" because they are her counsel's actual current hourly rates. Reply, p. 2. But, as other courts have found, there is often a "discrepancy between 'the actual fee customarily charged to fee paying clients,' which often reflects discounts, and [the firm's] claimed billing rates." *Miller*, 2006 WL 212021, at *2. That is precisely the situation here. Plaintiff admits that although she "acknowledged counsel's standard hourly rates," she agreed to pay both Harriman and Anderson a lower hourly rate of $450. Reply, p. 2; Harriman Supp. Decl. Ex. A ¶ 4. Only upon recovery did plaintiff owe her counsel any additional bonus amounts. Even that rate was significantly higher than the $375 rate charged by the plaintiff's employment attorney who filed this case originally.

Moreover, in the case relied upon by plaintiff as setting forth the standard for determining reasonable rates, the court found that the plaintiff's attorney's "customary hourly rate as a partner for a global law firm with nearly 30 years of experience on behalf of corporate clients in complicated environmental and securities litigation is not the reasonable market for this case." *Lopez v. San Francisco Unified School Dist.*, 385 F. Supp. 2d 981, 988 (N.D. Cal. 2005). In *Lopez*, the plaintiff class prevailed in a disability access lawsuit and

---

[1] Indeed, more experienced labor and employment defense counsel from reputable large firms who have taken on plaintiffs' employment-related work have been awarded much lower rates. *See, e.g.*, Berkowitz Decl. ¶ 6 (Alan Berkowitz, an attorney with Bingham McCutchen with over 30 years experience specializing in employment law, was awarded $555 per hour for successfully representing a plaintiff in 2007).

was represented by Skadden, Arps, another firm called Schneider & Wallace that specializes in disability civil rights and employment discrimination cases, and the Legal Aid Society. Plaintiff requested fees for the Skadden, Arps attorney at the hourly rate that he charged his corporate clients for environmental and complex securities litigation. While the court recognized that the Skadden, Arps attorney was highly skilled in his specialties, it found that the "reasonable fee must be determined starting first with the market rate for highly qualified civil rights attorneys." *Id.* at 989.

The *Lopez* court also found that a reasonable rate depends on the nature of the case. *Id.* The court held that, while the case had a broad factual scope and a recalcitrant defendant, the "case was not legally complex in that plaintiffs were not forced to develop novel legal issues." *Id.* Thus, a customary hourly rate used for trying complicated commercial litigation was not a reasonable rate for the case. *Id.* The same analysis applies here where no novel legal issues complicated this straightforward discrimination case.

In fact, the actual market rates requested for work on similar single plaintiff discrimination cases is much lower than that sought by plaintiff's counsel. Schratz Decl. ¶ 13. Strikingly, defendants' counsel in this case charged rates for defending this case that were nearly half those being sought by plaintiff's counsel.[2]  Simerly Decl. ¶ 3.

### III. CONCLUSION

For the foregoing reasons, and for those set forth in defendants' opposition brief, plaintiff should not recover any attorneys' fees or should only recover attorneys' fees

---

[2] Plaintiff's over-reaching is exemplified by her request for $370 per hour (a rate higher than that of Chevron's lead counsel) for the time spent beginning in May 2007 by associate Audrey Walton-Hadlock, who was then in her first year of private practice. The California State Bar website shows that Ms. Walton-Hadlock was not admitted to practice in California until August 2007.

and expenses in an amount significantly less than plaintiff requested, as identified in Exhibit A to defendants' opposition brief.

Dated:  March 28, 2008

Respectfully submitted,

MILLER LAW GROUP
A Professional Corporation

By: _____/S/_____
Janine S. Simerly
Attorneys for Defendants
CHEVRON CORPORATION, CHEVRON INTERNATIONAL EXPLORATION & PRODUCTION

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

6
**DEFENDANTS' RESPONSE TO NEW EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES**
**Case No. 04-5107 JCS**