**EXHIBIT A**

# THE RECORDER

119TH YEAR  No. 185  $1      BAY AREA LEGAL NEWSPAPER SINCE 1877      TUESDAY, SEPTEMBER 26, 1995

## Wilson, Sonsini Audit Reveals Heavy Staffing

### 34 lawyers, 146 staff billed on Pelican Bay - some for more than 24 hours in a day

By HOWARD MINTZ

Wilson, Sonsini, Goodrich & Rosati may never have seen the state audit of its proposed fees for litigating the Pelican Bay State Prison case, but the thick document nevertheless had a profound influence on forcing the firm to settle for roughly half of its original fee demand.

The audit, believed to be a first for the California attorney general's office, produced the kind of ammunition the AG rarely has at its disposal in fee litigation. The audit found that Wilson, Sonsini -- lead plaintiff's counsel in a class action challenge to conditions at Pelican Bay -- submitted an $8.3 million fee request that was bloated with overstaffing and inefficiencies, including two instances of Wilson, Sonsini employees billing more than 24 hours in a day.

"I think the audit worked," said Deputy Attorney General William Jenkins, who hired **Santa Rosa legal consultant James Schratz** to examine the Palo Alto firm's voluminous billing records. "It provided us with significant evidence of inefficiency and overstaffing.

The attorney general's office and the plaintiffs' team in the Pelican Bay case recently negotiated a $4.25 million settlement of the fee issue, avoiding the need for litigation before Chief U.S. District Judge Thelton Henderson.  In January, Henderson issued a 344-page ruling decrying conditions at Pelican Bay and appointing a special monitor to oversee improvements at California's toughest maximum security prison.

Wilson, Sonsini and San Quentin's Prison Law Office mounted what most view as a successful challenge to the prison's operation, punctuated by a three-month court trial last year before Henderson. Wilson, Sonsini and its fee counsel firm Rosen, Bien & Asaro call the fee settlement a fair compromise that avoids the usual bitter court battles which accompany a petition for fees.

According the portions of the audit shown to *The Recorder*, Wilson, Sonsini may have had trouble justifying some of its billing had the matter gone before Henderson. The audit reveals that the firm had 180 different people billing on the case during the four years of litigation, including 34 attorneys, 27 case assistants, 12 law clerks, 22 paralegals and 58 "temporary case assistants."

In addition, the audit shows that eight Wilson, Sonsini staffers billed more than 2,000 hours on the case; 12 billed between 1,000 and 2,000 hours; and 20 billed between 500 and 1,000 hours. The breakdown did not indicate which of these billers were lawyers as opposed to support staff. These numbers alone account for at least 38,000 hours of billing.

The AG's office, by comparison, had a similar number of lawyers on the case -- 35 -- but just two of them billed a lion's share of the hours, deputy AG's Peter Siggins and Susan Lee, who tried the case. They put in roughly 4,000 hours. The big difference came in support staff: Just three paralegals worked on the case for the AG, logging about 1,000 hours apiece.

During settlement negotiations, the attorney general's office also complained about Wilson, Sonsini's billing rates. The firm's partner rates ranged from $265 an hour to $360 an hour, and its associate rates were between $135 and $210. The Prison Law Office, incidentally, billed at partner rates of $280 to $295 an hour, and associate rates of $160 to $200. The audit focused on Wilson, Sonsini because it accounted for the bulk of the fees; it found no particular problems with the Prison Law Office's billings.

The audit did find problems with some of Wilson, Sonsini's "long days." In addition to the two instances of billing more than 24 hours in a day, State officials would not disclose other details, including the names of the billers.

"I don't know what the explanation is," Jenkins said. "It shouldn't appear on bills, no matter what the explanation."

The state has not released the audit to Wilson, Sonsini, in large part because the settlement has not been finalized by the state Legislature and it could still wind up as fodder in litigation. But Wilson, Sonsini has rejected the accusations of overstaffing, saying the firm never set out to litigate the complex, public interest case for profit.

On Monday, Wilson partner David Steuer repeated his contention that the firm felt understaffed during the litigation because of the scope of the claims against Pelican Bay. Plaintiffs cite the lengthy trial and Henderson's massive opinion as evidence of the complexity of the case.

As for the long days, Steuer said there was likely a mistake in a billing submission if more than 24 hours were sought for a day. Steuer added that it would not be a shock if a lawyer billed 20-some hours: He recalls lead partner Susan Creighton working through the night at times during the trial.

"We put on a better case," Steuer said. "The real reason [we put in more hours] is we had the burden and they didn't. We had to prepare the case. They had the ability to sit back and say, 'Prove it.'"

Rosen, Bien partner Michael Bien, who helped negotiate the settlement for Wilson, Sonsini, has also pointed out that the state audited raw billing records that were never pared down by the firm, as it would have before filing a fee petition with Henderson. And finally, Wilson, Sonsini notes that most of the fees are going into the firm's charitable foundation, which makes contributions to local groups.

The state, meanwhile, got a major return on its investment in the auditing process: The AG's office will wind up paying around $58,000 to a company that created a database of Wilson, Sonsini's billing records, and roughly another $12,000 to **Schratz**.

"We saved $4 million," Jenkins says. "That's a good investment. Without the audit, it would be very difficult for me to go in front of a judge and say, 'The right thing to do is cut this bill.'"

**EXHIBIT B**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF L

| | |
|---|---|
| DATE: 01/30/04 | DEPT. 40 |
| HONORABLE David A. Workman   JUDGE | R. MCGLOTHIN   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| 10. | |
| J. COLLINS, C.A.   Deputy Sheriff | NONE   Reporter |

8:30 am  BC263271

KATHRYN FRIEDERS ET AL

VS

CITY OF GLENDALE ET AL

Plaintiff Counsel          NO APPEARANCES
Defendant Counsel

**NATURE OF PROCEEDINGS:**

RULING ON SUBMITTED MATTER [MOTION OF PLAINTIFFS FOR ATTORNEYS FEES OF $4,136,967.00].

The Court, having after hearing on October 30, 2003 taken the matter under submission, and having further considered the moving, opposing and reply papers and the argument of counsel at the hearing, now rules as follows:

The Court denies the defendant's request for judicial notice.

The Court overrules defendant's objections filed October 20, 2003, to plaintiffs' evidence proffered in support of the motion, and overrules plaintiffs' objections filed October 27 to defendant's evidence proffered in opposition to the motion.

The Court sustains defendant's objection filed December 23, 2003, to plaintiffs' supplemental declaration filed December 16.

The Court is persuaded by the declaration of James P. Schratz, Esq., proffered in oppositon to the motion, that the attorney fees claimed by plaintiffs are unreasonable and excessive in the extreme for the reasons therein explicated. Accordingly, the motion is granted not as prayed, but in the reduced sum of $1,146,505.40, which the Court finds to be fair and reasonable in the premises.

Page 1 of 3   DEPT. 40

MINUTES ENTERED
01/30/04
COUNTY CLERK

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| | |
|---|---|
| DATE: 01/30/04 | DEPT. 40 |
| HONORABLE David A. Workman JUDGE | R. MCGLOTHIN DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| 10. J. COLLINS, C.A. Deputy Sheriff | NONE Reporter |

| | | |
|---|---|---|
| 8:30 am | BC263271 | Plaintiff Counsel |
| | KATHRYN FRIEDERS ET AL | NO APPEARANCES |
| | VS | Defendant Counsel |
| | CITY OF GLENDALE ET AL | |

**NATURE OF PROCEEDINGS:**

Having carefully considered and weighed the several factors outlined in case authority that can affect the enhancement or reduction of the award, some of which in this case the Court finds militate in favor of enhancement and others reduction, the Court declines to apply a lodestar multiplier to do either. Serrano v. Priest (1977) 20 Cal.3d 25, 49; Weeks v. Baker & McKenzie (1998) 63 Cal.App.4th 1128, 1174-1176.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 1/30/04 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 1/30/04

John A. Clarke, Executive Officer/Clerk

By: _____

Page 2 of 3   DEPT. 40

MINUTES ENTERED
01/30/04
COUNTY CLERK

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

DATE: 01/30/04

HONORABLE David A. Workman JUDGE | R. MCGLOTHIN DEPUTY CLERK DEPT. 40

HONORABLE ___ JUDGE PRO TEM

J. COLLINS, C.A. Deputy Sheriff | NONE ELECTRONIC RECORDING MONITOR

8:30 am  BC263271 | Reporter

KATHRYN FRIEDERS ET AL — Plaintiff Counsel

VS

CITY OF GLENDALE ET AL — Defendant Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

R. McGlothin

GOLDBERG & GAGE
Terry M. Goldberg
Bradley C. Gage
23002 Victory Blvd.
Woodland Hills, CA 91367

LIEBERT CASSIDY WHITMORE
Irma Rodriquez Moisa
Sergio Bent
6033 W. Century Blvd., Suite 500
Los Angeles, CA 90045

LAW OFFICES OF C. STEPHEN LOVE
C. Stephen Love
4766 Park Granada, Suite 206
Calabasas, CA 91302

CHRISTOPHER BRIZZOLARA
1528 16th Street
Santa Monica, CA 90404

MINUTES ENTERED
01/30/04
COUNTY CLERK